CASE NO. 15-10398-F

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

TERI LYNN HINKLE,

Plaintiff—Appellant

v.

MIDLAND CREDIT MANAGEMENT, INC.;

MIDLAND FUNDING LLC; AND

ENCORE CAPITAL GROUP INC.

Defendants—Appellees,

BRIEF OF PLAINTIFF – APPELLANT TERI LYNN HINKLE

APPENDIX

*Appeal from the United States District Court, Southern District of Georgia, Dublin Division*

Craig K. Perry
Attorney at Law
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
*Attorney for Plaintiff-Appellant Teri Hinkle*

# INDEX OF APPENDIX

Docket/Tab #

Volume 1

District Court Docket Sheet……………………………………………….    A

Complaint……………………………………………………………………    1

Amended Complaint…….…………………………………………………..    8

Answer to Amended Complaint……………………………………………    14

Order:  Rule 26 Instruction………………………………………………..    16

Disclosure Statement pursuant to Local Rule 7.1.1 by Encore Capital Group, Inc.,
       Midland Credit Management, Inc., Midland Funding LLC………………..    17

Disclosure Statement Local Rule 7.1.1 by Teri Lynn Hinkle…………………………    19

Order on Motion to Dismiss…………………………………………………    23

Report of Rule 26(f) Planning Meeting……………………………………    29

Report of Rule 26(f) Planning Meeting……………………………………    30

Scheduling Order…………………………………………………………..    31

Motion to Compel Defendant Midland Credit Management Inc. to Respond
       To Interrogatories and Requests for Production by Teri Lynn Hinkle…….    32

Motion for Miscellaneous Relief……………………………………………    33

Motion to Compel Defendant Midland Funding, LLC to Respond
       To Interrogatories and Requests for Production by Teri Lynn Hinkle…….    34

Motion for Miscellaneous Relief……………………………………………..    35

Volume 2

Motion to Compel Defendant Encore Capitol Group, Inc. to Respond
       To Interrogatories and Requests for Production by Teri Lynn Hinkle…….    36

Motion for Miscellaneous Relief: to Deem Matters Admitted by Defendant
       Midland Funding, LLC by Teri Lynn Hinkle………………...………………..    37

Docket/Tab #

Amended Motion 32 to Compel Defendant Midland Funding, LLC to Respond
To Interrogatories and Requests for Production by Teri Lynn Hinkle.......    39

Amended Motion 34 to Compel Defendant Midland Credit Management Inc. to
Respond To Interrogatories and Requests for Production by Teri Lynn
Hinkle…………………………………………………………………..    40

Amended Motion 36 to Compel Defendant Encore Capitol Group, Inc. to Respond
To Interrogatories and Requests for Production by Teri Lynn Hinkle……    41

Response in Opposition re:  39 Motion to Compel, 40 Motion to Compel 40, 37
Motion to Deem Matters Admitted by Defendant Encore Capital Group, Inc.,
Midland Credit Management, Inc., Midland Funding LLC………………..    44

Reply to Response to Motion re 39 Motion to Compel, 40 Motion to Compel,
41 Motion to Compel filed by Teri Lynn Hinkle…………………………..    46

Motion for Protective Order……………………………………………    50

First Motion for Extension of Time to Complete Discovery by Encore Capital
Group Inc., Midland Credit Management, Inc., Midland Funding LLC
(Attachments: #1, Exhibit A; #2, Exhibit A-1; #3, Exhibit A-2; #4, Exhibit A-3;
#5, Exhibit A-4; #6, Exhibit A-5)…………………………………………..    49

Order on Motion for Extension of Time to Complete Discovery………………    51

Order on Motion to Compel……………………………………………    54

Volume 3

Motion for Reconsideration re 54 Order……………………………………    55

Notice of filing documents in support of Teri Lynn Hinkle…………………..    58

Order construing the motion for reconsideration 55 as a motion to compel
Discovery…………………………………………………………..    59

Notice of receipt of certain requests for production by Teri Lynn Hinkle………...    61

Response in Opposition re 56 Motion for Extension of Time to Complete
Discovery filed by Encore Capital Group, Inc., Midland Credit
Management, Inc., Midland Funding, LLC…………………………….    63

Docket/Tab #

Response to Opposition re 55 Motion for Reconsideration re 54 Order on
    Motion to Compel, Order on Motion for Miscellaneous Relief, Order
    On Motion for Extension of Time to Amend, Order on Motion for Hearing
    Filed by Encore capital Group, Inc., Midland Credit Management, Inc.
    Midland Funding, LLC.................................................................... 64

Affidavit in Opposition re 55 Motion for Reconsideration re 54 Order on
    Motion to Compel, Order on Motion for Miscellaneous Relief, Order on
    Motion for Hearing, (Declaration of K. Ann Broussard)..................... 65

Reply to Response to Motion re 55 Motion for Reconsideration re 54 Order on
    Motion for Miscellaneous Relief, Order on Motion for Extension of Time
    To Amend, Order on Motion for Hearing........................................ 69

Order deferring ruling on 55 Motion for Reconsideration; finding as moot 56
    Motion for Extension of Time to Complete Discovery; and granting 57
    Motion to Withdraw................................................................... 70

Response in Opposition re 55 Motion for Reconsideration re 54 Order on
    Motion to Compel, Order on Motion for Miscellaneous Relief, Order on
    Motion for Extension of Time to Amend, Order on Motion for Hearing
    (Attachments: #1, Exhibit A-1 thru A-2; #2, Exhibit B-1 thru B-2;
    #3, Exhibit C-1 thru C2; #4, Exhibit D-1 thru D-2; #5, Exhibit E)......... 73

Response to 7e Response in Opposition to Motion (Attachments: #1,
    Exhibit A; #2, Exhibit B)........................................................... 74

Minute Entry for proceedings held on 5/7/2014...................................... 75

Order granting in part and denying in part 55 Motion for Reconsideration......... 76

Volume 4

Notice of Filing of Official Transcript of Motion to Compel Proceedings held
    5/7/2014.............................................................................. 77

Minute Entry for proceedings held on 5/29/2014...................................... 80

Confidentiality Agreement and Consent Protective Order............................ 82

Motion to Compel Defendant Midland Credit Management to respond to
    Requests for production by Teri Lynn Hinkle................................... 83

Docket/Tab #

Response to Motion re 83 Motion to Compel filed by Midland Credit
    Management Inc. (Attachments: #1, Exhibit A, #2, Exhibit B).............    84

Motion for Summary Judgment by Encore Capital Group, Inc., Midland
    Credit Management, Inc., Midland Funding, LLC (Attachments: #1,
    Statement of Material Face; #2, Affidavit; #3 Exhibit A; #4, Exhibit B;
    #5, Exhibit C; #6, Exhibit D; #7, Exhibit E; #8, Exhibit F; #9, Exhibit G;
    #10, Exhibit H; #11, Exhibit I)...................................................    85

Order granting Plaintiff's third 83 Motion to Compel, and directing Defendant
    Midland Credit Management, Inc. to file amended response to the
    Request for production at issue within 7 days...................................    87

Motion to Seal Document by Encore Capital Group Inc., Midland Credit
    Management, Inc., Midland Funding, LLC......................................    93

Order directing the plaintiff to file her response to summary judgment as a
    sealed document with the court.....................................................    94

Volume 5

Response in Opposition re 85 Motion for Summary Judgment filed by Teri
    Lynn Hinkle (Attachments: #2, Exhibit #3)......................................    97

Sealed Exhibits to Plaintiff's Memorandum in Opposition to Defendants'
    Motion for Summary Judgment.....................................................    97.2

Brief in Support re 93 Motion to Seal Document filed by Encore Capital
    Group, Inc.; Midland Credit Management, Inc., Midland Funding, LLC
    (Attachments: #1, Exhibit A).......................................................    99

Reply to Response to Motion re 85 Motion for Summary Judgment filed by
    Midland Credit Management, Inc.; Midland Funding, LLC (Attachments:
    #1, Exhibit A).........................................................................    100

Reply to Response to Motion re 85 Motion for Summary Judgment First
    Amended filed by Midland Credit Management Inc., Midland Funding, LLC,
    (Attachments: #1, Exhibit A).......................................................    101

Order granting in part 93 Motion to Seal Document 97 Response in Opposition
    To Motion..............................................................................    102

Volume 6

Motion to supplement Plaintiff's motion in opposition to Defendants' motion in
    Opposition to Defendants' motion for summary judgment, by
    Teri Lynn Hinkle.................................................................  103

Response to Motion re 103 Motion to supplement Plaintiff's motion for
    Supplement Plaintiff's motion in opposition to Defendants' motion for
    Summary judgment filed by Midland Credit Management, Inc., Midland
    Funding, LLC.................................................................  104

Order on Motion for Summary Judgment................................................  105

Certificate of Service......................................................................  B

Plaintiff's Appendix Tab A

APPEAL,JYTRL,PROTO

# U.S. District Court
## Southern District of Georgia (Dublin)
## CIVIL DOCKET FOR CASE #: 3:13-cv-00033-DHB-BKE

Hinkle v. Midland Credit Management Inc. et al
Assigned to: Judge Dudley H. Bowen
Referred to: Magistrate Judge Brian K. Epps
Case in other court: 11th Circuit, 15-10398-F
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 04/30/2013
Date Terminated: 01/06/2015
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Teri Lynn Hinkle**
*TERMINATED: 01/06/2015*

represented by **Teri Lynn Hinkle**
322 Bethel St
Eastman, GA 31023
478-374-4132
PRO SE

V.

**Defendant**

**Midland Credit Management Inc.**
*TERMINATED: 01/06/2015*

represented by **K. Ann Broussard**
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
404-215-5725
Fax: 404-572-5100
Email: abroussard@kslaw.com
*TERMINATED: 05/02/2014*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew B. Ames**
Balch & Bingham, LLP
30 Ivan Allen Jr., Blvd., NW
Suite 700
Atlanta, GA 30308
404-962-3531
Fax: 404-261-3656
Email: mames@balch.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tully T. Blalock**
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309
(404) 572-4713
Email: tblalock@kslaw.com
*TERMINATED: 05/02/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Midland Funding LLC**          represented by  **K. Ann Broussard**
*TERMINATED: 01/06/2015*                         (See above for address)
                                                 *TERMINATED: 05/02/2014*
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Matthew B. Ames**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Tully T. Blalock**
                                                 (See above for address)
                                                 *TERMINATED: 05/02/2014*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Encore Capital Group Inc.**    represented by  **Matthew B. Ames**
*TERMINATED: 01/06/2015*                         (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Tully T. Blalock**
                                                 (See above for address)
                                                 *TERMINATED: 05/02/2014*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**K. Ann Broussard**
(See above for address)
*TERMINATED: 05/02/2014*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2013 | 1 ⬜ | COMPLAINT against Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC, filed by Teri Lynn Hinkle. (Attachments: # 1 ⬜ Civil Cover Sheet)(cmr) (Entered: 04/30/2013) |
| 04/30/2013 | 2 ⬜ | MOTION for Leave to Proceed in forma pauperis by Teri Lynn Hinkle. REFERRED to Judge W. Leon Barfield.(cmr) (Entered: 04/30/2013) |
| 05/30/2013 | 3 ⬜ | ORDER granting 2 ⬜ Motion for Leave to Proceed in forma pauperis. Further ordered that service of process shall be effected upon the defendants by U. S. Marshal. Signed by Magistrate Judge W. Leon Barfield on 5/30/13. (cmr) (Additional attachment(s) added on 5/30/2013: # 1 ⬜ 285 forms) (cmr). (Entered: 05/30/2013) |
| 05/30/2013 | 4 ⬜ | REPORT AND RECOMMENDATIONS that certain claims by Plaintiff be dismissed - re 1 ⬜ Complaint filed by Teri Lynn Hinkle. Objections to R&R due by 6/17/2013. Signed by Magistrate Judge W. Leon Barfield on 5/30/13. (cmr) (Entered: 05/30/2013) |
| 05/30/2013 | 5 ⬜ | ORDER directing service of the R&R on all parties - re 4 ⬜ REPORT AND RECOMMENDATIONS re 1 ⬜ Complaint filed by Teri Lynn Hinkle. Signed by Magistrate Judge W. Leon Barfield on 5/30/13. (cmr) (Entered: 05/30/2013) |
| 06/13/2013 | 6 ⬜ | MOTION TO AMEND COMPLAINT and RESPONSE TO ORDER in reference to 3 ⬜ Order on Motion for Leave to Proceed in forma pauperis, 5 ⬜ Order filed by Teri Lynn Hinkle. (cmr) Modified on 6/13/2013 (cmr). (Entered: 06/13/2013) |
| 06/13/2013 |  | MOTIONS REFERRED: 6 ⬜ MOTION to Amend/Correct. (cmr) (Entered: 06/13/2013) |
| 06/14/2013 | 7 ⬜ | ORDER granting 6 ⬜ Motion to Amend/Correct. Plaintiff shall have 14 days from the date of this order to amend her complaint. Signed by Magistrate Judge Brian K. Epps on 6/14/13. (cmr) (Entered: 06/14/2013) |
| 06/14/2013 |  | Set Deadlines: Amended Pleadings due by 6/28/2013. (cmr) (Entered: 06/14/2013) |
| 06/27/2013 | 8 ⬜ | AMENDED COMPLAINT against Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC, filed by Teri Lynn Hinkle.(cmr) (Entered: 06/27/2013) |

| | | |
|---|---|---|
| 07/09/2013 | 9 [R] | ORDER vacating 4 [R] Report and Recommendations. Further ordered that service of process shall be effected on all three defendants by U. S. Marshal. Signed by Magistrate Judge Brian K. Epps on 7/9/13. (cmr) (Additional attachment(s) added on 7/9/2013: # 1 USM 285 forms) (cmr). (Entered: 07/09/2013) |
| 09/27/2013 | 10 | U.S. Marshal Return as to Midland Credit Management Inc., on 9/25/13. (cmr) (Additional attachment(s) added on 9/27/2013: # 1 additional 285) (cmr) (Entered: 09/27/2013) |
| 09/27/2013 | 11 [R] | U.S. Marshal Return as to Midland Funding LLC, on 9/25/13. (cmr) (Entered: 09/27/2013) |
| 09/27/2013 | 12 [R] | U.S. Marshal Return as to Encore Capital Group Inc., on 9/25/13. (cmr) (Entered: 09/27/2013) |
| 09/27/2013 | 13 [R] | U.S. Marshal Return as to Midland Funding LLC (registered agent), on 9/25/13. (cmr) (Entered: 09/27/2013) |
| 10/01/2013 | 14 [R] | ANSWER to Amended Complaint by Midland Credit Management Inc., Midland Funding LLC.(Blalock, Tully) (Entered: 10/01/2013) |
| 10/01/2013 | 16 [R] | RULE 26 INSTRUCTION ORDER. Signed by Magistrate Judge Brian K. Epps on 10/01/13. (cmr) (Entered: 10/01/2013) |
| 10/01/2013 | 17 [R] | Disclosure Statement pursuant to Local Rule 7.1.1 by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Blalock, Tully) (Entered: 10/01/2013) |
| 10/07/2013 | 18 [R] | CERTIFICATE OF SERVICE by Teri Lynn Hinkle re 16 [R] Rule 26 Instruction Order. (cmr) (Entered: 10/07/2013) |
| 10/10/2013 | 19 [R] | Disclosure Statement pursuant to Local Rule 7.1.1 by Teri Lynn Hinkle. (cmr) (Entered: 10/10/2013) |
| 10/10/2013 | 20 [R] | NOTICE to the Court of no/improper service by defendants, filed by Teri Lynn Hinkle. (cmr) (Entered: 10/10/2013) |
| 10/11/2013 | 21 [R] | MOTION to Dismiss a cause of action (violations of the TCPA) by Teri Lynn Hinkle. Responses due by 10/28/2013. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 10/11/2013) |
| 10/15/2013 | | Motions No Longer Referred: 21 [R] MOTION to Dismiss. (cmr) (Entered: 10/15/2013) |
| 10/16/2013 | 22 [R] | CONDITIONAL TRANSFER ORDER (CTO-10)(copy) Transferring Case to the District Court for the Southern District of California for Multidistrict Litigation. Signed by Unassigned Judge on 10/16/13. (cmr) (Entered: 10/16/2013) |
| 10/16/2013 | 23 [R] | ORDER granting Plaintiff's pro se 21 [R] Motion to Dismiss a cause of action. Accordingly, Count V of the 8 [R] Amended Complaint is dismissed without |

| | | |
|---|---|---|
| | | prejudice. Signed by Judge Dudley H. Bowen on 10/16/13. (jah) (Entered: 10/16/2013) |
| 10/16/2013 | 24 ℝ | CONDITIONAL TRANSFER ORDER (CTO-10)(Certified Copy) Transferring Case to the District Court for the Southern District of California for Multidistrict Litigation. Signed by Unassigned Judge on 10/17/13. (cmr) (Entered: 10/17/2013) |
| 10/17/2013 | | Case transferred to District of Southern California. File Transferred Electronically. (cmr) (Entered: 10/17/2013) |
| 10/17/2013 | 26 ℝ | ORDER REVOKING FINAL CONDITIONAL TRANSFER ORDER. Signed by Unassigned Judge on 10/17/13. (cmr) (Entered: 10/17/2013) |
| 10/18/2013 | 27 ℝ | NOTICE of Filing opposition to conditional transfer order (CTO-10) with judicial panel on multidistrict litigation, by Teri Lynn Hinkle. (cmr) (Entered: 10/18/2013) |
| 10/22/2013 | 28 ℝ | NOTICE of Filing a motion to take notice of and to correct premature lifting of stay on conditional transfer order (CTO-10), by Teri Lynn Hinkle (cmr) (Entered: 10/22/2013) |
| 11/05/2013 | 29 ℝ | REPORT of Rule 26(f) Planning Meeting. (Blalock, Tully) (Entered: 11/05/2013) |
| 11/08/2013 | 30 ℝ | REPORT of Rule 26(f) Planning Meeting. Nunc Pro Tunc Date 11/5/13 per request in letter. (cmr) (Entered: 11/08/2013) |
| 11/12/2013 | 31 ℝ | SCHEDULING ORDER: Amended Pleadings due by 11/30/2013. Discovery due by 2/18/2014. Motions due by 3/20/2014. Expert Witness Report (Plaintiff) due by 12/27/2013. Expert Witness Report (defendant) due by 1/26/2014. Signed by Magistrate Judge Brian K. Epps on 11/12/13. (cmr) (Entered: 11/12/2013) |
| 12/27/2013 | 32 ℝ | MOTION to Compel Defendant Midland Credit Management Inc. to Respond to Interrogatories and Requests for Production by Teri Lynn Hinkle. Responses due by 1/13/2014. (Attachments: # 1 ℝ Envelope)REFERRED to Judge Brian K. Epps.(jah) (Entered: 12/27/2013) |
| 12/27/2013 | 33 ℝ | MOTION to Deem Matters Admitted by Defendant Midland Credit Management, Inc. by Teri Lynn Hinkle. Responses due by 1/13/2014. (Attachments: # 1 Envelope)REFERRED to Judge Brian K. Epps.(jah) Modified on 12/27/2013 (jah). (Entered: 12/27/2013) |
| 12/27/2013 | 34 ℝ | MOTION to Compel Defendant Midland Funding, LLC to Respond to Interrogatories and Requests for Production by Teri Lynn Hinkle. Responses due by 1/13/2014. (Attachments: # 1 Envelope)REFERRED to Judge Brian K. Epps.(jah) (Entered: 12/27/2013) |
| 12/27/2013 | 35 ℝ | MOTION to Deem Matters Admitted by Defendant Midland Funding, LLC by Teri Lynn Hinkle. Responses due by 1/13/2014. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Envelope)REFERRED to Judge Brian K. Epps.(jah) (Entered: 12/27/2013) |
| 12/27/2013 | 36 ℞ | MOTION to Compel Defendant Encore Capitol Group, Inc. to Respond to Interrogatories and Requests for Production by Teri Lynn Hinkle. Responses due by 1/13/2014. REFERRED to Judge Brian K. Epps.(jah) (Additional attachment(s) added on 12/27/2013: # 1 Envelope) (jah). (Entered: 12/27/2013) |
| 12/27/2013 | 37 ℞ | MOTION to Deem Matters Admitted by Defendant Encore Capital Group, Inc. by Teri Lynn Hinkle. Responses due by 1/13/2014. (Attachments: # 1 ℞ Envelope)REFERRED to Judge Brian K. Epps.(jah) (Entered: 12/27/2013) |
| 01/02/2014 | 38 ℞ | MOTION for Extension of Time to Amend 34 ℞ MOTION to Compel, 37 ℞ MOTION to Deem Matters Admitted by Defendant Encore Capital Group, Inc., 35 ℞ MOTION to Deem Matters Admitted by Defendant Midland Funding, LLC, 33 ℞ MOTION to Deem Matters Admitted by Midland Credit Management, Inc., 32 ℞ MOTION to Compel, 36 ℞ MOTION to Compel by Teri Lynn Hinkle. Responses due by 1/20/2014. REFERRED to Judge Brian K. Epps.(thb) (Entered: 01/02/2014) |
| 01/13/2014 | 39 ℞ | AMDENDED MOTION 32 ℞ to Compel defendant (MCM) to properly respond to interrogatories and requests for production and memorandum in support, by Teri Lynn Hinkle. Responses due by 1/30/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 01/13/2014) |
| 01/13/2014 | 40 ℞ | AMENDED MOTION 34 ℞ to Compel defendant (Midland) to properly respond to interrogatories and requests for production and memorandum in support, by Teri Lynn Hinkle. Responses due by 1/30/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 01/13/2014) |
| 01/13/2014 | 41 ℞ | AMDNDED MOTION 36 ℞ to Compel defendant (Encore) to properly respond to interrogatories and requests for production and memorandum in support, by Teri Lynn Hinkle. Responses due by 1/30/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 01/13/2014) |
| 01/15/2014 | 42 | MOTION for Leave to Appear Pro Hac Vice *of K. Ann Broussard* Receipt Number 113J-1528346, Fee Amount $200, by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 2/3/2014. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Certificate of Good Standing for K. Ann Broussard)(Blalock, Tully) (Entered: 01/15/2014) |
| 01/16/2014 | 43 ℞ | ORDER granting for K. Ann Broussard 42 Motion for Leave to Appear. Signed by Judge Dudley H. Bowen on 1/16/14. (cmr) (Entered: 01/16/2014) |
| 01/31/2014 | 44 ℞ | RESPONSE in Opposition re 39 ℞ MOTION to Compel, 40 ℞ MOTION to Compel, 37 ℞ MOTION to Deem Matters Admitted by Defendant Encore Capital Group, Inc., 41 ℞ MOTION to Compel filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Broussard, K.) (Entered: 01/31/2014) |

| 02/05/2014 | 45 | NOTICE to Clerk of Filing reply, by Teri Lynn Hinkle. (cmr) (Entered: 02/05/2014) |
|---|---|---|
| 02/05/2014 | 46 🖹 | REPLY to Response to Motion re 39 🖹 MOTION to Compel, 40 🖹 MOTION to Compel, 41 🖹 MOTION to Compel, filed by Teri Lynn Hinkle. (cmr) (Entered: 02/05/2014) |
| 02/07/2014 | 47 | MOTION for Hearing by Teri Lynn Hinkle. Responses due by 2/24/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 02/07/2014) |
| 02/07/2014 | 48 | AMENDED MOTION for Hearing re 47 MOTION for Hearing by Teri Lynn Hinkle. Responses due by 2/24/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 02/07/2014) |
| 02/14/2014 | 50 🖹 | MOTION for Protective Order, by Teri Lynn Hinkle. Responses due by 3/3/2014. (cmr) (Entered: 02/18/2014) |
| 02/16/2014 | 49 🖹 | First MOTION for Extension of Time to Complete Discovery *and Motions Deadline* by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 3/6/2014. (Attachments: # 1 Exhibit A, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit A-3, # 5 Exhibit A-4, # 6 Exhibit A-5, # 7 Text of Proposed Order and Proposed Modified Scheduling Order)(Broussard, K.) (Entered: 02/16/2014) |
| 02/18/2014 | | MOTIONS REFERRED: 50 🖹 MOTION for Protective Order, 49 🖹 First MOTION for Extension of Time to Complete Discovery *and Motions Deadline*. (cmr) (Entered: 02/18/2014) |
| 02/18/2014 | 51 🖹 | ORDER granting 49 🖹 Motion for Extension of Time to Complete Discovery; denying 50 🖹 Motion for Protective Order. Close of discovery is now 3/20/14 and the last day for motions filing is now 4/21/14. Signed by Magistrate Judge Brian K. Epps on 2/18/14. (cmr) (Entered: 02/18/2014) |
| 02/18/2014 | | Reset Deadlines: Discovery due by 3/20/2014. Motions due by 4/21/2014. (cmr) (Entered: 02/18/2014) |
| 02/24/2014 | 52 🖹 | NOTICE to the Court of correct filing date on 50 🖹 by Teri Lynn Hinkle. (cmr) (Entered: 02/24/2014) |
| 02/24/2014 | 53 🖹 | NOTICE to the Clerk of the Court of intent to file a reply by Teri Lynn Hinkle. (cmr) (Entered: 02/24/2014) |
| 03/03/2014 | 54 🖹 | ORDER finding as moot motions 32 🖹 34 🖹 36 🖹 38 🖹 47 ; granting motions 33 🖹 35 🖹 37 🖹 ; denying motions 39 🖹 40 🖹 41 🖹 48 . See order for details. Signed by Magistrate Judge Brian K. Epps on 3/3/14. (cmr) (Entered: 03/03/2014) |
| 03/13/2014 | 55 🖹 | MOTION for Reconsideration by Teri Lynn Hinkle - re 54 🖹 Order on Motion to Compel. Responses due by 3/31/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 03/13/2014) |

| 03/13/2014 | 56 Ⓡ | MOTION for Extension of Time to Complete Discovery by Teri Lynn Hinkle. Responses due by 3/31/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 03/13/2014) |
|---|---|---|
| 03/19/2014 | 57 | MOTION to Withdraw *Admissions* by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 4/7/2014. (Attachments: # 1 Exhibit A-Declaration, # 2 Exhibit B-Email, # 3 Exhibit C-Email and Discovery Responses, # 4 Exhibit D-Email)(Broussard, K.) (Entered: 03/19/2014) |
| 03/19/2014 | | MOTIONS REFERRED: 57 MOTION to Withdraw *Admissions*. (cmr) (Entered: 03/19/2014) |
| 03/20/2014 | 58 Ⓡ | NOTICE of filing documents in support by Teri Lynn Hinkle. (cmr) (Entered: 03/20/2014) |
| 03/20/2014 | 59 Ⓡ | ORDER construing the motion for reconsideration 55 Ⓡ as a motion to compel discovery. Therefore, the defendant's are given until 4/7/14 to file a response to this motion. Signed by Magistrate Judge Brian K. Epps on 3/20/14. (cmr) (Entered: 03/20/2014) |
| 03/20/2014 | | Reset Deadlines as to 55 Ⓡ MOTION for Reconsideration. Responses due by 4/7/2014. (cmr) (Entered: 03/20/2014) |
| 03/25/2014 | 60 | NOTICE of Intent to file a response in opposition, by Teri Lynn Hinkle re 57 MOTION to Withdraw *Admissions*. (cmr) (Entered: 03/25/2014) |
| 03/25/2014 | 61 Ⓡ | NOTICE of receipt of certain requests for production by Teri Lynn Hinkle. (cmr) (Entered: 03/25/2014) |
| 03/26/2014 | 62 Ⓡ | RESPONSE in Opposition re 57 MOTION to Withdraw *Admissions* filed by Teri Lynn Hinkle. (cmr) (Entered: 03/26/2014) |
| 03/31/2014 | 63 | RESPONSE in Opposition re 56 Ⓡ MOTION for Extension of Time to Complete Discovery filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Blalock, Tully) (Entered: 03/31/2014) |
| 04/08/2014 | 64 | RESPONSE in Opposition re 55 Ⓡ MOTION for Reconsideration re 54 Ⓡ Order on Motion to Compel, Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to Amend, Order on Motion for Hearing, filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Broussard, K.) (Entered: 04/08/2014) |
| 04/08/2014 | 65 | AFFIDAVIT in Opposition re 55 Ⓡ MOTION for Reconsideration re 54 Ⓡ Order on Motion to Compel, Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to Amend, Order on Motion for Hearing, *(Declaration of K. Ann Broussard)* filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Broussard, K.) (Entered: 04/08/2014) |

| | | |
|---|---|---|
| 04/09/2014 | 66 | Consent MOTION for Extension of Time to File Dispositive Motions . by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 4/28/2014. (Attachments: # 1 Text of Proposed Order)(Broussard, K.) (Entered: 04/09/2014) |
| 04/09/2014 | 67 | ORDER finding as moot 66 Motion for Extension of Time. The Court stays the deadline for filing summary judgment motions. The Court will reset deadlines, as necessary, when it rules on the pending motions. Signed by Magistrate Judge Brian K. Epps on 4/9/14. (cmr) (Entered: 04/09/2014) |
| 04/11/2014 | 68 | NOTICE of Intent to file a reply brief by Teri Lynn Hinkle re 64 Response in Opposition to Motion. (cmr) (Entered: 04/11/2014) |
| 04/15/2014 | 69 [R] | REPLY to Response to Motion re 55 [R] MOTION for Reconsideration re 54 [R] Order on Motion to Compel, Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to Amend, Order on Motion for Hearing, filed by Teri Lynn Hinkle. (cmr) (Entered: 04/15/2014) |
| 04/22/2014 | 70 [R] | ORDER deferring ruling on 55 [R] Motion for Reconsideration ; finding as moot 56 [R] Motion for Extension of Time to Complete Discovery; and granting 57 Motion to Withdraw. Therefore, the Court directs the parties to confer within 7 days of the date of this Order to attempt to discuss the concerns raised in Plaintiff's reply brief and resolve the issues according to the details outlined in this order. Signed by Magistrate Judge Brian K. Epps on 4/22/14. (cmr) (Entered: 04/22/2014) |
| 04/30/2014 | 71 | MOTION/NOTICE by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC *of Substitution of Counsel for Defendants* (Ames, Matthew) Modified on 5/1/2014 (cmr). (Entered: 04/30/2014) |
| 05/02/2014 | 72 | ORDER granting 71 Motion to Substitute Attorney. Attorney Tully T. Blalock and K. Ann Broussard terminated. Signed by Judge Dudley H. Bowen on 5/2/14. (cmr) (Entered: 05/02/2014) |
| 05/06/2014 | 73 | RESPONSE in Opposition re 55 [R] MOTION for Reconsideration re 54 [R] Order on Motion to Compel, Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to Amend, Order on Motion for Hearing, filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Attachments: # 1 Exhibit A-1 thru A-2, # 2 Exhibit B-1 thru B-2, # 3 Exhibit C-1 thru C-2, # 4 Exhibit D-1 thru D-2, # 5 Exhibit E)(Ames, Matthew) (Entered: 05/06/2014) |
| 05/07/2014 | 74 | RESPONSE to 73 Response in Opposition to Motion, filed by Encore Capital Group Inc., Midland Funding LLC, Midland Credit Management Inc. filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Ames, Matthew) (Entered: 05/07/2014) |

| 05/07/2014 | 75 ℝ | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Telephone Conference held on 5/7/2014. Defense will present draft protective order to Plaintiff by Friday, May 9, 2014. Any supplemental briefing from Defendant due by Friday, May 9, 2014. Order to be entered by the Court. 45 days for Plaintiff to complete discovery. (Court Reporter FTR.) (rc) (Entered: 05/12/2014) |
| 05/13/2014 | 76 ℝ | ORDER granting in part and denying in part 55 ℝ Motion for Reconsideration. The Court lifts the stay on all deadlines and orders the parties to complete discovery on or before June 27, 2014 and to file summary judgment motions on or before July 28, 2014. Signed by Magistrate Judge Brian K. Epps on 5/13/14. (cmr) (Entered: 05/13/2014) |
| 05/22/2014 | 77 ℝ | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion to Compel Proceedings held via teleconference on May 7, 2014, before Judge Brian K. Epps. Court Reporter/Transcriber C. Joan Mobley, Telephone number 912.280.1348. Tape Number: FTR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 6/12/2014. Redacted Transcript Deadline set for 6/23/2014. Release of Transcript Restriction set for 8/20/2014. (Mobley, Joan) (Entered: 05/22/2014) |
| 05/23/2014 | 78 | NOTICE of Hearing: Teleconference set for 5/29/2014 09:00 AM in Augusta - 1st Floor before Magistrate Judge Brian K. Epps. (rc) (Entered: 05/23/2014) |
| 05/27/2014 | 79 ℝ | MOTION for Leave to Appear Pro Hac Vice Receipt Number 113J-1600007, Fee Amount $200, by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 6/13/2014. (Ames, Matthew) (Entered: 05/27/2014) |
| 05/29/2014 | 80 ℝ | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Telephone Conference held on 5/29/2014. Parties will submit a new draft protective order reflecting the proper procedure for filing documents under seal pursuant to the Local Rules. This submission should be emailed to the Courtroom Deputy Clerk: rebecca_cirillo@gas.uscourts.gov (Court Reporter FTR.) (rc) (Entered: 05/29/2014) |
| 06/02/2014 | 81 | ORDER granting for Joshua M. Moore 79 ℝ Motion for Leave to Appear. Signed by Judge Dudley H. Bowen on 6/2/14. (cmr) (Entered: 06/02/2014) |
| 06/17/2014 | 82 ℝ | CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER. Signed by Magistrate Judge Brian K. Epps on 6/17/14. (cmr) (Entered: 06/17/2014) |
| 07/16/2014 | 83 ℝ | MOTION to Compel Defendant Midland Credit Management to respond to requests for production, by Teri Lynn Hinkle. Responses due by 8/4/2014. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 07/16/2014) |

| 07/28/2014 | 84 | RESPONSE to Motion re 83 MOTION to Compel filed by Midland Credit Management Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Ames, Matthew) (Entered: 07/28/2014) |
|---|---|---|
| 07/28/2014 | 85 | MOTION for Summary Judgment by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 8/21/2014. (Attachments: # 1 Stmt of Material Fact, # 2 Affidavit, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I)(Ames, Matthew) (Entered: 07/28/2014) |
| 07/28/2014 | 86 | NOTICE issued re: 85 MOTION for Summary Judgment Responses due by 8/21/2014. (thb) (Entered: 07/28/2014) |
| 07/31/2014 | 87 | ORDER granting Plaintiff's third 83 Motion to Compel; and directing Defendant Midland Credit Management, Inc. to file an amended response to the request for production at issue within 7 days of the date of this Order. Signed by Magistrate Judge Brian K. Epps on 07/31/2014. (jah) (Entered: 07/31/2014) |
| 07/31/2014 | | Set Deadline: Compliance with 87 Order due by 8/7/2014. (jah) (Entered: 07/31/2014) |
| 08/05/2014 | 88 | NOTICE by Midland Credit Management Inc. *of Compliance with Court Order* (Ames, Matthew) (Entered: 08/05/2014) |
| 08/18/2014 | 89 | MOTION for Extension of Time to File Response/Reply as to 85 MOTION for Summary Judgment , by Teri Lynn Hinkle. Responses due by 9/4/2014. (cmr) (Entered: 08/18/2014) |
| 08/25/2014 | 90 | NOTICE of Intent to refer to confidential documents by Teri Lynn Hinkle. (cmr) (Entered: 08/25/2014) |
| 08/25/2014 | 91 | MOTION for Leave to File Excess Pages by Teri Lynn Hinkle. Responses due by 9/11/2014. (cmr) (Entered: 08/25/2014) |
| 08/26/2014 | 92 | ORDER granting 89 Motion for Extension of Time to File Response/Reply re 85 MOTION for Summary Judgment ; granting 91 Motion for Leave to File Excess Pages. Responses due by 9/9/2014. Signed by Judge Dudley H. Bowen on 8/26/14. (cmr) (Entered: 08/26/2014) |
| 09/02/2014 | 93 | MOTION to Seal Document by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. Responses due by 9/19/2014. (Attachments: # 1 Text of Proposed Order)(Ames, Matthew) (Entered: 09/02/2014) |
| 09/03/2014 | | MOTIONS REFERRED: 93 MOTION to Seal Document . (cmr) (Entered: 09/03/2014) |
| 09/03/2014 | 94 | ORDER directing the plaintiff to file her response to summary judgment as a sealed document with the Court. Defendant's shall file a brief by 9/12/14 |

| | | explaining why plaintiff's response should be sealed instead of redacted. Signed by Magistrate Judge Brian K. Epps on 9/3/14. (cmr) (Entered: 09/03/2014) |
|---|---|---|
| 09/03/2014 | | Set Deadlines: Brief from defendants due by 9/12/2014. (cmr) (Entered: 09/03/2014) |
| 09/05/2014 | 95 | MOTION to Stay re 93 MOTION to Seal Document, by Teri Lynn Hinkle. REFERRED to Judge Brian K. Epps.(cmr) (Entered: 09/05/2014) |
| 09/05/2014 | 96 | ORDER finding as moot 95 Motion to Stay. Signed by Magistrate Judge Brian K. Epps on 9/5/14. (cmr) (Entered: 09/05/2014) |
| 09/08/2014 | 97 | RESPONSE in Opposition re 85 MOTION for Summary Judgment , filed by Teri Lynn Hinkle. (Additional attachment(s) added on 9/25/2014: # 2 Exhibit # 3 Exhibit). Part of exhibit unsealed per order dated 9/25/14. Modified on 9/25/2014 (cmr). (Entered: 09/08/2014) |
| 09/11/2014 | 98 | NOTICE of Intent *to File Reply Brief to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment* by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Ames, Matthew) (Entered: 09/11/2014) |
| 09/12/2014 | 99 | Brief in Support re 93 MOTION to Seal Document filed by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Ames, Matthew) (Entered: 09/12/2014) |
| 09/19/2014 | 100 | REPLY to Response to Motion re 85 MOTION for Summary Judgment filed by Midland Credit Management Inc., Midland Funding LLC. (Attachments: # 1 Exhibit A)(Ames, Matthew) (Entered: 09/19/2014) |
| 09/19/2014 | 101 | REPLY to Response to Motion re 85 MOTION for Summary Judgment *FIRST AMENDED* filed by Midland Credit Management Inc., Midland Funding LLC. (Attachments: # 1 Exhibit A)(Ames, Matthew) (Entered: 09/19/2014) |
| 09/25/2014 | 102 | ORDER granting in part 93 Motion to Seal Document 97 Response in Opposition to Motion. Exhibit pages 86 - 124 shall remain sealed. Signed by Magistrate Judge Brian K. Epps on 9/25/14. (cmr) (Entered: 09/25/2014) |
| 09/29/2014 | 103 | MOTION to supplement Plaintiff's motion in opposition to Defendants' motion for summary judgment, by Teri Lynn Hinkle. Responses due by 10/16/2014. (cmr) (Entered: 09/29/2014) |
| 10/08/2014 | 104 | RESPONSE to Motion re 103 MOTION to supplement Plaintiff's motion in opposition to Defendants' motion for summary judgment filed by Midland Credit Management Inc., Midland Funding LLC. (Ames, Matthew) (Entered: 10/08/2014) |
| 01/06/2015 | 105 | ORDER granting 85 Motion for Summary Judgment; granting 103 Motion to allow her errata sheet to be included in the record. The Clerk is |

| | | |
|---|---|---|
| | | directed to enter final judgment in favor of defendants and close this case. Costs are taxed in favor of Defendants and against Plaintiff. Signed by Judge Dudley H. Bowen on 1/6/15. (cmr) (Entered: 01/06/2015) |
| 01/06/2015 | 106 🖹 | CLERK'S JUDGMENT in favor of Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC and against Teri Lynn Hinkle in accordance with the order entered on January 6, 2015. Signed on 1/6/15. (cmr) (Entered: 01/06/2015) |
| 01/30/2015 | 107 | NOTICE OF APPEAL as to 106 🖹 Clerk's Judgment, 105 🖹 Order on Motion for Summary Judgment, Order on Motion for Miscellaneous Relief, by Teri Lynn Hinkle. (cmr) (Entered: 01/30/2015) |
| 01/30/2015 | 108 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 107 Notice of Appeal, 106 🖹 Clerk's Judgment, 105 🖹 Order on Motion for Summary Judgment, Order on Motion for Miscellaneous Relief. Other Appeals; No, Judge Appealed: Dudley H. Bowen, Jr., Fee Paid: No, Pending COA/IFP: No. (Attachments: # 1 docket)(cmr) (Entered: 01/30/2015) |
| 02/02/2015 | 109 🖹 | BILL OF COSTS by Encore Capital Group Inc., Midland Credit Management Inc., Midland Funding LLC. (Ames, Matthew) (Entered: 02/02/2015) |
| 02/03/2015 | 110 | USCA Case Number 15-10398-F for 107 Notice of Appeal filed by Teri Lynn Hinkle. (cmr) (Entered: 02/03/2015) |
| 02/12/2015 | 111 🖹 | USCA Appeal Fees received, $ 505 receipt number AUG017807 re 107 Notice of Appeal filed by Teri Lynn Hinkle. (cmr) (Entered: 02/12/2015) |
| 02/12/2015 | | F.R.A.P. Certificate of Readiness re 107 Notice of Appeal. **The entire record on appeal is available electronically.** (cmr) (Entered: 02/12/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/17/2015 15:47:13 | | |
| **PACER Login:** | Amazza1960:3129634:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-00033-DHB-BKE |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

Plaintiff's Appendix Document No - 1

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 30  AM 9:33

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle  )
    **Plaintiff**  )
        )    **Case No** **CV313  033**
        )
**vs**  )
        )
**MIDLAND CREDIT**  )    **Judge** _____
**MANAGEMENT INC.**  )
**MIDLAND FUNDING LLC.**  )
**ENCORE CAPITAL GROUP INC.**  )
    **Defendants**  )
        )    **Trial by Jury Demanded**

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA AND THE FCRA

### JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C § 1331 and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

3. This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq (FCRA) by Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group Inc. In addition there are violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) by all Defendants via multiple invasions of Plaintiff, Teri Lynn Hinkle's personal privacy by Defendants in their illegal efforts to collect non-existent alleged consumer debts purported to be owed by Hinkle, hereafter "alleged accounts" as set forth below. Hinkle seeks statutory, actual and punitive damages, costs and any attorney's fees.

4. The occurrences which give rise to this action occurred in Dodge County, Georgia and
   Hinkle resides in Dodge County, Georgia.

5. Venue is proper in the Southern District of Georgia, Dublin Division.


## PARTIES

6. The Plaintiff in this lawsuit is Teri Lynn Hinkle, (Hinkle), an adult natural person, who resides in
   Dodge County, Georgia and is a consumer as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. §
   1692a(3).

7. Defendant Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15 U.S.C. §
   1681a(6), and a for profit corporation organized in Delaware, which has its principle place of
   business located in San Diego, CA, lists its San Diego Operations address as 8875 Aero Drive, Suite
   200, San Diego, CA 92123 and maintains Corporation Service Company, 2711 Centerville Road,
   Suite 400, Wilmington, DE 19808, as its registered agent for service of process. Encore uses
   instrumentality of interstate commerce or the mails in a business the principle purpose of which is
   the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly,
   debts owed or due, or asserted to be owed or due another.

8. Defendant Midland Funding, LLC, ("Midland") is a "debt collector" as defined by 15 U.S.C. §
   1692a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, a "user of information" as
   defined by 15 U.S.C. § 1681m, and a for-profit limited liability company organized in Delaware that
   is a wholly owned subsidiary of Encore, and maintains Corporation Service Company, 40
   Technology Parkway South, Suite #300, Norcross, Georgia 30092 in Gwinnet County as its
   registered agent for service of process. Midland uses instrumentality of interstate commerce or the
   mails in a business the principle purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

9. Defendant, Midland Credit Management Inc. ("MCM"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, a "user of information" as defined by 15 U.S.C. § 1681m, and a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Encore, has its principle place of business located in San Diego, CA and maintains Corporation Service Company, 40 Technology Parkway, South, Suite #300, Norcross, Georgia 30092 in Gwinnet County as its registered agent for service of process. MCM uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. MCM, Midlandand Encore are in fact, separate entities;as such MCM, Midland and Encore have all been named as Defendants in this Complaint.

11. According to the California Secretary of State website, MCM, Midland and Encore, operate out of the same address which is listed as: 8875 Aero Drive, Suite 200, San Diego, CA 92123.

## GENERAL ALLEGATIONS

12. Hinkle obtained her consumer credit reports from the three major credit reporting agenciesin May of 2011 and found entries by entities that she was unfamiliar with in the reports.

13. Hinkle found after examination of her consumer credit reports that Defendant,MCM hadbeen reporting false and erroneous information to all three credit reporting agencies.Hinkle had never had any business relationship of any kind with MCM and had never been contacted by them.

14. MCM was reporting an alleged account on all three consumer credit reports, which did not belong to Hinkle.

15. On September 6, 2011 Hinkle filed a dispute of the validity of the entries made by MCM with all three credit reporting agencies, Equifax, Experian and TransUnion.

16. As a result of the dispute Equifax reported the information was deleted, Experian reported the information reported was updated and would remain.  TransUnion reported the information was verified and would remain.

17. On October 20, 2011 Hinkle sent a **"Demand for Validation of Debt"** letter by USPS Certified mail to MCM regarding the alleged account it was reporting.Even though MCM knew, or should have known, that the "alleged account" was non-existent MCM failed to direct the consumer reporting agencies, Experian and TransUnion, to delete the inaccurate information about Hinkle from her files.

18. On December 21, 2011 having ignored Hinkle's requested validation, MCMmailed a dunning  letter to Hinkle claiming to have **"purchased"** an alleged **"debt"** and further claiming to be the servicer of the alleged account and demanded payment.

19. On December 27, 2011 MCM began calling Hinkle using an automated dialing system while blocking the Caller ID. Hinkle answered the calls and when eventually a live voice stated it was MCM on the line, informed the *"Collectors"* each time that MCM had no business with her, no permission to call her and that they were violating consumer protection laws by doing so. The calls continued until April of 2012.

20. On February 5, 2012 MCM sent a second dunning letterto Hinkle, this timeacknowledging Hinkle's dispute but demanding Hinkle prove to them the alleged debthad been paid in full, was a fraud or

that Hinkle was in fact **dead**. MCM made no attempt whatsoever to comply with Hinkle's timely Demand for Validation of Debt, andended the letter with payment instructions.

21. On April 5, 2012 MCM sent a third dunning letteroffering further discounts if Hinkle would pay by May 5, 2012. MCM made no attempt whatsoever to comply withHinkle's timely demand for validation but instead continued collection actions.

22. On May 7, 2012 MCM obtained Hinkle's TransUnion consumer credit report withouta permissible purpose still ignoring Hinkle's timelyDemand for Validation sent to them in October of 2011.

23. On June 15, 2012 MCM sent yet another dunning letter to Hinkle repeating the same offer of discount as was made in the April 5, 2012 letter to Hinkle. Still Defendantdid not comply with Hinkle's timely Demand for Validation.

24. In June of 2012 Hinkle again obtained her consumer credit reports from all three credit reporting agencies whereby she discovered that MCM was still reporting false and erroneous information on all three reportsand had added a second non-existent alleged account whichDefendant, Midland was also reporting on all three credit reports. On the Equifax report MCM states the alleged account originated in 2002. Hinkle had no accounts with *any* entities in 2002 that could have been acquired by *any* debt collector.

25. On July 13, 2012 Hinkle disputed the entries placed on her credit reports by MCM and Midland withall three reporting agencies. As a result MCM, removed one alleged account from TransUnion but all the other entries on all three reportsplaced by both MCM and Midland were updated and remained.

26. On July 21, 2012 MCM sent Hinkle another "dunning letter" identical to the previous letter of February 5, 2012 in response to Hinkle's dispute and still made no attempt to validate the alleged debt.

27. On July 27, 2012 Hinkle sent a **"Notice of Intent to Sue"** letter to MCM and Midland via USPSCertified mail.Defendants have not responded to date.

28. On July 27, 2012 Hinkle sent a second Demand for Validation letter to MCM and Midland via USPS Certified mail. Defendants have not complied or responded in any way to Hinkle's demand.

29. On July 27, 2012 MCM sent Hinkle another dunning letter identical to the ones sentApril 5, 2012 and June 15, 2012. There still had been no compliance with Hinkle's timely Demands for Validation.

30. MCM and Midland have continued to report false and erroneous information on Hinkle's consumer Credit reports after formal dispute for a period of 17 months collectively with multiple entries between three reporting agencies which they know to be incorrect.

31. Defendants have alleged that Hinkle incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and that Hinkle is obligated to pay them.

32. Encore, at least "indirectly" engaged in the attempted collection of an alleged consumer debt after it had been disputed and without providing the validation timely demanded by Plaintiff. Encore is a debt buyer that owns Midland Funding LLC and Midland Credit Management who both sent dunning letters to Plaintiff after her demand for validation, reported erroneous information to all three Credit Reporting Agencies and obtained Plaintiff's credit report without providing it. MCM, and Midland operate as a debt buying and collection enterprise. Encore is not simply a parent holding company, though it owns one hundred percent of the shares and interests in MCM and Midland. All three Defendants operate as parts of a single business operation yet routinely violate federal consumer protection statutes separately. Encore provides management and decision-making,

Hinkle v MCM, Midland, Encore Page 6 of 16

Midland exists as an employee-less paper entity that holds title to the enterprise's purchased debt

portfolios and MCM operates as the front for contact with the targeted debtor-consumers, calling

itself the "servicer" of the Defendant's alleged accounts.

33. On its webpage, Encore explains that, "Encore Capitol Group, Inc. (Encore), through its subsidiaries

(collectively, the *Company*), is a leading provider of debt management and recovery solutions for

consumers and property owners across a broad range of assets. We purchase portfolios of defaulted

consumer receivables at **deep discounts** to face value and use a variety of operational channels to

maximize our collections from these portfolios. We manage our receivables by partnering with

individuals as they repay their obligations and work toward financial recovery." [1]

34. By their own admission, the Defendants purchase information on accounts for far less than the

amounts owed however they misrepresent the amount they have at risk by attempting to collect from

consumers who are led to believe they are satisfying a debt they *may or may not* have owed to an

original creditor when in reality any original creditor will not be paid a single penny. By law the

original creditor still has the right to collect as well even if the consumer is **duped** into paying the

information buyer.

35. Encore does not operate independent of MCM and Midland. It does not have separate management

or separate business and income. Instead, it serves as the name of the Encore family of subsidiaries,

all of whom are interrelated and inseparably operated as a single business operation that is engaged

in the business of purchasing *consumer debt information* and attempting to collect after paying

pennies on the dollar for said information. Each of these entities however commits violations against

consumers individually as if they were in fact separate entities.

36. When purchasing portfolios of debt information, the Defendants make an intentional business

decision not to obtain competent evidence as to whether written contracts exist between the original

---

[1] See http://www.encorecapital.com last visited December 18, 2012

creditors of the debts and the consumers, or if there was other documentation showing when or how the debts were incurred. There islittle to no documentation beyond very rudimentary information which would allow them to calculate the amount of debt owed by a consumer ie; name, last known address, telephone number, social security number, amount alleged to be due, name of original creditor, original account number and current owner of the debt.

37. It would appear that Defendant, Encore wasted no time in violating their recent commitment to the Federal Trade Commission to correct their dishonest, illegal and egregious business practices in regard to the Consumer Protection statutes Congress saw fit to put in place.

38. Defendants are "inextricably intertwined" and/or connected in the actions alleged in this action.

39. Defendants are each the alter ego of the other.

40. The corporate fiction should be disregarded as it is being used as a means of perpetrating fraud and/or abuse of the corporate structure while routinely violating federal consumer protection statutes.

41. Each Defendant actively participated in the acts or omissions which are the subject of this suit and sought to benefit from the actions alleged in this complaint.

42. MCM's letter in December of 2011, three months after Hinkle disputed the alleged debt and demanded validation, contains what Hinkle perceives to be an implied threat to continue damaging Hinkle's credit worthiness in an attempt to coerce her into paying them money not owed:

   a. "*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill your credit obligations."

43. Defendants have never provided any signed verification, validation or accounting of any alleged accounts or copy of any signed contract or agreement. Defendants have been knowingly reporting inaccurate information about Hinkle to the three major credit reporting agencies, TransUnion,

Equifax and Experian, damaging Hinkle since at least September of 2011 in an attempt to coerce and deceive her into paying amounts not owed to them or by Hinkle.

    a.  TransUnion, Equifax and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

44. Defendant's dissemination of inaccurate information has and is causing the following damages:

    a.  Personal expenses related to disputing the allegedly inaccurate information

    b.  Injury to her credit reputation, undue worry and loss of happiness resulting from the distribution of incorrect and disparaging information to parties both known and unknown.

    c.  A diminished credit score which may hinder Plaintiff's ability to obtain credit in the future.

45. There is no debt as to the basis of this instant action, rather the basis is the illegal, unconscionable and invasive behavior of all three Defendants in their attempts to collect non-existent alleged debt from Hinkle. Hinkle has attempted on multiple occasions to provide Defendants the opportunity to cure said egregious behavior to no avail.

46. Upon completion of discovery Hinkle intends to seek certification of her complaint as a **class action** due to the continued egregious behavior demonstrated by the defendants which continues even after the massive number of law suits filed against them for similar and/or identical activities.

## <u>COUNT I</u>

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.

47. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

48. Discovery of violations brought forth herein occurred from May of 2011 to present and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

49. Hinkle is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

50. TransUnion, Equifax and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

51. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

52. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person mayobtain a consumer credit report.

53. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of Insurance involving the consumer, or is offered a bona fide offer of credit as a result of theInquiry.

54. Hinkle has never had any business dealings or any accounts with, made application for Credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant, MCM.

55. On May 7 of 2012MCM obtained the TransUnion consumer credit report for Hinkle with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Hinkle had no account whereby MCM could claim permissible purpose and said actions were a clear violation of her privacy. No claim of permissible purpose connected to the collection of a debt could exist because MCM was fully aware the "**alleged accounts**" they were claiming to "**own**" and "**service**" were in dispute and they had not "**validated**" them as perHinkle's timely demand.

56. At no time did Hinkle give her consent for MCM to acquire her consumer credit report from any credit reporting agency.

57. The actions of MCM obtaining the consumer credit report of Hinkle with no permissible purpose or her express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Hinkle's right to privacy.

58. From September of 2011 to present MCM has been willfully reporting information purported to be in connection with Hinkle which it knew was false and inaccurate to all three credit reporting agencies, Equifax, Experian and TransUnion in clear violation of the FCRA 15 U.S.C. § 1681s-2(b).

59. To date MCM has committed thirty five separate violations of 15 U.S.C. § 1681s-2(b) to the best of Hinkle's knowledge. Further violations may be identified in the discovery process.

60. Hinkle, by filing disputes with the consumer reporting agencies in September of 2011 and again in July of 2012, invoked her private right of action to assert claims against MCM arising under 15 U.S.C. § 1681s-2(b).

61. At no time has MCM ever provided any valid justification they may have had for obtainingHinkle's credit report or reporting false information to the credit reporting agencies. MCM had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Hinkle's credit report and MCM breached said duty. There was no account that MCM had any right to collect to have had permissible purpose to obtain Hinkle's credit report and therefore Hinkle is entitled to damages for breach of said duty.

62. Hinkle made multiple attempts to dispute and provided ample opportunity for MCM to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. Hinkle was not able to settle this matter with MCM prior to litigationhowever that was not for lack of trying.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT for statutory damages for each violation, actual damages, punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT MIDLAND FUNDING LLC.**

63. Paragraphs 1 through 62 are re-alleged as though fully set forth herein

64. Since July of 2012 Defendant, Midland has continuously reported information which it knew to be false and inaccurate to all three credit reporting agencies, Equifax, Experian and TransUnion in blatant violation of the FCRA 15 U.S.C. § 1681s-2(b).

65. To date Midland has committed 13 separate violations of 15 U.S.C. § 1681s-2(b) to the best of Hinkle's knowledge. Further violations may be identified during the discovery process.

66. Hinkle, by filing a dispute with the consumer reporting agencies in July of 2012, invoked her private right of action to assert claims against Midland arising under 15 U.S.C. § 1681s-2(b).

67. At no time has Midland ever provided any valid justification they may have had for reporting false information to the credit reporting agencies even though Hinkle made a timely demand that they do so. Midland had a duty to properly ascertain if there was any legitimate account belonging to Hinkle before reporting such information to the credit reporting agencies. Midland breached said duty. There was no account that Midland had any right to collect to have had lawful standing and authority to report on Hinkle's credit reports and therefore Hinkle is entitled to damages for breach of said duty.

68. Hinkle made multiple attempts to dispute and provided ample opportunity for Midland to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. Hinkle was not able to settle this matter with Midland prior to litigation however it was not for lack of trying.

Hinkle v MCM, Midland, Encore Page **12** of 16

WHEREFORE, Hinkle demands judgment for damages against Defendant, MIDLAND FUNDING LLC. for statutory for each violation, actual damages, punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENCORE CAPITAL GROUP INC.

69. Paragraphs 1 through 68 are re-alleged as though fully set forth herein.

70. By its own admission on its web site Defendant, Encore provides management and decision-making for Defendants Midland and MCM.

71. Encore is therefore, in violation of the FCRA 15 U.S.C. § 1681b by and in direct consequence to, its decision to have MCM obtain Hinkle's credit report without permissible purpose in May of 2012.

72. Encore is also directly and equally responsible with MCM and MIDLAND for the cumulative forty eight separate violations of 15 U.S.C. § 1681s-2(b).

WHEREFORE, Hinkle demands judgment for damages against Defendant, ENCORE CAPITAL GROUP INC. for statutory damages for each violation, actual damages, punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PARACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC. AND ENCORE CAPITAL GROUP INC.

73. Paragraphs 1 through 72 are re-alleged as though fully set forth herein.

74. Defendants, MCM and Midland by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

75. Defendants, MCM and Midland failed after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which constitutes a violation of the FDCPA 15 U.S.C. § 1692g(a)(1),2),(3),(4),(5).

76. Defendants, MCM and Midland made a false representation to the three Consumer Reporting Agencies, Equifax, Experian and TransUnion on multiple occasions as to the character, amount or legal status of an alleged debt which results in a violation of the FDCPA, 15 U.S.C. § 1692e(2).

77. The FDCPA requires that a "debt collector" cease collection efforts until debt is validated if a consumer has demanded such in a timely manner. Defendants, MCM and Midland blatantly ignored Hinkle's timely demand for validation and are still engaging in collection actions, resulting in multiple violations of 15 U.S.C. 1692g(b).

78. Defendant, MCM after refusing to respond to Hinkle's demand for validation harassed her with auto-dialed collection calls repeatedly in violation of FDCPA, 15 U.S.C. § 1692d and d(5). Hinkle intends to amend this cause of action to include the specific callers after discovery.

79. By its own admission on its web site, Encore provides management and decision-making for Defendants Midland and MCM.

80. Encore is therefore, complicit in each of the above FDCPA violations by and in direct consequence to its decisions to allow MCM and Midland to commit said violations and in its continuing decision to refuse to cease and desist until providing Hinkle with timely demanded validation.

81. None of the three Defendants have produced any evidence or factual documentation of any "alleged debt" Hinkle could be responsible for and have continued to violate the consumer protection statutes.

82. Hinkle has never had any business relationship with any of the three Defendants.

83. Hinkle has no "alleged accounts" which any of the three Defendants could claim ownership of.

84. Defendants have produced no evidence or factual documentation of any "alleged debt" Hinkle could be responsible for but have violated Hinkle's rights with impunity for nearly two years and possibly longer.

85. A purchase of Hinkle's personal information does not constitute a contractual obligation between Hinkle and any of the three Defendants.


86. **THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.**[2]


WHEREFORE, Hinkle demands judgment for damages against each Defendant, MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING LLC., and ENCORE CAPITAL GROUP INC. for statutory damages actual damages, and any attorney's fees and costs pursuant to 15 U.S.C § 1692 et seq.


## DEMAND FOR TRIAL BY JURY

---

[2]The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

Hinkle v MCM, Midland, Encore Page **15** of 16

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: *April 25, 2013*

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

Service to:
Midland Credit Management Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Midland Funding LLC.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Encore Capital Group Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
2711 Centerville Road, Suite #400
Wilmington, DE 19808



Plaintiff's Appendix Document No - 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| **Teri Lynn Hinkle** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No. 3:13-CV-00033** |
| **vs** | ) | |
| | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT INC.** | ) | |
| **MIDLAND FUNDING, LLC.** | ) | |
| **ENCORE CAPITAL GROUP INC.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA, FCRA AND TCPA

### JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C § 1331 and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

3. This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq (FCRA) by Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group Inc.

4. There are violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) by all Defendants via multiple invasions of Plaintiff, Teri Lynn Hinkle's personal privacy by Defendants in their illegal efforts to collect non-existent alleged consumer debts

purported to be owed by Hinkle, hereafter "alleged accounts" as set forth below. Hinkle

seeks statutory, actual and costs and any attorney's fees.

5.  The occurrences which give rise to this action occurred in Dodge County, Georgia and

Hinkle resides in Dodge County, Georgia.

6.  Venue is proper in the Southern District of Georgia, Dublin Division.


## PARTIES

7.  The Plaintiff in this lawsuit is Teri Lynn Hinkle, (Hinkle), an adult natural person, who

resides in Dodge County, Georgia and is a consumer as defined by 15 U.S.C. § 1681a(c), and

15 U.S.C. § 1692a(3).

8.  Defendant Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15

U.S.C. § 1681a(6), and a for profit corporation organized in Delaware, which has its

principle place of business located in San Diego, CA, lists its San Diego Operations address

as 8875 Aero Drive, Suite 200, San Diego, CA 92123 and maintains Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent

for service of process. Encore uses instrumentality of interstate commerce or the mails in a

business the principle purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be

owed or due another.

9.  Defendant Midland Funding, LLC, ("Midland") is a "debt collector" as defined by 15 U.S.C.

§ 1692a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, a "user of

information" as defined by 15 U.S.C. § 1681m, and a for-profit limited liability company

organized in Delaware that is a wholly owned subsidiary of Encore, and maintains

Corporation Service Company, 40 Technology Parkway South, Suite #300, Norcross, Georgia 30092 in Gwinnet County as its registered agent for service of process. Midland uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant, Midland Credit Management Inc. ("MCM"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, a "user of information" as defined by 15 U.S.C. § 1681m, and a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Encore, has its principle place of business located in San Diego, CA and maintains Corporation Service Company, 40 Technology Parkway, South, Suite #300, Norcross, Georgia 30092 in Gwinnett County as its registered agent for service of process. MCM uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. MCM, Midland and Encore are in fact, separate entities; as such MCM, Midland and Encore have all been named as Defendants in this Complaint.

12. According to the California Secretary of State website, MCM, Midland and Encore, operate out of the same address which is listed as: 8875 Aero Drive, Suite 200, San Diego, CA 92123.

## GENERAL ALLEGATIONS

13. Hinkle obtained her consumer credit reports from the three major consumer credit reporting agencies in May of 2011, and found entries by entities that she was unfamiliar with in the reports.

14. Hinkle found after examination of her consumer credit reports that Defendant, MCM had been reporting false and erroneous information to all three credit reporting agencies. Hinkle had never had any business relationship of any kind with MCM and had never been contacted by them.

15. MCM was reporting an alleged account on all three consumer credit reports, which did not belong to Hinkle.

16. On September 6, 2011 Hinkle filed a dispute of the validity of the entries made by MCM with all three credit reporting agencies, Equifax, Experian and Trans Union.

17. As a result of the dispute, Equifax reported the information was deleted, Experian reported the information reported was updated and would remain.  Trans Union reported the information was verified and would remain.

18. On October 20, 2011 Hinkle sent a **"Demand for Validation of Debt"** letter by USPS Certified mail to MCM regarding the alleged account it was reporting. Even though MCM knew, or should have known, that the "alleged account" was non-existent MCM failed to reinvestigate and direct the consumer reporting agencies, Experian and Trans Union, to delete the inaccurate information about Hinkle from her files. MCM continued to furnish the same false information each month thereafter to the credit reporting agencies.

19. On December 21, 2011 having ignored Hinkle's requested validation, MCM mailed a dunning letter to Hinkle claiming to have **"purchased"** an alleged **"debt"** and further claiming to be the servicer of the alleged account and demanded payment.

20. On December 27, 2011 MCM began calling Hinkle using an automatic telephone dialing system equipment (ATDS), while blocking the Caller ID. Hinkle answered the calls and when eventually a live voice stated it was MCM on the line, informed the *"Collectors"* each time that MCM had no business with her, no permission to call her and that they were violating consumer protection laws by doing so. The calls have continued to the present time.

21. While MCM's calls to Hinkle were made to her land line, further study of the Consumer Protection Statutes has revealed that the use of **"ATDS"** equipment and blocking the caller ID, does in fact constitute violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227 et al.

22. The numerous and repeated calls after Hinkle demanded validation and MCM refused to provide it constitute a violation(s) of the Fair Debt Collection Practices Act 15 U.S.C. § 1692d(5).

23. On February 5, 2012 MCM sent a second dunning letter to Hinkle, *this time acknowledging* Hinkle's dispute but demanding Hinkle prove to them that the alleged debt had been paid in full, was a fraud or that Hinkle was in fact **dead**. MCM made no attempt whatsoever to comply with Hinkle's timely Demand for Validation of Debt, and ended the letter with payment instructions.

24. On April 5, 2012 MCM sent a third dunning letter offering further discounts if Hinkle would pay by May 5, 2012. MCM made no attempt whatsoever to comply with Hinkle's timely demand for validation but instead continued collection actions.

25. On May 7, 2012 MCM obtained Hinkle's Trans Union consumer credit report without a permissible purpose still ignoring Hinkle's timely Demand for Validation sent to them in October of 2011.

26. On June 15, 2012 MCM sent yet another dunning letter to Hinkle repeating the same offer of discount as was made in the April 5, 2012 letter to Hinkle. Still Defendant did not comply with Hinkle's timely Demand for Validation.

27. In June of 2012 Hinkle again obtained her consumer credit reports from all three credit reporting agencies whereby she discovered that MCM was still reporting false and erroneous information on all three reports and had added a second non-existent alleged account which Defendant, Midland was also reporting on all three credit reports.

28. On the Equifax report Plaintiff obtained in June 2012, MCM states the alleged account originated in 2002. Hinkle had no accounts with *any* entities in 2002 that could have been acquired by *any* debt collector.

29. On July 13, 2012 Hinkle disputed the entries placed on her credit reports by MCM and Midland with all three reporting agencies. As a result, MCM removed one alleged account from Trans Union but all the other entries on all three reports placed by both MCM and Midland were updated and remained.

30. On July 21, 2012 MCM sent Hinkle another "dunning letter" identical to the previous letter of February 5, 2012 in response to Hinkle's dispute and still made no attempt to validate the alleged debt.

31. On July 27, 2012 Hinkle sent a **"Notice of Intent to Sue"** letter to MCM and Midland via USPS Certified mail. Defendants have not responded to date.

32. On July 27, 2012 Hinkle sent a second Demand for Validation letter to MCM and Midland via USPS Certified mail. Defendants have not complied or responded in any way to Hinkle's demand.

33. On July 27, 2012 MCM sent Hinkle another dunning letter identical to the ones sent April 5, 2012 and June 15, 2012. There still had been no compliance with Hinkle's timely Demands for Validation.

34. MCM and Midland have continued to report false and erroneous information on Hinkle's consumer credit reports after formal dispute for a period of 18 months collectively with multiple entries between three reporting agencies. Had they performed the reasonable reinvestigation required by law they would have known definitively that the information they were furnishing was incorrect and that is should have been removed from the credit reporting agencies records.

35. Defendants have alleged that Hinkle incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and that Hinkle is obligated to pay them.

36. Hinkle denies ever having established any business relationship, or contractual agreement for credit, loans, or services with any of the Defendants.

37. Encore, at least "indirectly" engaged in the attempted collection of an alleged consumer debt after it had been disputed and without providing the validation timely demanded by Plaintiff. Encore is a debt buyer that owns Midland Funding LLC and Midland Credit Management

who both sent dunning letters to Plaintiff after her demand for validation and reported

erroneous information to all three credit reporting agencies.

38.  MCM, having obtained Plaintiff's credit report without providing validation after repeated

disputes and demands for same, did so without a permissible purpose. **"Data mining"** is not

among the listed permissible purposes in the FCRA.

39.  MCM, and Midland operate as a debt buying and collection enterprise. Encore is not simply

a parent holding company, though it owns one hundred percent of the shares and interests in

MCM and Midland. All three Defendants operate as parts of a single business operation yet

routinely violate federal consumer protection statutes separately. Encore provides

management and decision-making, Midland exists as an employee-less paper entity that

holds title to the enterprise's purchased debt portfolios and MCM operates as the front for

contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendant's

alleged accounts.

40.  On its webpage, Encore explains that, "Encore Capitol Group, Inc. (Encore), through its

subsidiaries (collectively, the *Company*), is a leading provider of debt management and

recovery solutions for consumers and property owners across a broad range of assets. We

purchase portfolios of defaulted consumer receivables at **deep discounts** to face value and

use a variety of operational channels to maximize our collections from these portfolios. We

manage our receivables by partnering with individuals as they repay their obligations and

work toward financial recovery." [1]

41.  By their own admission, the Defendants purchase information on accounts for far less than

the amounts owed however they misrepresent the amount they have at risk by attempting to

collect from consumers who are led to believe they are satisfying a debt they *may or may not*

---

[1] See http://www.encorecapital.com last visited December 18, 2012

have owed to an original creditor when in reality any original creditor will not be paid a single penny. By law the original creditor still has the right to collect as well even if the consumer is **duped** into paying the information buyer.

42. Encore does not operate independent of MCM and Midland. It does not have separate management or separate business and income. Instead, it serves as the name of the Encore family of subsidiaries, all of whom are interrelated and inseparably operated as a single business operation that is engaged in the business of purchasing *consumer debt information* and attempting to collect after paying pennies on the dollar for said information. Each of these entities however commits violations against consumers individually as if they were in fact separate entities.

43. When purchasing portfolios of debt information, the Defendants make an intentional business decision not to obtain competent evidence as to whether written contracts exist between the original creditors of the debts and the consumers, or if there was other documentation showing when or how the debts were incurred. There is little to no documentation beyond very rudimentary information which would allow them to calculate the amount of debt owed by a consumer ie; name, last known address, telephone number, social security number, amount alleged to be due, name of original creditor, original account number and current owner of the debt.

44. It would appear that Defendant, Encore wasted no time in violating their recent commitment to the Federal Trade Commission to correct their dishonest, illegal and egregious business practices in regard to the Consumer Protection statutes Congress saw fit to put in place.

45. Defendants are "inextricably intertwined" and/or connected in the actions alleged in this action.

First Amended Complaint - Hinkle v MCM, Midland, Encore Page 9 of 23

46. Defendants are each the alter ego of the other.

47. The corporate fiction should be disregarded as it is being used as a means of perpetrating

fraud and/or abuse of the corporate structure while routinely violating federal consumer

protection statutes in an attempt to obtain unjust enrichment while accepting the risks of such

violations as a mere cost of doing business.

48. Each Defendant actively participated in the acts or omissions which are the subject of this

suit and sought to benefit from the actions alleged in this complaint.

49. MCM's letter in December of 2011, three months after Hinkle disputed the alleged debt and

demanded validation, contains what Hinkle perceives to be an implied threat to continue

damaging Hinkle's credit worthiness in an attempt to coerce her into paying them money not

owed and therein stated:

    a.  "You are hereby notified that a negative credit report reflecting on your credit record may

        be submitted to a credit reporting agency if you fail to fulfill your credit obligations."

50. Defendants have never provided any signed verification, validation or accounting of any

alleged accounts or copy of any signed contract or agreement. Defendants failed to

reinvestigate the alleged accounts after dispute as required by the FCRA.

51. Defendants attempted to shift the burden of reasonable reinvestigation back on the consumer,

Hinkle, by demanding that she prove to them that the alleged "account(s)" were non-existent,

paid off or in fact that she was dead rather than provide validation. The burden of

reinvestigation and validation is on the furnisher of the information when a timely demand

for validation is made and cannot be shifted back to the consumer.

52. The amendments to the FCRA made by the Consumer Credit Reporting Act of 1996 raised

the bar of compliance with the law by imposing a higher duty to reinvestigate on the **original**

**source** providing information to the credit reporting agencies. Congress clearly intended the furnishers of credit data to perform a more exacting investigation than merely parroting their own internal data which the consumer has disputed.

53. By ignoring Hinkle's timely demands for validation and disputes, in their avoidance of their legal obligation to reinvestigate and go beyond mere electronic data obtained by the purchase of unverified and unauthenticated alleged account information, Defendant has violated the clear mandate Congress intended and enacted under 15 U.S.C. § 1681s-2(b).

54. Notwithstanding Defendant's insistence that Hinkle prove to the them that the information they were consistently and continuously reporting to the consumer credit reporting agencies was erroneous, the fact remains that the FCRA requires a reasonable reinvestigation and a deletion of inaccurate information from the consumer's credit reports after said consumer has disputed the information being provided. Not only have the Defendants failed to comply with 15 U.S.C. § 1681s-2(b) by not performing a reasonable reinvestigation, they have knowingly and willfully continued to furnish unverified and unauthenticated information to the credit reporting agencies for the past 18 months.

55. Defendants have knowingly reported inaccurate information about Hinkle, after failing to reinvestigate, to the three major credit reporting agencies, Trans Union, Equifax and Experian, damaging Hinkle since at least September of 2011 in an attempt to coerce and deceive her into paying amounts not owed to them by Hinkle.

56. TransUnion, Equifax and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

57. The continued reporting of false and erroneous information to the credit reporting agencies without performing proper reinvestigation after Hinkle's disputes not only violates 15 U.S.C.

§ 1681s-2(b) the first time but a violation occurs each and every time the furnisher knowingly and willfully does so.

58. Each time the Defendants furnish information to the credit reporting agencies without first performing a reasonable reinvestigation after that reinvestigation has been demanded constitutes a new and separate deliberate violation of the statute.

59. The Federal Trade Commission publication, "The Structure and Practices of the Debt Buying Industry", January 2013, contained the following findings which provide insight into the general practices of the industry and may explain the Defendant's failure to reinvestigate Hinkle's timely disputes:

a. The availability of documents specific to accounts in most purchase and sale agreements is not guaranteed and may not exist.

b. Approximately 500,000 disputed debts were not verified after dispute by the buyers in 2009 alone.

c. The FDCPA prohibits debt collectors, including debt buyers from seeking to recover on unverified debts but does not bar the reselling of such debts to other purchasers which likely contributes to collectors seeking to recover from the wrong consumer or the wrong amount.

d. The FTC used compulsory process in the study and focused on large debt buyers one of which was ENCORE CAPITAL GROUP, INC.

e. Purchased information often includes spread sheets containing a consumer's name, address, social security number, original creditor, date opened, date charged off and balance at charge off but no documentation of the authenticity of the information.

f.  On average the debt buyers pay in a range from 2.2 to 7.9 cents on the dollar of amount of the alleged debt and are fully aware there is no guarantee of the validity or accuracy of the information they purchase.

g.  In many purchase and sale agreements, sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of the sale. Thus the buyer knowingly purchases "as is" and is therefore fully aware of the possibility of the information regarding an individual alleged account may be false or largely inaccurate.

60.  The reporting of false and erroneous information to the credit reporting agencies is a violation of the FDCPA 15 U.S.C. § 1692g which re-ages the relative statute of limitations on such violations each and every time they knowingly and willfully do it.

61.  Defendant's dissemination of inaccurate information about the Plaintiff has and is causing the following damages:

a.  Personal expenses related to disputing the allegedly inaccurate information

b.  Injury to her credit reputation, undue worry and loss of happiness resulting from the distribution of incorrect and disparaging information to parties both known and unknown.

c.  A diminished credit score which may hinder Plaintiff's ability to obtain credit in the future.

62.  The Courts have consistently held that any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages, 15 U.S.C. § 1681n. To establish willful noncompliance, a plaintiff must prove that the defendant(s) "knowingly and intentionally committed an act in conscious disregard for the *rights of others' need not show 'malice or evil motive.'*" Hinkle has repeatedly attempted to resolve the controversy over the

First Amended Complaint - Hinkle v MCM, Midland, Encore Page 13 of 23

disputed alleged account(s) with the Defendants to no avail over a substantial length of time. For this reason Hinkle had no other recourse beyond litigation to resolve these matters.

63. There is no debt as to the basis of this instant action, rather the basis is the illegal, unconscionable and invasive behavior of all three Defendants in their attempts to collect non-existent alleged debt from Hinkle. Hinkle has attempted on multiple occasions to provide Defendants the opportunity to cure said egregious behavior to no avail.

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

64. Paragraphs 1 through 63 are re-alleged as though fully set forth herein.

65. Discovery of violations brought forth herein occurred from May of 2011 to present and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

66. Hinkle is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

67. Trans Union, Equifax and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

68. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

69. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

70. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of Insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

71. Hinkle has never had any business dealings or any accounts with, made application for Credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant, MCM.

72. On May 7 of 2012 MCM obtained the Trans Union consumer credit report for Hinkle with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Hinkle had no account whereby MCM could claim permissible purpose and said actions were a clear violation of her privacy. No claim of permissible purpose connected to the collection of a debt could exist because MCM was fully aware the "alleged accounts" they were claiming to "own" and "service" were in dispute and they had not "validated" them as per Hinkle's timely demand.

73. At no time did Hinkle give her consent for MCM to acquire her consumer credit report from any credit reporting agency.

74. The actions of MCM obtaining the consumer credit report of Hinkle with no permissible purpose or her express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Hinkle's right to privacy.

75. From September of 2011 to present MCM has been, as a direct result of its failure to conduct a reasonable reinvestigation, willfully and knowingly reporting information purported to be in connection with Hinkle which it knew was false and inaccurate to all three credit reporting agencies, Equifax, Experian and Trans Union in clear violation of the FCRA 15 U.S.C. § 1681s-2(b).

76. To date MCM has committed at least thirty five separate violations of 15 U.S.C. § 1681s-2(b) by deliberately failing to reinvestigate before reporting to the consumer reporting agencies to the best of Hinkle's knowledge. Further violations may be identified in the discovery process.

77. Hinkle, by filing disputes with the consumer reporting agencies in September of 2011 and

again in July of 2012, invoked her private right of action to assert claims against MCM

arising under 15 U.S.C. § 1681s-2(b).

78. At no time has MCM ever provided any valid justification they may have had for obtaining

Hinkle's credit report or reporting false information to the credit reporting agencies. MCM

had a duty to properly ascertain if there was any **legitimate** permissible purpose before

obtaining Hinkle's credit report and MCM breached said duty. There was no account that

MCM had any right to collect to have had permissible purpose to obtain Hinkle's credit

report and therefore Hinkle is entitled to damages for breach of said duty.

79. Hinkle made multiple attempts to dispute and provided ample opportunity for MCM to

engage in mitigation of damages and reach a settlement for their violations before taking civil

action against them. Hinkle was not able to settle this matter with MCM prior to litigation

however that was not for lack of trying.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, MIDLAND

CREDIT MANAGEMENT for statutory damages for each violation, actual damages, punitive

damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT MIDLAND FUNDING, LLC.

80. Paragraphs 1 through 79 are re-alleged as though fully set forth herein.

81. Since July of 2012 Defendant, Midland, as a direct result of its failure to conduct a

reasonable reinvestigation, has continuously reported information which it knew to be false

and inaccurate to all three credit reporting agencies, Equifax, Experian and Trans Union in blatant violation of the FCRA 15 U.S.C. § 1681s-2(b).

82. To date Midland has committed at least 13 separate violations of 15 U.S.C. § 1681s-2(b) by deliberately failing to reinvestigate before reporting to the consumer reporting agencies, to the best of Hinkle's knowledge. Further violations may be identified during the discovery process.

83. Hinkle, by filing a dispute with the consumer reporting agencies in July of 2012, invoked her private right of action to assert claims against Midland arising under 15 U.S.C. § 1681s-2(b).

84. At no time has Midland ever provided any valid justification they may have had for reporting false information to the credit reporting agencies even though Hinkle made a timely demand that they do so. Midland had a duty to properly ascertain if there was any **legitimate** account belonging to Hinkle before reporting such information to the credit reporting agencies. Midland breached said duty. There was no account that Midland had any right to collect to have had lawful standing and authority to report on Hinkle's credit reports and therefore Hinkle is entitled to damages for breach of said duty.

85. Hinkle made multiple attempts to dispute and provided ample opportunity for Midland to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. Hinkle was not able to settle this matter with Midland prior to litigation however it was not for lack of trying.

WHEREFORE, Hinkle demands judgment for damages against Defendant, MIDLAND FUNDING LLC. for statutory damages for each violation, actual damages, punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ENCORE CAPITAL GROUP, INC.**

86. Paragraphs 1 through 85 are re-alleged as though fully set forth herein.

87. By its own admission on its web site Defendant, Encore provides management and decision-making for Defendants Midland and MCM.

88. Encore is therefore, in violation of the FCRA 15 U.S.C. § 1681b by and in direct consequence to, its decision to have MCM obtain Hinkle's credit report without permissible purpose in May of 2012.

89. Encore is also directly and equally responsible with MCM and MIDLAND for the cumulative forty eight, and possibly more, separate violations of 15 U.S.C. § 1681s-2(b) by their failure to assure that a proper reinvestigation was conducted after Hinkle's disputes.

WHEREFORE, Hinkle demands judgment for damages against Defendant, ENCORE CAPITAL GROUP INC. for statutory damages for each violation, actual damages, punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP INC.**

90. Paragraphs 1 through 89 are re-alleged as though fully set forth herein.

91. Defendants, MCM and Midland by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

92. Defendant, Midland failed after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which constitutes a violation of the FDCPA 15 U.S.C. § 1692g(a)(1), 2),(3),(4),(5).

93. Defendants, MCM and Midland made a false representation to the three Consumer Reporting Agencies, Equifax, Experian and Trans Union on multiple occasions as to the character, amount or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

94. The FDCPA requires that a "debt collector" cease collection efforts until debt is validated if a consumer has demanded such in a timely manner. Defendants, MCM and Midland blatantly ignored Hinkle's timely demand for validation and are still engaging in collection actions, resulting in multiple violations of 15 U.S.C. 1692g(b).

95. Defendant, MCM after refusing to respond to Hinkle's demand for validation harassed her with numerous collection calls repeatedly in violation of FDCPA, 15 U.S.C. § 1692d and d(5).

96. By its own admission on its web site, Encore provides management and decision-making for Defendants Midland and MCM.

97. Encore is therefore, complicit in each of the above FDCPA violations by and in direct consequence to its decisions to allow MCM and Midland to commit said violations and in its continuing decision to refuse to cease and desist until providing Hinkle with timely demanded validation.

98. None of the three Defendants have produced any evidence or factual documentation of any "alleged debt" Hinkle could be responsible for and have continued to violate the consumer protection statutes.

99. Hinkle has never had any business relationship with any of the three Defendants.

100. Hinkle has no "alleged accounts" which any of the three Defendants could claim ownership of.

101. Defendants have produced no evidence or factual documentation of any "alleged debt" Hinkle could be responsible for but have violated Hinkle's rights with impunity for nearly two years and possibly longer.

102. A purchase of Hinkle's personal information does not constitute a contractual obligation between Hinkle and any of the three Defendants.

103. **The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.[2]**

WHEREFORE, Hinkle demands judgment for damages against each Defendant, MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC., and ENCORE CAPITAL GROUP, INC. for statutory damages, actual damages, and any attorney's fees and costs pursuant to 15 U.S.C. § 1692 et seq.

## COUNT V

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227, BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

---

[2] The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

104. Paragraphs 1 through 103 are re-alleged as though fully set forth herein.

105. From December 27, 2011 forward MCM, using ATDS equipment as defined by 47 U.S.C. §
227(a)(1)(A)(B), while blocking Caller ID, placed numerous calls to Plaintiff's home telephone
without prior express consent.

106. Hinkle, on several occasions informed the collector/operator that she had no business as
defined by 47 U.S.C. § 227(a)(2), with MCM, had not given permission to call her, the calls
were a violation of the consumer protection laws and demanded they stop. The calls have
continued to the present time.

107. While MCM's calls to Hinkle were made to her land line, further study of the Telephone
Consumer Practices Act, (TCPA), has revealed that the use of "automatic telephone dialing
system" equipment while blocking the caller ID, does in fact constitute violations of the
statute:

   a.   47 U.S.C. § 227(b)(A), to make any call (other than a call made for emergency purposes
or made with the prior express consent of the called party) using any automatic telephone
dialing system or an artificial or prerecorded voice-

      1)  (iii) to any telephone number assigned to a paging service, cellular telephone
service, specialized mobile radio service, or other radio common carrier service, or any
service for which the called party is charged for the call;

   b.   47 U.S.C. § 227(b)(B), to initiate any telephone call to any residential telephone line
using an artificial or prerecorded voice to deliver a message without the prior express
consent of the called party, unless the call is initiated for emergency purposes or is
exempted by rule or order by the commission under paragraph (2)(B).

108. Hinkle expressly instructed MCM to communicate with her in writing only in her Demand for Validation letters therefore MCM was fully aware they would be in violation of the TCPA prior to placing the first call to Hinkle's home.

109. Hinkle does not have an established business relationship within the meaning of 47 U.S.C. § 227, with MCM and Hinkle never gave express consent for MCM to call her at any time.

110. The TCPA provides a private right of action as stated in 47 U.S.C. § 227(b)(3):

    a. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

        (A) an action based on a violation of this subsection or the regulations prescribed under subsection to enjoin such violation,

        (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

        (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the available under subparagraph (B) of this paragraph.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT, INC.,  pursuant to 47 U.S.C. § 227(b)(3)(A)(B)(C) in the amount of $500.00 for the first call and $1,500.00 per call for each and every successive call thereafter as knowing and or willful violations of the TCPA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 24, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

Service to:
Midland Credit Management, Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Midland Funding, LLC.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Encore Capital Group, Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
2711 Centerville Road, Suite #400
Wilmington, DE 19808



**DuPont Tyvek**
Protect What's Inside™

Schedule package pickup right from your home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

RECIPIENT
The sender has requested notification upon delivery.
Immediately upon receipt, please telephone:
NAME: _____
Tel. No.: (    ) _____

PLEASE PRESS FIRMLY

UNITED STATES POSTAL SERVICE

EXPRESS MAIL

Mailing Envelope
For Domestic and International Use

EXTREMELY URGENT

Please Rush To Addressee

Visit us at usps.com

Place Mailing Label

PRESS HARD. YOU ARE MAKING 3 COPIES.

FOR PICKUP OR TRACKING
Visit WWW.usps.com
Call 1-800-222-1811

Addressee Copy
CUSTOMER USE ONLY

Please Recycle







$14.10

Plaintiff's Appendix Document No - 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| and ENCORE CAPITAL GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANTS
## MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND
## ENCORE CAPITAL GROUP, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), submit their Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In submitting their Answer and Defenses to the Complaint, the Midland Defendants deny all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically deny any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

### ANSWER

In response to the specific enumerated paragraphs in the Complaint, the Midland Defendants respond as follows:

1.    The Midland Defendants admit the allegations in Paragraph 1.

2.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, deny those allegations.

3.      The Midland Defendants admit that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but deny that they violated the FCRA, or any other laws, and deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.

4.      The Midland Defendants admit that Plaintiff purports to bring this action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but deny that they violated the FDCPA, or any other laws, and deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.  The Midland Defendants deny the remaining allegations in Paragraph 4.

5.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, deny those allegations.

6.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, deny those allegations.

7.      The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny those allegations.

8.      The Midland Defendants state that Encore is a for-profit corporation organized in Delaware with its principal place of business in San Diego, California and that one of its registered agents for service of process is Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.  The Midland Defendants deny the remaining allegations in Paragraph 8.

9.      The Midland Defendants state that Midland Funding is a for-profit limited

liability company organized in Delaware, is a wholly-owned indirect subsidiary of Encore, and its registered agent for service of process is Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.   The Midland Defendants deny the remaining allegations in Paragraph 9.

10.    The Midland Defendants state that MCM is a for-profit corporation organized in Kansas with its principal place of business in San Diego, California, it is a wholly-owned subsidiary of Encore, and its registered agent for service of process is Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.  The Midland Defendants state that MCM sometimes uses interstate commerce and the mail in collecting delinquent debts.  The Midland Defendants deny the remaining allegations in Paragraph 10.

11.    The Midland Defendants admit that they are separate entities.   The Midland Defendants admit that Plaintiff has named the Midland Defendants as defendants in this lawsuit, but deny that Plaintiff is entitled to any relief from the Midland Defendants in this action.

12.    The Midland Defendants admit the allegations in Paragraph 12.

13.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, deny those allegations.

14.    The Midland Defendants deny the allegations in the second sentence in Paragraph 14.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, deny those allegations.

15.    The Midland Defendants admit that MCM reported information concerning Plaintiff on her three credit files.  The Midland Defendants deny the remaining allegations in Paragraph 15.

16.    The Midland Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 16 and, therefore, deny those allegations.

17.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, deny those allegations.

18.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 17 and, therefore, deny those allegations.  The Midland Defendants deny the remaining allegations in Paragraph 18.

19.    The Midland Defendants admit that on or about December 21, 2011, MCM sent a written communication to Plaintiff advising her that it had purchased her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 19.

20.    The Midland Defendants admit that MCM called Plaintiff on December 27, 2011. The Midland Defendants deny the remaining allegations in Paragraph 20.

21.    The Midland Defendants deny the allegations in Paragraph 21 to the extent they call for a legal conclusion.

22.    The Midland Defendants deny the allegations in Paragraph 22.

23.    The Midland Defendants admit that on or about February 5, 2012, MCM sent a written communication to Plaintiff requesting additional information from her.  The Midland Defendants deny the remaining allegations in Paragraph 23.

24.    The Midland Defendants state that on or about April 5, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 24.

25.    The Midland Defendants deny the allegations in Paragraph 25.

26.    The Midland Defendants state that on or about June 15, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt. The Midland Defendants deny the

remaining allegations in Paragraph 26.

27.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, deny those allegations.

28.    The Midland Defendants state that Plaintiff's June 2012 Equifax credit report purportedly cited in Paragraph 28 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

29.    The Midland Defendants state that on or around July 20, 2013, Plaintiff contacted MCM to dispute information on her credit file.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, deny those allegations.

30.    The Midland Defendants state that on or about July 21, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 30.

**31.**    The Midland Defendants state that MCM received a letter from Plaintiff via certified mail and that MCM did not respond to that communication.

**32.**    The Midland Defendants state that MCM received a letter from Plaintiff via certified mail and that MCM did not respond to that communication.  The Midland Defendants deny the remaining allegations in Paragraph 32.

33.    The Midland Defendants state that on or about July 27, 2012, MCM sent a written communication to Plaintiff regarding her unpaid debt.  The Midland Defendants deny the remaining allegations in Paragraph 33.

34.    The Midland Defendants deny the allegations in Paragraph 34.

35.    The Midland Defendants deny the allegations in Paragraph 35 to the extent they

call for a legal conclusion.

36.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny those allegations.

37.     The Midland Defendants admit that Encore is the parent company of Midland Funding and MCM._The Midland Defendants deny the allegations in Paragraph 37.

38.     The Midland Defendants admit the allegations in the second sentence in Paragraph 38.  The Midland Defendants deny the remaining allegations in Paragraph 38.

39.     The Midland Defendants deny the allegations in Paragraph 39.

40.     The Midland Defendants state that the content on Encore's website purportedly quoted in Paragraph 40, including the footnote, speaks for itself and to the extent that Plaintiff misquotes, misstates, or takes out of context the content quoted, the allegations are denied.

41.     The Midland Defendants deny the allegations in Paragraph 41.

42.     The Midland Defendants deny the allegations in Paragraph 42.

43.     The Midland Defendants deny the allegations in Paragraph 43.

44.     The Midland Defendants deny the allegations in Paragraph 44.

45.     The Midland Defendants deny the allegations in Paragraph 45.

46.     The Midland Defendants deny the allegations in Paragraph 46

47.     The Midland Defendants deny the allegations in Paragraph 47.

48.     The Midland Defendants deny the allegations in Paragraph 48.

49.     The Midland Defendants deny the allegations in Paragraph 49, including all subparts.

50.     The Midland Defendants deny the allegations in Paragraph 50.

51.     The Midland Defendants deny the allegations in Paragraph 51.

52.     The Midland Defendants state that the amendments to the FCRA purportedly referenced in Paragraph 52 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provisions referenced, the allegations are denied

53.     The Midland Defendants deny the allegations in Paragraph 53.

54.     The Midland Defendants state that the provisions of the FCRA purportedly cited in Paragraph 54 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 54.

55.     The Midland Defendants deny the allegations in Paragraph 55.

56.     On information and belief, the Midland Defendants admit the allegations in Paragraph 56.

57.     The Midland Defendants deny the allegations in Paragraph 57.

58.     The Midland Defendants deny the allegations in Paragraph 58.

59.     The Midland Defendants state that the authority purportedly cited in Paragraph 59, including all subparts, speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the authority cited, the allegations are denied.

60.     The Midland Defendants state that the provisions of 15 U.S.C. § 1692g purportedly quoted in Paragraph 60 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

61.     The Midland Defendants deny the allegations in Paragraph 61, including all subparts.

62.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681n purportedly quoted in Paragraph 62 speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the provision quoted, the allegations are denied. The Midland Defendants deny the remaining allegations in Paragraph 62.

63.     The Midland Defendants deny the allegations in Paragraph 63.

64.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–63 as though fully set forth herein.

65.     The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, deny those allegations.

66.     The Midland Defendants deny the allegations in Paragraph 66 to the extent they call for a legal conclusion.

67.     On information and belief, the Midland Defendants admit the allegations in Paragraph 67.

68.     The Midland Defendants deny the allegations in Paragraph 68 to the extent they call for a legal conclusion.

69.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681b purportedly quoted in Paragraph 69 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

70.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681b purportedly quoted in Paragraph 70 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision quoted, the allegations are denied.

71.     The Midland Defendants state that Plaintiff has not applied for credit with, has not applied for employment with, has not applied for insurance with, or received a bona fide offer of credit from the Midland Defendants.  The Midland Defendants deny the remaining allegations in Paragraph 71.

72.     The Midland Defendants deny the allegations in Paragraph 72.

73.     The Midland Defendants deny the allegations in Paragraph 73.

74.     The Midland Defendants deny the allegations in Paragraph 74.

75.     The Midland Defendants deny the allegations in Paragraph 75.

76.     The Midland Defendants deny the allegations in Paragraph 76.

77.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681s-2(b) purportedly cited in Paragraph 77 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.

78.     The Midland Defendants deny the allegations in Paragraph 78.

79.     The Midland Defendants state that Plaintiff sent communications to MCM and that the parties did not settle this case prior to Plaintiff filing the lawsuit.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, deny those allegations and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 79.

80.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–79 as though fully set forth herein.

81.     The Midland Defendants deny the allegations in Paragraph 81.

82.     The Midland Defendants deny the allegations in Paragraph 82.

83.     The Midland Defendants state that the provisions of 15 U.S.C. § 1681s-2(b) purportedly cited in Paragraph 83 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.

84.     The Midland Defendants deny the allegations in Paragraph 84.

85.     The Midland Defendants state that Plaintiff sent communications to MCM and that the parties did not settle this case prior to Plaintiff filing the lawsuit.  The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, therefore, deny those allegations and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 85.

86.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–85 as though fully set forth herein.

87.     The Midland Defendants state that the content on Encore's website purportedly cited in Paragraph 87 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

88.     The Midland Defendants deny the allegations in Paragraph 88.

89.     The Midland Defendants deny the allegations in Paragraph 89 and deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 89.

90.     The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–89 as though fully set forth herein.

91.     The Midland Defendants deny the allegations in Paragraph 91.

92.     The Midland Defendants deny the allegations in Paragraph 92.

93.     The Midland Defendants deny the allegations in Paragraph 93.

94.     The Midland Defendants state that the provisions of the FDCPA purportedly quoted in Paragraph 94 speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 94.

95.     The Midland Defendants deny the allegations in Paragraph 95.

96.     The Midland Defendants state that the content on Encore's website purportedly cited in Paragraph 96 speaks for itself and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the content cited, the allegations are denied.

97.     The Midland Defendants deny the allegations in Paragraph 97.

98.     The Midland Defendants deny the allegations in Paragraph 98.

99.     The Midland Defendants deny the allegations in Paragraph 99.

100.    The Midland Defendants deny the allegations in Paragraph 100.

101.    The Midland Defendants deny the allegations in Paragraph 101.

102.    The Midland Defendants deny the allegations in Paragraph 102 to the extent they call for a legal conclusion.

103.    The Midland Defendants state that the provisions of the FDCPA purportedly quoted in Paragraph 103, including the footnote, speak for themselves, and to the extent that Plaintiff mischaracterizes, misstates, or takes out of context the provision cited, the allegations are denied.  The Midland Defendants deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 103.

104.    The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–103 as though fully set forth herein.

105.    The Midland Defendants deny the allegations in Paragraph 105.

106.    The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 106 and, therefore, deny those allegations.  The Midland Defendants deny the remaining allegations in Paragraph 106.

107.    The Midland Defendants state that the provisions of the TCPA purportedly quoted in Paragraph 106, including all subparts, speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the provision cited, the allegations are denied.

108.    The Midland Defendants deny the remaining allegations in Paragraph 108.

109.    The Midland Defendants deny the allegations in Paragraph 109.

110.    The Midland Defendants state that the provisions of the TCPA purportedly quoted in Paragraph 110, including all subparts, speak for themselves, and to the extent that Plaintiff misquotes, misstates, or takes out of context the cited provision, the allegations are denied.  The Midland Defendants deny that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 110.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Midland Defendants plead the following defenses to Plaintiff's Complaint.  The Midland Defendants reserve the right to assert additional defenses that they learn through the course of discovery.

### First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim against the Midland Defendants upon which relief can be granted.

## Second Defense

The Midland Defendants reserve the right to compel arbitration as agreed to in the contract between Plaintiff and creditor.

## Third Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the FDCPA.

## Fourth Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the FCRA.

## Fifth Defense

Plaintiff's claims should be dismissed because the Midland Defendants did not violate any provisions of the TCPA.

## Sixth Defense

Plaintiff's claims should be dismissed because any alleged violations of the FDCPA by the Midland Defendants were the result of a *bona fide* error, were unintentional, and resulted notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## Seventh Defense

The Midland Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

## Eighth Defense

Plaintiff has not alleged any injury in fact.

**Ninth Defense**

Plaintiff has not sustained damages and does not have standing to assert any of the causes of action asserted in the Complaint.

**Tenth Defense**

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of the Midland Defendants.

**Eleventh Defense**

At all material times, the Midland Defendants complied with any and all applicable statutory and regulatory provisions of the FCRA, FDCPA, and the TCPA.

**Twelfth Defense**

At all times, the Midland Defendants acted in good faith and without malice or intent to injure Plaintiff or to violate federal law.

**Thirteenth Defense**

The Midland Defendants did not make false representations or engage in deceptive practices in connection with the collection of an alleged debt from Plaintiff.

**Fourteenth Defense**

The Midland Defendants assert and aver herein all defenses and limitations of remedy available to them under the FCRA, FDCPA, TCPA, and/or any other statute applicable to this case.

**Fifteenth Defense**

The Midland Defendants assert that Plaintiff consented to receiving calls on her home telephone.

### Sixteenth Defense

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

### Seventeenth Defense

Plaintiff's Complaint seeks the imposition of punitive damages.  The Midland Defendants adopt by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

### Eighteenth Defense

Plaintiff cannot establish the standard of willfulness under the FCRA as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### Nineteenth Defense

The Midland Defendants deny each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

WHEREFORE, having fully answered Plaintiff's Complaint, the Midland Defendants pray for judgment as follows:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiff;

(2) that the claims against the Midland Defendants be dismissed;

(3) that the Midland Defendants recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4) that the Midland Defendants recover such other and additional relief as the Court

deems proper.

Respectfully submitted this 1st day of October, 2013.

KING & SPALDING LLP

/s/ Tully T. Blalock
Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc.,
Midland Funding LLC, and Midland
Credit Management, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I presented the foregoing **ANSWER AND DEFENSES OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification to the following counsel of record:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

/s/  Tully T. Blalock
Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

Plaintiff's Appendix Document No - 16

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT -1  PM 4:32

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

CASE NO. **C V 3 1 3  0 3 3**

## RULE 26 INSTRUCTION ORDER

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Fed. R. Civ. P. 16(b). Therefore, by the earlier of **twenty-one (21) days** after the filing of the last answer of the defendants named in the original complaint or **forty-five (45) days** after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint, the parties shall confer as provided in Federal Rule 26(f). See L.R. 26.1(a).[1] Thereafter, within **fourteen (14) days** after the required conference held pursuant to Rule 26(f), the parties shall submit to the Court a written report conforming to the language and format of the Rule 26(f) Report attached to this Order outlining their discovery plan. See L.R. 26.1(b).

Except in unusually protracted or complex cases, the parties will be expected to adhere to the following deadlines and limitations:

1.     The parties shall serve all written discovery on opposing parties and shall complete all depositions within **140 days** of the filing of the last answer of the defendants named in the original complaint. See L.R. 26.1(d)(i).

2.     The plaintiff must furnish the expert witness reports required by Federal Rule 26(a)(2) within **60 days** after the Rule 26(f) conference. See L.R. 26.1(d)(ii).

---

[1] The Local Rules may be found on the Court's website at www.gasd.uscourts.gov.

3. The defendant must furnish the <u>expert witness reports</u> required by Federal Rule 26(a)(2) within **90 days** after the Rule 26(f) conference (or **60 days** after the answer, whichever is later).   <u>See</u> L.R. 26.1(d)(iii).

4. The last day for <u>filing motions to add or join parties or amend the pleadings</u> is **60 days** after the first answer of the defendants named in the original complaint. <u>See</u> L.R. 16.3.

5. The last day for <u>filing all other motions</u>, excluding motions in limine, is **30 days** after the close of discovery. <u>See</u> L.R. 7.4.

Plaintiff's counsel, or, if applicable, the *pro se* plaintiff, shall ensure that a copy of this Order is served upon all parties. Finally, a party who cannot gain the cooperation of the other party in preparing the Rule 26(f) Report should advise the Court prior to the due date of the report of the other party's failure to cooperate.

**SO ORDERED.**

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

_____ DIVISION

```
                        )
                        )
        Plaintiff       )
                        )
v.                      )    Case No.
                        )
                        )
                        )
        Defendant       )
```

## RULE 26(f)  REPORT

1. Date of Rule 26(f) conference: _____

2. Parties or counsel who participated in conference:

   _____

   _____

3. If any defendant has yet to be served, please identify the
   defendant and state when service is expected.

   _____

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   _____

5. If any party objects to making the initial disclosures required by
   Rule 26(a)(1) or proposes changes to the timing or form of those
   disclosures,
   (a)  Identify the party or parties making the objection or
        proposal:

        _____

        _____

   (b)  Specify the objection or proposal:

_____

_____

_____

6.  The Local Rules provide a 140-day period for discovery.  If any
    party is requesting additional time for discovery,

    (a)  Identify the party or parties requesting additional time:

    _____

    _____

    _____

    (b)  State the number of months the parties are requesting for
         discovery:

                                                    _____

months

    (c)  Identify the reason(s) for requesting additional time for
         discovery:

         _____  Unusually large number of parties

         _____  Unusually large number of claims or defenses

         _____  Unusually large number of witnesses

         _____   Exceptionally complex factual  issues

         _____  Need for discovery outside the United States

         _____  Other: _____
    (d)  Please provide a brief statement in support of each of the
         reasons identified above:

    _____

    _____

    _____

_____
_____
_____
_____

7.  If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)   Identify the party or parties requesting such limits:

       _____

       _____

       _____

    (b)   State the nature of any proposed limits:

       _____

       _____

       _____

8.  The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |

Last day to file motions                          30 days after close of
                                                  discovery

If any party requests a modification of any of these deadlines,

(a)   Identify the party or parties requesting the modification:

_____

_____

(b)   State which deadline should be modified and the reason
      supporting the request:

_____

_____

_____

_____

_____

9.   If the case involves electronic discovery,

(a)   State whether the parties have reached an agreement
      regarding the preservation, disclosure, or discovery of
      electronically stored information, and if the parties prefer to
      have their agreement memorialized in the scheduling order,
      briefly describe the terms of their agreement:

_____

_____

(b)   Identify any issues regarding electronically stored
      information as to which the parties have been unable to
      reach an agreement:

_____

_____

10.  If the case is known to involve claims of privilege or protection of trial preparation material,

    (a)  State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

    (b)  Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

    (c)  Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

11.  State any other matters the Court should include in its scheduling order:

12.  The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and

the possibilities for prompt settlement or resolution of the case.
Please state any specific problems that have created a hindrance
to the settlement of the case:

_____

_____

_____

This _____ day of _____, 20 __ .

                    Signed: _____
                                          *Attorney for Plaintiff*

                              _____
                                          *Attorney for Defendant*

.

.

.

Plaintiff's Appendix Document No - 17

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERI LYNN HINKLE,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC, and ENCORE
CAPITAL GROUP, INC.,

      Defendants.

Case No. 3:13-cv-00033-DHB-BKE

## DISCLOSURE STATEMENT
### S.D. Ga. L.R. 7.1.1

    The undersigned, counsel of record for Defendants, Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc., certifies that the following is a full and complete list of the parties in this action:

| | |
|---|---|
| Teri Lynn Hinkle | Plaintiff |
| Encore Capital Group, Inc. | Defendant |
| Midland Funding LLC | Defendant |
| Midland Credit Management, Inc. | Defendant |

    The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above identified parties (Encore Capital Group, Inc.):

| | |
|---|---|
| Kenneth A. Vecchione | Chief Executive Officer, President and Director |
| Paul J. Grinberg | Executive Vice President, Chief Financial Officer and Treasurer |
| Greg Call | Senior Vice President, General Counsel and |

1

| | Secretary |
|---|---|
| George Lund | Executive Chairman and Director |
| Willem Mesdag | Director |
| J. Christopher Teets | Director |
| H. Ronald Weissman | Director |
| Francis Quinlan | Director |
| Norman R. Sorensen | Director |
| Kenneth A. Vecchione | Director |

Midland Funding LLC:

Midland Funding LLC is a privately held corporation and information concerning its officers, directors, and trustees is not public information and, therefore, this information is omitted so that it is not entered into the public record. Midland Funding LLC requests that it be permitted to provide this information to the Court *in camera* and to the other parties in this case subject to an agreed protective order that maintains its confidentiality.

Midland Credit Management, Inc.:

Midland Credit Management, Inc. is a privately held corporation and information concerning its officers, directors, and trustees is not public information and, therefore, this information is omitted so that it is not entered into the public record. Midland Credit Management, Inc. requests that it be permitted to provide this information to the Court *in camera* and to the other parties in this case subject to an agreed protective order that maintains its confidentiality.

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or any publicly-held corporation that holds 10% or more of a party's stock):

Encore Capital Group, Inc.:

| | |
|---|---|
| Midland Credit Management, Inc. | Wholly-owned subsidiary |
| Midland Portfolio Services, Inc. | Wholly-owned subsidiary |
| Midland Funding LLC | Wholly-owned subsidiary |
| Midland Funding NCC-2 Corporation | Wholly-owned subsidiary |
| MRC Receivables Corporation | Wholly-owned subsidiary |

Midland Funding LLC:

| | |
|---|---|
| Encore Capital Group, Inc. | Parent, 100 percent owner |

Midland Credit Management, Inc.:

| | |
|---|---|
| Encore Capital Group, Inc. | Parent, 100 percent owner |

Dated:   October 1, 2013

Respectfully submitted,

KING & SPALDING LLP

/s/ Tully T. Blalock

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Defendants Encore Capital
Group, Inc., Midland Funding LLC,
Midland Credit Management, Inc.**

4

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **DISCLOSURE STATEMENT S.D. Ga. L.R. 7.1.1** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification to the following counsel of record:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

/s/  Tully T. Blalock
Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

Plaintiff's Appendix Document No - 19

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 10  AM 9: 54

CLERK _____
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Case No. 3:13-CV-00033** |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING, LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| Defendants. | ) | |
| | ) | |

## DISCLOSURE OF INTERESTED PARTIES

The undersigned, Plaintiff, Teri Lynn Hinkle, certifies that the following is a full and complete list of the parties in this action:

| | |
|---|---|
| Teri Lynn Hinkle | Plaintiff |
| Midland Credit Management Inc. | Defendant |
| Midland Funding LLC. | Defendant |
| Encore Capital Group Inc. | Defendant |

The undersigned further certifies that there are no other parties known to have a financial interest in, or another interest which could be substantially affected by, the outcome of this case.

Dated: October 7, 2013

Respectfully submitted,

_Teri Lynn Hinkle (Plaintiff)_
Eastman, Georgia 31023

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff,* )
)
)
)        Case No 3:13-cv-00033
vs )
)
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants.* )
)

## CERTIFICATE OF SERVICE

    I hereby certify that I presented the foregoing copies of **DISCLOSURE OF INTERESTED PARTIES, NOTICE OF NO/IMPROPER SERVICE BY DEFENDANTS** and **RULE 26 DISCLOSURES** to Tully T. Blalock, King & Spalding, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on October 7, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

313 Bethel Street
Eastman, Georgia
31023

Clerk of District Court
P.O. Box 130
Augusta, Georgia
30903



U.S. POSTAGE PAID
EASTMAN, GA
31023
OCT 3, 2013
AMOUNT
$1.12
00042247-03

.

Plaintiff's Appendix Document No - 23

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 16  PM 3: 58

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERI LYNN HINKLE,                    *
                                     *
        Plaintiff,                   *
                                     *
    v.                               *        CV 313-033
                                     *
MIDLAND CREDIT MANAGEMENT,           *
INC.; MIDLAND FUNDING, LLC; and      *
ENCORE CAPITAL GROUP, INC.,          *
                                     *
        Defendants.                  *

_____

O R D E R

_____

Presently pending before the Court is Plaintiff's pro se motion to dismiss a cause of action. (Doc. no. 21.) Plaintiff's amended complaint raises five causes of action. (Doc. no. 8.) Count V alleges that Defendant Midland Credit Management, Inc., knowingly and willfully violated the Telephone Consumer Protection Act, 42 U.S.C. § 227. (Id., at 20-22). Plaintiff has apparently "determined that it is in her best interest and the best interest of the Court" to dismiss Count V of her amended complaint. Construing Plaintiff's motion as brought under Federal Rule of Civil Procedure 41(a)(2), Count V of the amended complaint, (doc. no. 8, at 20-22), is accordingly **DISMISSED WITHOUT PREJUDICE**.[1]

_____

[1] Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service.

**ORDER ENTERED** at Augusta, Georgia, this _16th_ day of

October, 2013.

_____

UNITED STATES DISTRICT JUDGE

Plaintiff's Appendix Document No - 29

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI HINKLE,                              )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          Case No. 3:13-cv-00033
                                          )
MIDLAND CREDIT MANAGEMENT,                )
INC., MIDLAND FUNDING LLC, and            )
ENCORE CAPITAL GROUP, INC.,               )
                                          )
          Defendants.                     )

## RULE 26(f) REPORT

1.    Date of Rule 26(f) conference:  October 28, 2013

2.    Parties or counsel who participated in conference:
      Teri Hinkle, Plaintiff and K. Ann Broussard for Defendants Midland Credit Management,
      Inc., Midland Funding LLC, and Encore Capital Group, Inc. (the "Midland Defendants").

3.    If any defendant has yet to be served, please identify the defendant and state when service
      is expected.
      N/A

4.    Date the Rule 26(a)(1) disclosures were made or will be made:
      November 11, 2013

5.    If any party objects to making the initial disclosures required by Rule 26(a)(1) or
      proposes changes to the timing or form of those disclosures,

      (a)    Identify the party or parties making the objection or proposal

             The Midland Defendants have no objections to this proposed deadline.

      (b)    Specify the objection or proposal:

             N/A

6.  The Local Rules provide a 140-day period for discovery.  If any party is requesting additional time for discovery,

    (a)  Identify the party or parties requesting additional time:

         The Midland Defendants are not requesting additional time.

    (b)  State the number of months the parties are requesting for discovery:

         N/A                                                          months

    (c)  Identify the reason(s) for requesting additional time for discovery:  N/A

         _____ Unusually large number of parties

         _____ Unusually large number of claims or defenses

         _____ Unusually large number of witnesses

         _____ Exceptionally complex factual issues

         _____ Need for discovery outside the United States

         _____ Other:_____

    (d)  Please provide a brief statement in support of each of the reasons identified above:

         N/A

7.  If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)  Identify the party or parties requesting such limits:

         The Midland Defendants do not request that discovery be limited to particular

         issues or conducted in phases.

_____

_____

(b)    State the nature of any proposed limits:

N/A _____

_____

_____

8.    The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a)    Identify the party or parties requesting the modification:

The Midland Defendants do not request a modification of the above deadlines.

_____

_____

(b)    State which deadline should be modified and the reason supporting the request:

N/A _____

_____

_____

_____

_____

9.  If the case involves electronic discovery,

   (a)  State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

   The Midland Defendants agree to preserve relevant electronic information in its native format and produce documents, including electronically stored information (ESI), in searchable Portable Document Format (PDF), to the extent possible.

   (b)  Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

   N/A

10. If the case is known to involve claims of privilege or protection of trial preparation material,

   (a)  State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

   The Midland Defendants will require a Confidentiality/Protective Order entered by the Court prior to producing confidential/proprietary information and documents.

   (b)  Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

   N/A

   (c)  Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

   N/A

11.     State any other matters the Court should include in its scheduling order:

The Midland Defendants have not identified any other matters that should be included in the scheduling order.

12.     The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

The Midland Defendants represent that Plaintiff has notified them of her settlement demand, but the parties have been unable to reach a settlement.

This 5th day of November, 2013.

Signed:

/s/ Tully T. Blalock

*Attorney for Defendant*

Plaintiff's Appendix Document No - 30

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV -8 AM 9: 44

CLERK C.Adams
SO. DIST. OF GA.

Nov. 5, 2013
NUNC PRO TUNC DATE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## RULE 26(f) REPORT

1.  Date of Rule 26(f) conference: October 28, 2013

2.  Parties or counsel who participated in conference:

    Plaintiff:    Teri Lynn Hinkle
                  322 Bethel Street
                  Eastman, Georgia
                  Tel.: 478-374-4132
                  queensongbird@gmail.com

    Defendant:   Keasha Ann Broussard
                  King & Spalding LLP
                  1180 Peachtree Street, N.E.
                  Atlanta, Georgia 30309
                  Tel.: 404-215-5725
                  ABroussard@kslaw.com

3.  If any defendant has yet to be served, please identify the defendant and state when service is expected:   None known at this time.

4.  Date the Rule 26(a)(1) disclosures were made or will be made:

Plaintiff:    <u>Within fourteen (14) days of October 28, 2013 – Plaintiff respectfully requests Defendant be held to the same commitment.</u>

5.    If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

(a)    Identify the party or parties making the objection or proposal: <u>None</u>

(b)    Specify the objection or proposal: <u>N/A</u>

6.    The Local Rules provide a 140-day period for discovery.  If any party is requesting additional time for discovery,

(a)    Identify the party or parties requesting additional time: <u>Plaintiff presently requests no additional time beyond the 140-day period.</u>

(b)    State the number of months the parties are requesting for discovery: <u>No additional months beyond the 140-day period.</u>

(c)    Identify the reason(s) for requesting additional time for discovery:

_____ Unusually large number of parties

_____ Unusually large number of claims or defenses

_____ Unusually large number of witnesses

_____ Exceptionally complex factual issues

_____ Need for discovery outside the United States

_____ Other: _____

(d)    Please provide a brief statement in support of each of the reasons identified above: <u>None</u>

7.  If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)  Identify the party or parties requesting such limits:

        <u>Plaintiff:  Teri Lynn Hinkle</u>

    (b)  State the nature of any proposed limits:

        <u>Plaintiff stipulates the request that discovery be strictly limited to issues within the four corners of the complaint and to specific allegations contained therein.</u>

8.  The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add | 60 days after issue is joined |
| Last day for filing motions to add or join Parties or amend pleadings: | 60 days after Rule 26 (f) conference. |
| Last day to furnish expert witness reports And disclosures by Plaintiff: | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports And disclosures by Defendant: | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of Discovery |

If any party requests a modification of any of these deadlines,

    (a)  Identify the party or parties requesting the modification:

        <u>None</u>

(b)    State which deadline should be modified and the reason
supporting the request:

None

9.    If the case involves electronic discovery,

(a)    State whether the parties have reached an agreement regarding the
preservation, disclosure, or discovery of electronically stored
information, and if the parties prefer to have their agreement
memorialized in the scheduling order, briefly describe the terms of their
agreement:

Plaintiff has stipulated that all electronically stored data, must be
provided to Plaintiff in PDF for Word Doc. format and that any data
directly connected to the allegations contained within the complaint
must be discoverable and provided in written format. Defendant
stated no objection to this stipulation.

(b)    Identify any issues regarding electronically stored
information as to which the parties have been unable to reach an
agreement:

10.   If the case is known to involve claims of privilege or protection of trial
preparation material,

(a)    State whether the parties have reached an agreement regarding the
procedures for asserting claims of privilege or protection after
production of either electronic or other discovery material:

Plaintiff has agreed to no such procedures as Defendant has not
Provided a draft of scheduling proposal and only vaguely referred
to any such possibility during the 26(f) conference. Plaintiff is
willing to accept In Camera Review of any documents which raise
the issue of privilege but is not at this time aware of what they
might be. Plaintiff is also willing to agree to specific protective
orders protecting such documents if applicable and reasonable.

(b)    Identify any issues regarding claims of privilege or protection as to

which the parties have been unable to reach an agreement:

*See* (a) above.

(c)    Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

None.

11.    State any other matters the Court should include in its scheduling order:

None.

12.    The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case:

This 5th day of November, 2013.

Signed: _____

Plaintiff *pro se*

_____

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I presented a copy of the foregoing **INDIVIDUAL RULE 26 (f) REPORT** to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on November 5, 2013.

Sent by U.S.P.S. Mail to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

November 5, 2013


U.S. District Court, Southern District of Georgia, Dublin Division

RE: Case 3:13-cv-00033-DHB-BKE

Attn: Clerk of Court, Cindy Adams


Dear Ms. Adams,

As I related to you over the phone yesterday I have been unable to successfully acquire the cooperation of the opposing counsel to follow through with their commitment to provide me with their draft of the Joint 26(f) Scheduling Proposal. After multiple attempts and broken commitments by opposing counsel up to and through yesterday, November 4, 2013; in order to comply with the deadline for submitting the report to the court, I have enclosed my individual proposed schedule. I hereby formally beg the Court's lenience and forgiveness and request the Court to honor the post mark as I have no access to the CMF/ECF system and therefore must rely on the postal service.


Sincerely,



U.S. POSTAGE
EASTMAN, GA
NOV 04, 2013
AMOUNT
$1.32

Clerk of District U.S. Dist Court
P.O. Box 1130
Augusta, Georgia
30903

Hinkle
397 Bethel St
Eastman, GA
31023

Plaintiff's Appendix Document No - 31

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV 12 P 2 2:

CLERK C.Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI LYNN HINKLE,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        CV 313-033
                                     )
MIDLAND CREDIT MANAGEMENT INC.;      )
MIDLAND FUNDING LLC; and ENCORE      )
CAPITAL GROUP INC.,                  )
                                     )
            Defendants.              )

---

**SCHEDULING ORDER**

---

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and having reviewed the Rule 26(f) Report, the following dates represent the scheduling deadlines in the above-styled case:

| | |
|---|---|
| DATE ISSUE JOINED | October 1, 2013 |
| DATE OF RULE 26(f) CONFERENCE | October 28, 2013 |
| LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES | November 30, 2013 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY PLAINTIFF | December 27, 2013 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY A DEFENDANT | January 26, 2014 |
| CLOSE OF DISCOVERY | February 18, 2014 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS, but EXCLUDING MOTIONS IN LIMINE | March 20, 2014 |

Defendants shall submit their portion of the pre-trial order to Plaintiff five (5) days before the pre-trial order deadline, in default of which sanctions may be imposed.

Motions in limine shall be filed no later than five (5) days prior to the pre-trial conference.

All motions, other than summary judgment and motions to dismiss, shall be accompanied with a proposed order.

Any witness known prior to the close of discovery and not disclosed will not be allowed.

Curriculum vitae on all expert witnesses shall be filed contemporaneously with, but separate from, the pre-trial order.  This rule will be strictly adhered to and the Court will not allow the expert witness to testify in the event of noncompliance.

SO ORDERED this 12th day of November, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

Plaintiff's Appendix Document No - 32

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27  AM 10: 05

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Teri Lynn Hinkle )
**Plaintiff,** )
)
) **Case No. 3:13-CV-00033**
**vs** )
)
**MIDLAND CREDIT** )
**MANAGEMENT INC.** )
**MIDLAND FUNDING, LLC.** )
**ENCORE CAPITAL GROUP INC.** )
**Defendants.** )
)

# PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Credit Management Inc. to file responses to Plaintiff's outstanding discovery requests.

### A. Introduction

1. Plaintiff is Teri Lynn Hinkle and defendant is Midland Credit Management Inc, (MCM).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, plaintiff served discovery materials including interrogatories and requests for production on MCM US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "1").

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, MCM failed to serve any responses to interrogatories or requests for production to plaintiff or to contact Plaintiff.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit "2") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, after 12:00 pm to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

7. To date the Defendants have knowingly stalled and failed to cooperate with the Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the Plaintiff and hinder her ability to be afforded due process of law. Because MCM failed to respond to the discovery requests, Plaintiff requests the

Court compel MCM to provide the responses in a timely manner so that the Plaintiff may have the requested information to evaluate and request additional discovery if necessary before the discovery deadline.

## B. Argument and Brief in Support

8. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

9. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

10. The Court should grant Plaintiff's motion to compel for the following reasons:

    a. MCM provided no answers to interrogatories or the requests for production propounded upon them by the plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

    b. Even though the responses were not served upon Plaintiff within the time allowed by the Federal Rules of Civil Procedure, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond.

c. Counsel for MCM was fully aware of the time constraint and the extended deadline.

d. At no time during the period allowed by FRCP 33(b)(2)[1] did MCM or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would bar them from serving their responses to the discovery materials propounded upon them by the Plaintiff.

e. By failing to serve the responses to the interrogatories and requests for production propounded by plaintiff, first in a timely manner and second by the extended deadline given by plaintiff, any objection to this motion by MCM should be denied as it would be nothing more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f. Defendant has offered no reason or excuse for its failure to comply but rather requested yet more time which would in effect shorten plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g. Defendant's failure to respond within the time provided by Court Rule warrants entry of an Order Compelling Answers to Interrogatories and Request for Production of Documents. In addition, the Court should deem that the Defendant has waived its objections to any inquiry.

---

[1] **(2)** *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

h.  The failure to file complete Answers to Interrogatories and Request for Production of Documents reasonably has been held to constitute a complete waiver of any right to object to the Interrogatories submitted. See for example, *Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir., 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> "Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

11. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because MCM has refused to comply with the rules, the Plaintiff requests the Court compel MCM to respond fully, adequately and expeditiously.

DATED this 23rd day of December, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT "1"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
*Defendants.*

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO BE ANSWERED UNDER OATH BY THE
### DEFENDANT MIDLAND CREDIT MANAGEMENT INC.

To:   Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # 7012 2920 0000 8345 2027 Return Receipt Requested

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### GENERAL INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorney, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel and not merely such information as in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

A. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

B. **"Identify"** when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

C. **"Representatives"** include attorney, employees, agents or other persons acting on your behalf.

D. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

E. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

F. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. **"You"** includes Midland Credit Management Inc., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. "You" may also be referenced herein simply as "MCM".

2. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, des, and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions o receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical )whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording, of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes or any other medium whatsoever.

   For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

       a. The nature of the document (e.g., letter, memorandum, contract, etc.);
       b. The author or sender of the document;
       c. The recipient of the document;
       d. The date the document was authored, sent, and/or received; and
       e. The reason such document is allegedly privileged.

3. **"Person"** includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

4. **"And"** as well as **"for"** shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

5. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

6. **"Concerning"** as used herein, shall include, but not be limited to: "referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

7. The term "ACCOUNT" refers to the alleged account(s) claimed to be within the authority of the defendants in this matter to collect.

## INTERROGATORY INSTRUCTIONS

I. Interrogatories shall be answered in writing under oath (form provided) by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

II. Within 30 days, each question shall be answered separately, fully and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

III. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

IV. The party who is served with the interrogatories shall serve his/her answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

V. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

VI. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

VII. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objecting party to notify the Clerk and request a hearing on such objections as remain unsettled.

VIII.  Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

IX.  It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

X.  In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which in any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

XI.  If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1)  Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2)  If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3)  If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4) All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5) You are reasonably to supplement your responses as required by Rule 26(e).

6) Legible copies are requested to be produced in all instances.

7) If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8) When you are asked to "List all documents and the location thereof relating or referring to....." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.


## INTERROGATORIES


### Interrogatory No. 1

Identify the person or persons answering these interrogatories.  Include their full name, business address, business phone number, and title within MCM's organization, home address, city of residence and home phone number.

ANSWER:


### Interrogatory No. 2

Please provide your Full Name, Full Business Name, Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.), Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.)

ANSWER:

**Interrogatory No. 3**

Please provide the following information for each person known to MCM who has knowledge of the facts relevant to this case, including but not limited to all persons interviewed by you, by your counsel or by any person cooperating with you in this action, giving a brief description thereof, for each person you may call as a witness in this case. Include, name, address, telephone number, City of residence; place of employment, business address, phone numbers; relation to MCM; and the subject and substance of the testimony the witness will give and whether or not the witness is to be tendered as an expert witness.

ANSWER:

**Interrogatory No. 4**

Describe MCM's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related in any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

ANSWER:

**Interrogatory No. 5**

MCM or Attorney: Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

**Interrogatory No. 6**

Please Identify and describe each exhibit you will use in the trial.

ANSWER:

**Interrogatory No. 7**

State fully, completely and at length the factual basis of each defense which you now assert or intend to assert in this action.

ANSWER:

**Interrogatory No. 8**

Please identify and provide the following information for each person or persons who accessed Plaintiff's credit file on behalf of the Defendant to include; his/her full name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 9**

Please Identify and provide the following information for each person or persons who reported trade line information on Plaintiff's credit file on behalf of Defendant to include; his/her full

name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 10**

Please provide the following information for each person with any involvement in any manner in any efforts on your behalf to collect or attempt to collect any debt(s) purportedly owing by Plaintiff, to include; his/her full name, home address, phone number and city of residence; position and/or title within the MCM organization; work address, telephone numbers, employee identifier and dates of employment with MCM.

ANSWER:

**Interrogatory No. 11**

If you answered any of the Plaintiff's Requests for Admission with anything other than an unqualified admission, list every individual reason why you did so, describe each factual position and identify all documents which support your answer.

ANSWER:

**Interrogatory No. 12**

Please Identify the cause, and/or person or persons that you alleged in your Docket Entry #29 [Defendants Amended Answer], Affirmative Defense #13; *"Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties or the co-defendant, over which Defendants had no responsibility or control and for which Defendants may not be held liable"*. In identifying that cause, please state the factual basis for your answer, identify any documents that support your answer and identify any third party or co-defendant, person or persons who were involved to include name, home address, telephone numbers, city of residence, place of employment; business name, business address, business telephone numbers; the factual basis for your answer and identify any documents that support your answer.

ANSWER:

**Interrogatory No. 13**

Explain the alleged contractual obligation between you and the Plaintiff.

ANSWER:

**Interrogatory No. 14**

Identify the persons who set up and maintained the original accounting of the alleged debts you have reported and/or are continuing to report to the Plaintiff's consumer report and supply the following:

      a.  During what years were they employed with the original creditor and in what capacity

      b.  What specific training did they receive in relation to their position and the daily performance of their employment?

ANSWER:

**Interrogatory No. 15**

From where did the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s), come from?

ANSWER:

**Interrogatory No. 16**

Identify the person who created the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s).

ANSWER:

**Interrogatory No. 17**

If the information you relied upon in your re-investigation was digital or computer generated records;

      a.  Where did it originate from and where is the main data base maintained;

      b.  who created the digital information; and

      c.  what data storage system is being used?

ANSWER:

## OATH

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this _____ day of _____, 2013.


_____

Signature


_____

Print Full Name & Title

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2013, by _____, who is personally known to me or who produced_____ as identification and did take an oath.


NOTARY PUBLIC


SIGN:_____

Seal:

My Commission Expires:

**Plaintiff's first set of Interrogatories to Defendant Midland Credit Management Inc. - Page 12 of 13**

Dated November 12, 2013

Respectfully Submitted,

*Teri Lynn Hinkle*
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

    This shall certify that I have mailed original copies of Plaintiff's first set of Interrogatorries to Midland Credit Management Inc. by United States Certified Priority Mail #7012 2920 0000 8345 2027 Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
   *Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
   *Defendants.*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT INC.

To:    Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.


   Sent via U.S. Certified Mail # 7012 2920 0000 8345 2027 Return Receipt Requested

Plaintiff, Teri Lynn Hinkle, serves this request for production on defendant, MCM, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), MCM must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contract Plaintiff to make arrangement prior to date Production is due.

## INSTRUCTIONS

1. Answer each request for production separately by listing the documents and be describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that defendant claims is not discoverable, state:

    1) the information required by the definition of "document" below;

    2) the author's job title and address;

    3) the recipient's job title and address;

    4) the name and job title of all persons to whom it was circulated or who saw it;

    5) the name, job title, and address of the person now in possession of the document; and

    6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to...." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

1. **Parties.** The term "plaintiff" or "defendant", as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

Plaintiff's first set of Requests for Production to Midland Credit Management Inc. - Page **2 of 10**

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** Term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letter, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

   a. the nature of the document (e.g., letter, memorandum, contract, etc.);

   b. the author or the sender of the document;

   c. the recipient of the document;

   d. the date the document was authored, sent, and/or received; and

   e. the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state:

    a.  any and all names, legal, trade or assumed;

    b.  all addresses used;

    c.  all telephone and tele-fax numbers used; and, if applicable;

        i.  brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

       ii.  employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information:

    a.  the type of document;

    b.  the general subject matter of the document;

    c.  the date of the document;

    d.  the authors, addresses, and recipients of the document;

    e.  the location of the document;

    f.  the identity of the person or entity who has custody of the document; and

    g.  whether the document has been destroyed, and, if so, the

        i.  date of its destruction,

       ii.  reason for its destruction, and

      iii.  identity of the person who destroyed it.

8. **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9. **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data Field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data Field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any

disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Credit Worthiness.** The term "Credit Worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

22. **Credit Issuer.** The term "Credit Issuer" means any person, who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for a cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

### REQUEST FOR PRODUCTION NO. 1

Please produce the documents you allege constitute validation of the alleged account(s).

### REQUEST FOR PRODUCTION NO. 2

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### REQUEST FOR PRODUCTION NO. 3

Produce document(s) evidencing your answer to interrogatory number two (2).

### REQUEST FOR PRODUCTION NO. 4

Produce the policy manuals, procedure manuals, or other documents, which address MCM's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

**REQUEST FOR PRODUCTION NO. 5**

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**REQUEST FOR PRODUCTION NO. 6**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**REQUEST FOR PRODUCTION NO. 7**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 8**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**REQUEST FOR PRODUCTION NO. 9**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**REQUEST FOR PRODUCTION NO. 10**

Produce the documents identified in interrogatory number eleven (11).

**REQUEST FOR PRODUCTION NO. 11**

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

**REQUEST FOR PRODUCTION NO. 12**

Produce the documents in MCM's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MCM's un-redacted system notes.

## REQUEST FOR PRODUCTION NO. 13

Produce a copy of each liability policy issued to MCM which may cover MCM's alleged liability in this suit, including declaration page and/or all endorsements.

## REQUEST FOR PRODUCTION NO. 14

Produce the records reflecting MCM's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

## REQUEST FOR PRODUCTION NO. 15

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

## REQUEST FOR PRODUCTION NO. 16

Produce the consumer reports concerning Teri Lynn Hinkle in MCM's possession, custody or control, including any historical, electronic, or archived copies.

## REQUEST FOR PRODUCTION NO. 17

Produce the documents evidencing each affirmative defense you have alleged.

## REQUEST FOR PRODUCTION NO. 18

Produce copies of complaints or petitions in any action filed by or against MCM in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

## REQUEST FOR PRODUCTION NO. 19

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

## REQUEST FOR PRODUCTION NO. 20

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Requests for Production to Midland Credit Management Inc. by United States Certified Priority Mail # 7012 2920 0000 8345 2027  Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

***Counsel of Record for the Defendants:***
Midland Funding LLC

# EXHIBIT "2"

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To *Tally T. Blalock King & Spalding LLP*
Street, Apt. No.; or PO Box No. *180 Peachtree St. N.E*
City, State, ZIP+4 *Atlanta, Georgia, 30309*

PS Form 3800, August 2006        See Reverse for Instructions

7012 2920 0000 8345 2027

```
Certified                    $2.55
Label #:                     $3.10
             70122920000083452027
Issue PVI:                =========
                             $11.45
```

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  □ Agent  □ Addressee |
| | B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |
| | 3. Service Type<br>□ Certified Mail  □ Express Mail<br>□ Registered  □ Return Receipt for Merchandise<br>□ Insured Mail  □ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  □ Yes |
| 2. Article Number<br>(Transfer from service label) | 7012 2920 0000 8345 2027 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOD TO INTERROGATORIES AND PRODUCTION AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**



U.S. POSTAGE
PAID
EASTMAN, GA
31023
DEC 23, 13
AMOUNT
$5.80
0008806-04

30903

1006

UNITED STATES
POSTAL SERVICE

Label 400 Jan. 2013
7690-16-000-7848

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9011 8986 6004 5397 07

PRIORITY®
MAIL
UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107, January 2008

Hinkle
3AA Bethel St.
Eastman, GA
31023

Clerk of U.S. District Court
P.O. Box 1130
Augusta, Georgia
30903

Plaintiff's Appendix Document No - 33

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27   AM 10: 05

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |
|---|---|
| **Teri Lynn Hinkle** | ) |
| *Plaintiff,* | ) |
|  | ) |
|  | ) |
| **vs** | ) |
|  | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT INC.** | ) |
| **MIDLAND FUNDING, LLC.** | ) |
| **ENCORE CAPITAL GROUP INC.** | ) |
| *Defendants.* | ) |
|  | ) |

**Case No. 3:13-CV-00033**

---

## PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED
## AND MEMORANDUM IN SUPPORT

NOW COMES, the Plaintiff, Teri Lynn Hinkle, and Move this Honorable Court for an Order that certain Admissions be deemed by Midland Credit Management, Inc. (hereinafter "MCM"), for its failure to answer same in a timely manner as required by federal law.

### A. Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Midland Credit Management Inc., (MCM).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, Plaintiff served requests for admissions (*See* Exhibit "A"), on MCM, and did inform Defendant that responses were due within 30 days of service as prescribed by the FRCP and the L.R. of the Southern District of Georgia.

4. Plaintiff did Serve Requests for Admissions upon Defendant by US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "B").

5. Responses to the admissions were due on or before December 14, 2013 as per FRCP 36(a); today is the 39th day after the Requests for Admissions were served on the Defendant – and **NO** Answers have been served on the Plaintiff by the Defendant.

6. No order staying discovery has ever been entered, or requested – in this forum.

7. Plaintiff waited for the responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter reminding Defendant's counsel the responses to the admissions propounded upon the Defendant had not been received. Plaintiff further stated that she would wait until December 23, 2013, by 12:00 pm for a response.

8. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by Fed. R. Civ. P. 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

9. To date the Defendant has knowingly stalled and failed to cooperate with Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the

Plaintiff. The Plaintiff therefore seeks an order from the Court that each and every admission propounded to the Defendant be deemed admitted for its failure to respond or make any objections.

## B. Argument

10. If a party does not adequately respond to a request for admissions, the court may order that the matter be deemed admitted. Fed. R. Civ. P. 36(a); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

11. Plaintiff asks the Court to deem the admissions propounded upon MCM admitted because:

    a.  The proceedings in this matter have not been stayed, and because the Defendant did fail to timely answer Requests for Admissions, they have been deemed admitted in accordance with FRCP 36(a).

    b.  Even though the responses were not served upon Plaintiff within the time allowed by FRCP, Plaintiff extended the time to respond an additional nine days and never received any objection.

    c.  Counsel for MCM was fully aware of the time constraint and the extended deadline.

    d.  At no time during the period allowed by FRCP 36(a)(3)[1], did MCM or its counsel make ANY good faith attempt to communicate with the Plaintiff as

---

[1] (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney....

to some reason or situation which would keep it from serving its responses to the admissions in a timely manner.

e.   By failing to serve the responses to the admissions propounded by Plaintiff, first in a timely manner and even after an extended deadline given by the Plaintiff, MCM having filed no answers or objections has demonstrated it has no intention of providing them.

f.   Defendant has offered no reason or excuse for its failure to comply.

### C. Conclusion

12. Because MCM has not responded to Plaintiff's request for admissions and no objection has been made the admissions propounded upon them should be deemed admitted.

13. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, Plaintiff therefore respectfully Moves this Honorable Court for an Order to deem all the Requested Admissions admitted for all purposes.

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
   *Defendants.*

## <u>PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS</u>
## <u>TO DEFENDANT MIDLAND CREDIT MANAGEMENT INC.</u>

To:    Defendant Midland Credit Management Inc., hereinafter referred to as "MCM", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent by U.S. Certified Mail, Return Receipt Requested # **7012 2920 0000 8345 2027**

Pursuant to the Federal Rules of Civil Procedure Rule 26 and 36, and the Local Rules for the Southern District of Florida, Plaintiff, Teri Lynn Hinkle, propounds the following Requests for Admissions to Defendant, MCM, to be answered under oath within thirty (30) days from the time these requests are served as prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Georgia.

### <u>DEFINITIONS</u>

1. **"Document"** means anything which may be considered to be a document or tangible thing within the contemplation of Federal Rule of Civil Procedure 30(b)(6), and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produce in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notebooks, calendars,

address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, report or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing. Without limitation of the word "control" as used in the preceding paragraph, a document shall be deemed to be in your control if MCM has the right to secure the document or a copy therefrom from another person or public or private entity having possession or custody thereof.

2. **"All documents"** means every document and every non-identical copy known to MCM and every such document or writing which MCM can locate or discover by reasonably diligent efforts.

3. **"MCM", "you" or "your"** refers to the defendant, Midland Credit Management Group Inc. and/or any attorney or agent performing the services referred to herein or acting on his or its behalf.

4. **"Person"**, includes natural persons and all other legal entities.

5. **"Personal identifying information"** or **"personal identifiers"** as used herein shall mean the name, address, date of birth, Social Security number, "aka" or any other information intended to refer to or identify the plaintiff within a consumer report, consumer disclosure or file maintained or issued by any of the defendants.

6. **"Subscriber"** as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to defendants and is allowed to access consumer credit information, account data and/or personal identifying information from defendants.

7. The terms **"identify", "identity",** or **"identification",** shall have the following meanings: **(a)** when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual; **(b)** when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity: **(c)** when used in reference to a document shall mean to state the following: **(i)** the date of its preparation; **(ii)** the identity of its author and of any individual involved in its preparation and/or its production; **(iii)** what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it: **(iv)** its contents; **(v)** its present custodian or its location; and, **(vi)** the identification of all persons for whom it

was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, film, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

8. **"FCRA"** means the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

9. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

10. **"Consumer Report"** has the same meaning as defined under the FCRA.

11. **"Credit Report", "Credit File",** or **"Consumer File"** has the same meaning as **"Consumer Report".**

12. **"Inaccurate"** means "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect".

13. **"Account"** means Trade Line reported to a Credit Reporting Agency.

14. **"Consumer Reporting Agency"** or **"Consumer Reporting Agencies"** Means Trans Union, and/or Equifax, and/or Experian.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of The Federal Rules of Civil Procedure, plaintiff requests the defendant to admit or deny the truth of the following for the purposes of this action only:

**Request for Admission No. 1**

Admit or Deny: MCM destroyed documents relating to Teri Lynn Hinkle, containing information about Teri Lynn Hinkle or which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**Request for Admission No. 2**

Admit or Deny: MCM has been named in similar consumer lawsuits to this one within the past four years.

**Request for Admission No. 3**

Admit or Deny: MCM did rely solely on representations of a third party with regard to Teri Lynn Hinkle.

**Request for Admission No. 4**

Admit or Deny: No contract exists between Teri Lynn Hinkle and MCM.

**Request for Admission No. 5**

Admit or Deny: The Plaintiff has no legal obligation to pay you any money.

**Request for Admission No. 6**

Admit or Deny: No verified evidence exists to prove MCM's defense in this matter.

**Request for Admission No. 7**

Admit or Deny: MCM has provided consumer reports regarding Plaintiff to third parties.

**Request for Admission No. 8**

Admit or Deny: Teri Lynn Hinkle did not request any credit from MCM nor did she have any valid account with MCM.

**Request for Admission No. 9**

Admit or Deny: At no time did either MCM or MCM's employees have Teri Lynn Hinkle's permission to obtain her consumer credit reports.

**Request for Admission No. 10**

Admit or Deny: MCM and MCM's employee(s) obtained Teri Lynn Hinkle's consumer credit report under false pretenses.


**Request for Admission No. 11**

Admit or Deny: MCM has written procedures regarding the investigation and/or re-investigation of consumer credit report disputes.


**Request for Admission No. 12**

Admit or Deny: No employee from MCM ever telephoned the plaintiff, Teri Lynn Hinkle to verify or question the accuracy of her disputes.


**Request for Admission No. 13**

Admit or Deny: MCM did conduct a reasonable re-investigation with regard to Teri Lynn Hinkle.


**Request for Admission No. 14**

Admit or Deny: Admit or Deny: MCM has published the alleged Account(s) as belonging to Teri Lynn Hinkle


**Request for Admission No. 15**

Admit or Deny: You paid less for the electronic information than you attempted to collect from the Plaintiff.

**Request for Admission No. 16**

Admit or Deny: Any claim on your part that the Plaintiff is indebted to you arose out of a purchase of digital information purportedly containing the personal identifiers of the Plaintiff.

**Request for Admission No. 17**

Admit or Deny: You did call the Plaintiff in an attempt to collect an alleged debt.

**Request for Admission No. 18**

Admit or Deny: In response to the CDV forms that it received from Credit Reporting Agencies, MCM conducted an investigation of plaintiff's dispute within thirty (30) days of its receipt of the CDV forms.

**Request for Admission No. 19**

Admit or Deny: The employees of MCM who participated in investigating/re-investigating plaintiff's disputes and completed CDV forms verified the information that MCM had reported about the alleged Account[s].

**Request for Admission No. 20**

Admit or Deny: MCM's employees sent Credit Reporting Agency CDV forms that indicated that MCM had conducted an investigation and verified the information about the alleged Account[s] as accurate.

**Request for Admission No. 21**

Admit or Deny: You do not possess copies of the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**Request for Admission No. 22**

Admit or Deny: MCM subscribes to a liability insurance policy issued to MCM which may cover MCM's alleged liability in this suit.

**Request for Admission No. 23**

Admit or Deny: You did not review the original file of any account purported to belong to the Plaintiff.

**Request for Admission No. 24**

Admit or Deny: That you threatened adverse action against the Plaintiff after Plaintiff demanded validation.

**Request for Admission No. 25**

Admit or Deny: You have no legal basis to collect any monies from the Plaintiff.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

**Plaintiff's first set of Admissions to Midland Credit Management Inc. - Page 7 of 8**

# CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Admissions to Midland Credit Management Inc. by United States Certified Priority  # 7012 2920 0000 8345 2027 Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC.
Midland Credit Management Inc.
Encore Capital Group Inc.

# EXHIBIT "B"

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To _Tally T. Blalock King & Spalding LLP_
Street, Apt. No.; or PO Box No. _1180 Peachtree St. N.E_
City, State, ZIP+4 _Atlanta, Georgia 30309_

PS Form 3800, August 2006                    See Reverse for Instructions

7012 2920 0000 8345 2027

```
   Certified                    $2.55
Label #:                        $3.10
           70122920000083452027
Issue PVI:                   ========
                              $11.45
```

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br><br> B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☐ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7012 2920 0000 8345 2027 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

Plaintiff's Appendix Document No - 34

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27  AM 10: 05

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case No. 3:13-CV-00033** |
| vs | ) | |
| | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT INC.** | ) | |
| **MIDLAND FUNDING, LLC.** | ) | |
| **ENCORE CAPITAL GROUP INC.** | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Funding LLC., (hereinafter "MIDLAND") to file responses to Plaintiff's outstanding discovery requests.

### A. Introduction

1. Plaintiff is Teri Lynn Hinkle and defendant is Midland Funding LLC, (MIDLAND).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, plaintiff served discovery materials including interrogatories and requests for production on MIDLAND US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "1").

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, MIDLAND failed to serve any responses to interrogatories or requests for production to plaintiff or to contact Plaintiff.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit "2") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, after 12:00 pm to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

7. To date the Defendants have knowingly stalled and failed to cooperate with the Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the Plaintiff and hinder her ability to be afforded due process of law. Because MIDLAND failed to respond to the discovery requests, Plaintiff requests

the Court compel MIDLAND to provide the responses in a timely manner so that the Plaintiff may have the requested information to evaluate and request additional discovery if necessary before the discovery deadline.

## B.  Argument and Brief in Support

8.  The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  FRCP 37(a)(2)(B).

9.  Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FRCP 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

10. The Court should grant Plaintiff's motion to compel for the following reasons:

   a.  MIDLAND provided no answers to interrogatories or the requests for production propounded upon them by the plaintiff contrary to the requirements of FRCP 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

   b.  Even though the responses were not served upon Plaintiff within the time allowed by the Federal Rules of Civil Procedure, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond.

c.  Counsel for MIDLAND was fully aware of the time constraint and the extended deadline.

d.  At no time during the period allowed by FRCP 33(b)(2)[1] did MIDLAND or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would bar them from serving their responses to the discovery materials propounded upon them by the Plaintiff.

e.  By failing to serve the responses to the interrogatories and requests for production propounded by plaintiff, first in a timely manner and second by the extended deadline given by plaintiff, any objection to this motion by MIDLAND should be denied as it would be nothing more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f.  Defendant has offered no reason or excuse for *its* failure to comply but rather requested yet more time which would in effect shorten plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g.  Defendant's failure to respond within the time provided by Court Rule warrants entry of an Order Compelling Answers to Interrogatories and Request for Production of Documents. In addition, the Court should deem that the Defendant has waived its objections to any inquiry.

---

[1] *(2) Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

h.  The failure to file complete Answers to Interrogatories and Request for Production of Documents reasonably has been held to constitute a complete waiver of any right to object to the Interrogatories submitted. See for example, *Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir., 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> "Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

11. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because MIDLAND has refused to comply with the rules, the Plaintiff requests the Court compel MIDLAND to respond fully, adequately and expeditiously.

DATED this 23rd day of December, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.**
*Defendants.*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BE ANSWERED UNDER OATH BY THE DEFENDANT MIDLAND FUNDING LLC

To:   Defendant Midland Funding LLC, hereinafter referred to as "MIDLAND", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # 7012 2920 0000 8345 2027 Return Receipt Requested

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## GENERAL INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorney, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel and not merely such information as in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

A. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

B. **"Identify"** when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

C. **"Representatives"** include attorney, employees, agents or other persons acting on your behalf.

D. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

E. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

F. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. **"You"** includes Midland Funding LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. "You" may also be referenced herein simply as "MIDLAND".

2. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, des, and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions o receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical )whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording, of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes or any other medium whatsoever.

   For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

       a. The nature of the document (e.g., letter, memorandum, contract, etc.);
       b. The author or sender of the document;
       c. The recipient of the document;
       d. The date the document was authored, sent, and/or received; and
       e. The reason such document is allegedly privileged.

3. **"Person"** includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

4. **"And"** as well as **"for"** shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

5. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

6. **"Concerning"** as used herein, shall include, but not be limited to: "referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

7. The term "ACCOUNT" refers to the alleged account(s) claimed to be within the authority of the defendants in this matter to collect.

## INTERROGATORY INSTRUCTIONS

I. Interrogatories shall be answered in writing under oath (form provided) by the party upon whom served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

II. Within 30 days, each question shall be answered separately, fully and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

III. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

IV. The party who is served with the interrogatories shall serve his/her answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

V. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

VI. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

VII. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objecting party to notify the Clerk and request a hearing on such objections as remain unsettled.

VIII. Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

IX. It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

X. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which in any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

XI. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1) Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2) If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3) If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4) All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5) You are reasonably to supplement your responses as required by Rule 26(e).

6) Legible copies are requested to be produced in all instances.

7) If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8) When you are asked to "List all documents and the location thereof relating or referring to....." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## INTERROGATORIES

### Interrogatory No. 1

Identify the person or persons answering these interrogatories.  Include their full name, business address, business phone number, and title within MIDLAND's organization, home address, city of residence and home phone number.

ANSWER:

### Interrogatory No. 2

Please provide your Full Name, Full Business Name, Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.), Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.)

ANSWER:

**Interrogatory No. 3**

Please provide the following information for each person known to MIDLAND who has knowledge of the facts relevant to this case, including but not limited to all persons interviewed by you, by your counsel or by any person cooperating with you in this action, giving a brief description thereof, for each person you may call as a witness in this case. Include, name, address, telephone number, City of residence; place of employment, business address, phone numbers; relation to MCM; and the subject and substance of the testimony the witness will give and whether or not the witness is to be tendered as an expert witness.

ANSWER:

**Interrogatory No. 4**

Describe MIDLAND's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related in any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

ANSWER:

**Interrogatory No. 5**

MIDLAND or Attorney: Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

**Interrogatory No. 6**

Please Identify and describe each exhibit you will use in the trial.

ANSWER:

**Interrogatory No. 7**

State fully, completely and at length the factual basis of each defense which you now assert or intend to assert in this action.

ANSWER:

**Interrogatory No. 8**

Please identify and provide the following information for each person or persons who accessed Plaintiff's credit file on behalf of the Defendant to include; his/her full name, home address, phone number and city of residence; position and/or title within the MIDLAND organization; work address, telephone numbers, employee identifier and dates of employment with MIDLAND.

ANSWER:

**Interrogatory No. 9**

Please Identify and provide the following information for each person or persons who reported trade line information on Plaintiff's credit file on behalf of Defendant to include; his/her full name, home address, phone number and city of residence; position and/or title within the

MIDLAND organization; work address, telephone numbers, employee identifier and dates of employment with MIDLAND.

ANSWER:

### Interrogatory No. 10

Please provide the following information for each person with any involvement in any manner in any efforts on your behalf to collect or attempt to collect any debt(s) purportedly owing by Plaintiff, to include; his/her full name, home address, phone number and city of residence; position and/or title within the MIDLAND organization; work address, telephone numbers, employee identifier and dates of employment with MIDLAND.

ANSWER:

### Interrogatory No. 11

If you answered any of the Plaintiff's Requests for Admission with anything other than an unqualified admission, list every individual reason why you did so, describe each factual position and identify all documents which support your answer.

ANSWER:

### Interrogatory No. 12

Please Identify the cause, and/or person or persons that you alleged in your Docket Entry #29 [Defendants Amended Answer], Affirmative Defense #13; *"Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties or the co-defendant, over which Defendants had no responsibility or control and for which Defendants may not be held liable"*. In identifying that cause, please state the factual basis for your answer, identify any documents that support your answer and identify any third party or co-defendant, person or persons who were involved to include name, home address, telephone numbers, city of residence, place of employment; business name, business address, business telephone numbers; the factual basis for your answer and identify any documents that support your answer.

ANSWER:

**Interrogatory No. 13**

Explain the alleged contractual obligation between you and the Plaintiff.

ANSWER:

**Interrogatory No. 14**

Identify the persons who set up and maintained the original accounting of the alleged debts you have reported and/or are continuing to report to the Plaintiff's consumer report and supply the following:

      a.  During what years were they employed with the original creditor and in what capacity

      b.  What specific training did they receive in relation to their position and the daily performance of their employment?

ANSWER:

**Interrogatory No. 15**

From where did the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s), come from?

ANSWER:

**Interrogatory No. 16**

Identify the person who created the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s).

ANSWER:

## Interrogatory No. 17

If the information you relied upon in your re-investigation was digital or computer generated records;

      a.   Where did it originate from and where is the main data base maintained;

      b.   who created the digital information; and

      c.   what data storage system is being used?

ANSWER:

/////////////////////////////////////////

## OATH

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this ____ day of _____, 2013.

_____

Signature

_____

Print Full Name & Title

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2013, by _____, who is personally known to me or who produced_____ as identification and did take an oath.

NOTARY PUBLIC

SIGN:_____

Seal:

My Commission Expires:

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Interrogatories to Midland Funding LLC., by United States Certified Priority Mail # **7012 2920 0000 8345 2027** Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
*Defendants.*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT MIDLAND FUNDING LLC

To:    Defendant Midland Funding LLC, hereinafter referred to as "MIDLAND", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # 7012 2920 0000 8345 2027 Return Receipt Requested

Plaintiff, Teri Lynn Hinkle, serves this request for production on defendant, MIDLAND, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), MIDLAND must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contract Plaintiff to make arrangement prior to date Production is due.

## INSTRUCTIONS

1. Answer each request for production separately by listing the documents and be describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that defendant claims is not discoverable, state:

   1) the information required by the definition of "document" below;

   2) the author's job title and address;

   3) the recipient's job title and address;

   4) the name and job title of all persons to whom it was circulated or who saw it;

   5) the name, job title, and address of the person now in possession of the document; and

   6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to…." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

1. **Parties.** The term "plaintiff" or "defendant", as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** Term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letter, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    a.  the nature of the document (e.g., letter, memorandum, contract, etc.);

    b.  the author or the sender of the document;

    c.  the recipient of the document;

    d.  the date the document was authored, sent, and/or received; and

    e.  the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state:

    a.  any and all names, legal, trade or assumed;

    b.  all addresses used;

    c.  all telephone and tele-fax numbers used; and, if applicable;

          i.  brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

        ii.  employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6.  **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7.  **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information:

    a.  the type of document;

    b.  the general subject matter of the document;

    c.  the date of the document;

    d.  the authors, addresses, and recipients of the document;

    e.  the location of the document;

    f.  the identity of the person or entity who has custody of the document; and

    g.  whether the document has been destroyed, and, if so, the

          i.  date of its destruction,

        ii.  reason for its destruction, and

      iii.  identity of the person who destroyed it.

8.  **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.  **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data Field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data Field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any

disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Credit Worthiness.** The term "Credit Worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

22. **Credit Issuer.** The term "Credit Issuer" means any person, who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for a cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

### REQUEST FOR PRODUCTION NO. 1

Please produce the documents you allege constitute validation of the alleged account(s).

### REQUEST FOR PRODUCTION NO. 2

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### REQUEST FOR PRODUCTION NO. 3

Produce document(s) evidencing your answer to interrogatory number two (2).

### REQUEST FOR PRODUCTION NO. 4

Produce the policy manuals, procedure manuals, or other documents, which address MIDLAND's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## REQUEST FOR PRODUCTION NO. 5

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

## REQUEST FOR PRODUCTION NO. 6

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

## REQUEST FOR PRODUCTION NO. 7

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

## REQUEST FOR PRODUCTION NO. 8

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

## REQUEST FOR PRODUCTION NO. 9

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

## REQUEST FOR PRODUCTION NO. 10

Produce the documents identified in interrogatory number eleven (11).

## REQUEST FOR PRODUCTION NO. 11

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## REQUEST FOR PRODUCTION NO. 12

Produce the documents in MIDLAND's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MIDLAND's un-redacted system notes.

**REQUEST FOR PRODUCTION NO. 13**

Produce a copy of each liability policy issued to MIDLAND which may cover MIDLAND's alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 14**

Produce the records reflecting MIDLAND's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**REQUEST FOR PRODUCTION NO. 15**

Produce the documents that constitute, refer or relate to any communications between MIDLAND and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**REQUEST FOR PRODUCTION NO. 16**

Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

**REQUEST FOR PRODUCTION NO. 17**

Produce the documents evidencing each affirmative defense you have alleged.

**REQUEST FOR PRODUCTION NO. 18**

Produce copies of complaints or petitions in any action filed by or against MIDLAND in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

## REQUEST FOR PRODUCTION NO. 20

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Requests for Production to Midland Funding LLC., by United States Certified Priority Mail # 7012 2920 0000 8345 2027 Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

*Teri Lynn Hinkle*

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC

# EXHIBIT "2"

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

EASTMAN GA 31023    USPS

Sent To *Tally T. Blalock King & Spalding LLP*
Street, Apt. No.; or PO Box No. *180 Peachtree St. N.E.*
City, State, ZIP+4 *Atlanta, Georgia 30309*

7012 2920 0000 8345 2027

PS Form 3800, August 2006          See Reverse for Instructions

```
us Certified                          $2.55
Label #:                              $3.10
             70122920000083452027
Issue PVI:                         ========
                                     $11.45
```

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent  ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0000 8345 2027

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

Plaintiff's Appendix Document No - 35

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27 AM 10: 05

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle    )
*Plaintiff,*    )
    )
    )    **Case No. 3:13-CV-00033**
vs    )
    )
**MIDLAND CREDIT**    )
**MANAGEMENT INC.**    )
**MIDLAND FUNDING, LLC.**    )
**ENCORE CAPITAL GROUP INC.**    )
*Defendants.*    )
    )
    )

## PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED
## AND MEMORANDUM IN SUPPORT

NOW COMES, the Plaintiff, Teri Lynn Hinkle, and Move this Honorable Court for an Order that certain Admissions be deemed by Midland Funding, LLC. (hereinafter "MIDLAND"), for its failure to answer same in a timely manner as required by federal law.

### A.  Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Midland Funding, LLC., ( "MIDLAND"), Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

2. On November 14, 2013, Plaintiff served requests for admissions (*See* Exhibit "A"), on MIDLAND, and did inform Defendant that responses were due within 30 days of service as prescribed by the FRCP and the L.R. of the Southern District of Georgia.

3. Plaintiff did Serve Requests for Admissions upon Defendant by US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "B").

4. Responses to the admissions were due on or before December 14, 2013 as per FRCP 36(a); today is the 39th day after the Requests for Admissions were served on the Defendant – and **NO** Answers have been served on the Plaintiff by the Defendant.

5. No order staying discovery has ever been entered, or requested – in this forum.

6. Plaintiff waited for the responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter reminding Defendant's counsel the responses to the admissions propounded upon the Defendant had not been received. Plaintiff further stated that she would wait until December 23, 2013, by 12:00 pm for a response.

7. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by Fed. R. Civ. P. 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

8. To date the Defendant has knowingly stalled and failed to cooperate with Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the Plaintiff. The Plaintiff therefore seeks an order from the Court that each and every admission propounded to the Defendant be deemed admitted for its failure to respond or make any objections.

**B. Argument**

9. If a party does not adequately respond to a request for admissions, the court may order that the matter be deemed admitted. Fed. R. Civ. P. 36(a); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

10. Plaintiff asks the Court to deem the admissions propounded upon MIDLAND admitted because:

   a. The proceedings in this matter have not been stayed, and because the Defendant did fail to timely answer Requests for Admissions, they have been deemed admitted in accordance with FRCP 36(a).

   b. Even though the responses were not served upon Plaintiff within the time allowed by FRCP, Plaintiff extended the time to respond an additional nine days and never received any objection.

   c. Counsel for MIDLAND was fully aware of the time constraint and the extended deadline.

   d. At no time during the period allowed by FRCP 36(a)(3)[1], did MIDLAND or its counsel make ANY good faith attempt to communicate with the Plaintiff as to some reason or situation which would keep it from serving its responses to the admissions in a timely manner.

   e. By failing to serve the responses to the admissions propounded by Plaintiff, first in a timely manner and even after an extended deadline given by the

---

[1] (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney....

Plaintiff, MIDLAND having filed no answers or objections has demonstrated it has no intention of providing them.

    f.   Defendant has offered no reason or excuse for its failure to comply.


## C.  Conclusion


11. Because MIDLAND has not responded to Plaintiff's request for admissions and no objection has been made the admissions propounded upon them should be deemed admitted.

12. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, Plaintiff therefore respectfully Moves this Honorable Court for an Order to deem all the Requested Admissions admitted for all purposes in regard to Defendant, Midland Funding LLC.

DATED this 23rd day of December, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
*Defendants.*

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT MIDLAND FUNDING LLC.

To:     Defendant Midland Funding LLC, hereinafter referred to as "MIDLAND", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent by U.S. Certified Mail, Return Receipt Requested # 7012 2920 0000 8345 2027

Pursuant to the Federal Rules of Civil Procedure Rule 26 and 36, and the Local Rules for the Southern District of Florida, Plaintiff, Teri Lynn Hinkle, propounds the following Requests for Admissions to Defendant, MIDLAND, to be answered under oath within thirty (30) days from the time these requests are served as prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Georgia.

## DEFINITIONS

1. **"Document"** means anything which may be considered to be a document or tangible thing within the contemplation of Federal Rule of Civil Procedure 30(b)(6), and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produce in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notebooks, calendars,

address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, report or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing. Without limitation of the word "control" as used in the preceding paragraph, a document shall be deemed to be in your control if MIDLAND has the right to secure the document or a copy therefrom from another person or public or private entity having possession or custody thereof.

2. **"All documents"** means every document and every non-identical copy known to MIDLAND and every such document or writing which MIDLAND can locate or discover by reasonably diligent efforts.

3. **"MIDLAND", "you" or "your"** refers to the defendant, Midland Funding LLC and/or any attorney or agent performing the services referred to herein or acting on his or its behalf.

4. **"Person"**, includes natural persons and all other legal entities.

5. **"Personal identifying information"** or **"personal identifiers"** as used herein shall mean the name, address, date of birth, Social Security number, "aka" or any other information intended to refer to or identify the plaintiff within a consumer report, consumer disclosure or file maintained or issued by any of the defendants.

6. **"Subscriber"** as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to defendants and is allowed to access consumer credit information, account data and/or personal identifying information from defendants.

7. The terms **"identify", "identity", or "identification"**, shall have the following meanings: **(a)** when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual; **(b)** when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity: **(c)** when used in reference to a document shall mean to state the following: **(i)** the date of its preparation; **(ii)** the identity of its author and of any individual involved in its preparation and/or its production; **(iii)** what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it: **(iv)** its contents; **(v)** its present custodian or its location; and, **(vi)** the identification of all persons for whom it

was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, film, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

8.  **"FCRA"** means the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

9.  **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

10. **"Consumer Report"** has the same meaning as defined under the FCRA.

11. **"Credit Report", "Credit File", or "Consumer File"** has the same meaning as **"Consumer Report".**

12. **"Inaccurate"** means "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect".

13. **"Account"** means Trade Line reported to a Credit Reporting Agency.

14. **"Consumer Reporting Agency"** or **"Consumer Reporting Agencies"** Means Trans Union, and/or Equifax, and/or Experian.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of The Federal Rules of Civil Procedure, plaintiff requests the defendant to admit or deny the truth of the following for the purposes of this action only:

### Request for Admission No. 1

Admit or Deny: MIDLAND destroyed documents relating to Teri Lynn Hinkle, containing information about Teri Lynn Hinkle or which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

### Request for Admission No. 2

Admit or Deny: MIDLAND has been named as a defendant in similar consumer lawsuits to this one within the past four years.

**Request for Admission No. 3**

Admit or Deny: MIDLAND did rely solely on representations of a third party with regard to Teri Lynn Hinkle.

**Request for Admission No. 4**

Admit or Deny: The Plaintiff has no legal obligation to pay you any money.

**Request for Admission No. 5**

Admit or Deny: No contract exists between Teri Lynn Hinkle and MIDLAND.

**Request for Admission No. 6**

Admit or Deny: No verified evidence exists to prove MIDLAND's defense in this matter.

**Request for Admission No. 7**

Admit or Deny: MIDLAND has provided consumer reports regarding Plaintiff to third parties.

**Request for Admission No. 8**

Admit or Deny: Teri Lynn Hinkle did not request any credit from MIDLAND nor did she have any valid account with MIDLAND.

**Request for Admission No. 9**

Admit or Deny: At no time did either MIDLAND or MIDLAND's employees have Teri Lynn Hinkle's permission to obtain her any of her consumer credit reports.

**Request for Admission No. 10**

Admit or Deny: No employee from MIDLAND ever telephoned the plaintiff, Teri Lynn Hinkle to verify or question the accuracy of her disputes.

**Request for Admission No. 11**

Admit or Deny: MIDLAND and MIDLAND's employee(s) obtained Teri Lynn Hinkle's consumer credit report under false pretenses.

**Request for Admission No. 12**

Admit or Deny: MIDLAND has published the alleged Account(s) as belonging to Teri Lynn Hinkle

**Request for Admission No. 13**

Admit or Deny: MIDLAND did conduct a reasonable re-investigation with regard to Teri Lynn Hinkle.

**Request for Admission No. 14**

Admit or Deny: MIDLAND has written procedures regarding the investigation and/or re-investigation of consumer credit report disputes.

**Request for Admission No. 15**

Admit or Deny: Admit or Deny: MIDLAND has published the alleged Account(s) as belonging to Teri Lynn Hinkle

**Request for Admission No. 16**

Admit or Deny: You paid less for the electronic information than you attempted to collect from the Plaintiff.

**Request for Admission No. 17**

Admit or Deny: Any claim on your part that the Plaintiff is indebted to you arose out of a purchase of digital information purportedly containing the personal identifiers of the Plaintiff.

**Request for Admission No. 18**

Admit or Deny: In response to the CDV forms that it received from Credit Reporting Agencies, MIDLAND conducted an investigation of plaintiff's dispute within thirty (30) days of its receipt of the CDV forms.

**Request for Admission No. 19**

Admit or Deny: The employees of MIDLAND who participated in investigating/re-investigating plaintiff's disputes and completed CDV forms verified the information that MIDLAND had reported about the alleged Account[s].

**Request for Admission No. 20**

Admit or Deny: MIDLAND's employees sent Credit Reporting Agency CDV forms that indicated that MIDLAND had conducted an investigation and verified the information about the alleged Account[s] as accurate.

**Request for Admission No. 21**

Admit or Deny: You did not review the original file of any account purported to belong to the Plaintiff.

## Request for Admission No. 22

Admit or Deny: That you threatened adverse action against the Plaintiff after Plaintiff demanded validation.

## Request for Admission No. 23

Admit or Deny: You have no legal basis to collect any monies from the Plaintiff.

## Request for Admission No. 24

Admit or Deny: You do not possess copies of the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

## Request for Admission No. 25

Admit or Deny: MIDLAND subscribes to a liability insurance policy issued to MIDLAND which may cover MIDLAND's alleged liability in this suit.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

**Plaintiff's first set of Admissions to Midland Funding LLC. - Page 7 of 8**

Dated November 12, 2013

Respectfully Submitted,

*[signature]*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Interrogatories to Midland Funding LLC., by United States Certified Priority Mail # 7012 2920 0000 8345 2027  Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

*[signature]*

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

# EXHIBIT "B"

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

EASTMAN GA 31023

USPS

Sent To _Tally T. Blalock, King & Spalding LLP_
Street, Apt. No.
or PO Box No. _1180 Peachtree St. N.E_
City, State, ZIP+4 _Atlanta, Georgia, 30309_

PS Form 3800, August 2006                    See Reverse for Instructions

7012 2920 0000 8345 2027

```
Certified                        $2.55
Label #:                         $3.10
           70122920000083452027
                                 ========
Issue PVI:                       $11.45
```

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7012 2920 0000 8345 2027

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Admissions to Midland Funding LLC by United States Certified Priority Mail # **7012 2920 0000 8345 2027** Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Teri Lynn Hinkle                          )
    *Plaintiff,*                       )
                         )      Case No 3:13-cv-00033
vs                                        )
                         )
MIDLAND CREDIT                            )
MANAGEMENT INC.                           )
MIDLAND FUNDING LLC.                      )
ENCORE CAPITAL GROUP INC.                 )
    *Defendants.*                     )
                         )

## CERTIFICATE OF SERVICE

    I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

                                  Teri Lynn Hinkle