CASE NO. 15-10398-F

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

TERI LYNN HINKLE,

Plaintiff—Appellant

v.

MIDLAND CREDIT MANAGEMENT, INC.;

MIDLAND FUNDING LLC; AND

ENCORE CAPITAL GROUP INC.

Defendants—Appellees,

APPENDIX TO APPELLANT'S BRIEF

VOLUME 2

*Appeal from the United States District Court, Southern District of Georgia, Dublin Division*

Craig K. Perry
Attorney at Law
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
*Attorney for Plaintiff-Appellant Teri Hinkle*

Plaintiff's Appendix Document No - 36

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27  AM 10: 04

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle                )
    *Plaintiff,*          )
                   )
                   )    **Case No. 3:13-CV-00033**
**vs**                          )
                   )
**MIDLAND CREDIT**              )
**MANAGEMENT INC.**             )
**MIDLAND FUNDING, LLC.**       )
**ENCORE CAPITAL GROUP INC.**   )
    *Defendants.*         )
                   )

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Encore Capital Group (hereinafter "ENCORE") to file responses to Plaintiff's outstanding discovery requests.

### A.  Introduction

1. Plaintiff is Teri Lynn Hinkle and defendant is Encore Capital Group, (ENCORE).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act, (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, plaintiff served discovery materials including interrogatories and requests for production on ENCORE US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached (*See* Exhibit "a").

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, ENCORE failed to serve any responses to interrogatories or requests for production to plaintiff or to contact Plaintiff.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit "b") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, after 12:00 pm to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by Fed. R. Civ. P. 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

7. To date the Defendants have knowingly stalled and failed to cooperate with the Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the Plaintiff and hinder her ability to be afforded due process of law. Because ENCORE failed to respond to the discovery requests, Plaintiff requests the

Court compel ENCORE to provide the responses in a timely manner so that the Plaintiff may have the requested information to evaluate and request additional discovery if necessary before the discovery deadline.

## B. Argument and Brief in Support

8.  The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(2)(B).

9.  Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

10. The Court should grant Plaintiff's motion to compel for the following reasons:

    a.  ENCORE provided no answers to interrogatories or the requests for production propounded upon them by the plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under Fed. R. Civ. P. 37(a)(3)(B)(iii).

    b.  Even though the responses were not served upon Plaintiff within the time allowed by the Federal Rules of Civil Procedure, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond.

c. Counsel for ENCORE was fully aware of the time constraint and the extended deadline.

d. At no time during the period allowed by FRCP 33(b)(2)[1] did ENCORE or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would bar them from serving their responses to the discovery materials propounded upon them by the Plaintiff.

e. By failing to serve the responses to the interrogatories and requests for production propounded by plaintiff, first in a timely manner and second by the extended deadline given by plaintiff, any objection to this motion by ENCORE should be denied as it would be nothing more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f. Defendant has offered no reason or excuse for its failure to comply but rather requested yet more time which would in effect shorten plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g. Defendant's failure to respond within the time provided by Court Rule warrants entry of an Order Compelling Answers to Interrogatories and Request for Production of Documents. In addition, the Court should deem that the Defendant has waived its objections to any inquiry.

---

[1] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under <u>Rule 29</u> or be ordered by the court.

h. The failure to file complete Answers to Interrogatories and Request for Production of Documents reasonably has been held to constitute a complete waiver of any right to object to the Interrogatories submitted. See for example, *Dollar v. Long Mfg. Co.*, NC, Inc., 561 F2d 613, 616-617 (5th Cir., 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> **"Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection.** *Bollard v Volkswagon of American, Inc.*, **56 FRD 569 (W.D. Mo. 1971);** *Davis v. Romney*, **53 GRD 237 (Ed. Pa. 1971);** *Fond Du Lac Plaza Inc. v. Reid*, **47 FRD 221 (Ed. Wis. 1969);** *Zatco v. Rogers Manufacturing Co.*, **37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits,** *Baxter v. Vick*, **25 FRD 229 (Ed. Pa. 1960);** *Cardox Corp. v. Olin Matheison Chemical Corp.*, **23 FRD**

11. Plaintiff states that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because ENCORE has refused to comply with the rules, the Plaintiff requests the Court compel ENCORE to respond fully, adequately and expeditiously.

DATED this 23rd day of December, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# EXHIBIT "a"

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

EASTMAN GA 31023

Postmark Here

USPS

Sent to
Tally T. Blalock King & Spalding LLP
Street, Apt No.;
or PO Box No. 180 Peachtree St. N.E.
City, State, ZIP+4
Atlanta, Georgia 30309

7012 2920 0000 8345 2027

PS Form 3800, August 2006                See Reverse for Instructions

Certified                    $2.55
Label #:                     $3.10
          70122920000083452027
                             ========
Issue PVI:                   $11.45

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☐ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7012 2920 0000 8345 2027 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

# EXHIBIT "b"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.**
        *Defendants.*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BE ANSWERED UNDER OATH BY THE DEFENDANT ENCORE CAPITAL GROUP INC.

To:    Defendant Encore Capital Group Inc., hereinafter referred to as "ENCORE", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # 7012 2920 0000 8345 2027 Return Receipt Requested

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## GENERAL INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorney, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel and not merely such information as in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

A. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

B. **"Identify"** when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

C. **"Representatives"** include attorney, employees, agents or other persons acting on your behalf.

D. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

E. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

F. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## <u>DEFINITIONS</u>

1. **"You"** includes Encore Capital Group Inc., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. "You" may also be referenced herein simply as "ENCORE".

2. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, des, and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions o receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical )whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording, of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes or any other medium whatsoever.

   For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

   > a. The nature of the document (e.g., letter, memorandum, contract, etc.);
   > b. The author or sender of the document;
   > c. The recipient of the document;
   > d. The date the document was authored, sent, and/or received; and
   > e. The reason such document is allegedly privileged.

3. **"Person"** includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

4. **"And"** as well as **"for"** shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

5. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

6. **"Concerning"** as used herein, shall include, but not be limited to: "referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

7. The term "ACCOUNT" refers to the alleged account(s) claimed to be within the authority of the defendants in this matter to collect.

## INTERROGATORY INSTRUCTIONS

I.   Interrogatories shall be answered in writing under oath (form provided) by the party upon whom served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

II.  Within 30 days, each question shall be answered separately, fully and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

III. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

IV.  The party who is served with the interrogatories shall serve his/her answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

V.   The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

VI.  If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

VII. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objecting party to notify the Clerk and request a hearing on such objections as remain unsettled.

VIII. Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

IX. It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

X. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which in any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

XI. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1) Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2) If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3) If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4) All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5) You are reasonably to supplement your responses as required by Rule 26(e).

6) Legible copies are requested to be produced in all instances.

7) If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8) When you are asked to "List all documents and the location thereof relating or referring to….." It means any documents in  your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.


## **INTERROGATORIES**


## **Interrogatory No. 1**

Identify the person or persons answering these interrogatories.  Include their full name, business address, business phone number, and title within ENCORE's organization, home address, city of residence and home phone number.

ANSWER:


## **Interrogatory No. 2**

Please provide your Full Name, Full Business Name, Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.), Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.)

ANSWER:

**Interrogatory No. 3**

Please provide the following information for each person known to ENCORE who has knowledge of the facts relevant to this case, including but not limited to all persons interviewed by you, by your counsel or by any person cooperating with you in this action, giving a brief description thereof, for each person you may call as a witness in this case. Include, name, address, telephone number, City of residence; place of employment, business address, phone numbers; relation to MCM; and the subject and substance of the testimony the witness will give and whether or not the witness is to be tendered as an expert witness.

ANSWER:

**Interrogatory No. 4**

Describe ENCORE's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related in any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

ANSWER:

**Interrogatory No. 5**

ENCORE or Attorney: Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

### Interrogatory No. 6

Please Identify and describe each exhibit you will use in the trial.

ANSWER:

### Interrogatory No. 7

State fully, completely and at length the factual basis of each defense which you now assert or intend to assert in this action.

ANSWER:

### Interrogatory No. 8

Please identify and provide the following information for each person or persons who accessed Plaintiff's credit file on behalf of the Defendant to include; his/her full name, home address, phone number and city of residence; position and/or title within the ENCORE organization; work address, telephone numbers, employee identifier and dates of employment with ENCORE.

ANSWER:

### Interrogatory No. 9

Please Identify and provide the following information for each person or persons who reported trade line information on Plaintiff's credit file on behalf of Defendant to include; his/her full

name, home address, phone number and city of residence; position and/or title within the
ENCORE organization; work address, telephone numbers, employee identifier and dates of
employment with ENCORE.

ANSWER:

**Interrogatory No. 10**

Please provide the following information for each person with any involvement in any manner in
any efforts on your behalf to collect or attempt to collect any debt(s) purportedly owing by
Plaintiff, to include; his/her full name, home address, phone number and city of residence;
position and/or title within the ENCORE organization; work address, telephone numbers,
employee identifier and dates of employment with ENCORE.

ANSWER:

**Interrogatory No. 11**

If you answered any of the Plaintiff's Requests for Admission with anything other than an
unqualified admission, list every individual reason why you did so, describe each factual position
and identify all documents which support your answer.

ANSWER:

**Interrogatory No. 12**

Please identify the cause, and/or person or persons that you alleged in your Docket Entry #29
[Defendants Amended Answer], Affirmative Defense #13; *"Plaintiff's injuries were the result
of an intervening or superseding cause or the acts or omissions of third parties or the co-
defendant, over which Defendants had no responsibility or control and for which Defendants
may not be held liable"*. In identifying that cause, please state the factual basis for your answer,
identify any documents that support your answer and identify any third party or co-defendant,
person or persons who were involved to include name, home address, telephone numbers, city of
residence, place of employment; business name, business address, business telephone numbers;
the factual basis for your answer and identify any documents that support your answer.

ANSWER:

**Interrogatory No. 13**

Explain the alleged contractual obligation between you and the Plaintiff.

ANSWER:

**Interrogatory No. 14**

Identify the persons who set up and maintained the original accounting of the alleged debts you have reported and/or are continuing to report to the Plaintiff's consumer report and supply the following:

      a.  During what years were they employed with the original creditor and in what capacity

      b.  What specific training did they receive in relation to their position and the daily performance of their employment?

ANSWER:

**Interrogatory No. 15**

From where did the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s), come from?

ANSWER:

**Interrogatory No. 16**

Identify the person who created the information you relied upon in your re-investigation process after Plaintiff disputed the alleged account(s).

ANSWER:

**<u>Interrogatory No. 17</u>**

If the information you relied upon in your re-investigation was digital or computer generated records;

      a.  Where did it originate from and where is the main data base maintained;

      b.  who created the digital information; and

      c.  what data storage system is being used?

ANSWER:

////////////////////////////////////////////////

## OATH

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this ____ day of _____, 2013.


_____

Signature


_____

Print Full Name & Title

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2013, by _____, who is personally known to me or who produced_____ as identification and did take an oath.


NOTARY PUBLIC


SIGN:_____

Seal:

My Commission Expires:

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Interrogatories to Encore Capital Group Inc. by United States Certified Priority Mail # **7012 2920 0000 8345 2027**  Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC
Midland Credit Management Inc.
Encore Capital Group Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
*Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.**
*Defendants.*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ENCORE CAPITAL GROUP INC.

To:     Defendant Encore Capital Group Inc., hereinafter referred to as "ENCORE", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent via U.S. Certified Mail # **7012 2920 0000 8345 2027** Return Receipt Requested

Plaintiff, Teri Lynn Hinkle, serves this request for production on defendant, ENCORE, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), ENCORE must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contract Plaintiff to make arrangement prior to date Production is due.

## INSTRUCTIONS

1. Answer each request for production separately by listing the documents and be describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that defendant claims is not discoverable, state:

    1) the information required by the definition of "document" below;

    2) the author's job title and address;

    3) the recipient's job title and address;

    4) the name and job title of all persons to whom it was circulated or who saw it;

    5) the name, job title, and address of the person now in possession of the document; and

    6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to…." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

1. **Parties.** The term "plaintiff" or "defendant", as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

Plaintiff's first set of Requests for Production to Encore Capital Group, Inc. - Page 2 of 10

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** Term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letter, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

   a. the nature of the document (e.g., letter, memorandum, contract, etc.);

   b. the author or the sender of the document;

   c. the recipient of the document;

   d. the date the document was authored, sent, and/or received; and

   e. the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state:

    a.  any and all names, legal, trade or assumed;

    b.  all addresses used;

    c.  all telephone and tele-fax numbers used; and, if applicable;

        i.  brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

        ii.  employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information:

    a.  the type of document;

    b.  the general subject matter of the document;

    c.  the date of the document;

    d.  the authors, addresses, and recipients of the document;

    e.  the location of the document;

    f.  the identity of the person or entity who has custody of the document; and

    g.  whether the document has been destroyed, and, if so, the

        i.  date of its destruction,

        ii.  reason for its destruction, and

        iii.  identity of the person who destroyed it.

8.   **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.  **All/Each.** The terms "all" and "each" should be construed as all and each.

*Plaintiff's first set of Requests for Production to Encore Capital Group, Inc. - Page 4 of 10*

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data Field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data Field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any

disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Credit Worthiness.** The term "Credit Worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

22. **Credit Issuer.** The term "Credit Issuer" means any person, who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for a cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

### REQUEST FOR PRODUCTION NO. 1

Please produce the documents you allege constitute validation of the alleged account(s).


### REQUEST FOR PRODUCTION NO. 2

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### REQUEST FOR PRODUCTION NO. 3

Produce document(s) evidencing your answer to interrogatory number two (2).

### REQUEST FOR PRODUCTION NO. 4

Produce the policy manuals, procedure manuals, or other documents, which address ENCORE's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## REQUEST FOR PRODUCTION NO. 5

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

## REQUEST FOR PRODUCTION NO. 6

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

## REQUEST FOR PRODUCTION NO. 7

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

## REQUEST FOR PRODUCTION NO. 8

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

## REQUEST FOR PRODUCTION NO. 9

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

## REQUEST FOR PRODUCTION NO. 10

Produce the documents identified in interrogatory number eleven (11).

## REQUEST FOR PRODUCTION NO. 11

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## REQUEST FOR PRODUCTION NO. 12

Produce the documents in ENCORE's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including ENCORE's un-redacted system notes.

**REQUEST FOR PRODUCTION NO. 13**

Produce a copy of each liability policy issued to ENCORE which may cover ENCORE's alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 14**

Produce the records reflecting ENCORE's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**REQUEST FOR PRODUCTION NO. 15**

Produce the documents that constitute, refer or relate to any communications between ENCORE and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**REQUEST FOR PRODUCTION NO. 16**

Produce the consumer reports concerning Teri Lynn Hinkle in ENCORE's possession, custody or control, including any historical, electronic, or archived copies.

**REQUEST FOR PRODUCTION NO. 17**

Produce the documents evidencing each affirmative defense you have alleged.

**REQUEST FOR PRODUCTION NO. 18**

Produce copies of complaints or petitions in any action filed by or against ENCORE in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**REQUEST FOR PRODUCTION NO. 19**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

## REQUEST FOR PRODUCTION NO. 20

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This shall certify that I have mailed original copies of Plaintiff's first set of Requests for Production to Encore Capital Group Inc. by United States Certified Priority Mail Mail # 7012 2920 0000 8345 2027 Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
**King & Spalding**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Encore Capital Group Inc.
Midland Funding LLC
Midland Credit Management Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>    *Plaintiff,*<br><br>vs<br><br>MIDLAND CREDIT<br>MANAGEMENT INC.<br>MIDLAND FUNDING LLC.<br>ENCORE CAPITAL GROUP INC.<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No 3:13-cv-00033

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOD TO INTERROGATORIES AND PRODUCTION AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

Plaintiff's Appendix Document No - 37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC 27  AM 10: 05

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle )
    *Plaintiff*, )
 )
 )
vs )
 )
 )
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING, LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants*. )
 )
 )

Case No. 3:13-CV-00033

## PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED
## AND MEMORANDUM IN SUPPORT

NOW COMES, the Plaintiff, Teri Lynn Hinkle, and Move this Honorable Court for an Order

that certain Admissions be deemed by Encore Capital Group, Inc. (hereinafter "ENCORE"), for

its failure to answer same in a timely manner as required by federal law.

### A.  Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Encore Capital Group Inc.,
   (ENCORE).

2. Plaintiff sued defendant for violations of the Fair Debt Collection Practices Act,
   (FDCPA) and the Fair Credit Reporting Act, (FCRA).

3. On November 14, 2013, Plaintiff served requests for admissions (*See* Exhibit "A"), on ENCORE, and did inform Defendant that responses were due within 30 days of service as prescribed by the FRCP and the L.R. of the Southern District of Georgia.

4. Plaintiff did Serve Requests for Admissions upon Defendant by US Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested as evidenced by the attached, (*See* Exhibit "B").

5. Responses to the admissions were due on or before December 14, 2013 as per FRCP 36(a); today is the 39th day after the Requests for Admissions were served on the Defendant – and **NO** Answers have been served on the Plaintiff by the Defendant.

6. No order staying discovery has ever been entered, or requested – in this forum.

7. Plaintiff waited for the responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter reminding Defendant's counsel the responses to the admissions propounded upon the Defendant had not been received. Plaintiff further stated that she would wait until December 23, 2013, by 12:00 pm for a response.

8. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and has failed to give any reason for its lack of response or need for an extension of time to respond.

9. To date the Defendant has knowingly stalled and failed to cooperate with Plaintiff in regard to all deadlines imposed by the Federal Rules of Civil Procedure. To continue such failure in connection with the discovery schedule would serve to prejudice the

Plaintiff. The Plaintiff therefore seeks an order from the Court that each and every admission propounded to the Defendant be deemed admitted for its failure to respond or make any objections.

## B. Argument

10. If a party does not adequately respond to a request for admissions, the court may order that the matter be deemed admitted. FRCP 36(a); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

11. Plaintiff asks the Court to deem the admissions propounded upon ENCORE admitted because:

   a. The proceedings in this matter have not been stayed, and because the Defendant did fail to timely answer Requests for Admissions, they have been deemed admitted in accordance with FRCP 36(a).

   b. Even though the responses were not served upon Plaintiff within the time allowed by FRCP, Plaintiff extended the time to respond an additional nine days and never received any objection.

   c. Counsel for ENCORE was fully aware of the time constraint and the extended deadline.

   d. At no time during the period allowed by FRCP 36(a)(3)[1], did ENCORE or its counsel make ANY good faith attempt to communicate with the Plaintiff as

---

[1] (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney....

to some reason or situation which would keep it from serving its responses to the admissions in a timely manner.

e.  By failing to serve the responses to the admissions propounded by Plaintiff, first in a timely manner and even after an extended deadline given by the Plaintiff, ENCORE having filed no answers or objections has demonstrated it has no intention of providing them.

f.  Defendant has offered no reason or excuse for its failure to comply.

## C. Conclusion

12. Because ENCORE has not responded to Plaintiff's request for admissions and no objection has been made the admissions propounded upon them should be deemed admitted.

13. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, Plaintiff therefore respectfully Moves this Honorable Court for an Order to deem all the Requested Admissions admitted for all purposes in regard to Defendant, Encore Capital Group, Inc.

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

## Case No 3:13-CV-00033

**Teri Lynn Hinkle**
   *Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.**
   *Defendants.*

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT ENCORE CAPITAL GROUP INC.

To:    Defendant Encore Capital Group Inc., hereinafter referred to as "ENCORE", through its attorney of record, Tully T. Blalock, of King & Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Sent by U.S. Certified Mail, Return Receipt Requested Priority  # 7012 2920 0000 8345 2027

Pursuant to the Federal Rules of Civil Procedure Rule 26 and 36, and the Local Rules for the Southern District of Florida, Plaintiff, Teri Lynn Hinkle, propounds the following Requests for Admissions to Defendant, ENCORE, to be answered under oath within thirty (30) days from the time these requests are served as prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Georgia.

## DEFINITIONS

1.  "Document" means anything which may be considered to be a document or tangible thing within the contemplation of Federal Rule of Civil Procedure 30(b)(6), and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produce in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device, such as tapes, hard or floppy disks, CDs, or mag cards, now or at any time in your possession, custody, or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, telegrams, telexes, cables, transcripts, agreements, contracts, notebooks, calendars,

address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, report or summaries or investigations, books of account, journals, ledgers, journal entries, accounting books and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring in whole or in part to any of the foregoing. Without limitation of the word "control" as used in the preceding paragraph, a document shall be deemed to be in your control if ENCORE has the right to secure the document or a copy therefrom from another person or public or private entity having possession or custody thereof.

2. **"All documents"** means every document and every non-identical copy known to ENCORE and every such document or writing which ENCORE can locate or discover by reasonably diligent efforts.

3. **"ENCORE", "you"** or **"your"** refers to the defendant, Encore Capital Group Inc. and/or any attorney or agent performing the services referred to herein or acting on his or its behalf.

4. **"Person"**, includes natural persons and all other legal entities.

5. **"Personal identifying information"** or **"personal identifiers"** as used herein shall mean the name, address, date of birth, Social Security number, "aka" or any other information intended to refer to or identify the plaintiff within a consumer report, consumer disclosure or file maintained or issued by any of the defendants.

6. **"Subscriber"** as used herein shall refer to any entity that furnishes consumer credit information, account data and/or personal identifying information to defendants and is allowed to access consumer credit information, account data and/or personal identifying information from defendants.

7. The terms **"identify", "identity",** or **"identification"**, shall have the following meanings: **(a)** when used in reference to an individual natural person shall mean to state the name, the present or last known business and resident addresses, the current business affiliation and position, and the position during the time specified of said individual; **(b)** when used in reference to any other entity included within the definition of "person," above, shall mean to state the current or last names, if any, the present or last known business address, the nature of the business, and the identity of the chief executive officer(s) and/or general manager(s) throughout the specified time period, of said entity: **(c)** when used in reference to a document shall mean to state the following: **(i)** the date of its preparation; **(ii)** the identity of its author and of any individual involved in its preparation and/or its production; **(iii)** what type of document it is (e.g., letter, chart, memorandum, etc.) or some other designation by which to identify it: **(iv)** its contents; **(v)** its present custodian or its location; and, **(vi)** the identification of all persons for whom it

was prepared, or who received copies of it, re-surveys, graphs, charts, photographs, phonographs, film, tapes, discs, drums, printouts, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be identified.

8. **"FCRA"** means the Fair Credit Reporting Act, 15 U.S.C. 1681, et. seq.

9. **"FDCPA"** means the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

10. **"TCPA"** means the Telephone Consumer Protection Act 47 U.S.C. § 227

11. **"Consumer Report"** has the same meaning as defined under the FCRA.

12. **"Credit Report", "Credit File",** or **"Consumer File"** has the same meaning as **"Consumer Report".**

13. **"Inaccurate"** means "patently incorrect" or when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect".

14. **"Account"** means Trade Line reported to a Credit Reporting Agency.

15. **"Consumer Reporting Agency"** or **"Consumer Reporting Agencies"** Means Trans Union, and/or Equifax, and/or Experian.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of The Federal Rules of Civil Procedure, plaintiff requests the defendant to admit or deny the truth of the following for the purposes of this action only:

### Request for Admission No. 1

Admit or Deny: ENCORE destroyed documents relating to Teri Lynn Hinkle, containing information about Teri Lynn Hinkle or which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

### Request for Admission No. 2

Admit or Deny: ENCORE has been named in similar consumer lawsuits to this one within the past four years.

**Plaintiff's first set of Admissions to Encore Capital Group Inc. - Page 3 of 8**

**Request for Admission No. 3**

Admit or Deny: ENCORE did rely solely on representations of a third party with regard to Teri Lynn Hinkle.

**Request for Admission No. 4**

Admit or Deny: No contract exists between Teri Lynn Hinkle and ENCORE.

**Request for Admission No. 5**

Admit or Deny: The Plaintiff has no legal obligation to pay you any money.

**Request for Admission No. 6**

Admit or Deny: Admit or Deny: No verified evidence exists to prove ENCORE's defense in this matter.

**Request for Admission No. 7**

Admit or Deny: ENCORE has provided consumer reports regarding Plaintiff to third parties.

**Request for Admission No. 8**

Admit or Deny: Teri Lynn Hinkle did not request any credit from ENCORE nor did she have any valid account with ENCORE.

**Request for Admission No. 9**

Admit or Deny: At no time did either ENCORE or ENCORE's employees have Teri Lynn Hinkle's permission to obtain her any of her consumer credit reports.

**Request for Admission No. 10**

Admit or Deny: ENCORE and ENCORE's employee(s) obtained Teri Lynn Hinkle's consumer credit report under false pretenses.

**Request for Admission No. 11**

Admit or Deny: ENCORE has written procedures regarding the investigation of consumer credit report disputes.

**Request for Admission No. 12**

Admit or Deny: No employee from ENCORE ever telephoned the plaintiff, Teri Lynn Hinkle to verify or question the accuracy of her disputes.

**Request for Admission No. 13**

Admit or Deny: ENCORE did conduct a reasonable re-investigation with regard to Teri Lynn Hinkle.

**Request for Admission No. 14**

Admit or Deny: ENCORE is the primary decision making entity for Midland Funding LLC.

**Request for Admission No. 15**

Admit or Deny: ENCORE is the primary decision making entity for Midland Credit Management Inc.

**Request for Admission No. 16**

Admit or Deny: ENCORE has ownership control over the actions of Midland Funding LLC.

**Request for Admission No. 17**

Admit or Deny: ENCORE has ownership control over the actions of Midland Credit Management Inc.

**Request for Admission No. 18**

Admit or Deny: ENCORE subscribes to a liability insurance policy issued to ENCORE which may cover ENCORE's alleged liability in this suit.

**Request for Admission No. 19**

Admit or Deny: Any claim on your part that the Plaintiff is indebted to you arose out of a purchase of digital information purportedly containing the personal identifiers of the Plaintiff.

**Request for Admission No. 20**

Admit or Deny: You do not possess copies of the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**Request for Admission No. 21**

Admit or Deny: You did not review the original file of any account purported to belong to the Plaintiff.

**Request for Admission No. 22**

Admit or Deny: You have no legal basis to collect any monies from the Plaintiff.

**Request for Admission No. 23**

Admit or Deny: You paid less for the electronic information than you attempted to collect from the Plaintiff.

Dated November 12, 2013

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

     This shall certify that I have mailed original copies of Plaintiff's first set of Admissions to Encore Capital Group Inc. by United States Certified Priority Mail Priority **# 7012 2920 0000 8345 2027** Return Receipt requested in care of Tully T. Blalock of King and Spalding, 1180 Peachtree Street, N.E., Atlanta, Georgia 30309.

Signed November 12, 2013

Teri Lynn Hinkle

**Tully T. Blalock**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Counsel of Record for the Defendants:*
Midland Funding LLC.
Midland Credit Management Inc.
Encore Capital Group Inc.

# EXHIBIT "B"

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

EASTMAN GA 31023
USPS

Sent To: *Tally T. Blalock King & Spalding LLP*
Street, Apt. No.: *480 Peachtree St. N.E*
or PO Box No.
City, State, ZIP+4 *Atlanta, Georgia, 30309*

PS Form 3800, August 2006                See Reverse for Instructions

7012 2920 0000 8345 2027

| | |
|---|---|
| Certified | $2.55 |
| Label #: | $3.10 |
| | 70122920000083452027 |
| Issue PVI: | ======== |
| | $11.45 |

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____  □ Agent / □ Addressee <br> B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1?  □ Yes <br> If YES, enter delivery address below:  □ No |
| | 3. Service Type <br> □ Certified Mail  □ Express Mail <br> □ Registered  □ Return Receipt for Merchandise <br> □ Insured Mail  □ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)   □ Yes |
| 2. Article Number (Transfer from service label)  7012 2920 0000 8345 2027 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |
|---|---|
| Teri Lynn Hinkle | ) |
| *Plaintiff,* | ) |
| | ) |
| | )    Case No 3:13-cv-00033 |
| vs | ) |
| | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT INC. | ) |
| MIDLAND FUNDING LLC. | ) |
| ENCORE CAPITAL GROUP INC. | ) |
| *Defendants.* | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED AND MEMORANDUM IN SUPPORT** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on December 23, 2013.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

Plaintiff's Appendix Document No - 39

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 13  AM 10: 23

CLERK _____
SO. DIST. OF GA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

|  |  |
|---|---|
| Teri Lynn Hinkle | ) |
| *Plaintiff,* | ) |
|  | ) |
|  | ) **Case No. 3:13-CV-00033** |
| vs | ) |
|  | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT, INC. | ) |
| MIDLAND FUNDING, LLC. | ) |
| ENCORE CAPITAL GROUP, INC. | ) |
| *Defendants.* | ) |
|  | ) |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Credit Management, Inc. to properly answer and serve responses to the Plaintiff's outstanding discovery requests.

### A.  Introduction

1.  Plaintiff is Teri Lynn Hinkle and Defendant is Midland Credit Management, Inc., (MCM).

2.  Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3. On November 14, 2013 plaintiff served discovery materials including interrogatories, requests for production and admissions on MCM via USPS Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested.

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, MCM failed to serve any responses to interrogatories, requests for production or admissions to plaintiff or to contact Plaintiff by that date.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Dk.32 Exhibit "2") reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7. The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to interrogatories and requests for production, (*See* Dk. 32 & 33) on December 23, 2013 several hours after Defendant failed to respond to the second deadline of December 23, 2013.

8. Defendant attempted to answer discovery later in the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9. Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what specific information, documents or testimony Defendant expected to be deemed protected or privileged. In addition the draft identified the case it pertained to as **"Civil Action No. 3:13-cv-00033, *Edward Crespo v. Midland Credit Management, Inc., et. al,* pending in the United States District Court for the Southern District of Georgia, Dublin Division."** Plaintiff answered the email pointing out the obvious misstatement and further stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendant might claim to be privileged or protected and they would need to be far more specific. To date, Plaintiff has not received a second draft Protective Order to review.

10. On December 26, 2013 the Plaintiff received via UPS the identical hard copies of the discovery responses previously sent by email contrary to this Honorable Courts order to effect service of filings using "United States Postal Service"[1]. (*See* Dk. 23).

11. The responses were sent via UPS using overnight delivery service on the night of December 23, 2013. According to FRCP 5(b)(2), service through the U.S. Postal

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

Service is considered mailing but the use of UPS is not. *Prince v Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989). Courts have held that service by private courier. (e.g., FedEx, UPS) does not constitute service by mail for purposes of FRCP 5. *E.g.*, *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (delivery to FedEx did not satisfy requirements of FRCP 5(b)); *Audio Enters. v. B&W Loudspeakers*, 957 F.2d 406, 409 (7th Cir. 1992) (same); Prince, 876 F.2d at 32 n.1 (same); *see* 4B *Wright & Miller* §1148.

12. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendant which is contrary to the requirements of FRCP 33(b)(5). Further, each Certificate of Service signed by Mr. Blalock, sent with the responses contained a statement that the foregoing had been presented to the Plaintiff by United States Mail. UPS is not United States Mail.

13. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendant's counsel by telephone multiple times and left messages. The purpose of the call which was to discuss and confer with counsel regarding the numerous deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST. so that she could amend her pending motions to compel in a timely manner as she had previously stated in her Notice to the Court.

14. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on the December 23 had been given even though that date and time had been communicated in writing both by email and by certified mail as well as orally during a previous telephone conversation with counsel. Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested one for 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

15. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendant's counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon.

16. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST.

17. When Plaintiff had not heard from Defendant's counsel by approximately 3:45 pm that afternoon she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. Defendant's counsel never called or responded to the emails on that day.

18. On the afternoon of January 2, 2014 Defendant's counsel telephoned the Plaintiff and asked to re-schedule again for 2:00 pm on January 3, 2014 and Plaintiff agreed.

19. At the appointed time of 2:00 pm on January 3, 2014 Defendant's counsel again failed to keep yet another appointment. Plaintiff sent another email to counsel at approximately 5:45 pm, as yet an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery

responses would stand regardless of whether or not another telephone conference took place.

20. At approximately 6:00 pm on January 3, 2014 Defendant's counsel finally called the Plaintiff to discuss the deficiencies of the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendant's counsel outlining the agreement reached on the evening of January 3, 2014.

21. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of the business day. Defendant's counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

22. On the afternoon of January 7, 2014 Defendant's counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by the clients who were on the west coast and in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8 pm. Defendant's counsel also stated she would send a re-draft of the protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from

Defendant's counsel containing four out of the six total discovery responses which were due. There was no re-drafted protective order included. There was no "**sworn certification of signature**" from Mr. Moreno or any other person answering the interrogatories for the Defendant and counsel stated she would send that when she got it from her client. It would appear that there is a likelihood the person who would be swearing to be answering the Interrogatories on the west coast did not write the answers and may not even be aware of the contents of the discovery propounded on the Defendant by the Plaintiff.

23. Once again the responses to discovery were sent after another deadline, were incomplete, without proper signatures, and by delivered via email rather than pursuant to the order of the Court. Even if the responses were also mailed on that date it would not reach the Plaintiff for several more days and would not contain the proper signatures and certifications. Since there has been no opportunity to review and accept or reject an amended protective order, Defendant has attempted to maintain an excuse for not producing documents requested by Plaintiff by claiming blanket protection or privilege yet has repeatedly failed to provide a draft protective order.

24. Defendant has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by the following actions:

    a.   improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process

under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so;

b.  refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court;

c.  failed to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS Certified Mail, in willful violation of FRCP 26(a)1(C)

d.  making false statement to this Honorable Court in Defendant's 26(f) report;

e.  consistently failed to keep appointments made for conferences;

f.  failed to effect service by United States Postal Service first by not serving the Plaintiff at all and then by using email and UPS contrary to this Court's order. (*Id.* ¶ 10)

g.  failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order;

h.  failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the answers which were incomplete and inadmissible as evidence and

containing blanket claims of protection for each and every request for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendant has had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP Thus attempting to provide themselves an excuse to withhold relevant information and production.

i.  to date, no sworn certification of signature for the individual answering requests for Interrogatories propounded on Defendant has been provided to the Plaintiff. These responses were due in completed form December 14, 2013. They are still not in completed form 57 days after the requests were made and 27 days after the 30 days allowed under FRCP 33(b)(2) has passed;

j.  consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013;

k.  the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" be a reasonable delay at any time.

25. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the

violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because MCM has failed to respond properly and timely to the discovery requests and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

## B.  Argument and Brief in Support

26. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  FRCP 37(a)(2)(B).

27. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FRCP 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

28. The Court should grant Plaintiff's motion to compel for the following reasons:

a. MCM provided no properly served and/or signed answers to interrogatories
   or the requests for production propounded upon it by the Plaintiff contrary to
   the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled
   to answer under FRCP 37(a)(3)(B)(iii).

b. Even though the responses were not served upon Plaintiff within the time
   allowed by the FRCP, Plaintiff extended the time limit an additional nine
   days yet the Defendant failed to respond and when it did so after the extended
   time, it did so improperly without certification or any production responses.
   Plaintiff has received no hard copies of partial responses sent by email
   January 7, 2014.

c. Counsel for MCM was fully aware of the time constraint and the extended
   deadlines.

d. At no time during the period allowed by FRCP 33(b)(2)[2] did MCM or its
   counsel make ANY good faith attempt to communicate with Plaintiff as to
   some reason or situation which would prevent it from serving its responses to
   the discovery materials propounded upon it by the Plaintiff.

e. By failing to answer and serve the responses to interrogatories and requests
   for production propounded by Plaintiff fully and completely, first in a timely
   manner and secondly by the extended deadlines given by the Plaintiff, any
   objection to this motion by MCM should be denied as it would be nothing

---

[2] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being
served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the
court.

more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f.  Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g.  Defendant's failure to respond within the time allowed under FRCP discovery rules warrants entry of an Order compelling full and complete answers to interrogatories and requests for production of documents. In addition, the Court should deem that the Defendant has waived its objections to any interrogatories.

h.  The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the interrogatories submitted. *See eg., Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir. 1977), *cf. Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> "Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged,

is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

29. Plaintiff states and certifies that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail on numerous occasions and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because MCM has refused to comply with the rules, the Plaintiff requests the Court compel MCM to respond fully, completely, adequately and expeditiously.

DATED this 11th day of January, 2013

Respectfully Submitted,

Teri Lynn Hinkle

Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
|  | ) | Case No 3:13-cv-00033 |
| vs | ) | |
|  | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
|  | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT,** on January 11, 2014 via United States Postal Service.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

Schedule package pickup right from your home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

PLEASE PRESS FIRMLY

UNITED STATES POSTAL SERVICE

EXPRESS MAIL

NAME:
Tel. No.:

Place Mailing Label Here

PRESS HARD...YOU ARE MAKING 3 COPIES.

FOR PICKUP OR TRACKING
Visit  WWW.USPS.COM
Call 1-800-222-1811

Visit us at usps.com

EXTREMELY URGENT

Please Rush To Addressee

Mailing Envelope
For Domestic and International Use

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

Please
Recycle

EP13C

Plaintiff's Appendix Document No - 40

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

2014 JAN 13  AM 10: 23

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle
    *Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT, INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP, INC.
    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 3:13-CV-00033**

# PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Midland Funding LLC. to properly answer and serve responses to the Plaintiff's outstanding discovery requests.

## A. Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendant is Midland Funding LLC., (MIDLAND).

2. Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3. On November 14, 2013 plaintiff served discovery materials including interrogatories, requests for production and admissions on MIDLAND via USPS Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested.

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, MIDLAND failed to serve any responses to interrogatories, requests for production or admissions to plaintiff or to contact Plaintiff by that date.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (See Dk.34), reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7. The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to interrogatories and requests for production, (See Dk. 34 & 35) on December 23, 2013 several hours after Defendant failed to respond to the second deadline of December 23, 2013.

8.  Defendant attempted to answer discovery later in the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9.  Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what specific information, documents or testimony Defendant expected to be deemed protected or privileged. In addition the draft identified the case it pertained to as **"Civil Action No. 3:13-cv-00033, *Edward Crespo v. Midland Credit Management, Inc., et. al*, pending in the United States District Court for the Southern District of Georgia, Dublin Division."** Plaintiff answered the email pointing out the obvious misstatement and further stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendant might claim to be privileged or protected and they would need to be far more specific. To date, Plaintiff has not received a second draft Protective Order to review.

10. On December 26, 2013 the Plaintiff received via UPS the identical hard copies of the discovery responses previously sent by email contrary to this Honorable Courts order to effect service of filings using "United States Postal Service"[1]. (*See* Dk. 23).

11. The responses were sent via UPS using overnight delivery service on the night of December 23, 2013. According to FRCP 5(b)(2), service through the U.S. Postal

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

Service is considered mailing but the use of UPS is not. *Prince v Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989). Courts have held that service by private courier. (e.g., FedEx, UPS) does not constitute service by mail for purposes of FRCP 5. *E.g., Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (delivery to FedEx did not satisfy requirements of FRCP 5(b)); *Audio Enters. v. B&W Loudspeakers*, 957 F.2d 406, 409 (7th Cir. 1992) (same); Prince, 876 F.2d at 32 n.1 (same); *see* 4B *Wright & Miller* §1148.

12. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendant which is contrary to the requirements of FRCP 33(b)(5). Further, each Certificate of Service signed by Mr. Blalock, sent with the responses contained a statement that the foregoing had been presented to the Plaintiff by United States Mail. UPS is not United States Mail.

13. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendant's counsel by telephone multiple times and left messages. The purpose of the call which was to discuss and confer with counsel regarding the numerous deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST. so that she could amend her pending motions to compel in a timely manner as she had previously stated in her Notice to the Court.

14. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on the December 23 had been given even though that date and time had been communicated in writing both by email and by certified mail as well as orally during a previous telephone conversation with counsel. Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested one for 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

15. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendant's counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon.

16. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST.

17. When Plaintiff had not heard from Defendant's counsel by approximately 3:45 pm that afternoon she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. Defendant's counsel never called or responded to the emails on that day.

18. On the afternoon of January 2, 2014 Defendant's counsel telephoned the Plaintiff and asked to re-schedule again for 2:00 pm on January 3, 2014 and Plaintiff agreed.

19. At the appointed time of 2:00 pm on January 3, 2014 Defendant's counsel again failed to keep yet another appointment. Plaintiff sent another email to counsel at approximately 5:45 pm, as yet an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery

responses would stand regardless of whether or not another telephone conference took place.

20. At approximately 6:00 pm on January 3, 2014 Defendant's counsel finally called the Plaintiff to discuss the deficiencies of the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendant's counsel outlining the agreement reached on the evening of January 3, 2014.

21. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of the business day. Defendant's counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

22. On the afternoon of January 7, 2014 Defendant's counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by the clients who were on the west coast and in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8 pm. Defendant's counsel also stated she would send a re-draft of the protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from

Defendant's counsel containing four out of the six total discovery responses which were due. There was no re-drafted protective order included. There was no "**sworn certification of signature**" from Mr. Moreno or any other person answering the interrogatories for the Defendant and counsel stated she would send that when she got it from her client. It would appear that there is likelihood the person who would be swearing to be answering the Interrogatories on the west coast did not write the answers and may not even be aware of the contents of the discovery propounded on the Defendant by the Plaintiff.

23. Once again the responses to discovery were sent after another deadline, were incomplete, without proper signatures, and by delivered via email rather than pursuant to the order of the Court. Even if the responses were also mailed on that date it would not reach the Plaintiff for several more days and would not contain the proper signatures and certifications. Since there has been no opportunity to review and accept or reject an amended protective order, Defendant has attempted to maintain an excuse for not producing documents requested by Plaintiff by claiming blanket protection or privilege yet has repeatedly failed to provide a draft protective order.

24. Defendant has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by the following actions:

    a.  improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process

under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so;

b.  refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court;

c.  failed to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS Certified Mail, in willful violation of FRCP 26(a)1(C)

d.  making false statement to this Honorable Court in Defendant's 26(f) report;

e.  consistently failed to keep appointments made for conferences;

f.  failed to effect service by United States Postal Service first by not serving the Plaintiff at all and then by using email and UPS contrary to this Court's order. (*Id.* ¶ 10)

g.  failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order;

h.  failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the answers which were incomplete and inadmissible as evidence and

containing blanket claims of protection for each and every request for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendant has had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP Thus attempting to provide themselves an excuse to withhold relevant information and production.

i.   to date, no sworn certification of signature for the individual answering requests for Interrogatories propounded on Defendant has been provided to the Plaintiff. These responses were due in completed form December 14, 2013. They are still not in completed form 57 days after the requests were made and 27 days after the 30 days allowed under FRCP 33(b)(2) has passed;

j.   consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013;

k.   the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" be a reasonable delay at any time.

25. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the

violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because MIDLAND has failed to respond properly and timely to the discovery requests and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

## B.  Argument and Brief in Support

26. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  FRCP 37(a)(2)(B).

27. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  FRCP 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

28. The Court should grant Plaintiff's motion to compel for the following reasons:

a. MIDLAND provided no properly served and/or signed answers to interrogatories or the requests for production propounded upon it by the Plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

b. Even though the responses were not served upon Plaintiff within the time allowed by the FRCP, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond and when it did so after the extended time, it did so improperly without certification or any production responses. Plaintiff has received no hard copies of partial responses sent by email January 7, 2014.

c. Counsel for MIDLAND was fully aware of the time constraint and the extended deadlines.

d. At no time during the period allowed by FRCP 33(b)(2)[2] did MIDLAND or its counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would prevent it from serving its responses to the discovery materials propounded upon it by the Plaintiff.

e. By failing to answer and serve the responses to interrogatories and requests for production propounded by Plaintiff fully and completely, first in a timely manner and secondly by the extended deadlines given by the Plaintiff, any objection to this motion by MIDLAND should be denied as it would be

---

[2] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

nothing more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f. Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g. Defendant's failure to respond within the time allowed under FRCP discovery rules warrants entry of an Order compelling full and complete answers to interrogatories and requests for production of documents. In addition, the Court should deem that the Defendant has waived its objections to any interrogatories.

h. The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the interrogatories submitted. *See eg., Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir. 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> "Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged,

is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

29. Plaintiff states and certifies that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail on numerous occasions and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.


WHEREFORE, because plaintiff's requests are proper and because MIDLAND has refused to comply with the rules, the Plaintiff requests the Court compel MIDLAND to respond fully, completely, adequately and expeditiously.


DATED this 11th day of January, 2013


Respectfully Submitted,

Teri Lynn Hinkle
Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

Teri Lynn Hinkle        )
     *Plaintiff,*       )
                    )       Case No 3:13-cv-00033
vs                )
                    )
MIDLAND CREDIT      )
MANAGEMENT INC.     )
MIDLAND FUNDING LLC.  )
ENCORE CAPITAL GROUP INC.  )
     *Defendants.*      )
                    )

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND FUNDING LLC.,** on January 11, 2014 via United States Postal Service.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

Schedule package pickup right from your home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

PLEASE PRESS FIRMLY



EXPRESS MAIL
UNITED STATES POSTAL SERVICE

EXTREMELY URGENT

Please Rush To Addressee

Mailing Envelope
For Domestic and International Use

Visit us at usps.com

Place Mailing Label Here

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

PRESS HARD. YOU ARE MAKING 3 COPIES.

Post Office To Addressee
Addressee Copy

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

$14.10

Plaintiff's Appendix Document No - 41

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 13   AM 10: 23

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle
    *Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT, INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP, INC.
    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:13-CV-00033

# PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT

Plaintiff hereby motions the Court to compel Encore Capital Group Inc. to properly answer and serve responses to the Plaintiff's outstanding discovery requests.

## A.  Introduction

1.  Plaintiff is Teri Lynn Hinkle and Defendant is Encore Capital Group, Inc., (ENCORE).

2.  Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3. On November 14, 2013 plaintiff served discovery materials including interrogatories, requests for production and admissions on ENCORE via USPS Certified Mail #7012 2920 0000 8345 2027, Return Receipt Requested.

4. Although responses were due to be served to Plaintiff no later than December 14, 2013, ENCORE failed to serve any responses to interrogatories, requests for production or admissions to plaintiff or to contact Plaintiff by that date.

5. Plaintiff waited for responses until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Dk.36), reminding Defendant's counsel the responses to the discovery materials propounded upon the Defendant had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7. The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to interrogatories and requests for production, (*See* Dk. 36 & 37) on December 23, 2013 several hours after Defendant failed to respond to the second deadline of December 23, 2013.

8. Defendant attempted to answer discovery later in the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9. Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what specific information, documents or testimony Defendant expected to be deemed protected or privileged. In addition the draft identified the case it pertained to as **"Civil Action No. 3:13-cv-00033, *Edward Crespo v. Midland Credit Management, Inc., et. al,* pending in the United States District Court for the Southern District of Georgia, Dublin Division."** Plaintiff answered the email pointing out the obvious misstatement and further stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendant might claim to be privileged or protected and they would need to be far more specific. To date, Plaintiff has not received a second draft Protective Order to review.

10. On December 26, 2013 the Plaintiff received via UPS the identical hard copies of the discovery responses previously sent by email contrary to this Honorable Courts order to effect service of filings using "United States Postal Service"[1]. (*See* Dk. 23).

11. The responses were sent via UPS using overnight delivery service on the night of December 23, 2013. According to FRCP 5(b)(2), service through the U.S. Postal

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

Service is considered mailing but the use of UPS is not. *Prince v Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989). Courts have held that service by private courier. (e.g., FedEx, UPS) does not constitute service by mail for purposes of FRCP 5. *E.g., Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (delivery to FedEx did not satisfy requirements of FRCP 5(b)); *Audio Enters. v. B&W Loudspeakers*, 957 F.2d 406, 409 (7th Cir. 1992) (same); Prince, 876 F.2d at 32 n.1 (same); *see* 4B *Wright & Miller* §1148.

12. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendant which is contrary to the requirements of FRCP 33(b)(5). Further, each Certificate of Service signed by Mr. Blalock, sent with the responses contained a statement that the foregoing had been presented to the Plaintiff by United States Mail. UPS is not United States Mail.

13. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendant's counsel by telephone multiple times and left messages. The purpose of the call which was to discuss and confer with counsel regarding the numerous deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST. so that she could amend her pending motions to compel in a timely manner as she had previously stated in her Notice to the Court.

14. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on December 23, had been given even though that date and time had been communicated in writing both by email and by certified mail as well as orally during a previous telephone conversation with counsel. Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested one for 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

15. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendant's counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon.

16. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST.

17. When Plaintiff had not heard from Defendant's counsel by approximately 3:45 pm that afternoon she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. Defendant's counsel never called or responded to the emails on that day.

18. On the afternoon of January 2, 2014 Defendant's counsel telephoned the Plaintiff and asked to re-schedule again for 2:00 pm on January 3, 2014 and Plaintiff agreed.

19. At the appointed time of 2:00 pm on January 3, 2014 Defendant's counsel again failed to keep yet another appointment. Plaintiff sent another email to counsel at approximately 5:45 pm, as yet an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery

responses would stand regardless of whether or not another telephone conference took place.

20. At approximately 6:00 pm on January 3, 2014 Defendant's counsel finally called the Plaintiff to discuss the deficiencies of the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendant's counsel outlining the agreement reached on the evening of January 3, 2014.

21. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of the business day. Defendant's counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

22. On the afternoon of January 7, 2014 Defendant's counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by the clients who were on the west coast and in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8 pm. Defendant's counsel also stated she would send a re-draft of the protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from

Defendant's counsel containing four out of the six total discovery responses which were due. There was no re-drafted protective order included. There was no "**sworn certification of signature**" from Mr. Moreno or any other person answering the Interrogatories for the Defendant and counsel stated she would send that when she got it from her client. It would appear that there is a likelihood the person who would be swearing to be answering the interrogatories on the west coast did not write the answers and may not even be aware of the contents of the discovery propounded on the Defendant by the Plaintiff.

23. Once again the responses to discovery were sent after another deadline, were incomplete, without proper signatures, and by delivered via email rather than pursuant to the order of the Court. Even if the responses were also mailed on that date it would not reach the Plaintiff for several more days and would not contain the proper signatures and certifications. Since there has been no opportunity to review and accept or reject an amended protective order, Defendant has attempted to maintain an excuse for not producing documents requested by Plaintiff by claiming blanket protection or privilege yet has repeatedly failed to provide a draft protective order.

24. Defendant has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by the following actions:

    a. improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process

under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so;

b.  refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court;

c.  failed to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS Certified Mail, in willful violation of FRCP 26(a)1(C)

d.  making false statement to this Honorable Court in Defendant's 26(f) report;

e.  consistently failed to keep appointments made for conferences;

f.  failed to effect service by United States Postal Service first by not serving the Plaintiff at all and then by using email and UPS contrary to this Court's order. (*Id.* ¶ 10)

g.  failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order;

h.  failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the answers which were incomplete and inadmissible as evidence and

containing blanket claims of protection for each and every request for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendant has had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP Thus attempting to provide themselves an excuse to withhold relevant information and production.

i.   to date, no sworn certification of signature for the individual answering requests for Interrogatories propounded on Defendant has been provided to the Plaintiff. These responses were due in completed form December 14, 2013. They are still not in completed form 57 days after the requests were made and 27 days after the 30 days allowed under FRCP 33(b)(2) has passed;

j.   consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013;

k.   the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" be a reasonable delay at any time.

25. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the

violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because ENCORE has failed to respond properly and timely to the discovery requests and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

### B.  Argument and Brief in Support

26. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

27. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

28. The Court should grant Plaintiff's motion to compel for the following reasons:

a.  ENCORE provided no properly served and/or signed answers to interrogatories or the requests for production propounded upon it by the Plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to answer under FRCP 37(a)(3)(B)(iii).

b.  Even though the responses were not served upon Plaintiff within the time allowed by the FRCP, Plaintiff extended the time limit an additional nine days yet the Defendant failed to respond and when it did so after the extended time, it did so improperly without certification or any production responses. Plaintiff has received no hard copies of partial responses sent by email January 7, 2014.

c.  Counsel for ENCORE was fully aware of the time constraint and the extended deadlines.

d.  At no time during the period allowed by FRCP 33(b)(2)[2] did ENCORE or its counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would prevent it from serving its responses to the discovery materials propounded upon it by the Plaintiff.

e.  By failing to answer and serve the responses to interrogatories and requests for production propounded by Plaintiff fully and completely, first in a timely manner and secondly by the extended deadlines given by the Plaintiff, any objection to this motion by ENCORE should be denied as it would be nothing

---

[2] (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under <u>Rule 29</u> or be ordered by the court.

more than a further delaying tactic to prevent the Plaintiff from acquiring information relevant to this case.

f.   Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

g.   Defendant's failure to respond within the time allowed under FRCP discovery rules warrants entry of an Order compelling full and complete answers to interrogatories and requests for production of documents. In addition, the Court should deem that the Defendant has waived its objections to any interrogatories.

h.   The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the interrogatories submitted. *See eg., Dollar v. Long Mfg. Co., NC, Inc.*, 561 F2d 613, 616-617 (5th Cir. 1977), cf. *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production). In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> **"Generally, in the absence of an extension of time or for good cause, the failure to object to Interrogatories within the time fixed by the Rule, constitutes a waiver of any objection. *Bollard v Volkswagon of American, Inc.*, 56 FRD 569 (W.D. Mo. 1971); *Davis v. Romney*, 53 GRD 237 (Ed. Pa. 1971); *Fond Du Lac Plaza Inc. v. Reid*, 47 FRD 221 (Ed. Wis. 1969); *Zatco v. Rogers Manufacturing Co.*, 37 FRD 29 (W.D. Mo. 1963). Even an objection that the information sought is privileged,**

is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD

29. Plaintiff states and certifies that the information requested by the Plaintiff is relevant and admissible at trial. Plaintiff certifies that she has conferred with the Defendant by telephone, email and USPS mail on numerous occasions and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because plaintiff's requests are proper and because ENCORE has refused to comply with the rules, the Plaintiff requests the Court compel ENCORE to respond fully, completely, adequately and expeditiously.

DATED this 11th day of January, 2013

Respectfully Submitted,

Teri Lynn Hinkle
Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to **Tully T. Blalock, King & Spalding,** Counsel for Defendant, **ENCORE CAPITAL GROUP, INC.,** on January 11, 2014 via United States Postal Service.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

Schedule package pickup, right from your home at usps.com/pickup
Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

NAME:
Tel. No.:

PLEASE PRESS FIRMLY

UNITED STATES POSTAL SERVICE

EXPRESS MAIL

Mailing Envelope
For Domestic and International Use

EXTREMELY URGENT

Please Rush To Addressee

When used internationally
affix customs declaration
(PS Form 2976, or 2976A)

$14.10

Visit us at usps.com

Place Mailing Label Here

PRESS HARD...YOU ARE MAKING 3 COPIES.

ORIGIN (POSTAL SERVICE USE ONLY)

FROM: (PLEASE PRINT)

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

EP13G

UNITED STATES POSTAL SERVICE
EXPRESS MAIL

CUSTOMER USE ONLY

DELIVERY (POSTAL USE ONLY)

TO: (PLEASE PRINT)

Post Office To Addressee
Addressee Copy

Please
Recycle

Plaintiff's Appendix Document No - 44

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## DUBLIN DIVISION

|                              |     |                         |
|------------------------------|-----|-------------------------|
| TERI LYNN HINKLE,            | )   |                         |
|                              | )   |                         |
|     Plaintiff, | )   |                         |
|                              | )   |                         |
| v.                           | )   | Case No. 3:13-cv-00033  |
|                              | )   |                         |
| MIDLAND CREDIT MANAGEMENT,   | )   |                         |
| INC., MIDLAND FUNDING LLC,   | )   |                         |
| And ENCORE CAPITAL GROUP, INC. | ) |                         |
|                              | )   |                         |
|     Defendants. | ) |                         |

## CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), file their Consolidated Response in Opposition to Plaintiff's Amended Motions to Compel and Motion to Deem Requests for Admission Admitted ("Plaintiff's Motions") as follows. For the reasons set forth below, Plaintiff's Motions should be denied.

## INTRODUCTION

Plaintiff, proceeding pro se, filed this lawsuit against the Midland Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") in relation to an account that Midland purchased. Most of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA. The Midland Defendants intend to file a motion for summary judgment following the close of discovery.

At issue in this motion are the discovery motions that Plaintiff filed.   Plaintiff served discovery requests and the Midland Defendants, through an inadvertent oversight, did not respond within 30 days.   Once the Midland Defendants learned of the oversight, they quickly moved to served their responses and did so on December 23, 2013 – a mere four days after the responses were originally due.   Plaintiff cannot plausibly claim to be prejudiced by the short delay in receiving the discovery responses; to the contrary, the Midland Defendants would be prejudiced if Plaintiff obtains the relief she seeks.   Accordingly, the Midland Defendants ask that Plaintiff's Motions be denied so that the case can be decided on the merits rather than based upon a mostly-contrived discovery dispute.

## RELEVANT FACTUAL BACKGROUND

Plaintiff asserts claims against the Midland Defendants under the FDCPA and FCRA. This litigious Plaintiff has filed twelve *pro se* lawsuits against various credit card companies and debt collectors in this District in the last two and one-half years.   On November 14, 2013, Plaintiff served the Midland Defendants with her set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("discovery requests").   (Declaration of K. Ann Broussard ("Broussard Decl."), ¶ 3, attached as Exhibit A.)   Due to an oversight, the Midland Defendants did not respond to the discovery requests within 33 days of service.   (*Id.*, ¶ 3.)   On or around December 19, 2013, Plaintiff sent the Midland Defendants a letter requesting the responses by  December 23, 2013 at 12:00 p.m.   (*Id.*, ¶ 4; *see also* letter from Plaintiff to the Midland Defendants, attached as Exhibit B.)   The Midland Defendants promptly complied with Plaintiff's request and, on Plaintiff's imposed deadline day of December 23, 2013, served responses and objections on her by email at approximately 6:15 p.m. and sent a copy to her by overnight delivery. (Broussard Decl., ¶ 5; *see also* email from A. Broussard to Plaintiff, attached

2

as Exhibit C.)

The Midland Defendants' service of the discovery requests on Plaintiff, on her imposed deadline and only two business days of their due date, should have ended any discovery-related discussion and eliminated any potential motion practice. But, consistent with her litigious nature in this Court, Plaintiff felt the need to initiate motion practice anyway, and on December 27, 2013, Plaintiff filed motions to compel against the Midland Defendants. (Docs. 32, 34, 36.) On January 2, 2014, Plaintiff filed a Motion for Extension of Time to Amend the Motions to Compel. (Doc. 37.) On January 3, 2014, Plaintiff and counsel for the Midland Defendants met and conferred by telephone regarding the Midland Defendants' discovery responses for approximately two hours. (Broussard Decl., ¶ 6.) The Midland Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014. (*Id.*, ¶ 7.) On January 7, 2014, the Midland Defendants served the amended responses and non-confidential documents by email and mail. (*Id.*, ¶ 8; *see also* Exhibit D.) The Midland Defendants enclosed verifications in support of their amended responses to the discovery requests in the service copies mailed to Plaintiff on January 7, 2014. (*Id.*, ¶ 9.)

On January 13, 2014, Plaintiff filed the present Motions on the basis that the Midland Defendants did not properly respond to the discovery requests and that the amended responses did not cure the deficiencies in the original responses. (Docs. 39, 40, 41.) Plaintiff does not identify any specific Interrogatories or Requests to which she seeks the Court to determine the adequacy of the Midland Defendants' responses. (Docs. 39. 40. 41.) Instead, she simply requests that the Court compel the Midland Defendants to respond to "fully, completely, adequately, and expeditiously" to the discovery requests. (*Id.*)

3

## ARGUMENT AND CITATION OF AUTHORITY

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "[A] district court is allowed a range of choice" in deciding whether to grant or deny a motion to compel discovery responses, which decision will stand unless it constitutes an abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). As set forth below, Plaintiff has failed to demonstrate that the Midland Defendants' discovery responses were deficient, why she is entitled to further responses, and, therefore, the Court should deny Plaintiff's motion to compel further responses.

## I.    PLAINTIFF'S MOTIONS TO COMPEL SHOULD BE DENIED.

### A.    Plaintiff's Motions Failed To Comply With S.D. Ga. L.R. 26.5 And Should Be Denied On That Basis Alone.

Although Plaintiff describes what she believes are the deficiencies in the Midland Defendants' discovery responses, Plaintiff utterly fails to comply with the local rules in her attempt to compel further responses from the Midland Defendants. *See Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 914 (11th Cir.2010) ("pro se status does not excuse non-compliance with procedural rules"). Plaintiff's Motions should be denied on this noncompliance alone. As the Court's Local Rules state:

Discovery Motions and Objections.

Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
(b) include the specific ground for the motion or objection; and
(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

4

S.D. Ga. L.R. 26.5.

Plaintiff does not cite a single discovery request that forms the basis of her Motions. Further, Plaintiff does not even delineate the categories of information she seeks to have compelled from the Midland Defendants (which would still be deficient under the Local Rules). Plaintiff does not identify any grounds whatsoever for compelling further responses from the Midland Defendants. Plaintiff did not even bother to attach copies of the purportedly deficient responses so that the Court may evaluate the propriety of the Midland Defendants' responses.

Plaintiff offers no reason why she is entitled to further responses from the Midland Defendants other than the blanket, unsupported statement that she "states and certifies that the information requested by the Plaintiff is relevant and admissible at trial." Doc. 39 at 13. That non-sensical and irrelevant opinion aside, she makes no other effort to describe which requests were relevant and why the Midland Defendants' responses to those specific requests were deficient. Indeed, Plaintiff's Motions are harassing, frivolous, and have caused unnecessary expense to the Midland Defendants in having to respond to Motions that offer no legal or factual basis for compelling further responses and fail to adhere to the rules. Therefore, Plaintiff's Motions should be denied.

**B.    Plaintiff's Motions Failed To Comply With The Federal Rules.**

As set forth above, Plaintiff offers no specificity whatsoever concerning the discovery responses that are purportedly deficient, which is also in violation of Rule 37:

> Implicit in [Rule 37] is the principle that a party who files a motion to compel must establish that the other party actually failed to respond to the discovery requests. Moreover, the moving party must inform the Court of the basis for its contention that the production of discoverable evidence should be compelled. Mere conclusory allegations that the opposing party has failed to comply with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be

compelled to do more than the party has already done.

*Dehaan v. Urology Center of Columbus, LLC*, 2013 WL 656061, *2 (M.D. Ga. Feb. 21, 2013).

Simply alleging that the Midland Defendants' discovery responses are "deficient" does not

provide the Midland Defendants or the Court with any guidance for correcting or addressing the

alleged deficiencies. Accordingly, Plaintiff's Motions should be denied on this basis as well.

*See Dehaan*, 2013 WL 656061, *2 (denying movant's motion to compel and observing that

"[t]he Court is not required to do a party's work for him ... [i]f a party fails to make the effort to

demonstrate to the Court the basis for his motion, then that party's motion will not be rescued by

the Court."); *see also Mohawk Ind., Inc. v. Interface, Inc.*, 2008 WL 5210420, *5 (N.D. Ga. Dec.

3, 2008) (denying motion to compel because, among other deficiencies, movant failed to identify

specific information that it sought to be compelled); *Preston v. Settle Down Ent., Inc.*, 90 F.

Supp. 2d 1267, 1282-83 (N.D. Ga. 2000) (denying motion to compel where motion lacked

specificity as to the discovery response the movant sought to be compelled and, therefore, there

was no basis for the Court to make a ruling).

### C.  Plaintiff's Motions Should Be Denied Because The Midland Defendants Properly Responded To Plaintiff's Discovery Requests And She Cannot Demonstrate That She Has Been Prejudiced.

After a two-hour meet and confer telephone conference on January 3, 2014, the Midland

Defendants served amended discovery responses and non-confidential documents on Plaintiff on

January 7, 2014 as agreed to in the parties' conference. Broussard Decl., ¶ 8; *see also* amended

discovery responses, attached as Exhibit D.   Plaintiff's failure to  point to specific deficiencies

in the Midland Defendants' amended responses and documents produced should result in denial

of her Motions. Further, she has not cited any prejudice to her in the short delay in receiving the

responses. Therefore, Plaintiff's Motions should be denied on this basis as well.

## II.   PLAINTIFF'S MOTION TO DEEM ADMITTED THE REQUESTS FOR ADMISSIONS SHOULD BE DENIED.

Plaintiff also seeks to have her purported requests for admissions deemed admitted.  In considering Plaintiff's motion, the Court must first consider whether the withdrawal or amendment of the response to the request for admission will serve the presentation of the merits, and second, it must determine whether the withdrawal or amendment will prejudice the party who is relying upon the admission in its presentation of the case.  *See Perez v. Miami–Dade County*, 297 F.3d. 1255, 1266 (11th Cir. 2002).  The first step "emphasizes the importance of having the action resolved on the merits" and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Id.* at 1266.  The second step focuses on "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions."  *Id.*  "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'"  *Id.* at 1265 (quoting *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577–78 (11th Cir. 1988)).

The first prong of the *Perez* test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation on the merits," is met here.  This case should be decided on its merits rather than the alleged, four-day-late admissions.  Plaintiff is a *pro se* litigant who has filed at least 12 lawsuits against various companies in this Court over the last two years.  Plaintiff alleges that the Midland Defendants violated the FDCPA and FCRA in attempting to a collect an unpaid debt from her.  Plaintiff's Requests ask the Midland Defendants, among other things, to admit

that Plaintiff has no legal obligation to pay them money and that the Midland Defendants have no legal basis to collect any money from Plaintiff – obvious legal conclusions that are inappropriate for requests for admissions anyway. Therefore, the withdrawal of the admissions would aid in the "ascertainment of the truth and the development of the merits." *Smith*, 837 F.2d at 1577. Plaintiff could obtain any discovery on these issues through interrogatories or a deposition of the Midland Defendants.

With respect to the second prong, Plaintiff cannot establish that she would be prejudiced by the withdrawal of admissions. The Midland Defendants served responses to Plaintiff's requests on December 27, 2013, so Plaintiff has been on notice that they contest the admissions and the allegations in Plaintiff's complaint. Plaintiff is not faced with difficulty in proving her case because of a "sudden need to obtain evidence with respect to questions previously answered by the admissions." *Perez*, 297 F.3d at 1266. Accordingly, Plaintiff's motion should be denied. *See U.S. v. $28,000 in U.S. Funds*, 2014 WL 118645, *3 (M.D. Ga. Jan. 10, 2014) (concluding that both prongs of the test were met and allowing withdrawal of any admissions); *Iguana LLC v. Patriot Perf. Mat'ls, Inc.*, 2010 WL 3732305, *4 (M.D. Ga. Sept. 15, 2010) (determining that withdrawal of the matters admitted by Iguana would promote the presentation of the merits of the case).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions should be denied.

Respectfully submitted this 30th day of January, 2014.

KING & SPALDING LLP

/s/ K. Ann Broussard
K. Ann Broussard (*Pro Hac Vice*)
Georgia Bar No. 100142

8

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for the Midland Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

January 30, 2014.

/s/  K. Ann Broussard
K. Ann Broussard

Plaintiff's Appendix Document No - 46

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 FEB -5 AM 9: 52

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| **Teri Lynn Hinkle** | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case No. 3:13-CV-00033** |
| **vs** | ) | |
| | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.** | ) | |
| **MIDLAND FUNDING, LLC.** | ) | |
| **ENCORE CAPITAL GROUP, INC.** | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF'S REPLY TO CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND <u>MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED</u>

Plaintiff, Teri Lynn Hinkle, files her Reply to Defendants, Midland Credit Management,

Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc.

("Encore") (collectively, the "Defendants"), Consolidated Response in Opposition to Plaintiff's

Amended Motions to Compel and Motion to Deem Requests for Admission Admitted

("Plaintiff's Motions") as follows. For the reasons set forth below, Plaintiff's Motions should be

granted.

1. Plaintiff has endeavored to comply with the FRCP and this Honorable Court's

   Scheduling order (see doc. #31)

2. On January 31, 2014 Defendants filed a Consolidated Response to Plaintiff's Amended

Motions to Compel and Motions to Deem Requests for Admissions Admitted. In regard

to Defendant's Consolidated Response, Plaintiff states the following:

    a.  The docket shows the Consolidated Response was not filed within the 14 days

        allowed by S.D. Ga. L.R. 7.5., and there was no prior motion for an enlargement

        of time filed.

    b.  None of Plaintiff's claims are barred by the applicable statutes of limitations

        under the FCRA and FDCPA.

    c.  The Plaintiff has endeavored to comply with the FRCP and this Honorable

        Court's Scheduling order (Id. ¶1). (*See also* Plaintiff's Affidavit, Exhibit A,

        attached.)

    d.  Discovery propounded upon all Defendants was sent via USPS Certified Mail

        #70122920000083452027on November 12, 2013 and delivered to Defendants on

        November 14, 2013. (*See* Doc #34 Ex.2)

    e.  Defendants NEVER offered ANY reason for failing to respond to discovery

        requests within the 30 days allowed by the FRCP or by the extended deadlines

        given by the Plaintiff.

    f.  Unlike Defendants who are represented by counsel, who are able to file and be

        served via the CMF/ECF system, Plaintiff is proceeding *pro se* and must rely only

        on the USPS due to geographical distance from the Court. In order to comply with

        any deadlines imposed by the FRCP or the Scheduling Order in this case, Plaintiff

        is forced to allow 3 to 5 days for postal delivery depending upon whether or not

        the deadline at issue falls within a day of the weekend. This was explained to the

Defendants' counsel each time Plaintiff agreed to an extension of time for
responses to discovery. Plaintiff's access is further limited by the fact that her
local post office closes at noon on Wednesdays and she has no transportation to
use the next nearest post office in other towns which would be approximately 10
to 15 miles distant. The Plaintiff's local post office is within walking distance.

g. For the reasons stated above each time the Plaintiff offered Defendants additional
time and set an extended deadline for delivery receipt of the Defendants'
responses, Plaintiff stated verbally and in writing the date certain and a time of
12:00 pm EST to insure that any of Plaintiff's consequent necessary filings could
reach the Court in a timely manner.

h. Each time Defendants failed to deliver responses to Plaintiff by the time clearly
stated both orally and written, Plaintiff waited as long as she could to take any
action according to the constraints of postal mail and delivery times. When
Defendants' counsel requested additional time to respond the second time
Plaintiff agreed to January 7, 2014, 12:00 pm EST and had explained the issue
with mailing times and her commitment to the Court to amend the motions by
January 13, 2014. Thus Defendants' counsel was fully aware of the reason for the
time stipulation made by the Plaintiff.

i. Plaintiff filed no motions until after the Defendant's failures to comply.

j. When amended responses to discovery were received by the Plaintiff they
appeared nearly identical to the first responses. The Interrogatories included a
verification of signature instead of completing the Jurat the Plaintiff had
propounded upon the Defendants. Other than unverified copies of registrations for

the Defendants with the Georgia Secretary of State and Defendant, Encore Capital
Group's publicly accessible 2010, 2011, & 2012 SEC form 10-K reports, ALL
Requests for production were either claimed to be not in the possession of the
Defendants or objected to as confidential or privileged.

k.  Plaintiff did in fact specify which Interrogatories and Requests for Production
were not answered. (*See* Docs. 32,34,36 and attached exhibits). Plaintiff did
comply with S.D. Ga. L.R. 26.5 by providing the Court with copies of all
Interrogatories and Requests for Admissions and Production. It would be cost
prohibitive for Plaintiff to print all copies over again and attach to each
subsequent filing given the volume of the documents. Since the amended
responses received by the Plaintiff after filing her amended motions appeared to
be virtually identical to the first and there is no basis for claims of privilege or
protection, the issue of insufficiency and omissions remain unchanged.

l.  When the Plaintiff filed her original motions she had not received ANY
responses. When the Plaintiff filed her amended motions she had not received the
completed amended responses.

m. Defendants amended responses to Interrogatories and Requests for Production
were a continuation of an attempt to evade compliance with Discovery by
claiming privilege or proprietary information and demanding a protective order
without providing a protective order draft for the Plaintiff to review.

n.  Defendants did not provide a protective order draft until days after their amended
responses were sent to the Plaintiff. When a second draft for protective order
almost identical to the first seeking broad, overreaching and universally inclusive

protection, privilege or proprietary nature for anything Plaintiff might ask or

request to be provided was sent, Plaintiff stated in response via email on January

23, 2014 that the draft was not acceptable and appeared to be an attempt to

circumvent the federal rules as follows:

> i. *"I have reviewed the draft of the protective order. It is over broad and over reaching as the items which are specifically listed in there are specifically discoverable under the Federal Rules of Evidence or in the alternative already covered under the rules as to personal privacy etc. Further, anything that you or your client consider to be privileged should be listed in a privilege log, then notify me according to the rules concerning those documents and or information. At that point if there is a dispute we can have a hearing and let the court decide as to the status of the item in question. I expect the documents I requested in discovery and withheld for the purposes of protection or claim of privilege be mailed to me by Monday, January 27, 2014."*

o. Plaintiff outlined in detail in her Amended Motions to Compel, Doc's 39,40 & 41,

the Defendants' dilatory tactics including, failure to respond to correspondence,

numerous broken appointment agreements which were requested by them, and

obvious delay tactics to avoid disclosure of evidence requested by the Plaintiff.

The discovery period ends February 15, 2014 and the Defendants have failed to

produce the documents requested by the Plaintiff with the exception of a public

document provided by Encore and copies of unverified Secretary of State

registrations for the Defendants.

p. Defendants continue to claim that Plaintiff's Requests for Production of

Documents can only be provided after the entry of a Protective Order. The

Plaintiff requested documents which would pertain directly to her, are relevant to

this case and are not proprietary by nature nor are they outside the four corners of

the Complaint. Plaintiff is aware that Defendants possess documents such as one

called "Bureau Reports By Reporting Date" which would show the knowing and

willful monthly re-reporting of information to the CRA's after Plaintiff's disputes

that Defendants have voluntarily provided in other cases in the public record. (*See*

Salmas v Midland Credit Management et al, US Dist. Court, Central District of

California, Case No. 8:13-cv-00679-DOC-SH, doc #26, Ex.D)

q.  Pursuant to FRCP, Rule 26(a)(1)(C), both parties must make the initial

disclosures at or within 14 days after the parties' Rule 26(f) conference. Plaintiff

served 26(a)(1) disclosures to Defendants within the 14 day time span according

to the rules. Defendants, to date, have failed or refused to do so. The 26(f)

conference was held on October 28, 2013, therefore Defendants' 26(a)(1)

disclosures are 98 days overdue as of February 3, 2014.

3.  Defendants have continuously stonewalled with dilatory tactics in an attempt to further

frustrate the Plaintiff in the discovery process. Defendants have failed to produce

admissible evidence requested by the Plaintiff.

4.  Defendants have engaged in dilatory tactics and obfuscation to avoid answering

discovery in this case and have failed to cooperate in good faith in order to frustrate a *pro

se* plaintiff and to litter the record with frivolous and unfounded accusations wasting the

Court's time. This behavior would appear to be commonly used in cases involving the

same Defendants in this case.[1]

---

[1] *See Scardina v Midland Credit Management, Midland Funding LLC, Encore Capital Group, Inc., United States District Court for the Northern District of Illinois, Eastern Division, doc #25, case number 1:11cv03149, (Plaintiff's Motion to Bar Any Objections Based on a Need For Protective Order), same case, doc. #34, Plaintiff's Motions to Compel Discovery; Rule to Show Cause and For Sanctions; See also, Edeh v Midland Credit Management, doc #18, Plaintiff's Motion to Compel Discovery, docket://gov.uscourts.mnd.0-09-cv-01706;*

5. Defendants' have made unfounded, unwarranted and false aspersions on the Plaintiff's actions and intentions in order to cast her in an unfavorable light to the Court and distract attention from its own failures.

6. Defendant's statements such as inaccurate dates in regard to statutes of limitation, deadlines imposed by the FRCP, and the facts in regard to Plaintiff's actions in this case are either false or misleading. In affirming summary judgment for the defense in an employment case, the Fifth Circuit reminded: "Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is 'zealous' to the point of false or misleading statements. A footnote to that reminder noted: "'zealous' is derived from 'Zealots,' the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle." *Branch v. Cemex, Inc.*, No. 12-20472 (March 26, 2013, unpublished).

7. The purpose of modern discovery is the pretrial disclosure of acts, documents, and other information relevant to the lawsuit in order to give all parties full knowledge of the facts so they can prepare for trial[2]. (Discovery also requires that attorneys cooperate to identify and fulfill legitimate discovery needs and avoid costs and burdens disproportionate to what are at stake in litigation.)

## CONCLUSION

8. Plaintiff has complied fully and completely with all of the proper discovery requests provided by the Defendants in a timely manner and with specificity. Plaintiff asks this

---

[2] *See Gary Plastic Packaging Corp. v Merill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230,236 (2d Cir. 1985); *see 02 Micro Int'l*, 467 F.3d at 1365; *Computer Task Group v. Brotby*, 364 F3d 1112, 1117 (9th Cir. 2004); *Football, Inc. v. Harjo*, 191 F.Supp.3d 77,80 (D.D. 2002). Its further purpose is to prevent delays at trial and conserve scarce judicial resources. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir.1973); *see also Mancia v. Mayflower Textile Servs.*, 253 F.R.D. 354, 58 (D.Md.2008).

Court, at this time, to require the Defendants to do the same. The rules require it and fairness dictates it.

WHEREFORE, because plaintiff's requests are proper and because the Defendants have failed to comply with the discovery process under the FRCP, the Plaintiff requests that this Honorable Court grant her Motions pending before this Court or in the alternative at least instruct Defendants to comply with FRCP 26(b)(5).

DATED this 3rd day of February, 2014

Respectfully Submitted:

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

# EXHIBIT

# A

# AFFIDAVIT OF FACT

NOW COMES the Affiant, Teri Lynn Hinkle of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Federal District Case No. 3:13cv-00033), Teri Lynn Hinkle v. MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING LLC., ENCORE CAPITAL GROUP INC.

1. Plaintiff has endeavored to comply with the FRCP and this Honorable Court's Scheduling order.

2. On January 31, 2014 Defendants filed a Consolidated Response to Plaintiff's Amended Motions to Compel and Motions to Deem Requests for Admissions Admitted.

3. The docket shows the Consolidated Response was not filed within the 14 days allowed by S.D. Ga. L.R. 7.5., and there was no prior motion for an enlargement of time filed.

4. None of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA.

5. Discovery propounded upon all Defendants was sent via USPS Certified Mail #70122920000083452027 on November 12, 2013 and delivered to Defendants on November 14, 2013. (*See* Ex.B attached)

6. Defendants never provided any reason for failing to respond to discovery requests within the 30 days allowed by the FRCP or by the extended deadlines given by the Plaintiff.

7. Plaintiff is proceeding *pro se* and must rely only on the USPS to file with the Court due to geographical distance from the Court. In order to comply with any deadlines imposed by the FRCP or the Scheduling Order in this case, Plaintiff is forced to allow 3 to 5 days for postal delivery depending upon whether or not the deadline at issue falls within a day of the weekend. This was explained to the Defendant's counsel each time Plaintiff agreed to an extension of time for responses to discovery. Plaintiff's access is further limited by the fact that her local post office closes at noon on Wednesdays and she has no transportation to use the next nearest post office in other towns which would be approximately 10 to 15 miles distant. The Plaintiff's local post office is within walking distance.

8. For the reasons stated above each time the Plaintiff offered defendant and set an extended deadline for delivery receipt of the Defendant's responses, Plaintiff

stated verbally and in writing the date certain and a time of 12:00 pm EST to insure that any of Plaintiff's consequent necessary filings could reach the Court in a timely manner.

9. Each time Defendant failed to deliver responses to Plaintiff by the time clearly stated both orally and written, Plaintiff waited as long as she could to take any action according to the constraints of postal mail and delivery times.

10. When Defendant's counsel requested additional time to respond the second time Plaintiff agreed to January 7, 2014, 12:00 pm EST and explained the issue with mailing times and her commitment to the Court to amend the motions by January 13, 2014. Defendant's counsel was fully aware of the reason for the time stipulation made by the Plaintiff.

11. Plaintiff filed no motions until after the Defendants' failures to comply.

12. When the Plaintiff filed her original motions to compel and deem she had not received ANY responses.

13. When the Plaintiff filed her amended motions she had not received the completed amended responses.

14. Plaintiff's decision to file motions to compel and deem admitted was based on an already well-established pattern of dilatory tactics and non-cooperative behavior by the Defendants in this case.

SIGNATURE OF NOTARY ON NEXT PAGE

2

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved her identity to my

satisfaction, and she acknowledged her signature on this Affidavit in my presence and stated that

she did so fully understanding that she was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing

statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these

beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

February 3, 2014

Teri Lynn Hinkle

Name of Notary: April Sherie Holmes

Signature of Notary: April Sherie Holmes

Seal

3

Case 19-13398 Date Filed 01/20/2015 Page 125 of 172

# EXHIBIT

# B

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: *Tally T. Blalock King & Spalding LLP*
Street, Apt. No.; or PO Box No. *180 Peachtree St. N.E.*
City, State, ZIP+4 *Atlanta, Georgia, 30309*

7012 2920 0000 8345 2027

PS Form 3800, August 2006                    See Reverse for Instructions

Certified          $2.55
                   $3.10
Label #:   70122920000083452027
                   ========
Issue PVI:         $11.45

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number *(Transfer from service label)* | 7012 2920 0000 8345 2027 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff,* )
)
)          Case No 3:13-cv-00033
vs )
)
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants.* )
)

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S REPLY TO DEFENDANT'S CONSOLIDATED RESPONSE OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. IN OPPOSITION TO PLAINTIFF'S AMENDED MOTIONS TO COMPEL AND MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** on February 3, 2014.

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

Ayinkie
388 Bethal St.
Eastman, GA
31023

Clerk of U.S. District Court
P.O. Box 1130
Augusta, Georgia
30903



U.S. POSTAGE
EASTMAN GA
FEB 3 2014
AMOUNT
$1.61
00083216-04
1000
30803

Plaintiff's Appendix Document No - 50

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 FEB 14   AM 10: 17

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle
   *Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT, INC.,
MIDLAND FUNDING, LLC.,
ENCORE CAPITAL GROUP, INC.
   *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 3:13-CV-00033**

## PLAINTIFF, TERI LYNN HINKLE *PRO SE'S* MOTION FOR PROTECTIVE

## ORDER

    COMES NOW the Plaintiff pro se, Teri Lynn Hinkle, who Moves this Honorable Court to issue an Order to protect her from Defendant's request for deposition by oral examination, under F.R.C.P. Rule 32(a)(5)(A) and states as follows:

## INTRODUCTION

1. On June 27, 2013 the Plaintiff *pro se* sued Defendants Midland Credit Management Inc., Midland Funding, LLC., and Encore Capital Group, Inc. (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act (FDCPA), and the Fair Credit Reporting Act (FCRA).

2. On February 06, 2014 Plaintiff *pro se* received an electronic copy of Defendants' notice of Taking Deposition via email. The email stated the Notice had also been sent via USPS.

3. As of today, February 10, 2014 Plaintiff *pro se* has not received Defendants' notice of Taking Deposition via USPS. The Deposition is scheduled for February 14, 2014 at 10:00 AM EST. In anticipation of receiving it eventually by USPS, the Plaintiff is filing this motion due to the time restrictions she is subject to by having to file using the USPS.

4. The Discovery period ends February 18, 2014, per Scheduling Order [Doc 31].

5. Plaintiff *pro se* has not waived her right under FRCP Rule 5 to receive service of documents in the mail. Further the Plaintiff *pro se* states that service of the Notice of Taking Deposition via email is in opposition to this Honorable Court's order to effect service using the "United States Postal Service"[1]. (*See* Doc. 23). Even if that were not the case the Notice of Taking Deposition served via email would not comport with the FRCP as stated below.

6. Defendant's discovery request is objectionable, because Plaintiff *pro se* received zero days advance notice of Deposition by USPS service. **In accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than fourteen (14) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.**

7. Plaintiff *pro se* certifies that she attempted to confer with Defendant in a good-faith

---

[1] Docket 23, pg 1, fn 1... "Defendants are reminded that Plaintiff is proceeding pro se and does not have access to the CM/ECF filing system to receive electronic service of filings. Accordingly, Defendants are directed to effect service upon Plaintiff using the United States Postal Service."

effort to resolve the matter without court intervention by telephone and email. Because Plaintiff *pro se* was unable to confer with Defendant the dispute remains unresolved, and due to the immediacy of the matter, the Plaintiff *pro se* submits her motion.

## ARGUMENT

8. A court has broad discretion to issue a protective order on a showing of good cause. *See* FRCP 26(c), see also *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

9. In this case, there is good cause for the Court to protect Plaintiff *pro se* with a protective order. Thus, Plaintiff *pro se* asks the Court to exercise its discretion and grant a protective order for the following reasons:

    A.    Defendant has had ample opportunity to obtain the requested information through discovery. FRCP 26(b)(2)(C)(ii).

    B.    Specifically, **Plaintiff *pro se* received zero days advanced notice of Deposition.**

    C.    Moreover, Defendants have not served their initial disclosures which were due no later than November 15, 2013 pursuant to FRCP 26(a)(1). The Defendants are now more than 100 days late and Plaintiff *pro se* has made

multiple attempts to resolve the issue to no avail. *See* Docs 39,49,41 ¶24

D.       Defendants waited until the eleventh hour to serve Discovery on the

Plaintiff *pro se* which she responded to in a timely manner disclosing all

information either in her possession, not already in the Defendants' possession

or discoverable and relevant to this case.

E.       The date Defendants seek for taking Deposition is four days before the

end of the Discovery period. It is now too late to comply with FRCP

32(a)(5)(A), without extending the Discovery period which Plaintiff *pro se*  is

adamantly opposed to given the continuous efforts on the part of the

Defendants to delay the final resolution of this case from the beginning.

## CONCLUSION

10.       Because the Defendants failed to timely Notice Plaintiff *pro se* for Deposition

pursuant to FRCP Rule 32(a)(5)(A), the Plaintiff *pro se* asks the Court to set her

Motion for Protective Order for hearing and, after the hearing, to issue an order

protecting the Plaintiff *pro se* from deposition by denying the requested discovery.

WHEREFORE, Plaintiff pro se, Teri Lynn Hinkle, Moves this Honorable Court to enter

an Order granting this Motion for Protective Order, along with such other and further relief

as this Court deems just and proper.

Dated:  February 10 2014


Respectfully Submitted,


Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| Teri Lynn Hinkle                       | )   |                          |
| *Plaintiff,*                           | )   |                          |
|                                        | )   |                          |
|                                        | )   | Case No 3:13-cv-00033    |
| vs                                     | )   |                          |
|                                        | )   |                          |
| MIDLAND CREDIT                         | )   |                          |
| MANAGEMENT INC.                        | )   |                          |
| MIDLAND FUNDING LLC.                   | )   |                          |
| ENCORE CAPITAL GROUP INC.              | )   |                          |
| *Defendants.*                          | )   |                          |
|                                        | )   |                          |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S AMENDED MOTION FOR PROTECTIVE ORDER** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on February 10, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE

Mailing Envelope
For Domestic and International Use



1007

**EXTREMELY URGENT**    Please Rush To Addressee

*Visit us at usps.com*

RECIPIENT
The sender has requested notification upon delivery.
Immediately upon receipt, please telephone:
NAME:
Tel. No.: (    )

PLEASE PRESS FIRMLY

DuPont™ Tyvek®
Protect What's Inside™

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

PRESS HARD. YOU ARE MAKING 3 COPIES.

EI 352279663 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE ®

Mailing Label
Label 11-B, March 2004

Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 31023
Day of Delivery: ☑ Next ☐ 2nd ☐ 2nd Del. Day
Postage: $ 16.95
Date Accepted: 2 of 10 Year 14
Scheduled Date of Delivery: Month 12 Day 11
Return Receipt Fee
Time Accepted: 12:49 ☐ AM ☑ PM
Scheduled Time of Delivery: ☑ Noon ☐ 3 PM
COD Fee    Insurance Fee
Military: ☐ 2nd Day ☐ 3rd Day
Flat Rate ☐ or Weight: 0 lbs. 2 oz.
Total Postage & Fees: $ 16.95
Int'l Alpha Country Code
Acceptance Clerk's Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt / Time / ☐ AM ☐ PM / Employee Signature
Delivery Attempt / Time / ☐ AM ☐ PM / Employee Signature
Delivery Date: 2 - 11    Time 1400    Employee Signature

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or Postal Service Acct No.

WAIVER OF SIGNATURE (Domestic Mail Only)

☐ NO DELIVERY ☐ Weekend ☐ Holiday

FROM: (PLEASE PRINT)    PHONE (
Hinkle
322 Bethel St
Eastman GA 31023

1130

TO: (PLEASE PRINT)    PHONE (
Clerk of US Dist. Court
600 James Brown Blvd
Augusta GA

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)
30901 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811





Please Recycl

Place Mail



EP13C

Plaintiff's Appendix Document No - 49

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC.,
## MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S
## FIRST MOTION FOR EXTENSION OF DEADLINES

Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore

Capital Group, Inc. (collectively, the "Midland Defendants"), respectfully move the Court for a

30-day extension of the discovery and motions deadlines stating as follows:

1.      The current discovery and motions deadlines are February 18, 2014 and March

20, 2014, respectively.

2.      On February 4, 2014, the Midland Defendants' counsel e-mailed Plaintiff to

confirm her availability for a deposition on February 13, 2014. *See* Declaration of K. Ann

Broussard ("Broussard Decl."), ¶ 3, attached as Exhibit A, and Exhibit A-1.

3.      On February 5, 2014, Plaintiff responded by e-mail that she was not available for

a deposition on February 13, 2014. Broussard Decl. ¶ 4 and Exhibit A-1. The Midland

Defendants' counsel immediately responded to Plaintiff and requested that she provide available

dates for her deposition. *See id.* Plaintiff did not respond to this request for available dates. *See*

*id.*

1

4.      Having received no response from Plaintiff concerning her availability, on February 5, 2014, the Midland Defendants' counsel served a notice of deposition on Plaintiff setting her deposition for February 14, 2014. Broussard Decl. ¶ 5 and Exhibit A-2.

5.      On Saturday, February 8, 2014, Plaintiff emailed the Midland Defendants' counsel advising that she intended to file a motion for protective order. Broussard Dec. ¶ 6 and Exhibit A-3.

6.      On February 10, 2014, the Midland Defendants' counsel called Plaintiff to advise that her deposition was properly noticed for February 14, 2014, but also offered to take her deposition on February 17 or February 18. Broussard Decl., ¶ 7 and Exhibit A-4. Plaintiff declined those two alternative dates. *Id.*

7.      Due to the inclement weather and dangerous and icy conditions in Atlanta and the surrounding areas, on February 13, 2014, the Midland Defendants' counsel emailed and called Plaintiff to advise that the February 14, 2014 deposition would need to be rescheduled. Broussard Decl. ¶ 8 and Exhibit A-5. The Midland Defendants' counsel asked Plaintiff to confirm her availability on February 17 or February 18 for her deposition. *Id.* Plaintiff responded that she was not available on either of those dates. *Id.*

8.      For the foregoing reasons, the Midland Defendants respectfully request a 30-day extension of the discovery and motions deadlines so that the Midland Defendants may reschedule Plaintiff's properly-noticed deposition. *See e.g., Brown v. True Assoc., Ltd.*, 2014 WL 46821, *2 (S.D. Ga. Jan. 6, 2014) (granting motion for additional time to conduct limited discovery); *Dalenberg v. City of Waynesboro*, 221 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (granting motion for extension of time to conduct discovery and file motions). In addition, the parties have been unable to agree on a protective order so that the Midland Defendants may

produce confidential/proprietary documents and this additional time will facilitate resolution of that issue as well.

9.    Counsel for the Midland Defendants consulted Plaintiff regarding any objection to this extension and Plaintiff does object to this request.

WHEREFORE, for good cause shown, the Midland Defendants respectfully request that the discovery and dispositive motions deadlines be extended through March 20, 2014 and April 21, 2014, respectively.  In accordance with S.D. Ga. LR 26.2, a proposed, modified scheduling order is submitted contemporaneously with this Motion.

Respectfully submitted this 16th day of February, 2014.

/s/  *K. Ann Broussard*
K. Ann Broussard (*Pro Hac Vice*)
Georgia Bar No. 100142

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing pleading by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA 31023

Dated: February 16, 2014.

           /s/ K. Ann Broussard
           K. Ann Broussard (Admitted *Pro Hac Vice*)
           Georgia Bar No. 100142

           KING & SPALDING LLP
           1180 Peachtree Street, N.E.
           Atlanta, Georgia 30309
           Telephone: (404) 572-4600
           Fax: (404) 572-5100
           Email: ABroussard@kslaw.com

           **Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

4

# EXHIBIT A

Case 3:13-cv-00033-DHB-BKE Date Filed 01/20/2015 Page 144 of 172

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERI LYNN HINKLE,                          )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )          Case No. 3:13-cv-00033
                                           )
MIDLAND CREDIT MANAGEMENT,                 )
INC., MIDLAND FUNDING LLC,                 )
And ENCORE CAPITAL GROUP, INC.             )
                                           )
                Defendants.                )

---

DECLARATION OF K. ANN BROUSSARD
IN SUPPORT OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S
FIRST MOTION FOR EXTENSION OF DEADLINES

---

I, K. Ann Broussard, hereby declare as follows:

1.      I am an attorney for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc. (collectively referred to as the "Midland Defendants") in this case. I am over the age of 21, have personal knowledge of the matters set forth herein, and am otherwise competent to provide this declaration.

2.      I submit this declaration in support of the Midland Defendants' First Motion For Extension of Deadlines.

3.      On February 4, 2014, the Midland Defendants' counsel e-mailed Plaintiff to confirm her availability for a deposition on February 13, 2014. *See* Exhibit A-1, attached hereto.

4.      On February 5, 2014, Plaintiff responded by e-mail that she was not available for a deposition on February 13, 2014. The Midland Defendants' counsel immediately responded to Plaintiff and requested that she provide available dates for her deposition. Plaintiff did not

respond to this request for available dates. *See* Exhibit A-1, attached hereto.

    5.    Having received no response from Plaintiff concerning her availability, on February 5, 2014, the Midland Defendants' counsel served a notice of deposition on Plaintiff setting her deposition for February 14, 2014. *See* Exhibit A-2, attached hereto.

    6.    On Saturday, February 8, 2014, Plaintiff emailed the Midland Defendants' counsel advising that she intended to file a motion for protective order. *See* Exhibit A-3, attached hereto.

    7.    On February 10, 2014, the Midland Defendants' counsel called Plaintiff to advise that her deposition was properly noticed for February 14, 2014, but also offered to take her deposition on February 17 or February 18. The Midland Defendants' counsel also e-mailed Plaintiff to confirm her availability on those two dates. *See* Exhibit A-4, attached hereto. Plaintiff declined those two alternative dates.

    8.    Due to the inclement weather and dangerous and icy conditions in Atlanta and the surrounding areas, on February 13, 2014, the Midland Defendants' counsel emailed and called Plaintiff to advise that the February 14, 2014 deposition would need to be rescheduled. The Midland Defendants' counsel asked Plaintiff to confirm her availability on February 17 or February 18 for her deposition. Plaintiff responded that she was not available on either of those dates. *See* Exhibit A-5, attached hereto.

    Pursuant to 28 U.S.C. § 1746, I further declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

    Executed this 16th day of February, 2014, at Atlanta, Georgia.

By: _____
K. Ann Broussard

2

# EXHIBIT A-1

**Broussard, Ann**

| | |
|---|---|
| **From:** | Broussard, Ann |
| **Sent:** | Wednesday, February 05, 2014 11:22 AM |
| **To:** | 'Teri Hinkle' |
| **Subject:** | RE: Hinkle v. Midland |

Please give me dates that you are available.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com

> **From:** Teri Hinkle [mailto:queensongbird@gmail.com]
> **Sent:** Wednesday, February 05, 2014 11:20 AM
> **To:** Broussard, Ann
> **Subject:** Re: Hinkle v. Midland
>
> Ann,
>
> No I am not. Also I have requested the motion hearing to be telephonic due to the Dublin Division being closed and the excessive geographic distance to the Augusta Division. That may   be more convenient for you as well. I will be out the rest of the day on a family matter.
>
> Regards,
>
> Teri
>
> On Tue, Feb 4, 2014 at 7:36 AM, Broussard, Ann <ABroussard@kslaw.com> wrote:
> Ms. Hinkle-
>
> Are you available on 2/13 for your deposition?
>
> Ann
>
> *K. Ann Broussard*
> *King & Spalding LLP*
> *Direct:  (404) 215-5725*

---

King & Spalding Confidentiality Notice:

1

# EXHIBIT A-2

**Broussard, Ann**

---

| | |
|---|---|
| **From:** | Broussard, Ann |
| **Sent:** | Wednesday, February 05, 2014 3:33 PM |
| **To:** | queensongbird@gmail.com |
| **Subject:** | Hinkle v. MCM, et al. |



ATL15TRN01.pdf

Ms. Hinkle-

See attached correspondence (also sent by regular mail).

Ann

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com

1

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

K. Ann Broussard
Direct Dial: +1 404 215 5725
Direct Fax: +1 404 572 5100
abroussard@kslaw.com

February 5, 2014

**VIA U.S. MAIL AND E-MAIL**

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  30123

   Re: Teri Lynn Hinkle v. Midland Credit Management Inc., et al.
     Case No.:  3:13-cv-00033

Dear Ms. Hinkle:

  Enclosed please find Defendants Midland Credit Management Inc., Midland Funding LLC, and Encore Capital Group, Inc.'s Notice of Deposition of Plaintiff Teri Lynn Hinkle scheduled for February 14, 2014 at 10:00 a.m. EST in the above referenced action.

      Sincerely,

      K. Ann Broussard

KAB:rmg
Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Case No 3:13-CV-00033

Teri Lynn Hinkle,

    *Plaintiff,*

Vs.

MIDLAND CREDIT
MANAGEMENT INC.,
MIDLAND FUNDING LLC, and
ENCORE CAPITAL GROUP INC.,

    *Defendants.*

## DEFENDANTS MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING LLC AND ENCORE CAPITAL GROUP, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF TERI LYNN HINKLE

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Midland Credit Management Inc., Midland Funding LLC, and Encore Capital Group, Inc. (the "Midland Defendants"), will take the deposition upon oral examination of TERI LYNN HINKLE at the Eastman-Dodge County Chamber, 1646 College Street, Eastman, GA 31023, February 14, 2014 at 10:00 a.m. EST, and continuing from day to day until completed. The deposition will be taken stenographically before a court reporter, or other officer authorized to administer oaths and report oral deposition testimony, pursuant to the Federal Rules of Civil Procedure. The Midland Defendants reserve the right to appear telephonically for this deposition.

Dated: February 5, 2014.

                                       KING & SPALDING LLP

                                       K. Ann Broussard
                                       Admitted *Pro Hac Vice*

Georgia Bar No. 100142

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for Encore Capital
Group, Inc., Midland Funding
LLC, and Midland Credit
Management, Inc.**

2

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **NOTICE OF DEPOSITION OF PLAINTIFF TERI HINKLE** by United States Mail and email to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA 31023

K. Ann Broussard
Georgia Bar No. 100142

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: ABroussard@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

3

# EXHIBIT A-3

**Broussard, Ann**

| | |
|---|---|
| **From:** | Teri Hinkle <queensongbird@gmail.com> |
| **Sent:** | Saturday, February 08, 2014 1:24 PM |
| **To:** | Broussard, Ann |
| **Subject:** | Re: Hinkle v. MCM, et al. |

Ann,


I still have not received a copy by mail and your sending it to me via email does not comport with the rules but in good faith I am attempting to confer with you to tell you that I am filing a motion for a protective order.  Do you oppose or not?


Teri Hinkle



On Wed, Feb 5, 2014 at 3:32 PM, Broussard, Ann <ABroussard@kslaw.com> wrote:

Ms. Hinkle-

See attached correspondence (also sent by regular mail).

Ann



K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

1

# EXHIBIT A-4

## Broussard, Ann

| | |
|---|---|
| **From:** | Broussard, Ann |
| **Sent:** | Monday, February 10, 2014 12:10 PM |
| **To:** | queensongbird@gmail.com |
| **Cc:** | Broussard, Ann |
| **Subject:** | Hinkle v. Midland, et al. |

Dear Ms. Hinkle:  I am following up on our call from earlier today concerning your deposition in this case which is set for February 14.  You stated that you have filed a motion for protective order, but we have not seen it yet.  If you can email a copy to me, it would be helpful.

As far as the deposition, you stated that you were generally available on Sundays and I offered to take your deposition on Sunday, February 16.  You declined this offer and said that you would appear on the 14th as noticed, but that you maintained that the deposition would not be usable since your motion for protective order is pending.  Please let me know by close of business today which date you are willing to go forward with your deposition – either the 14th as noticed or the 16th.  I can also do it on the 17th or 18th if that is better for you.  If we do not hear from you, we will proceed as noticed on the 14th.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

1

Case: 19-10996 Date Filed: 01/20/2015 Page: 158 of 172

# EXHIBIT A-5

**Broussard, Ann**

| | |
|---|---|
| From: | Teri Hinkle <queensongbird@gmail.com> |
| Sent: | Thursday, February 13, 2014 9:18 PM |
| To: | Broussard, Ann |
| Subject: | Re: Hinkle v. Midland |

Ann,

I just got home and opened your emails. I do not have voice mail or answering machine nor do I have a cell phone. My daughter is very sick and I was out helping her.

No I am not available next week and I will oppose any enlargement of discovery as I stated in my motion. You have had more than ample time to accomplish whatever discovery processes you needed.

I hope Atlanta thaws out for you tomorrow. It looks a mess on the news.

Teri


On Thu, Feb 13, 2014 at 2:52 PM, Broussard, Ann <ABroussard@kslaw.com> wrote:
Ms. Hinkle-

I never received a response to you regarding rescheduling your deposition in light of current weather conditions. I also called you twice, but voicemail did not pick up so I was unable to leave you a message. Given weather conditions, this email confirms that I will not appear for your deposition tomorrow and we will need to reschedule it.

Given this postponement, please confirm that you have no objection to Midland seeking a 30-day extension of the discovery and dispositive motions deadlines. If I do not hear from you by tonight, Midland will move for the extension and specify that there was no response from Plaintiff. Thanks.
Ann


*K. Ann Broussard*
*King & Spalding LLP*
*Direct: (404) 215-5725*

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


--
Teri

*"A nation...cannot survive treason from within...the traitor ...wears the face of his victims,...and he appeals to the baseness that lies deep in the hearts of all men. He rots the soul of a nation—he works secretly...he infects the body politic so that it can no longer resist. A murderer is less to be feared......." Cicero, 42 B.C.E.*
*"None are so hopelessly enslaved, as those who falsely believe they are free. The truth has been kept from the depth of their minds by masters who rule them with lies. They feed them on falsehoods till wrong looks like right in their eyes." ~ Johann Wolfgang von Goethe (b. 1749 - d. 1832)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:13-cv-00033 |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., MIDLAND FUNDING LLC, | ) |
| And ENCORE CAPITAL GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER ON DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S FIRST MOTION FOR EXTENSION OF DEADLINES**

On this day, came before the Court Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc.'s (collectively, "the Midland Defendants") First Motion For Extension of Deadlines. Having considered the Midland Defendants' Motion, and for good cause shown, the Court finds that the Motion should be GRANTED.

It is therefore ORDERED that the discovery and motions deadlines shall be extended through and including March 20, 2014 and April 21, 2014, respectively, as set forth in the attached modified Scheduling Order.

This ____ day of February, 2014.

_____
The Honorable Brian K. Epps
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] MODIFIED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and having granted the Defendants' First Motion For Extension of Deadlines, the following dates represent the scheduling deadlines in the above-styled case:

| | |
|---|---|
| CLOSE OF DISCOVERY | March 20, 2014 |
| LAST DAY FOR FILING CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, but EXCLUDING MOTIONS IN LIMINE | April 21, 2014 |

Defendants shall submit their portion of the pre-trial order to Plaintiff five (5) days before the pre-trial order deadline, in default of which sanctions may be imposed.

Motions in limine shall be filed no later than five (5) days prior to the pre-trial conference.

All motions, other than summary judgment and motions to dismiss, shall be accompanied with a proposed order.

Any witness known prior to the close of discovery and not disclosed will not be allowed.

Curriculum vitae on all expert witnesses shall be filed contemporaneously with, but separate from, the pre-trial order.  This rule will be strictly adhered to and the Court will not allow the expert witness to testify in the event of noncompliance.

2

SO ORDERED this _____ day of February, 2014, at Augusta, Georgia.

_____

The Honorable Brian K. Epps
United States Magistrate Judge

Plaintiff's Appendix Document No - 51

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2014 FEB 18  PM 3: 36

DUBLIN DIVISION

CLERK C. Adams
SO. DIST. OF GA.

| | |
|---|---|
| TERI LYNN HINKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

CV 313-033

---

## REVISED SCHEDULING ORDER

Having reviewed Defendants' request for an extension of the discovery period (doc. no. 49), and for good cause shown, the Court **GRANTS** an extension of the remaining deadlines in this case as follows:

| | |
|---|---|
| CLOSE OF DISCOVERY | March 20, 2014 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS, but EXLCUDING MOTIONS IN LIMINE | April 21, 2014 |

All provisions of the November 12, 2013 Scheduling Order not revised herein shall remain in full force and effect.

Because Plaintiff received notice of the February 14, 2014 deposition date via email on February 5, her motion for a protective order alleging that she received "zero days advanced notice of Deposition" is **DENIED**. (Doc. no. 50.) Plaintiff is **DIRECTED** to provide Defendants, by email to be sent on or before noon, February 19, 2014, with three proposed dates for her deposition within the extended discovery period, and to cooperate with all attempts to schedule such deposition. To ensure compliance with this deadline, a copy of this Order shall be emailed to Plaintiff by Rebecca Cirillo, the

undersigned's Courtroom Deputy Clerk, utilizing the email address for Plaintiff identified in the exhibits to Defendants' motion.

SO ORDERED this 18th day of February, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

2

Plaintiff's Appendix Document No - 54

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR -3  AM 10:04

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI LYNN HINKLE,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        CV 313-033
                                       )
MIDLAND CREDIT MANAGEMENT,             )
INC., et al.,                          )
                                       )
            Defendants.                )

ORDER

      Before the Court are *pro se* Plaintiff's amended motions to compel (doc. nos. 39, 40,

41), motions to deem matters admitted (doc. nos. 33, 35, 37), and a related amended motion

for a hearing (doc. no. 48).   Plaintiff filed separate motions against each of the three

defendants, but they are based on the same interactions with defense counsel and raise the

same arguments.   (See generally doc. nos. 33, 35, 37, 39, 40, 41.)   Because she filed

amended motions, Plaintiff's original motions to compel and motion for a hearing are

**MOOT.**  (Doc. nos. 32, 34, 36, 47.)   Likewise, Plaintiff's motion for an extension to

amend her discovery motions is **MOOT.**  (Doc. no. 38.)   For the reasons set forth below,

the Court **DENIES** Plaintiff's amended motions to compel and amended motion for a

hearing, and **GRANTS** her motions to deem matters admitted.

I.    **BACKGROUND**

      Plaintiff alleges violations of the Fair Credit Reporting Act and the Fair Debt

Collection Practices Act.   Presently at issue are Plaintiff's November 13, 2013 discovery

requests, consisting of interrogatories, requests for production of documents, and requests for

admissions. (Doc. no. 39, p. 2.) Defendants did not respond on or before the original deadline of December 17, 2013,[1] and on December 19, 2013 Plaintiff sent Defendants a letter extending the deadline to respond to noon, December 23, 2013. (Id.)

Defendants submitted their responses by email the evening of December 23, at approximately 6:15 p.m., and sent Plaintiff a copy by overnight delivery that same evening. (Id. at 2-3; doc. no. 44, p. 2.) Plaintiff filed her motions to deem matters admitted and original motions to compel shortly after the noon deadline, before receiving Defendants' responses. (Doc. no. 39, p. 2.) On January 3, 2014, the parties met and conferred by telephone regarding Defendants' discovery responses, and Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014. (Id. at 6.) On January 7, Defendants served Plaintiff with amended responses, some but not all responsive documents, and verifications in support of their amended responses. (Id. at 6-7; doc. no. 44, p. 3.) Defendants promised to supplement their document production upon execution of a consent protective order. (Doc. no. 39, p. 6.)

On January 11, 2014, after receiving Defendants' amended responses, Plaintiff filed her amended motions to compel, alleging Defendants did not timely serve their original discovery responses, that the original responses were deficient, and that their amended responses did not cure the deficiencies. (See doc. nos. 39, 40, 41.) Plaintiff does not identify specific responses alleged to be deficient, but requests that the Court compel Defendants to provide "full and complete answers to interrogatories and requests for production of documents. In addition, the Court should deem that the Defendant[s] [have] waived [their]

---

[1] Plaintiff claims Defendants have provided inaccurate dates for the deadlines imposed by the Federal Rules of Civil Procedure in their response. (Doc. no. 46, p. 7.) However, because Defendants had three additional days to respond pursuant to Federal Rule 6(d), and another day under Federal Rule 6(a)(1)(C), they had until December 17 to serve their responses.

objections to any interrogatories." (Doc. no. 39, p 12.) Plaintiff also alleges a laundry list of deficiencies in Defendants' conduct of discovery to date, including: (1) unverified responses to interrogatories, (2) insufficient responses to requests for production, containing broad assertions that Defendants are not in possession of the requested documents or that the requested documents are confidential and privileged, (3) amended responses to requests for production that were nearly identical to the original insufficient ones, (4) failure to provide a draft protective order, (5) original and amended draft protective orders that sought "broad, overreaching and universally inclusive protection," (5) initial disclosures that are 98 days overdue, and (6) constant rescheduling of phone conferences to discuss Defendants' discovery inadequacies. (See doc. no. 39, p. 2-10; doc. no. 46, pp. 3-6.)

## II. DISCUSSION

### A. Plaintiff's Amended Motion for a Hearing Is Denied.

Because Plaintiff's motions include lengthy supporting arguments, and Plaintiff has also filed a reply brief (doc. no. 46), the Court finds that oral argument is unnecessary and **DENIES** Plaintiff's amended motion for a hearing. (Doc. no. 48.)

### B. Because Plaintiff's Amended Motions to Compel Lack Specificity, They Do Not Comply with Local Rule 26.5 or Federal Rule of Civil Procedure 37.

Under Local Rule 26.5, a party moving to compel discovery responses must quote verbatim each interrogatory, request for admission, or request for production to which the motion is directed, include the specific grounds for such motion, and include the reasons assigned as supporting the motion. Objections to discovery responses must address specific discovery requests, and "may not be made generally." Loc. R. 26.5(c). Likewise, under Fed. R. Civ. P. 37, "[m]ere conclusory allegations that the opposing party has failed to comply

with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be compelled to do more than the party has already done." Dehaan v. Urology Ctr. of Columbus, LLC, No. 4:12-cv-6, 2013 WL 656061, at *2 (M.D. Ga. Feb. 21, 2013). These specificity requirements ensure that courts are able to adjudicate discovery disputes effectively and efficiently.

As stated above, Plaintiff alleges myriad inadequacies in Defendants' conduct during discovery. However, it is impossible to determine the accuracy of Plaintiff's alarming accusations because she failed to provide copies of any of the critical documents, including, for example, the draft protective orders, Defendants' discovery responses, key correspondence regarding discovery, etc. Similarly, Plaintiff does not cite the specific discovery requests that form the basis of her motions, instead attaching her requests and asking that Defendants be required to answer them fully. (See doc. nos. 39, 40, 41.) Plaintiff does not provide copies of Defendants' responses and explain why specific ones are insufficient, nor does she state what specific information she seeks to have compelled. Indeed, Plaintiff's only substantive argument as to why she is entitled to additional responses is her conclusory statement "the information requested by the Plaintiff is relevant and admissible at trial." (See doc. no. 39, p. 13.) As such, she has not provided adequate information for the Court to evaluate the merits of her motions.

In sum, Plaintiff's general objections to Defendants' discovery responses are not in compliance with the requirements of Local Rule 26.5(c) and Federal Rule 37.[2] To be clear, the pattern of discovery misconduct alleged by Plaintiff is concerning to the Court. However,

---

[2] See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 914 (11th Cir. 2010) (per curiam) ("pro se status does not excuse non-compliance with procedural rules").

4

it is impossible to determine the merits of these allegations without specifics and supporting

documentation. Accordingly, Plaintiff's amended motions to compel are **DENIED** (doc.

nos. 39, 40, 41).[3]

> **C.    Plaintiff's Motions to Deem Matters Admitted Are Granted Because It Is Undisputed that Defendants Served Their Responses to Plaintiff's Requests for Admissions After the Extended Deadline of Noon on December 23, 2013.**

Plaintiff requests that the Court enter an order deeming admitted all of her requests

for admissions because Defendants failed to timely respond to them. (Doc. no. 39, pp. 3-4.)

Under Federal Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being

served, the party to whom the request is directed serves on the requesting party a written

answer or objection addressed to the matter and signed by the party or its attorney." The

party to whom the request is directed has an additional three days under Federal Rule 6(d),

and the deadline is further extended under Federal Rule 6(a)(1)(C) if, as here, the deadline

falls on a weekend. The deadline may also be extended, as it was here, by stipulation of the

parties. Fed. R. Civ. P. 36(a)(3). However, Defendants missed even Plaintiff's extended

deadline of noon, December 23, 2013, by providing their responses at 6:15 p.m. that evening.

(Doc. no. 44, p. 2.)

---

[3] See Dehaan, 2013 WL 656061, at *2 (denying movant's motion to compel and observing that "[t]he Court is not required to do a party's work for [her] ... [i]f a party fails to make the effort to demonstrate to the Court the basis for [her] motion, then that party's motion will not be rescued by the Court."); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[3] (per curiam) (holding that failure to comply with the Local Rules may result in summary denial of a motion); see also Pesin v. Rodriguez, 244 F.3d 1250, 1253 (11th Cir. 2001) (per curiam) (rejecting as "meritless" an appeal of trial court's denial of motion that failed to comply with local rules); Zaklama v. Mt. Sinai Med. Ctr., 906 F.2d 645, 648 (11th Cir. 1990) (recognizing "authority and enforceability accorded district courts in administering their local rules"); Mohawk Ind., Inc. v. Interface, Inc., No. 4:07-cv-0212, 2008 WL 5210420, at *5 (N.D. Ga. Dec. 3, 2008) (denying motion to compel because, among other deficiencies, movant failed to identify specific information that it sought to be compelled).

Defendants appear to concede that their responses were untimely, and that Plaintiff's requests for admission are therefore deemed admitted pursuant to Federal Rule 36(a)(3). Defendants argue that grounds exist for withdrawal of such admissions under Perez v. Miami–Dade Cnty., 297 F.3d 1255 (11th Cir. 2002). (Doc. no. 44, p. 7.) However, the plain language of Rule 36(b) provides that a court can only allow withdrawal of admissions upon motion, not *sua sponte*. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended.") (emphasis added). Thus, although it appears there may be adequate grounds for allowing withdrawal, the Court cannot conclusively make such a determination without a motion and an opportunity for Plaintiff to respond. Therefore, Plaintiff's motions to deem matters admitted are **GRANTED**. (Doc. nos. 33, 35, 37.) If Defendants wish to request withdrawal or amendment of the admissions, they must file a motion requesting such.

SO ORDERED this 3rd day of March, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE