CASE NO. 15-10398-F

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

TERI LYNN HINKLE,

Plaintiff—Appellant

v.

MIDLAND CREDIT MANAGEMENT, INC.;

MIDLAND FUNDING LLC; AND

ENCORE CAPITAL GROUP INC.

Defendants—Appellees,

APPENDIX TO APPELLANT'S BRIEF

VOLUME 3

*Appeal from the United States District Court, Southern District of Georgia, Dublin Division*

Craig K. Perry
Attorney at Law
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
*Attorney for Plaintiff-Appellant Teri Hinkle*

Plaintiff's Appendix Document No - 55

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 13  AM 9: 58

CLERK _____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

Teri Lynn Hinkle
*Plaintiff,*

vs

MIDLAND CREDIT
MANAGEMENT, INC.
MIDLAND FUNDING, LLC.
ENCORE CAPITAL GROUP, INC.
*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:13-CV-00033

## PLAINTIFF TERI LYNN HINKLE'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTIONS TO COMPEL

COMES NOW, the Plaintiff who motions this Honorable Court to reconsider its Decision and Order entered March 3, 2014 on the Plaintiff *pro se's* Amended Motions to compel, (Docs 39, 40, 41). The Plaintiff recognizes and appreciates this Honorable Court's analysis of the deficiencies contained in her motions and hereby states with specificity her reasons for requesting that the Court reconsider and issue an order for Defendants to comply with unresolved Requests for Production.

The Plaintiff pro se respectfully states and/or re-states the following:

## A. Introduction

1. Plaintiff is Teri Lynn Hinkle and Defendants are Midland Credit Management Inc., (MCM), Midland Funding LLC., (MIDLAND), and Encore Capital Group, Inc.(Encore).

2. Plaintiff sued Defendants for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

3. On November 14, 2013 plaintiff served discovery materials including interrogatories, requests for production and admissions on all three Defendants via USPS Certified Mail RRR #7012 2920 0000 8345 2027.

4. Although responses were due to be served to Plaintiff no later than December 17, 2013, the Defendants failed to serve any responses to interrogatories, requests for production or admissions or to contact Plaintiff by that date.

5. Plaintiff waited a response until December 19, 2013 affording ample time for mailing or email correspondence from the Defendant. On that date Plaintiff sent via email and USPS a letter (*See* Exhibit 1), reminding Defendant's counsel the responses to the discovery materials had not been received and stated further that the Plaintiff would wait until December 23, 2013, at 12:00 pm EST to receive said responses before seeking relief from the Court.

6. Counsel for the Defendant telephoned the Plaintiff after receiving the email and requested an extension to respond until after the first of the year but stated no reason for the request. Defendant had been provided ample time to respond as required by FRCP 33(b)(2) and had failed to give any reason for its lack of response or need for an extension of time to respond. The Plaintiff stated she would not wait until after the first of the year and the stated deadline of December 23, 2013 was firm.

7. The Plaintiff mailed Motions to Deem Admissions Admitted and Motions to Compel responses to Interrogatories and Requests for Production, (*See* Dk. 34 & 35) on December 23, 2013 several hours **after Defendants failed to respond to the second deadline of December 23, 2013 at 12:00 pm EST.**

8. Defendants attempted to answer discovery on the evening of December 23, 2013 via email. The responses were incomplete, evasive, improperly served and contained blanket claims of privilege or protection for each and every request for production.

9. Also on December 23, 2013, Defendant's counsel emailed a draft Protective Order and requested the Plaintiff review and advise as to her approval. The drafted order was overly broad in language and contained no specifics as to what information, documents or testimony Defendant expected to be deemed protected or privileged. Plaintiff answered the email and stated she would not agree to a blanket protective order designed to encompass anything and everything the Defendants might want to be privileged or protected and they would need to be far more specific. (*See* Exhibit 2-7).

10. On December 26, 2013 the Plaintiff received via UPS the hard copies of the discovery responses previously sent by email after Plaintiff had already mailed her motions to the court.

11. The responses to Admissions, Interrogatories and Requests for Production which were sent to the Plaintiff were all signed by the Attorney of Record, Tully T. Blalock and were not certified under oath by any authorized agent or employee of the Defendants which is contrary to the requirements of FRCP 33(b)(5).

12. After receiving the hard copies identical to the responses sent via email, the Plaintiff attempted to reach Defendants' counsel by telephone multiple times and left messages. The purpose of the calls was to discuss and confer with counsel regarding the numerous

deficiencies contained in the responses to discovery requests. When unable to reach counsel by phone Plaintiff sent an email informing counsel that she expected to be contacted no later than December 31, 2013 at 12:00 noon EST so that she could amend her pending motions to compel in a timely manner as she had previously stated she would in her Notice to the Court.

13. Within minutes of sending the email counsel telephoned the Plaintiff and admonished her for having filed the original motions to compel and denied that the deadline of noon on December 23, 2013 had been given. That date and time had been communicated in writing both by email and by USPS mail as well as orally during a previous telephone conversation with counsel. (*See* Exhibit 3) Plaintiff agreed to schedule another telephone conference to discuss discovery on the following day and counsel requested 11:00 am EST on December 31, 2013 to do so which Plaintiff agreed to.

14. At 10:39 am EST on December 31, 2013 the Plaintiff received an email from Defendants' counsel stating she needed to discuss the matters with her clients and asked to postpone the conference until later that afternoon. (*See* Exhibit 2-7)

15. At 10:52 am EST. on December 31, 2013 the Plaintiff answered counsel's request affirmatively and stated she would be available by 1:00 pm EST. (*See* Exhibit 2-8)

16. When Plaintiff had not heard from Defendants' counsel by approximately 3:45 pm she sent an email advising the Defendant that she would be available the rest of the day but still expected resolution of the discovery issues by January 6, 2014. **Defendants' counsel never called or responded to the emails on that day.** (*See* Exhibit 2-8)

17. On the afternoon of January 2, 2014 Defendants' counsel telephoned the Plaintiff and asked to re-schedule for 2:00 pm on January 3, 2014 and Plaintiff agreed.

18. At the appointed time of 2:00 pm on January 3, 2014 **Defendants' counsel failed to keep yet another appointment.** Plaintiff sent another email to counsel at approximately 5:45 pm, as an additional reminder that the previously stated deadline of January 6, at 12:00 pm, to cure the deficiencies in the discovery responses would stand regardless of whether or not another telephone conference took place. (*See* Exhibit 2-8)

19. At approximately 6:00 pm on January 3, 2014 Defendants' counsel finally called the Plaintiff to discuss the deficiencies in the responses to discovery the Plaintiff had received post deadlines. Plaintiff followed up that conference with an email to Defendants' counsel outlining the agreement reached on the evening of January 3, 2014. (*See* Exhibit 2-9)

20. Both parties agreed during the conference on January 3, 2014 that Defendants would correct the deficiencies in the Interrogatories and Requests for Production and serve them to Plaintiff along with the sworn certification of the signer, Mr. John Moreno no later than January 7, 2014 at close of business. Defendants' counsel stated she would send a re-drafted protective order for the Plaintiff to review so that documents the Plaintiff was requesting could be produced. **No re-drafted protective order was sent to the Plaintiff between the call of January 3, 2014 and the agreed time for all issues to be resolved** of January 7, 2014 instead of January 6 as previously stated due to counsel's weekend schedule.

21. On the afternoon of January 7, 2014 Defendants' counsel telephoned the Plaintiff and requested additional time because she was waiting for the discovery materials to be sent to her by her clients who were on the west coast in the Pacific Time Zone. Plaintiff agreed and stated she would be willing to wait until 8:00 pm EST. Defendants' counsel also stated she would send a re-draft of a protective order as well. At approximately 8:15 pm that evening, the Plaintiff received an email from Defendants' counsel **containing only four out of the six**

total discovery responses which were due. **There was no re-drafted protective order included.** There was no "sworn certification of signature" from Mr. Moreno or any other person answering the interrogatories for the Defendants and counsel stated she would send that when she got it from her client. (*See* Exhibit 2-10)

22. Once again the responses to discovery **were sent after yet another deadline,** were incomplete, without proper signatures, and delivered via email rather than pursuant to the Court order which stated responses were to be made by USPS mail. Even if the responses were also mailed on that date they would not reach the Plaintiff for several more days.

23. A draft for an amended protective order (*See* Exhibit 4) was finally sent to the Plaintiff on January 16, 2014, via email (*See* Exhibit 2-11) 8 days after the Defendants' sent amended *discovery responses and after Plaintiff's mailing of the amended motions to this Court* **rather than when Defendants' counsel stated it would be sent.** The Plaintiff had stated clearly during the telephone conference with counsel on January 3, 2014 she would not agree to an order which did not specify exactly what the Defendants sought to claim protection for. The second draft contained no such language. The Plaintiff responded via email on January 21, 2014 stating she would review the document and respond. (*See* Exhibits 2-13 and 4). There has been no motion for protective order submitted to the Court by the Defendants and yet they continue to use the lack of one as an excuse for not producing documents requested by the Plaintiff. (*See* Exhibits 5, 6 and 7).

24. The Plaintiff stated via email on January 23, 2014 that matters of privilege, confidentiality, propriety and trade secret should be dealt with via privilege log and requested the deficient responses to Requests for Production be sent to her via USPS by January 27, 2014. (*See* Exhibit 2-13) The only Requests for Production provided by the Defendants' with their

Amended Responses were three print outs from the Georgia Secretary of State regarding the Defendants' registry with the State and 495 pages of the 2010, 2011, 2012 SEC 10-K Reports of Encore Capital Group, Inc. which are publicly available via the Internet. The Plaintiff will show herein that documents vital to this case and the Plaintiff's allegations of violations of the FCRA and the FDCPA pertaining directly to the Plaintiff have been withheld under the excuse of a lack of a protective order which was never requested from the Court.

25. Defendant  has engaged in continued tactics to stall, delay and has consistently failed to cooperate with the Plaintiff in regard to all deadlines imposed by the FRCP from the beginning of this case by engaging in the following actions:

A.  improperly attempted to derail the case by sweeping it into a California MDL in order to delay and create difficulty for the Plaintiff to seek due process under the law as a *pro se* litigant after deliberately misleading the Plaintiff as to their intention to do so in an initial telephone conversation between Defendant's counsel and the Plaintiff; (See Exhibit 9-1 ¶2)

B.  refused to answer communications in regard to a joint 26(f) conference and then repeatedly failing to cooperate with the Plaintiff in the process of submitting a joint 26(f) report to the Court; (*See* Exhibits 2-2, 3, 4 and 8)

C.  continued failure to serve the Plaintiff with 26(a)1 disclosures which were due November 14, 2013 even after being reminded by the Plaintiff via written communication sent by USPS mail, in willful violation of FRCP 26(a)1(C) and was never responded to. The disclosures have yet to be served to the Plaintiff. (*See* Exhibit 9-1 ¶1)

D.  making false a statement to the Court in Defendant's 26(f) report in regard to a demand for settlement the Plaintiff never made; (*See* Exhibit 9-1 ¶1)

E.  consistently failed to keep appointments made for conferences; (*See* Exhibit 2-7, 8, 9)

F.  failed to perform within the FRCP, causing Plaintiff to file the 26(f) report individually in order to meet the deadline imposed by the Court's scheduling order; (*See* Exhibit 2-3, 4, 5, 6)

G.  failed to timely file discovery responses within both the deadline imposed by the FRCP and the extended deadlines granted by the Plaintiff only to then serve the responses which were incomplete and inadmissible as evidence and containing blanket claims of protection for requests for production in lieu of a protective order that had never been written, agreed to, or submitted to this Court. Though the Defendants have had since November 12, 2013 to secure and submit a protective order in regard to discovery they have failed to make any effort to do so in order to timely respond to discovery within the 30 days allowed by the FRCP. Thus attempting to provide themselves an excuse to withhold relevant information and production of documents;

H.  consistently attempting to delay the discovery process in order to inhibit the Plaintiff's ability to obtain discoverable and usable evidence within the time afforded by the Court's discovery schedule filed on November 12, 2013 and amended on February 18, 2014;

I.  the Plaintiff has never been given reasons for the constant delays and non-cooperation beyond vague excuses such as "called away", etc., nor has the Defendant ever communicated to the Plaintiff that there "might" have been a reasonable delay at any time other than noted above.

<u>**Relief Sought**</u>

26. During the telephone conference with Defendants' counsel on January 3, 2014, regarding the deficiencies contained in the Defendants' responses to discovery, counsel stated her clients

would stand on their answers to Interrogatories with the exception of very few. In the interest of resolving this matter at this late stage of the discovery process, the Plaintiff hereby narrows her request for assistance from the Court to the following outstanding deficiencies in the Defendant's Amended responses to Requests for Production. Each of these Requests were propounded identically on all three Defendants (*See* Exhibits 5, 6 and 7):

A. **REQUEST FOR PRODUCTION NO. 1** (*stated identically to each Defendant*) (See Exhibits 5, 6 and 7)
Please produce the documents you allege constitute validation of the alleged account(s).

   i. **Defendant Midland's response:** *Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.*

   ii. **Defendant MCM's response:** MCM *objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon entry of a protective order to restrict dissemination of confidential information.*

   iii. **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1692g(b), 15 U.S.C.§ 1692g(a)(1),(2),(3),(4),(5), 15 U.S.C.§ 1692e(2) and 15 U.S.C.§ 1692d and d(5). The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. The

Plaintiff has not sought a protective order as the damage caused by the Defendants' actions in

sharing and disseminating her private information has already occurred and no protective

order could undo it. This Request relates to actions taken by the Defendants against the

Plaintiff prior to the filing of this case and therefore could in no way be considered privileged

or work product. All three Defendants have stated in their responses that they have retained

all documents and information relating to the alleged accounts they maintain belong to the

Plaintiff. Yet for purposes of this discovery Request two of the three Defendants claim they

are not in possession of documents requested and the other attempts to hide behind a non-

existent protective order that was never requested from the Court.

B. **REQUEST FOR PRODUCTION NO. 5** (stated identically to each Defendant). (See Exhibits 5,6 and 7)
Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

    iv. **Defendant Midland's response:** Midland Funding objects to this Request to the

extent it seeks information that is confidential, proprietary, privileged, and/or

contains trade secrets. Subject to and without waiving the foregoing general and

specific objections, Midland Funding states that it is not in possession of documents

responsive to this Request.

    v. **Defendant MCM's response:** MCM objects to this Request to the extent it seeks

information that is confidential, proprietary, privileged, and/or contains trade

secrets. Subject to and without waiving the foregoing general and specific

objections, MCM states that it will produce non-privileged documents responsive to

this Request upon entry of a protective order to restrict dissemination of

confidential information.

    vi. **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1681*et seq*, and specifically 15 U.S.C.§ 1681s-2(b).The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff.  Yet for purposes of this discovery Request two of the three Defendants claim they are not in possession of documents requested and the other attempts to hide behind a protective order that was never requested from the Court.

C. **REQUEST FOR PRODUCTION NO. 6** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)

    Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect

    vii. **Defendant Midland's response:** Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon entry of a protective order to restrict dissemination of confidential information.

viii. **Defendant MCM's response** :  Identical to the Midland Response

**Defendant Encore's response:** Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1681*et seq*, and specifically 15 U.S.C.§ 1681s-2(b) as well as her allegations under the FDCPA *Id.* The information sought by the Plaintiff pertains directly to the Plaintiff and is of a confidential nature only to the Plaintiff. If in fact any contract is in existence which would obligate the Plaintiff to pay the Defendants any monies it would certainly not be privileged and the Plaintiff has a right to see it and challenge it. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff.  Yet for purposes of this discovery Request one of the three Defendants claims it is not in possession of documents requested and the others attempt to hide behind a protective order that was never requested from the Court and an absurd claim that the document requested which would directly pertain to the Plaintiff would somehow be considered privileged.

D. **REQUEST FOR PRODUCTION NO. 7** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

ix. **Defendant Midland's response:** Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

x. **Defendant MCM's response:** MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

xi. **Defendant Encore's response:** Identical to the Midland response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1681*et seq*, and specifically 15 U.S.C.§ 1681s-2(b) as well as her allegations under the FDCPA *Id*. The information sought by the Plaintiff pertains directly to the Plaintiff and would be of a confidential nature only to the Plaintiff. If in fact any original account ever existed the Defendants would be obligated to review it in order to

comply with the requirements of a reasonable investigation after dispute by the consumer.[1]

The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff. Yet for purposes of this discovery Request one of the three Defendants claims it is not in possession of documents requested and the others attempt to hide behind a protective order that was never requested from the Court and claim that the document requested directly pertaining to the Plaintiff would have no relevance to this case and would somehow be considered privileged.

E. **REQUEST FOR PRODUCTION NO. 8** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)
   Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

   xii. **Defendant Midland's response:** Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or

---

[1] ***Brim v. Midland Credit Management, Inc.,*** 795 F. Supp.2d 1255 (2011) After a contentious trial, a jury awarded a consumer $100,000 in actual damages and $623,000 in punitive damages for Midland Credit's "willful noncompliance" of its duties under federal law (Fair Credit Reporting Act) to adequately investigate the consumer's repeated credit report disputes over a 2-year period. The trial court revealed: Midland credit receives about 8,000 disputes per year; In 95% of those disputes, Midland merely checks its own electronic information as a means of validating the debt; and Midland's debts are purchased at discount from creditors unable to collect them. The jury determined defendant's conduct to be reprehensible.

contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

xiii.   **Defendant MCM's response:** Identical to the Midland response

xiv.   **Defendant Encore's response:** Encore objects to this Request to the extent that it seeks information that is confidential, proprietary, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of 15 U.S.C.§ 1681*et seq*, and specifically 15 U.S.C.§ 1681s-2(b) as well as her allegations under the FDCPA *Id*. The information sought by the Plaintiff pertains directly to her and is of a confidential nature only to her. The Plaintiff has a right to demand the *Defendants produce any "forward flow" agreement or "bill of sale" which contains the* Plaintiff's personal identifiers connected with any alleged debt which they claim affords them ownership. The Plaintiff has not sought a protective order as the damage caused by the Defendants actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they maintain belong to the Plaintiff. Yet for purposes of this discovery Request one of the three Defendants claims it is not in possession of documents requested and the others attempt to

hide behind a protective order that was never requested from the Court and an absurd claim that the document requested directly pertaining to the Plaintiff would somehow be considered privileged, proprietary or a trade secret. Defendant Encore, as the whole owner of the other two Defendant entities would most certainly have access to any documents, information and or evidence held by them.

F.  **REQUEST FOR PRODUCTION NO. 16** (stated identically to each Defendant) (See Exhibits 5, 6 and 7)
    Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

    xv.  **Defendant Midland's response:**  Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

    xvi.  **Defendant MCM's response:** MCM objects to this Request on the basis that it is vague and ambiguous and the term "consumer report" has not been defined. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it is not in possession of documents responsive to this Request.

    xvii.  **Defendant Encore's response:** Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent that it seeks information that is confidential, proprietary, privileged, and/or contains trade

secrets. Subject to and without waiving the foregoing general and specific

objections, Encore states that it is not in possession of documents responsive to this

Request.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's

allegations of violations of 15 U.S.C.§ 1681*et seq*, as well as her allegations under the

FDCPA *Id*. The information sought by the Plaintiff pertains directly to her and is of a

confidential nature only to her. The Plaintiff has not sought a protective order as the damage

caused by the Defendants actions in sharing and disseminating her private information has

already occurred and no protective order could undo it. This Request relates to actions taken

by the Defendants against the Plaintiff prior to the filing of this case and therefore could in

no way be considered privileged or work product. All three Defendants have stated in their

responses that they have retained all documents and information relating to the alleged

accounts they maintain belong to the Plaintiff.  Yet for purposes of this discovery Request all

three Defendants claim they are not in possession of the documents requested. The Plaintiff

is highly alarmed that the Defendants obtained her consumer credit reports on multiple

occasions and now claim not to have them. If this is true what did they do with them, how

did they dispose of them, and who specifically had access to them?[2]

G. **REQUEST FOR PRODUCTION NO. 19** (stated identically to each Defendant) (See
   Exhibits 5, 6 and 7)
   Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first
   reporting to the Credit Reporting Agencies with proof of mailing and receipt as required
   by 15 U.S.C. § 1692g and its subsections.

---

[2] http://www.business.ftc.gov/documents/bus33-consumer-reports-what-information-furnishers-need-know **Disposing of Consumer Report Information -** When you are finished using a consumer report, you must securely dispose of the report and any information you gathered from it. That can include burning, pulverizing, or shredding paper documents, and disposing of electronic information so that it can't be read or reconstructed.

xviii.  **Defendant Midland's response:**  Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

xix.  **Defendant MCM's response** : MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

xx.  **Defendant Encore's response:** Identical to Midland's response.

**Pursuant to Loc. R 26.5 and FRCP 37** this Request relates specifically to Plaintiff's allegations of violations of the FDCPA *Id*. The document sought by the Plaintiff pertains directly to her and is of a confidential nature only to her. The Plaintiff never received such a "notice" and finds it patently ridiculous that something which was required by law to have been sent to her personally could be claimed by the Defendants to be privileged, proprietary, or a trade secret. The Plaintiff has not sought a protective order as the damage caused by the Defendants' actions in sharing and disseminating her private information has already occurred and no protective order could undo it. This Request relates to actions taken by the Defendants against the Plaintiff prior to the filing of this case and therefore could in no way be considered privileged or work product. All three Defendants have stated in their responses that they have retained all documents and information relating to the alleged accounts they

maintain belong to the Plaintiff. Yet for purposes of this discovery Request two Defendants claim they are not in possession of the document requested and the other attempts to hide behind a protective order which has never been requested from this Court. The document requested could not in the wildest of imaginations be deemed privileged or confidential to anyone but the Plaintiff.

27. All of the above Requests for Production propounded on the Defendants relate specifically to documents and information directly linked to the Plaintiff. Anything the Defendants possess which is directly linked or pertains to the Plaintiff and existed prior to the filing of this case, cannot be considered proprietary, or a trade secret. Likewise, such materials cannot be considered privileged as the Plaintiff has not asked for anything created by Defendants' counsel so as to be considered work product. FRCP 34, *See* Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir.2005), "We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."

28. In the Defendants' Answers and Defenses filed October 1, 2013 (doc. 14), they collectively deny any violations of the FCRA (¶ 3), and the FDCPA (¶ 4) yet they continually resist providing documents requested by the Plaintiff which would prove those statements if in fact they were true.

29. Requests for Production numbers 1, 5, 6, 7, and 8, would help to establish whether or not the Defendants ever could have validated[3] the alleged debts as the Plaintiff had demanded long before filing this case. In answers to the Interrogatories propounded by the Plaintiff,

---

[3] The debt collector must actually review the file. 15 USC 1692e(g). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Gammon v. GC Services Ltd. Partnership, C.A.7 (Ill.) 1994, 27 F.3d 1254, on remand 162 F.R.D. 313.

Defendants claim they reviewed the files of the sources but identify the sources as other debt buyers. Nothing has been produced which would show any authentication of any legitimate debt belonging to the Plaintiff despite Plaintiff's repeated requests for such documents. Plaintiff specifically seeks this information in Requests for Production as it relates to specific violations alleged in the Complaint.

30. Requests for Production numbers 5, 6, 7, 8, and 19 would establish whether or not the Defendants complied with the requirements of both the FCRA and the FDCPA.

31. Requests numbers 5, 6, 7, and 8, relate directly to the Plaintiff's allegations of violations of 15 U.S.C. § 1681 *et seq*, and specifically 15 U.S.C. § 1681s-2(b).

32. Request number 19 relates directly to Plaintiff's allegation of violations of 15 U.S.C. § 1692 *et seq.*

33. Request for Production number 16 relates directly to the reason the Plaintiff was and continues to be stressed and extremely alarmed by the actions of the Defendants. Prior to moving to the State of Georgia the Plaintiff was the first person to seek and successfully cause a homicidal stalker targeting her and a family member to be prosecuted and jailed under the Internet Stalking Law. That afforded the Plaintiff time to get her family beyond his reach and to a location unknown to him. After reading about debt collectors hiring known felons to man their call centers and having access to consumers' entire personal and financial information including exact location[4] the Plaintiff is far more than a little concerned about where her personal information obtained by the Defendants in this case ended up.

---

[4] http://www.startribune.com/investigators/111727934.html?page=all&prepage=1&c=y#continue "These are people who can find out where you bank, where you live, even where your friends and relatives live, and the state doesn't seem to care if they are hardened criminals. Why even register collectors if you register criminals?" "Their crimes include identity theft, rape, check forgery, assault, and most frequent, serious drunken driving offenses. Most offenders can legally work as collectors because state law excludes only those convicted of fraud or any felony within five years of their application."

34. The above actions are CLEARLY blatant and egregious attempts to delay and hinder the Plaintiff's ability to conduct a proper discovery of evidence relevant to the violations alleged in this case. The Defendant has exhibited what appears to be a staunch strategy of stonewalling the Plaintiff in an effort to evade the discovery process or delay it effectively beyond the discovery cutoff date stated in the scheduling order issued by the Court. Such actions by the Defendant if allowed to continue will further prejudice the Plaintiff in her efforts to seek crucial information and deny her due process through discovery. Because the Defendants have failed to respond properly and timely to the Requests for Production and cure the deficiencies in the responses so that the Plaintiff may obtain the requested information the Plaintiff requests the assistance of the Court in finding a resolution to the many issues at hand.

## B. Argument and Brief in Support

35. The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34. FRCP 37(a)(2)(B).

---

http://westsherburnetribune.com/submitted-news/commerce-department-working-keep-convicted-felons-out-your-wallet "Turning loose convicted felons on vulnerable Minnesota consumers is a dangerous recipe for fraud and financial abuse," said Commissioner Rothman. "That is why our investigators are thoroughly examining the hiring practices of debt collection agencies doing business in Minnesota. Employing convicted criminals to collect sensitive personal information from financially stressed consumers is against the law -- and it cannot be tolerated." http://www.examiner.com/article/meet-the-scavengers-debt-collectors-hard-at-work This should be a major embarrassment to the Federal Trade Commission; however this issue seems to remain unaddressed. The Dateline NBC special, "Debt: The next big American crisis?" depicts the real inner workings of a felon and his criminal associates in the scavenger debt collection business. http://www.msnbc.msn.com/id/29881849/ns/dateline_nbc-the_hansen_files_with_chris_hansen/t/debt-next-big-american-crisis/

36. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

37. The Court should grant Plaintiff's motion to compel for the following reasons:

   A. The Defendants provided deliberately deficient responses to Requests for Production propounded upon them by the Plaintiff contrary to the requirements of Fed. R. Civ. P. 33(b)(2) and therefore can be compelled to respond under FRCP 37(a)(3)(B)(iii).

   B. Even though the responses were not served upon Plaintiff within the time allowed by the FRCP, Plaintiff extended the time limit an additional nine days yet the Defendants failed to respond and when they did so after the extended time, the responses to Requests for Production were deficient and evasive.

   C. Counsel for the Defendants was fully aware of the time constraint and the extended deadlines.

   D. At no time during the period allowed by FRCP 33(b)(2)[5] did the Defendants or their counsel make ANY good faith attempt to communicate with Plaintiff as to some reason or situation which would prevent it from serving its responses to the discovery materials propounded upon it by the Plaintiff.

   E. Defendant has offered no reason or excuse for its failure to comply but rather continually requested or manipulated yet more time which would in effect shorten Plaintiff's allotted time for discovery and hinder the Plaintiff's ability to prepare the case for trial.

---

[5] **(2)** *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under <u>Rule 29</u> or be ordered by the court.

F. Defendant's failure to respond with proper responses to Requests for Production in the time allowed under FRCP discovery rules warrants entry of an Order compelling compliance with requests for production of documents identified herein.

G. The failure to file complete responses to interrogatories and requests for production of documents reasonably has been held to constitute a complete waiver of any right to object to the requests for production submitted. See *Antico v Honda of Camden*, 85 FRD 34, 35 (Ed. Penna., 1979) (requests for production)., the court confronted a situation where a party who was served with requests for production failed to timely respond, but untimely responded and moved for a protective order. The court concluded that "Although defendant's position, had it been asserted in a timely fashion, might well have proven meritorious, failure to object to a discovery request in a timely fashion constitutes a waiver of the objection," *Hansel v. Shell Oil Corporation*, 169 F.R.D. 303, 305 (E.D. Pa. 1996). Gamesmanship to evade answering as required is not allowed. In *United States v. 58.16 Acres of Land*, 66 FRD 570, 572 (ND Ill., 1975), the Court wrote:

> **"Even an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits, *Baxter v. Vick*, 25 FRD 229 (Ed. Pa. 1960); *Cardox Corp. v. Olin Matheison Chemical Corp.*, 23 FRD**

38. The basis of Plaintiff's complaint is that the Defendants reported false information to the CRA's, about the Plaintiff, knew it was false, failed to investigate after Plaintiff's disputes and in so doing, willfully violated the FCRA and the FDCPA. The listed requests for production above are directly relevant to the allegations in the complaint and specifically

number 8 alone could lead to admissible evidence for trial. *See*, e.g., Discovery Order in *Gold v Midland Credit Mgmt Inc*, et al., 13-cv-02019-WHO (N.D. Cal. Feb. 20, 2014).[6]

39. Plaintiff states and certifies that the information requested by the Plaintiff is relevant to specific allegations in this case and is directly linked to her. Plaintiff certifies that she has conferred with the Defendants who state by email that they will oppose this motion and that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.

WHEREFORE, because Plaintiff's requests are proper and because the Defendants have refused to comply with the rules, the Plaintiff requests the Court reconsider its Decision and Order and compel the Defendants to respond expeditiously to the Requests for Production contained herein.

Dated: March 10, 2014

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

---

[6] Available at
http://scholar.google.com/scholar_case?case=14390888451764458862&hl=en&lr=lang_en&as_sdt=8006&as_vis=1&oi=scholaralrt (ordering production of unredacted recovery agreement between creditor and debt buyer as directly relevant to FDCPA and related claims)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTIONS TO COMPEL** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS mail on March 10, 2014

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**

# EXHIBIT 1

December 19, 2013

King & Spalding LLP

1180 Peachtree Street N.E.

Atlanta, Georgia 30309-3521

Attn: Tully T. Blalock

RE: Case No. 3:13-cv-00033


Dear Mr. Blalock,

Please be advised; I have propounded discovery upon your clients which was received by your office on November 14, 2013. The responses were due on December 14, 2013. To date I have received no response. Please provide responses for each of your clients by Monday, December 23, 2013 no later than 12:00 pm. Otherwise I will have choice but to seek appropriate relief from the Court.


Respectfully,

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

478-374-4132

# EXHIBIT 2



Hinkle v. Midland, et al.    Inbox x    🖨 ⤢

Broussard, Ann <ABroussard@kslaw.com>                    9/30/13

to me, Tony

Ms. Hinkle-

This confirms our conversation wherein you agreed to an extension through tomorrow (October 1, 2013) for the Midland Defendants to file an answer to the amended complaint in this case.  Thanks.

Ann

---

Teri Hinkle <queensongbird@gmail.com>                    10/21/13

to abroussard, bcc: me

# Ms. Broussard,

I have yet to receive any copies of filings from your office. According to the FRCP Rule 5, all filings must be served upon Pro Se parties by USPS.  Not doing so is sanctionable by the court.

The Judge has reminded you to send me things by mail in this order Docket number 23.

Please check your internal policies and procedures to make sure they comport with federal law.

**Teri Hinkle** <queensongbird@gmail.com>                                    10/22/13

to abroussard, bcc. me

Ms. Broussard,

As we discussed over the phone the other day this case must move
forward in the domestic jurisdiction until such time as the transfer is
decided by the JPML. This may take some time as I have filed a
motion to vacate and remand. I have sent two formal letters
requesting a tele-conference for the required 26F **conference** and
have been ignored.

I have the following dates and times available. Please either choose
one or suggest another within the next seven days:

October 23, 24,25,28 or 29th between 10:00 am and 3:00 pm EDT.

Any time after 3:00 pm EDT during the week can be problematic
due to the fact that my five year old granddaughter stays with me
after school and we would be likely to experience interruptions. Five
year olds don't tend to grasp the meaning of patience and courtesy.

Your cooperation in this matter will be greatly appreciated.

**Broussard, Ann** <ABroussard@kslaw.com>                                    10/22/13  ◼  ↰

to me  ▾

I have not ignored you.  Are you available to conduct this conference this afternoon?  I am available at
5:00 p.m.

Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                                    10/22/13    ↰  ·  ▾

to Ann  ▾

I was referring to Mr. Blalock. He is the one the letters were sent to.
As I said in my email after 3 pm can be problematic because of the
grandchild and today it is raining so she will be cooped up in the
house. As long as you don't mind possible interruptions from her
5pm is fine for me. Please advise.

·'·


**Broussard, Ann** <ABroussard@kslaw.com>                                    10/22/13    ↰  ·

to me  ▾

Not bothered by interruptions.  Let's make it 5:30 pm instead.

Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com
        **From:** Teri Hinkle [mailto:queensongbird@gmail.com]

Teri Hinkle <queensongbird@gmail.com>                    10/22/13
to Ann

## Ok that's fine. I will call you at 5:30 then

Teri Hinkle <queensongbird@gmail.com>                    10/22/13
to Ann

## I am getting your answering machine. Please call me instead. I have until 6 and then I have to get the tot fed and and bathed.

Broussard, Ann <ABroussard@kslaw.com>                   10/22/13
to me

I'm sorry – I got tied up with another matter. Are you available to have a call tomorrow?  Thanks.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

Teri Hinkle <queensongbird@gmail.com>                    10/22/13
to Ann

## Yes preferably before 3pm though, Wednesday's are a bit hectic around here and I have a permanent commitment in the evening. Let me know.

Teri Hinkle <queensongbird@gmail.com>                11/1/13
to Ann

Anne,

I have not received the draft for the 26F report. Please send as soon
as possible as we do have the Tuesday deadline and I will need time
to insert my additions and get it back to you in a timely manner.

Thank you,


Rule 26(f) report          Inbox   x

Broussard, Ann <ABroussard@kslaw.com>                11/4/13
to me

I will send you the draft report today for your review. Thanks.


K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com


Teri Hinkle <queensongbird@gmail.com>                11/4/13
to Ann

Ann,

I have not received anything from your office. If we can't get this
completed by 2:00 pm tomorrow, November 4 I will have to mail in
mine separately. I have to be here for my granddaughter from 3 pm
on. Do **not** file the report without my approval. Once we have
agreed on the schedule I can sign, scan and send back to you. That
is if we can get it done by 2 pm. I am not in the habit of missing
deadlines.

Hinkle -- Rule 26(f) report     Inbox   x

**Broussard, Ann** <ABroussard@kslaw com>                    11/5/13
to me

Ms. Hinkle, I am putting the finishing touches on the report and will email it to you shortly.  I had other commitments
yesterday and was unable to send it to you.  Thanks.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail com>                    11/5/13
to Ann

*Ann,*

As I said in my email yesterday I could only wait until 2pm today
before mailing an individual one in. I did that this afternoon when I
heard nothing from you. Today is the deadline and I requested the
court honor the post mark. I have mailed your office a copy as well.
*I have been suffering extreme toxic reaction to a massive dose of
wasp venom which is causing me to be unable to see for more than
a few minutes at a time clear enough to read or be at the computer
screen. I have to take advantage of the ability to work on
documents during the times the pain and drainage stops sufficiently
even if temporary.*

**Broussard, Ann** <ABroussard@kslaw.com>                    12/23/13

to me

Ms. Hinkle-

Attached is a draft Protective Order in this case so that some confidential documents may be produced.  Please review
it and advise whether you approve and I will have it filed with the Court.  Thanks.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com


**Teri Hinkle** <queensongbird@gmail.com>                    12/23/13

to Ann

This is not the Edward Crespo action and you will have to be very specific about which
documents you seek to protect. My internet has been down today so I couldn't get back to you
sooner.

--
Teri


**Broussard, Ann** <ABroussard@kslaw.com>                    12/31/13

to me

Ms. Hinkle-

I have to discuss this matter with my client, so I will need to postpone our call until later today.  Are you available later
this afternoon?  Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

Teri Hinkle <queensongbird@gmail.com>                                      12/31/13

to Ann ·

Yes however I do have my granddaughter today so please understand any interruptions which may occur from a five year old. I do have a couple of errands to run today but will take care of those at 11 instead of having our call. I should be back by 1 pm.

Teri Hinkle <queensongbird@gmail com>                                      12/31/13

to Ann ·

Ann,

As I said on the phone yesterday I am only willing to wait until January 6th, 2014 to receive the corrected discovery responses regardless of whether or not we manage to have a telephone conference today.

I have filed a Notice to the Court that I will amend the motions currently before the court and intend to keep my word to the court on the time period I stated to get them submitted.

I will be in the rest of the day but I will be serving dinner between 4:15 and 4:45 pm.

Teri Hinkle

Teri Hinkle <queensongbird@gmail.com>                                      Jan 3

to Ann. tblalock. bcc. me ·

Ms. Broussard,

What happened to you?

We had a scheduled appointment at 11 am on the 31st, and you missed it.

We rescheduled for that afternoon and you missed that too.

We rescheduled again for 2pm today, and you missed it again.

That's three strikes, or is it just dilatory?

I have made repeated good faith efforts to conference, have you?

If you have not contacted be by telephone by high-noon on Monday the 6th of January, 2014 and have the corrected discovery in my hands by then, I will have no choice but to seek relief from the Court.

The Interrogatories are missing the jurat. They are also evasive and full of baseless objections which you obviously wish not to defend.

The admissions are just blanket unqualified objections.

The Production requests fail to state the basis of any claimed privilege, etc. and are also full of baseless blanket objections.

I have attempted to discuss this on the phone with you to no avail. Each and every time you have stated you needed to consult with your clients you have never followed through.

Either contact me and comply with the rules as stated, or we can just let the Court decide.

Your actions, or lack thereof, appear sanction-able.

Sincerely,

Teri Hinkle

## Hinkle v Midland          Inbox   x                                      

 **Teri Hinkle** <queensongbird@gmail.com>                            Jan 4

to Ann, tblalock, bcc: me

Anne,

As per our telephone conference last evening, January 3, 2014 I will allow an extension of the deadline to deliver to me corrected/updated and properly signed and sworn to by Mr. Moreno (FRCP 33(b)(5), discovery materials from Monday, January 6, 2014 at 12pm EST to Tuesday, **January 7th, 2014 by 5:00pm** EST due to your travel schedule this weekend.

I will also expect to receive a re-drafted protection order containing specificity as to what and/or whom your clients wish to cover in that agreement. If it is acceptable and I agree to it I will expect you to honor it from that point forward.

As to your offer of settlement of $2,000.00, I stated to you that is not in any way acceptable. As per my letter sent to your office by USPS Certified Mail on December 3, 2013, I have never at any time made a demand for settlement of $99,000.00 nor any other amount in reference to the amended complaint until I sent that letter. Even though the amended complaint increased the amount of statutory damages I stated I would be willing to accept half of the amount of $99,000.00 or any reasonable offer your clients might make from that starting point. As always I am willing to discuss and negotiate settlement at any time your clients wish to make a reasonable offer and you have obtained settlement authority to have that discussion.

I hope you have a pleasant trip with no delays or bad weather issues. The fish restaurants in the Sound there are excellent especially the small mom n pop bar and grill type. If you're a seafood enthusiast you might enjoy one of them.

Regards,

Teri Hinkle


**Broussard, Ann** <ABroussard@kslaw.com>                                    ☏ Jan 7        ↰   ▾
to me ▾

Ms. Hinkle-

The Midland Defendants' amended discovery responses are attached. I sent the documents to you by mail because of the number of pages. If you want me to email them to you, please let me know. Also, I will forward the verifications for the interrogatory responses as soon as I receive them from my client. Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com

**4 Attachments**



The Plaintiff was away from home for a few days on January 16th and received the
following 3 emails when she returned.



Ms. Hinkle-

The draft protective order is attached.  "Documents" in paragraph 1(e) has been defined to include specific documents
as we discussed.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309

**Broussard, Ann** <ABroussard@kslaw.com>                          Jan 16 ★   ↰

to me ▾

Ms. Hinkle-

I just tried calling you and was unable to leave a message. I wanted to follow up with you regarding the pending motions. Please call me when you are available. Thanks.


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com




**Broussard, Ann** <ABroussard@kslaw.com>                          Jan 17    ↰

to me, Tony ▾

Ms. Hinkle-

I tried calling you again this morning.  I am writing to follow up on the status of the protective order.  The documents that the Midland Defendants seek to protect are specifically identified in the draft protective order that I sent to you. Please advise whether you will agree to this order and I will have it filed today.  Thanks.

Ann


K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

Teri Hinkle <queensongbird@gmail.com>                              Jan 21     ↰   ,
to Ann ▾

Anne,

I have been out of town since last week and am catching up with hundreds of email messages.
I have many commitments over the next couple days but I will review the doc and get back to
you.

...

Teri Hinkle <queensongbird@gmail.com>                              Jan 23     ↰
to Ann ▾

Anne,

I have reviewed the draft of the protective order. It is over broad and over reaching as the
items which are specifically listed in there are specifically discoverable under the Federal Rules
of Evidence or in the alternative already covered under the rules as to personal privacy etc.
Further, anything that you or your client consider to be privileged should be listed in a
privilege log, then notify me according to the rules concerning those documents and or
information. At that point if there is a dispute we can have a hearing and let the court decide
as to the status of the item in question. I expect the documents I requested in discovery and
withheld for the purposes of protection or claim of privilege be mailed to me by Monday,
January 27, 2014.


Thank you,

Teri Hinkle


Broussard, Ann <ABroussard@kslaw.com>                             Jan 24     ↰
to me ▾

Ms. Hinkle-

Do you have any objection to Midland seeking an extension through 1/30/14 to respond to your pending motions
(motions to compel and motions to deem matters admitted)?  Thanks.


K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215.5725
Fax: (404) 572.5100
ABroussard@kslaw.com

**Teri Hinkle** <queensongbird@gmail.com>                              Jan 24
to Ann

Ann,

Yes I do object. Quite frankly you have had more than ample time to respond to the motions. I
need to move this case forward and know what I have from discovery. There have been far
too many inexcusable delays already.

Regards,

Teri Lynn Hinkle


**Teri Hinkle** <queensongbird@gmail.com>                              Feb 3
to Ann

Ann,

Please advise whether you approve or oppose a motion for hearing on the motions to compel
and deem admitted. If I have not heard from you by noon tomorrow, Jan 4th I will have to file
without your answer due to mailing constraints.


## Hinkle v. Midland    Inbox    x

**Broussard, Ann** <ABroussard@kslaw.com>                              Feb 4
to me

Ms. Hinkle-

Are you available on 2/13 for your deposition?

Ann

*K. Ann Broussard*
*King & Spalding LLP*
*Direct: (404) 215-5725*



**Teri Hinkle** <queensongbird@gmail.com>                                      Feb 5

to Ann

Ann,

No I am not. Also I have requested the motion hearing to be telephonic due to the Dublin
Division being closed and the excessive geographic distance to the Augusta Division. That
may be more convenient for you as well. I will be out the rest of the day on a family matter.

Regards,

Teri

...

**Broussard, Ann**                                                             Feb 5

to me

Please give me dates that you are available.

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

## Hinkle v. MCM, et al.     Inbox   x

Broussard, Ann                                                    Feb 5

to me

Ms. Hinkle-

See attached correspondence (also sent by regular mail).

Ann

K. Ann Broussard
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725

**Teri Hinkle** <queensongbird@gmail.com>                    Feb 8

to Ann

**Ann,**

I still have not received a copy by mail and your sending it to me via email does not
comport with the rules but in good faith I am attempting to confer with you to tell you that
I am filing a motion for a protective order.  Do you oppose or not?

---

**Hinkle v. Midland, et al.**          Inbox   x

**Broussard, Ann**                                          Feb 10 ★

to me

Dear Ms. Hinkle: I am following up on our call from earlier today concerning your deposition in this case which is set
for February 14.  You stated that you have filed a motion for protective order, but we have not seen it yet.  If you can
email a copy to me, it would be helpful.

As far as the deposition, you stated that you were generally available on Sundays and I offered to take your deposition
on Sunday, February 16.  You declined this offer and said that you would appear on the 14th as noticed, but that you
maintained that the deposition would not be usable since your motion for protective order is pending.  Please let me
know by close of business today which date you are willing to go forward with your deposition – either the 14th as
noticed or the 16th.  I can also do it on the 17th or 18th if that is better for you.  If we do not hear from you, we will
proceed as noticed on the 14th.

Ann

---

**Teri Hinkle** <queensongbird@gmail.com>                    Feb 11

to Ann

Ms. Broussard,

The motion will be available to you as soon as the clerk gets it docketed but here is an
advance copy. I am having internet/email difficulties and not sure where the problem is.

I did state I am "generally available" on Sundays but that is not the same thing as specifically
available on a particular Sunday. I stated I would appear at the time and place you specified in
the notice even though I had not received it in the mail. The fact that a motion for a protective
order has been filed does not prohibit you from conducting the deposition nor does it release
me from the legal obligation to show up. I object to the deposition altogether as is evident by
my filing the motion. I stated in our telephone conversation I will have to leave by 2:30 pm as
I must be home for the arrival of the school bus delivering my 5 year old granddaughter to me
after school.

**Have a Happy Valentines Day**



**MOTION FOR PR...**          **SIG PG AND RECI...**

---

**Broussard, Ann**                                        Feb 13     

to me ▾

Ms. Hinkle-

Due to the inclement weather, I am requesting that we postpone the deposition until early next week or another day next week. Our office has been closed since Tuesday and I will not be able to travel to the deposition tomorrow. We have icy/snowy conditions and it is impossible for me to travel today or tomorrow. Please confirm that you are available on Monday 2/17 or Tuesday 2/18. I look forward to hearing from you. Thanks.

Ann


*K. Ann Broussard*
*King & Spalding LLP*
*Direct:* *(404) 215-5725*

---

**Hinkle v. Midland**          Inbox   x

**Broussard, Ann**                                        Feb 13 ⭐

to me ▾

**Ms. Hinkle-**

I never received a response to you regarding rescheduling your deposition in light of current weather conditions. I also called you twice, but voicemail did not pick up so I was unable to leave you a message. Given weather conditions, this email confirms that I will not appear for your deposition tomorrow and we will need to reschedule it.

Given this postponement, please confirm that you have no objection to Midland seeking a 30-day extension of the discovery and dispositive motions deadlines. If I do not hear from you by tonight, Midland will move for the extension and specify that there was no response from Plaintiff. Thanks.
Ann


*K. Ann Broussard*
*King & Spalding LLP*
*Direct:* *(404) 215-5725*

**Teri Hinkle** <queensongbird@gmail.com>                                        Feb 13

to Ann

Ann,

I just got home and opened your emails. I do not have voice mail or answering machine nor do I have a cell phone. My daughter is very sick and I was out helping her.

No I am not available next week and I will oppose any enlargement of discovery as I stated in my motion. You have had more than ample time to accomplish whatever discovery processes you needed.

I hope Atlanta thaws out for you tomorrow. It looks a mess on the news.

Teri

## Hinkle v Midland     Inbox   x

 **Teri Hinkle** <queensongbird@gmail com>                   Feb 19

to Ann, bcc: me

Ann,

I can be available for deposition the 11th, 14th or 16th of March. As I explained to you over the phone, during the week I do have to be home in the afternoons after 2:30 pm and all day on Saturdays to care for my 5 year old granddaughter. Although I generally don't have her on Sundays there are Sundays that I do have her for other reasons besides my daughters work schedule.

Please do not rely on email communication as I have had three computer crashes in the last three weeks as well as connectivity problems with the Internet which is also most likely attributable to this computer.

**Broussard, Ann**                                                    Feb 19

to me

Ms. Hinkle-

Thank you for sending the dates.  March 16 is a Sunday.  Please provide a third possible date that is not a Sunday.

Ann


K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 215.5725
Fax:  (404) 572.5100
ABroussard@kslaw.com

---

**Teri Hinkle** <queensongbird@gmail.com>                        Feb 19

to Ann

Ann,

March 18th, a Tuesday

---

**Hinkle v. Midland**        Inbox   x

**Broussard, Ann**                                          Feb 21

to me

Ms. Hinkle-

Attached is a copy of the notice of deposition placed in the mail to you yesterday.

Ann


K. Ann Broussard
KING & SPALDING LLP

# EXHIBIT 3

December 30, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132 queensongbird@gmail.com

KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock

RE: Case No: 3:13-cv-00033

Mr. Blalock,

Enclosed, please find a copy of a Motion to Take Notice, submitted to the court today. Also attached is page 6 of the original Request for Admissions propounded upon the Defendant Midland Credit Management Inc. The page was not missing when the documents were sent to your office and I am positive of that. However in good faith, I am providing another copy of that page containing Admissions numbers 16-21 which must be responded to.

Regards,

Teri Lynn Hinkle

*Plaintiff*

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERI LYNN HINKLE,                          )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        Case No. 3:13-cv-00033
                                           )
MIDLAND CREDIT MANAGEMENT,                 )
INC., MIDLAND FUNDING LLC,                 )
and ENCORE CAPITAL GROUP, INC.,            )
                                           )
        Defendants.                        )

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the Parties (as that term is defined below) stipulate to the entry of the following protective order and in order to preserve and maintain the confidentiality of personal, private, confidential, trade secrets, confidential research, training and development technology, and proprietary information that may be disclosed or obtained by the Parties to this case -- Midland Credit Management, Inc.("MCM"), Midland Funding LLC ("Midland Funding"), Encore Capital Group, Inc. ("Encore"), and/or Teri Lynn Hinkle ("Plaintiff") through testimony and/or the production of certain records by and between the Parties during the course of discovery. The Parties agree that good cause exists for this Agreed Protective Order for the purpose of preserving and maintaining the confidentiality of personnel records or any other information that may be disclosed or obtained by the Parties through the production of certain confidential or proprietary Documents and to preserve the privacy rights of non-Parties to this Action. The Court specifically finds that good cause exists for this Agreed Protective Order.

1.      As used herein, the following definitions apply:

1

(a)   "Plaintiff" means Teri Lynn Hinkle, her attorneys, representatives, and any and all other persons who have acted for, or may act for, on her behalf.

(b)   "Defendants" means MCM, Midland Funding, and/or Encore and their attorneys, representatives, and any and all other persons who have acted for, or may act for, on their behalf.

(c)   "Parties" means, collectively, Plaintiff and Defendants.

(d)   "Action" means this suit, Civil Action No. 3:13-cv-00033, *Teri Hinkle v. Midland Credit Management, Inc., et. al,* pending in the United States District Court for the Southern District of Georgia, Dublin Division.

(e)   "Document" means and includes, but is not limited to, all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto of the following:  (1) Bill of Sale; (2) Exhibit A to Bill of Sale (Assignment); (3) Archive Account Notes (including collection detail, GUI notes, and production notes); (4) Letters from MCM to Plaintiff.  "Document" or "Documents" means and includes all matter within the foregoing description that is in the possession, control, or custody of Plaintiff or in the possession, control, or custody of any attorney for Plaintiff.  The Midland Defendants reserve the right to amend this definition to include additional documents.

(f)   "Confidential Information" or "CONFIDENTIAL" means any information or Documents (regardless whether in electronic or hard copy format) that is personal or private or confidential information relating to Plaintiffs; or Defendant's employees, officers, directors, managers, or agents such as personal financial information, social security numbers, and personal medical information;

(g)   "ATTORNEYS EYES ONLY" means any information or Documents (regardless whether in electronic or hard copy format) that shall include any legitimate confidential and proprietary business information, or such information or Documents not known to the general public, the disclosure of which could cause serious injury or damage to the Parties.

2.      This Agreed Protective Order shall govern the disclosure and use of Confidential Information produced in connection with this Action.  All information that is or has been produced or discovered in this Action, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this Action unless the information is available to

2

the general public without a breach of the terms of this Agreed Protective Order. The measures designated by the Parties in this Agreed Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3.      This Agreed Protective Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this Action, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

4.      By entering into this Agreed Protective Order the Parties do not intend to waive any objections raised in response to discovery requests, nor does this Agreed Protective Order in any way obligate any party to produce any specific Document or records in the future that a party deems inappropriate for production.

5.      This Agreed Protective Order is intended to preserve and maintain personal, private, confidential, trade secrets, confidential research, training and development, technology and proprietary business information not known to the general public, the disclosure of which could cause serious injury or damage to the Parties. This Agreed Protective Order is also intended to preserve and protect any confidential and proprietary business information that may be discovered or produced through the inspection of any party's electronic data regardless of where stored, including through the inspection of any personal or business computer by any party's expert. This Agreed Protective Order may also pertain to additional records of a proprietary nature that will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Agreed Protective Order. This Agreed Protective Order is also intended to preserve personal, private, and Confidential

3

Information pertaining to Plaintiffs and to individuals who are not Parties to this Action such as personal financial information, personal medical information, social security numbers, and other sensitive, personal, or private information.

6.      Any Documents produced subject to the terms of this Agreed Protective Order shall be considered either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" and shall be given confidential treatment as described below.  All Documents produced subject to this Agreed Protective Order shall be designated or stamped "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

7.      Documents designated as "CONFIDENTIAL" shall be limited to any type or classification of financial information concerning Defendants or their respective operation that have not been released to the public; manuals, memoranda, instructions, and other Documents that discuss, describe, or set forth standards, criteria, guidelines, policies, or practices relating to the addition of interest to debts and/or the collection of debts; organizational charts of Defendants; insurance policies of Defendants; Documents setting forth Defendants' Document destruction and retention policies; account notes and/or call logs; and/or personal, private, and Confidential Information pertaining to Plaintiff and to individuals who are not Parties to this Action and as personal, financial information, personal medical information, social security numbers, and other sensitive, personal, or private information.

8.      Documents designated as "ATTORNEYS EYES ONLY" for purposes of this Agreed Protective Order shall include any legitimate confidential, financial, and proprietary business information, and such other information or Documents not known to the general public, the disclosure of which would cause serious injury or damage to the Parties. Additional Documents may be later identified that shall be given similar protections pursuant to this Agreed

4

Protective Order as specifically designated by and agreed to by the Parties during the course of this Action.

9.      CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned Action.  Except as provided for in this Agreed Protective Order, the Parties shall keep all Documents or information covered by the terms of this Agreed Protective Order from all persons as provided for by the terms of this agreement.

10.      Neither the receiving party nor its representatives shall disclose Documents designated as Confidential, other than to the following persons (hereinafter referred to as "Qualified Persons – Confidential"):

(a)      Designated representatives of Defendants or designated counsel of record in this Action;

(b)      Employees of Defendants' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(c)      Plaintiff or any of Plaintiff's designated counsel of record in this Action;

(d)      All attorneys for the Parties in this Action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel, and Defendants' human resources administrators and staff assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(e)      Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific Action;

(f)      Witnesses for each party, provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL Documents or information, but shall not be provided with copies of the CONFIDENTIAL Documents or information; and

(g)      The Court (including any agent of the Court) and any court reporter used during depositions.

This Agreed Protective Order permits the Parties and their designated representatives to view Documents or information designated as CONFIDENTIAL exclusively for purposes of this Action; however, the Parties and their designated representatives are precluded from sharing and/or disclosing that information to anyone other than their designated counsel of record in this Action. Accordingly, the Parties and their designated representatives expressly agree to maintain the confidentiality associated with those Documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than their designated counsel of record in this Action at any time either during the pendency of this Action or subsequent to the conclusion of the Action. To the extent CONFIDENTIAL Documents are used as exhibits or attachments to any filing with the Court in the above-captioned Action, the party so using the CONFIDENTIAL Documents will file the Documents with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, and the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains Documents that were filed in this case by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, and the contents are not to be displayed or revealed except by, or upon order of, the Court.

11.    Counsel for the receiving party shall not disclose Documents designated as ATTORNEYS EYES ONLY, as defined in Paragraph 9 above, other than to the following persons (hereinafter referred to as "Qualified Persons – Highly Confidential"):

(a)    Defendants' designated counsel of record in this Action;

(b)    Plaintiff and/or Plaintiff's designated counsel of record in this Action;

(c)    All attorneys for the Parties in this Action, including in-house attorneys, and those individuals specifically acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial in this Action, including their assistants, associates, paralegals, clerks, stenographic personnel,

and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(d)     Independent experts and consultants retained by any party whose assistance is necessary for the preparation or trial for this specific Action; and

(e)     The Court (including any agent of the Court) and any court reporter used during depositions.

To the extent an "ATTORNEYS EYES ONLY" Document is used as an exhibit or attachment to any filing with the Court in the above-captioned Action, the party so using the Document will file the ATTORNEYS EYES ONLY Document with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, the legend "ATTORNEYS EYES ONLY: SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains Documents that were filed in this case by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, and the contents are not to be displayed or revealed by, or upon order of, the Court.

12.     Counsel may seek permission of counsel for the disclosing party to have particular "ATTORNEYS EYES ONLY" Documents or information presented to and/or viewed by a party or its representatives (other than those identified in Paragraph 10) by submitting a verbal or written request that references the specific Document(s) by a description sufficient to identify the Document for which the party's counsel is seeking permission for disclosure to the disclosing party.  In the event a dispute arises as a result of this procedure or as a result of any denial of a specific request, the Parties shall confer and attempt to resolve such dispute.  In the event a dispute cannot be resolved after the Parties have met and conferred, then the Parties agree that the person or party challenging the confidentiality and/or disclosure of a particular Document may submit that discovery dispute to the Court for consideration.  Nothing in this Agreed Protective Order shall be construed as precluding a party from seeking additional

7

protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

13.    Nothing contained in this Agreed Protective Order precludes or limits a party from viewing its own CONFIDENTIAL or ATTORNEYS EYES ONLY Documents.

14.    The use of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

15.    CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information subject to this Agreed Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under Paragraphs 9 and 10.

16.    The agreement of the Parties to this Agreed Protective Order shall not be construed as an agreement or admission: (i) that any material or Document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance, or materiality of any Document or thing designated as confidential.

17.    A party shall designate as other Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all other Parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information.  Each party shall attach a copy

of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

18.    Nothing shall prevent disclosure beyond the terms of this Agreed Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this Action, or if the Court, after notice to all affected Parties, orders such disclosure.

19.    The provisions of the Agreed Protective Order shall survive the conclusion of this Action.

20.    This Agreed Protective Order shall not prohibit disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

21.    Upon written request by counsel for the disclosing party or person, the party having received any Documents or information subject to this Agreed Protective Order shall return these items at the close of Action.

The Parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

Respectfully submitted this ___ day of _____, 2014.


KING & SPALDING LLP


/s/ _____


1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone: (404) 572-4600
Fax:  (404) 572-5100

**Attorneys for Encore Capital Group, Inc.,
Midland Funding LLC, and Midland
Credit Management, Inc.**

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA 31023

**Pro Se Plaintiff**

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

**Case No 3:13-CV-00033**

Teri Lynn Hinkle,

  *Plaintiff,*

**vs**

**MIDLAND CREDIT
MANAGEMENT INC.
MIDLAND FUNDING LLC.
ENCORE CAPITAL GROUP INC.,**

  *Defendants.*

### DEFENDANT MIDLAND FUNDING LLC'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant Midland Funding LLC ("Midland Funding"), by its undersigned counsel, serves its amended responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

### GENERAL OBJECTIONS

A.     Midland Funding objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

B.     Midland Funding has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial.  For that reason, there may exist information responsive to the Requests of which Midland Funding does not yet have knowledge or has not yet located, identified, or reviewed.  All of the following responses are, therefore, based only on such information and documents that are presently known or available to Midland Funding.

C.      Midland Funding reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Midland Funding objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

D.      Nothing contained herein shall be construed as an admission by Midland Funding relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

E.      Midland Funding objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

F.      Midland Funding will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Midland Funding understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Midland Funding's interpretation, Midland Funding reserves the right to supplement its

2

objections and responses.

G.    Midland Funding objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence.  A one-year or two-year statute of limitations applies to Plaintiff's claims in this case.  Consequently, for purposes of responding to the Requests, Midland Funding will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

## SPECIFIC OBJECTIONS TO REQUESTS

Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, Midland Funding specifically objects and responds to the Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

Please produce the documents you allege constitute validation of the alleged account(s).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

3

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see attached verification.

## REQUEST FOR PRODUCTION NO. 3:

Produce document(s) evidencing your answer to interrogatory number two (2).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Midland Funding objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

## REQUEST FOR PRODUCTION NO. 4:

Produce the policy manuals, procedure manuals, or other documents, which address MIDLAND's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit. Further, Midland Funding states that all documents related to Plaintiff's account and collection efforts have been preserved.

4

**REQUEST FOR PRODUCTION NO. 5:**

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

5

## REQUEST FOR PRODUCTION NO. 8:

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 9:

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Midland Funding objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, Midland Funding does not have any employees and does not engage in the collection of debts. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

Produce the documents identified in interrogatory number eleven (11).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Midland Funding objects to this Request on the basis that it is overbroad, unduly

6

burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 11:

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Midland Funding objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

Produce the documents in MIDLAND's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MIDLAND's un-redacted system notes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

7

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of each liability policy issued to MIDLAND which may cover MIDLAND's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting MIDLAND's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 168ln(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Midland Funding objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Produce the documents that constitute, refer or relate to any communications between MIDLAND and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Midland Funding objects to this Request on the basis that it is vague and ambiguous and to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, Midland Funding objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it will produce responsive documents after the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against MIDLAND in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Midland Funding objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

## REQUEST FOR PRODUCTION NO. 19:

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Midland Funding objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Midland Funding states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 20:

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Subject to and without waiving the foregoing general objections, Midland Funding states that Plaintiff has withdrawn the TCPA claims in this case.


Dated: January 7, 2014.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

11

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **MIDLAND FUNDING LLC'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax: (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

12

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

Teri Lynn Hinkle,

  *Plaintiff,*

vs

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.,**

  *Defendants.*

### DEFENDANT MIDLAND CREDIT MANAGEMENT INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Midland Credit Management, Inc. ("MCM"), by its undersigned counsel, serves its amended responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

## GENERAL OBJECTIONS

A.    MCM objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules of this Court.

B.    MCM has not concluded its investigation of facts relating to this case or completed formal discovery or preparation for trial. For that reason, there may exist information responsive to the Requests of which MCM does not yet have knowledge or has not yet located, identified, or reviewed. All of the following responses are, therefore, based only on such information and documents that are presently known or available to MCM.

C.     MCM reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.  MCM objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

D.     Nothing contained herein shall be construed as an admission by MCM relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

E.     MCM objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

F.     MCM will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as MCM understands and interprets the Request.  If Plaintiff subsequently asserts any interpretation of any Request that differs from MCM's interpretation, MCM reserves the right to supplement its objections and responses.

G.     MCM objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither

2

relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence. A one-year or two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Requests, MCM will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

## SPECIFIC OBJECTIONS TO REQUESTS

Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, MCM specifically objects and responds to the Requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

Please produce the documents you allege constitute validation of the alleged account(s).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 2:

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor

3

reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see attached verification.

## REQUEST FOR PRODUCTION NO. 3:

Produce document(s) evidencing your answer to interrogatory number two (2).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

## REQUEST FOR PRODUCTION NO. 4:

Produce the policy manuals, procedure manuals, or other documents, which address MCM's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. MCM's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit. Further, MCM states that all documents related to Plaintiff's account and collection efforts have been preserved

## REQUEST FOR PRODUCTION NO. 5:

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade

5

secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

MCM objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 10:**

Produce the documents identified in interrogatory number eleven (11).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

## REQUEST FOR PRODUCTION NO. 11:

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 12:

Produce the documents in MCM's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including MCM's un-redacted system notes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 13:

Produce a copy of each liability policy issued to MCM which may cover MCM's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting MCM's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 168ln(2). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

MCM objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15:**

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

MCM objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the

foregoing general and specific objections, MCM states that it will produce non-privileged documents that are responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 16:**

Produce the consumer reports concerning Teri Lynn Hinkle in MCM's possession, custody or control, including any historical, electronic, or archived copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

MCM objects to this Request on the basis that it is vague and ambiguous and the term "consumer report" has not been defined. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, MCM objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce non-privileged documents that are responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against MCM in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

MCM objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

## REQUEST FOR PRODUCTION NO. 19:

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

MCM objects to the extent that this Request seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, MCM states that it will produce responsive documents after the entry of a protective order to restrict dissemination of confidential information.

## REQUEST FOR PRODUCTION NO. 20:

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Subject to and without waiving the foregoing general objections, MCM states that Plaintiff has withdrawn the TCPA claims in this case.


Dated: January 7, 2013.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: TBlalock@kslaw.com

**Attorneys for Encore Capital
Group, Inc., Midland Funding
LLC, and Midland Credit
Management, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **MIDLAND CREDIT MANAGEMENT, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

12

# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

### Case No 3:13-CV-00033

**Teri Lynn Hinkle,**

  *Plaintiff,*

**vs**

**MIDLAND CREDIT**
**MANAGEMENT INC.**
**MIDLAND FUNDING LLC.**
**ENCORE CAPITAL GROUP INC.,**

  *Defendants.*

## DEFENDANT ENCORE CAPITAL GROUP INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

  Defendant, Encore Capital Group, Inc. ("Encore"), by its undersigned counsel, serves it

responses and objections to Plaintiff's First Requests for Production ("Requests") as follows:

## GENERAL OBJECTIONS

  A.    Encore objects to Plaintiff's Requests, including the definitions and instructions

therein, to the extent they purport to create duties that are not imposed by the Federal Rules of

Civil Procedure or by the Local Rules of this Court.

  B.    Encore has not concluded its investigation of facts relating to this case or

completed formal discovery or preparation for trial.  For that reason, there may exist information

responsive to the Requests of which Encore does not yet have knowledge or has not yet located,

identified, or reviewed.   All of the following responses are, therefore, based only on such

information and documents that are presently known or available to Encore.

  C.    Encore reserves the right to produce evidence of any subsequently discovered fact

or facts, to alter or amend its objections and responses set forth herein, and otherwise assert

factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Encore objects to each and every one of the Requests insofar as they may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial or other proceeding.

D.    Nothing contained herein shall be construed as an admission by Encore relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any Request.

E.    Encore objects to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

F.    Encore will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as MCM understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Encore's interpretation, Encore reserves the right to supplement its objections and responses.

G.    Encore objects to the Requests on the grounds that they seek information that is outside of the statute of limitations and thus are over broad, unduly burdensome, and neither relevant to the case nor reasonably calculated to lead to the discovery or admissible evidence. A one-year or two-year statute of limitations applies to Plaintiff's claims in this case.

2

Consequently, for purposes of responding to the Requests, Encore will consider the relevant time period to be April 30, 2011 through April 30, 2013 for Fair Credit Reporting Act ("FCRA") claims and April 30, 2012 through April 30, 2013 for Fair Debt Collection Practices Act ("FDCPA") claims.

## SPECIFIC OBJECTIONS TO REQUESTS

Subject to the foregoing general objections, which are incorporated into each response below as if fully set forth therein, Encore specifically objects and responds to the Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

Please produce the documents you allege constitute validation of the alleged account(s).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see attached verification.

### REQUEST FOR PRODUCTION NO. 3:

Produce document(s) evidencing your answer to interrogatory number two (2).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

3

Encore objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

## REQUEST FOR PRODUCTION NO. 4:

Produce the policy manuals, procedure manuals, or other documents, which address ENCORE's specific policies, practices or procedures for retention, dissemination or disposal of account data, during each of the preceding five years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore's "procedure and policy with respect to the maintenance, presentation, and destruction of documents" is not relevant to any claim or defense asserted in this lawsuit. Further, Encore states that all documents related to Plaintiff's account and collection efforts have been preserved

## REQUEST FOR PRODUCTION NO. 5:

Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

4

**REQUEST FOR PRODUCTION NO. 6:**

Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce the employment records and compliance training history of the person(s) identified in interrogatories number eight (8), nine (9) and ten (10).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Encore objects to this Request on the basis that it is vague and ambiguous, not limited in scope, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore *states that it is not in possession of documents* responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce the documents identified in interrogatory number eleven (11).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Produce the documents relative to interrogatories number four (4), six(6), twelve (12), fourteen (14), and fifteen(15).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Produce the documents in ENCORE's possession which referenced in any way Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to Teri Lynn Hinkle, including ENCORE's un-redacted system notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.  Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of each liability policy issued to ENCORE which may cover ENCORE's alleged liability in this suit, including declaration page and/or all endorsements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 14:**

Produce the records reflecting ENCORE's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 3 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under both FRCP 26(b)(1) and FCRA § 1681n(2).  Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Further, Encore objects to this Request to the

extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, see documents produced herewith.

## REQUEST FOR PRODUCTION NO. 15:

Produce the documents that constitute, refer or relate to any communications between MCM and any debt buyer(s) which referenced in any way Teri Lynn Hinkle, Teri Lynn Hinkle's personal identifiers (including her social security number), or any account you have ever attributed to her.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 16:

Produce the consumer reports concerning Teri Lynn Hinkle in ENCORE's possession, custody or control, including any historical, electronic, or archived copies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Encore objects to this Request on the basis that it is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

Produce the documents evidencing each affirmative defense you have alleged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Further, Encore objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Encore states that it will produce non-privileged documents responsive to this Request upon the entry of a protective order to restrict dissemination of confidential information.

**REQUEST FOR PRODUCTION NO. 18:**

Produce copies of complaints or petitions in any action filed by or against ENCORE in which the allegations are similar to those of plaintiff Teri Lynn Hinkle in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Encore objects to this Request on the basis that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Further, Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 19:**

Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Encore objects to this Request to the extent it seeks information that is confidential, proprietary, privileged, and/or contains trade secrets. Subject to and without waiving the foregoing general and specific objections, Encore states that it is not in possession of documents responsive to this Request.

9

**REQUEST FOR PRODUCTION NO. 20:**

Produce the specific document containing express written consent by the Plaintiff to receive ANY collection calls from you referenced in your "fifteenth defense" contained in your answer to this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing general objections, Midland Funding states that Plaintiff has withdrawn the TCPA claims in this case.

Dated: January 7, 2014.

KING & SPALDING LLP

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

10

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **ENCORE CAPITAL GROUP, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA 31023

Tully T. Blalock
Georgia Bar No. 476098

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
Email: TBlalock@kslaw.com

**Attorneys for Encore Capital Group, Inc., Midland Funding LLC, and Midland Credit Management, Inc.**

11

# EXHIBIT 8

October 7, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132  queensongbird@gmail.com


KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock


Mr. Blalock,

    Please find enclosed copies of DISCLOSURE OF INTERESTED PARTIES, NOTICE OF NO/IMPROPER SERVICE BY DEFENDANTS and RULE 26 DISCLOSURES for Case No. 3:13-cv-00033-DHB-BKE.

    My schedule may be a bit hectic over the next few weeks so I would greatly appreciate it if you would contact me after checking yours so that we can agree on a date and time for a telephonic 26F conference.


Regards,

Teri Lynn Hinkle

# EXHIBIT 9

December 3, 2013

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

478-374-4132   queensongbird@gmail.com


KING & SPALDING

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

ATTN: Tully T. Blalock

RE: Case No. 3:13-cv-00033

Mr. Blalock,

There are two issues I wish to address as of this date. First, your client's Rule 26(a)(1) Disclosures were due on November 14, 2013 and I have yet to receive them. Second, contrary to the claim made in the Rule 26F Report filed by your office in item number 12; "The Midland Defendants represent that Plaintiff has notified them of her settlement demand, but the parties have been unable to reach a settlement", not only have I NOT notified your office of any settlement demand in writing or by telephone, there has been no good faith efforts by your office or your clients to enter into any settlement discussion.

This complaint was amended and accepted by the Court and the original complaint was therefore replaced by the second. Before that occurred I had offered to begin settlement negotiations on the basis of half the amount of statutory damages alleged in the original complaint. No response to that offer was made. After the complaint was amended, on multiple occasions over the telephone, Ms. Broussard of your office asked if I were willing to discuss settlement and she stated repeatedly that my demand was $99,000.00 (the amount of statutory damages in the original complaint), which was never at any time stated by me. I repeatedly corrected her and stated multiple times that I had made no settlement demand on the amended complaint and that I would be willing to consider any reasonable offer of settlement your clients might make. Each time she raised the subject I asked if she had settlement authority and she said no. I asked her to get settlement authority from your clients so that we could discuss it. I was then told that if I were to refuse their offer which she said she would get from them, the clients would remove the case from the Federal District Court to the California MDL. In truth that effort had already been started without my knowledge. As you know the TCPA counts in the current complaint have been dismissed and the MDL has remanded the case back to the Federal District Court. Again, no effort was made to confer with your clients and get back to me as promised.

So far I have had very little reasonable cooperation from your office and in order to comply with Civ. Rules of Procedure, after formal letters, emails and telephone calls just to schedule a simple 26F conference, I had to file my portion of the Joint Rule 26F report separately after several failures by your office to get to me your draft of the report for my review and approval, just to meet the deadline.

While a heavy case load in your office can understandably cause delays on your end, a lack of communication in response to written letters and false statements to the court such as the ones in the 26F report and the telephone conversation with Ms. Broussard, are not acceptable to me. In an effort to clarify and state officially what my position is on the subject of a good faith attempt to settle this case in the interest of saving the courts valuable time and limited resources, I will outline as follows:

1. I attempted on multiple occasions to mitigate these matters with all three defendants prior to litigation.

2. Although the statutory damages alleged in the original complaint were at the time a total of $99,000.00 largely comprised of continuing violations of the FCRA § 1681s-2(b), I have never at any time demanded that amount in settlement before or after the filing of this case. The violations continued and still continue even after the filing of the amended complaint.

3. In the Magistrate Judges order he stated that the statutory damages alleged against MCM, and Midland Funding would apply to Encore as well. That effectively doubles the basic amount of $99,000.00 in statutory damages without the continued violations still accruing to date.

4. The TCPA violations alleged in the amended complaint have been dismissed and are not included in the $198,000.00 in statutory damages before the court.

5. To date your clients have made no attempt and indeed no offers reasonable or otherwise to settle this matter.

6. I did state before the complaint was amended and the original complaint replaced that I would settle for half the statutory damages which were at that time $99,000.00.  That would have been $49,500.00. I also expressed multiple times that I was willing to negotiate on any offer made by your clients. Even though the statutory damages are effectively doubled now in the amended complaint I have expressed multiple times that I would still be willing to start negotiations from that original point but would remain open to any REASONABLE offer from your clients.

7. The total statutory damages included in the amended complaint (FDCPA & FCRA) are now $198,000.00 not including costs and fees on my part and not including the ongoing FCRA violations since its filing to be added after the closing of discovery.

8. However I am still willing to accept $49,500.00 waiving costs and fees to settle this matter in which case I would accept a check or money order and file a motion to dismiss the case with prejudice within five days of the receipt of payment. In the alternative,

should your clients wish to make a reasonable counter offer of settlement, I am as always willing to negotiate in good faith.

At no time has your office indicated it has settlement authority from your clients so that we could have a substantive settlement discussion. Once you have settlement authority, I am willing to come to the table to discuss the same, in good faith. Please communicate to your client my willingness to enter into a settlement discussion, and confirm with me in writing that you have done so.

Regards,

Teri Lynn Hinkle

*Plaintiff*

Plaintiff's Appendix Document No - 58

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 20  AM 9: 33

CLERK __C Adams__
SO. DIST. OF GA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Teri Lynn Hinkle )
*Plaintiff,* )
)  **Case No. 3:13-CV-00033**
vs )
)
**MIDLAND CREDIT** )
**MANAGEMENT INC.** )
**MIDLAND FUNDING, LLC.** )
**ENCORE CAPITAL GROUP INC.** )
*Defendants.* )
)

## NOTICE OF FILING DOCUMENTS IN SUPPORT

TO THE HONORABLE JUDGE OF THIS COURT:

      Plaintiff, Teri Lynn Hinkle, gives Notice of Filing Documents in Support of Plaintiff's

claim:

1. Plaintiff's Exhibit 10, a through q

                        Respectfully Submitted,

                        Teri Lynn Hinkle
                        322 Bethel Street
                        Eastman, Georgia 31023
                        478-374-4132

# EXHIBIT 10 a-q

**Experian**
A world of insight

Prepared for: **TERI LYNN HINKLE**
Date: October 12, 2014
Report number: **2857-6441-33**

**Exhibit 10-a**

Page 3 of 6

## Dispute results

### About our dispute process

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record.

The federal Fair Credit Reporting Act provides that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have requested your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

Deleted - This item was removed from your credit report

Remains - This item was not changed as a result of our processing of your dispute

Updated - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you

Processed - This item was either updated or deleted; review this report to learn its outcome

### Results

We have completed the processing of your dispute(s). Here are the results:

| Credit items | Outcome |
| --- | --- |
|  | |
| MIDLAND CREDIT MGMT IN 852871.... | Updated |

### Additional information

To view a full copy of your corrected credit report, visit experian.com/viewreport

☐ To receive a copy by mail, check this box and within 30 days return this original page to P.O. Box 9701, Allen, TX 75013.
Copies will not be accepted.

What's your credit score? Find out by ordering your VantageScore® from Experian for only $7.95. To order, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

0035467468

**Exhibit 10-b**

**MIDLAND CREDIT MANAGEMENT**

Address:
8875 AERO DR
SAN DIEGO, CA 92123
(888) 403-6206

Account Number:
852871....

Original Creditor:
GE/ MEIJER

Address Identification Number:
0102983662

Status:  Paid, Closed.

| | | |
|---|---|---|
| Date Opened:<br>09/2008 | Type:<br>Installment | Credit Limit/Original Amount.<br>$358 |
| Reported Since:<br>11/2008 | Terms:<br>1 Months | High Balance:<br>NA |
| Date of Status:<br>01/2009 | Monthly Payment:<br>$0 | Recent Balance:<br>NA |
| Last Reported:<br>01/2009 | Responsibility:<br>Individual | Recent Payment:<br>NA |

Account History:
Collection as of Dec 2008, Nov 2008

6/17/2011 9:27

*** 243113902-012 ***
PO Box 2000
Chester, PA 19022



**Exhibit 10-c**

10/05/2011   TransUnion.

P1PBI900203131-I021083-077188109

TERI L. HINKLE
322 BETHEL ST
EASTMAN, GA 31023

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit
http://transunion.com/consumerfaqs.

## Investigation Results



| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| MIDLAND CREDIT MGMT INC | # 852871**** | VERIFIED, NO CHANGE |

Consumer Credit Report for TERLL HINKLE

Case: 13-10398   Date Filed: 07/20/2015   Page: 4 of 196

File Number: 243113902
Page: 2 of 2
Date Issued: 10/05/2011



**MIDLAND CREDIT MGMT INC** #852871****
8875 AERO DR STE 200
SAN DIEGO, CA 92123
(800) 265-8825

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 09/2008
Estimated date that this item will be removed: 12/2012

Balance: $0
Date Verified: 09/2011
Original Amount: $358
Original Creditor: GE MEIJER

Pay Status: >PAID IN FULL; WAS CHRG-OFF/COLLECTN<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Closed: 10/2008
Date Paid: 10/2008

- End of investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

-End of Credit Report-

October 27, 2011

 **EQUIFAX**

To Start An Investigation, Please Visit Us
www.investigate.equifax.com



001059672-50
Teri Lynn Hinkle
322 Bethel St
Eastman, GA 31023-6232

Dear Teri Lynn Hinkle:

Enclosed is a copy of your Equifax credit file. Please review it for any unauthorized accounts or inquiries. If
unauthorized information is reporting on your Equifax credit file, you may start an investigation immediately on-line
www.investigate.equifax.com. Using the Internet to initiate an on-line investigation request will expedite the resolut
of your concerns. You may also start an investigation by completing and returning the enclosed Research Reques
Form or by calling the toll free telephone number on the credit file. Please advise us of any documents that may he
us in the reinvestigation, such as an identity theft report or letters from credit grantors.

You should contact the credit grantors that are reporting information you believe is fraudulent. Ask them to explain
their fraud investigation process, what steps should be taken and how long the process normally takes. Additionall
request that they send you a letter or documentation stating the results of the investigation. Upon receipt, forward
copy of that letter to us.

If your ID information, such as driver's license or social security card, was lost or stolen, contact the appropriate
issuing agency.

*Results Of Your Investigation*      (For your security, the last 4 digits of your credit account number(s) have been replaced by



We have researched the credit account. **Account # - 852871*** **The results are:** This item has been delete
from the credit file. If you have additional questions about this item please contact: **Midland Credit MGMT Inc, 88**
**Aero Dr Ste 200, San Diego, CA 92123-2255 Phone: (800) 825-8131**

---

**The FBI Has Named Identity Theft As The Fastest Growing Crime In America.**
Protect yourself with Equifax Credit Watch™, a service that monitors your credit file every business day and
notifies you within 24 hours of any activity. To order, go to: *www.creditwatch.equifax.com*



Prepared for: **TERI LYNN HINKLE**
Date: **August 07, 2012**
Report number: **2879-7755-58**

**Exhibit 10-f**

Page 7 of 12

Your accounts that may be considered negative (continued)

| | | | | |
|---|---|---|---|---|
| **MIDLAND FUNDING** | **Date opened** | **Type** | **Credit limit or** | **Recent balance** | **Responsibility** |
| 8875 AERO DR STE 200 | Dec 2011 | Debt Buyer | original amount | $300 as of Aug | Individual |
| SAN DIEGO CA 92123 | **First reported** | **Terms** | $301 | 2012 | **Status** |
| No phone number available | Mar 2012 | 1 Months | **High balance** | | Collection account. $300  past due as of Aug 2012. |
| **Partial account number** | **Date of status** | **Monthly** | Not reported | | This account is scheduled to continue on record until Mar |
| 854430.... | Mar 2012 | **payment** | | | 2014. |
| **Address identification number** | | Not reported | | | **Comment** |
| 0398639627 | | | | | Account information disputed by consumer (Meets |
| **Original creditor** T-MOBILE | | | | | requirement of the Fair Credit Reporting Act). |

**MIDLAND FUNDING**
8875 AERO DR STE 200
SAN DIEGO CA 92123
No phone number available
**Partial account number**
854430....
**Address identification number**
0398639627
**Original creditor** T-MOBILE

**Date opened**
Dec 2011
**First reported**
Mar 2012
**Date of status**
Mar 2012

**Type**
Debt Buyer
**Terms**
1 Months
**Monthly**
**payment**
Not reported

**Credit limit or**
original amount
$301
**High balance**
Not reported

**Recent balance**
$300 as of Aug
2012

**Responsibility**
Individual
**Status**
Collection account. $300  past due as of Aug 2012.
This account is scheduled to continue on record until Mar
2014.
**Comment**
Account information disputed by consumer (Meets
requirement of the Fair Credit Reporting Act).
This item was updated from our processing of your dispute in
Aug 2012.

Payment history
**2012**
**AUG JUL JUN MAY APR MAR**

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or
the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

| | May12 | Apr12 | Mar12 | DPR = Data payment received | Scheduled payment amount ($) | AAP = Actual amount paid ($) |
|---|---|---|---|---|---|---|
| | 301 | 301 | 301 | | | |
| DPR | ND | ND | ND | | | |
| | ND | ND | ND | | | |
| AAP | ND | ND | ND | | | |

➤ The original amount of this account was $301





**Prepared for:** TERI LYNN HINKLE
**Date:** August 07, 2012
**Report number:** 2879-7755-58

**Exhibit 10-g**

Page 3 of 12

## Dispute results

### About our dispute process

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record.

The federal Fair Credit Reporting Act provides that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have requested your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

Deleted - This item was removed from your credit report
Remains - This item was not changed as a result of our processing of your dispute
Updated - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you
Processed - This item was either updated or deleted; review this report to learn its outcome

### Results

We have completed the processing of your dispute(s). Here are the results:

| Credit items | Outcome |
|---|---|
| MIDLAND FUNDING 854430.... | Updated |

**Request for your credit history**

| | Outcome |
|---|---|
| | Deleted |
| | Deleted |

Visit experian.com/status to check the status of your pending disputes at any time

### What's your credit score?

Find out by ordering your VantageScore® from Experian for only $7.95. To order, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.



**Exhibit 10-h**

OK  OK  30  OK  OK  OK  OK  OK

**MIDLAND FUNDING**

| | | |
|---|---|---|
| Address: | Account Number: | Original Creditor: |
| 8875 AERO DR STE 200 | 854430.... | T-MOBILE |
| SAN DIEGO, CA 92123 | | |
| *No phone number available* | | |
| Address Identification Number: | | |
| 0398639627 | | |

Status:  NO STATUS.

| | | |
|---|---|---|
| Date Opened: | Type: | Credit Limit/Original Amount: |
| 12/2011 | NA | NA |
| Reported Since: | Terms: | High Balance: |
| 03/2012 | 1 Months | NA |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 03/2012 | NA | NA |
| Last Reported: | Responsibility: | Recent Payment: |
| NA | Individual | NA |
| Your Statement: | | |

Account in dispute under Fair Credit Billing Act.



P.O. Box 105069
Atlanta, GA 30348

July 23, 2012



**EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com



001206645-59
Teri Lynn Hinkle
322 Bethel St
Eastman, GA 31023-6232

000059

Dear Teri Lynn Hinkle:

Enclosed is a copy of your Equifax credit file. Please review it for any unauthorized accounts or inquiries  If unauthorized information is reporting on your Equifax credit file, you may start an investigation immediately on-line at www.investigate.equifax.com. Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns. You may also start an investigation by completing and returning the enclosed Research Request Form or by calling the toll free telephone number on the credit file. Please advise us of any documents that may help us in the reinvestigation, such as an identity theft report or letters from credit grantors.

You should contact the credit grantors that are reporting information you believe is fraudulent. Ask them to explain their fraud investigation process, what steps should be taken and how long the process normally takes. Additionally request that they send you a letter or documentation stating the results of the investigation. Upon receipt, forward a copy of that letter to us.

If your ID information, such as driver's license or social security card, was lost or stolen, contact the appropriate issuing agency.

**Results Of Your Investigation**   (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

>>> **We have researched the credit account. Account # - 854430*  The results are:**  We verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Midland Credit MGMT Inc, 8875 Aero Dr Ste 200, San Diego, CA 92123-2255  Phone: (800) 825-8131*

**The FBI Has Named Identity Theft As The Fastest Growing Crime In America.**
Protect yourself with Equifax Credit Watch™ , a service that monitors your credit file every business day and notifies you within 24 hours of any activity. To order, go to:  *www.creditwatch.equifax.com*

**Exhibit 10-j**

## Midland Funding LLC   8875 Aero Dr Ste 200 San Diego CA 92123-2255 (800) 825-8131

Account Number: 854430*

| Items As of Date Reported | Balance Amount | Date Opened | High Credit Credit Limit | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Date of 1st Delinquency | Terms Duration | Terms Frequency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Months Revd | Deferred Pay Start Date | Balloon Pay Amount | Creditor Classification | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/2012 | $300 | 12/2011 | $301 | $300 | | | 06/2007 | | | | 02/2012 | | 4 | | | | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;

## Ocwen Loan Servicing, LLC   Attn: Research Dept 12650 Ingenuity Dr Orlando FL 32826-2703 (800) 755-2996

Account Number: 770*

| Items As of Date Reported | Balance Amount | Date Opened | High Credit | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Date of 1st Delinquency | Terms Duration | Terms Frequency | Scheduled Pymnt Amount | Date Maj. Del. 1st Rptd | Charge Off Amount | Months Revd | Deferred Pay Start Date | Balloon Pay Amount | Creditor Classification | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/2007 | $0 | 06/1998 | $78,000 | | 12/2006 | | 11/2006 | 30 Years | Monthly | $981 | | | 12 | | | | | 01/2005 |

Status - 30 - 59 Days Past Due; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account;   ADDITIONAL INFORMATION - Closed and Paid Account/Zero Balance; Real Estate Mortgage;

Account History
with Status Codes

| 12/2006 | 11/2006 | 09/2006 |
|---|---|---|
| 1 | 1 | 1 |

## Select Portfolio Servicing, Inc   3815 S West Temple Salt Lake City UT 84115-4412 (800) 258-8602

Account Number: 277302151*

| Items As of Date Reported | Balance Amount | Date Opened | High Credit | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Date of 1st Delinquency | Terms Duration | Terms Frequency | Scheduled Pymnt Amount | Date Maj. Del. 1st Rptd | Charge Off Amount | Months Revd | Deferred Pay Start Date | Balloon Pay Amount | Creditor Classification | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/2006 | $0 | 06/1998 | $78,000 | | 10/2005 | | | 30 Years | Monthly | | | | | | | Transfer/Sold | | 11/2005 |

Status - Pays As Agreed; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Real Estate Mortgage;

### Inquiries that display to companies  (may impact your credit score)

This section lists companies that requested your credit file. Credit grantors may view these requests when evaluating your credit worthiness. Employment inquiries do not impact your credit score.

| Company Information | Inquiry Date(s) | |
|---|---|---|
| Dish Network | 08/04/2012 | |
| CO 80112-5905 9601 S Meridian Blvd Bldg 1 Flr 3 Cntd Englewood, | | |
| S&C Technologies Inc::BANK OF EASTMAN | 12/01/2010 | 10/13/2010 |
| 7201 W 78th St Minneapolis, MN | | |
| 55439-2507 | | |

( Continued On Next Page )

2201016681APP-00120664S-59  - 160 -  BS

Consumer Credit Report for TERI L. HINKLE

File Number: 314334935
Page: 2 of 4
Date Issued: 07/05/2012



**MIDLAND CREDIT MGMT INC #852871****

8875 AERO DR STE 200
SAN DIEGO, CA 92123
(800) 825-8131

Balance: $0
Date Verified: 09/28/2011
Original Amount: $358
Original Creditor: GE MEIJER
Last Payment: 10/13/2008

Pay Status: ›Account Paid in Full; was a Collection‹
Account Type: Open Account
Responsibility: Individual Account
Date Closed: 10/01/2008
Date Paid: 10/13/2008

Loan Type: FACTORING COMPANY ACCOUNT
Date placed for collection: 09/24/2008
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated month and year that this item will be removed: 12/2012

**MIDLAND FUNDING LLC #854430****

8875 AERO DR
SUITE 200
SAN DIEGO, CA 92123
(800) 825-8131

Balance: $301
Date Updated: 06/18/2012
Original Amount: $301
Original Creditor: T MOBILE
Past Due: ›$301‹

Pay Status: ›In Collection‹
Account Type: Open Account
Responsibility: Individual Account

Loan Type: FACTORING COMPANY ACCOUNT
Date placed for collection: 12/06/2011
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated month and year that this item will be removed: 05/2014



Consumer Credit Report for TERRI HINKLE   **Exhibit 10-J**



| | |
|---|---|
| File Number: | 314334935 |
| Page: | 3 of 4 |
| Date Issued: | 07/05/2012 |

TransUnion.

## Satisfactory Accounts

The following accounts are reported with no adverse information.

## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

**PHYSICIAN'S LIFE INSURAN**
2600 DODGE STREET
OMAHA, NE 68131
(800) 555-7542
**Requested On:** 02/15/2012

**AT&T SERVICES**
1801 VALLEY VIEW LN
FARMERS BRANCH, TX 75234
(787) 397-5000
**Requested On:** 01/02/2012

## Account Review Inquiries

The companies listed below obtained information from your consumer report for the purpose of an account review or other business transaction with you. These inquiries are not displayed to anyone but you and will not affect any creditor's decision or any credit score (except insurance companies may have access to other insurance company inquiries and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

**STATE FREE DISCLOSURE**
P O BOX 1000
CHESTER, PA 19022
(800) 888-4213
**Requested On:** 07/05/2012

**TU INTERACTIVE**
100 CROSS ST
#202
SAN LUIS OBISP, CA 93401
Phone number not available
**Requested On:** 05/30/2012, 12/13/2011, 05/01/2011

**MIDLAND CREDIT MGMT INC**
8875 AERO DR STE 200
SAN DIEGO, CA 92123
(800) 825-8131
**Requested On:** 05/07/2012
**Permissible Purpose:** COLLECTION

**TRANSUNION INTERACTIVE**
100 CROSS STREET
#202
SAN LUIS OBISP, CA 93401
Phone number not available
**Requested On:** 02/28/2012
**Permissible Purpose:** CREDIT MONITORING

To dispute online go to: http://transunion.com/disputeonline

Case: 15-10398   Date Filed: 07/20/2015   Page: 123 of 196

**Exhibit 10-m**

P.O. Box 2000
Chester, PA 19022-2000

07/20/2012   **TransUnion.**

P24JOB00202563-I017215-144866999

TERI LYNN HINKLE
322 BETHEL ST
EASTMAN, GA 31023





Scan this with your
smartphone's QR Reader to
find out about an exciting offer
from TransUnion.

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit
http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| PERSONAL INFORMATION | | NEW INFORMATION BELOW |
| ████████ | ██████████ | DELETED |
| MIDLAND CREDIT MGMT INC | # 852871**** | DELETED |

**Exhibit 10-n**



**MIDLAND FUNDING**

Address:
8875 AERO DR STE 200
SAN DIEGO, CA 92123
(800) 825-8131

Account Number:
854430....

Original Creditor:
T-MOBILE

Address Identification Number:
0398639627

Status: NO STATUS.

Status Details:
This item was updated from our processing of your dispute in Aug 2012.

Date Opened:
12/2011

Reported Since:
03/2012

Date of Status:
02/2012

Last Reported:
NA

Your Statement:

Type:
NA

Terms:
1 Months

Monthly Payment:
NA

Responsibility:
Individual

Credit Limit/Original Amount:
NA

High Balance:
NA

Recent Balance:
NA

Recent Payment:
NA

Account in dispute under Fair Credit Billing Act.

Status: Paid, Closed.

Status Details:
This item was updated from our processing of your dispute in Dec 2011.

# EQUIFAX

**Equifax Credit Report™ for Teri Lynn Hinkle**
As of: 08/06/2013
Available until: 09/05/2013
Confirmation #:3718894044

Report Does Not Update

| Section Title | Section Description |
|---|---|
| 1. Credit Summary | Summary of account activity |
| 2. Account Information | Detailed account information |
| 3. Inquiries | Companies that have requested or viewed your credit information |
| 4. Negative Information | Bankruptcies, liens, garnishments and other judgments |
| 5. Personal Information | Personal data, addresses, employment history |
| 6. Dispute File Information | How to dispute information found on this credit report |
| 7. Summary of Your Rights Under the FCRA | Summary of Your Rights Under the FCRA |
| 8. Remedying the Effects of Identity Theft | Remedying the Effects of Identity Theft |
| 9. Your Rights Under State Law | Your Rights Under State Law |

## Contact Us

If you would like to initiate your dispute by phone you may contact our dispute center at 866-229-7861 (telephone number changes process by phone). You must have a current copy of your Equifax credit file and your 10 digit confirmation number to complete the dispute process by phone. Or you may dispute via US mail by writing to:

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374

## Credit Summary

Your Equifax Credit Summary highlights the information in your credit file that is most important in determining your credit standing by distilling key credit information into one easy-to-read summary.

### Accounts

Lenders usually take a positive view of individuals with a range of credit accounts - car loan, credit cards, mortgage, etc. – that have a record of timely payments. However, a high debt to credit ratio on certain types of revolving (credit card) accounts and installment loans will typically have a negative impact.

| Accounts | Open Accounts | Total Number | Balance | Available | Credit Limit | Debt to Credit Ratio | Monthly Payment Amount | Accounts with a Balance |
|---|---|---|---|---|---|---|---|---|
| Mortgage | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Installment | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Revolving | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Other | 0 | $0 | N/A | N/A | N/A | $0 | 0 |
| Total | 0 | $0 | N/A | N/A | N/A | $0 | 0 |

### Debt by Account Type

No Data to Display

### Debt to Credit Ratio by Account Type



- Mortgage—0%
- Installment—0%

Exhibit 10-o

| | | | |
|---|---|---|---|
| Date of Last Payment: | 10/2004 | Actual Payment Amount: | $ 10 |
| Scheduled Payment Amount: | | Date of Last Activity: | 10/2004 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 35 |
| Creditor Classification: | | Activity Description: | Paid and Closed |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | 02/2004 | Type of Loan: | Credit Card |
| Date of First Delinquency: | N/A | | |
| Comments: | Account closed at consumers request | | |

81-Month Payment History

No 81-Month Payment Data available for display.

# Other Accounts

These are all accounts that do not fall into the other categories and can include 30-day accounts such as American Express.

## Closed Accounts

MIDLAND FUNDING LLC   854430XXXX          12/06/2011   $301        07/29/2013   $301

8875 Aero Dr Ste 200
San Diego , CA-921232255
(800) 825-8131

| | | | |
|---|---|---|---|
| Account Number: | 854430XXXX | Current Status: | |
| Account Owner: | Individual Account. | High Credit: | $ 301 |
| Type of Account : | Open | Credit Limit: | |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 12/06/2011 | Balance: | $ 301 |
| Date Reported: | 07/29/2013 | Amount Past Due: | $ 301 |
| Date of Last Payment: | | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 02/2012 | Months Reviewed: | 14 |
| Creditor Classification: | | Activity Description: | N/A |

**Exhibit 10-q**

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | | | | | |
|-----|---|-----|-----|-----|-----|-----|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**MIDLAND FUNDING LLC    #854430****\***
8875 AERO DR
SUITE 200
SAN DIEGO, CA 92123
(800) 825-8131

| Placed for collection: | 12/06/2011 | Balance: | $301 | Pay Status: | >In Collection< |
|---|---|---|---|---|---|
| Responsibility: | Individual Account | Date Updated: | 07/29/2013 | | |
| Account Type: | Open Account | Original Amount: | $301 | | |
| Loan Type: | FACTORING | Original Creditor: | T MOBILE | | |
| | COMPANY ACCOUNT | Past Due: | >$301< | | |

Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 05/2014

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S NOTICE OF FILING DOCUMENTS IN SUPPORT OF PLAINTIFF'S CLAIM** for each Defendant to **Tully T. Blalock, King & Spalding**, Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS mail on March 13, 2014

Sent to:

Tully T. Blalock

King & Spalding

1180 Peachtree Street, N.E.

Atlanta, Georgia 30309

Teri Lynn Hinkle

322 Bethel Street

Eastman, Georgia 31023

queensongbird@gmail.com

**Plaintiff, Case 3:13-cv-00033**



U.S. POSTAGE
PAID
EASTMAN, GA
31023
AMOUNT

$1.61

00032824-02

Clerk, U.S. Dist Court
P.O. Box 1130
Augusta, GA
30903

Hinkle
333 Bethel St.
Eastman, GA
31023

.

Plaintiff's Appendix Document No - 59

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 20 P 1: 48

CLERK_____
SO. DIST. OF GA.

TERI LYNN HINKLE,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )      CV 313-033
                                     )
MIDLAND CREDIT MANAGEMENT,           )
INC., et al.,                        )
                                     )
          Defendants.                )

_____

**O R D E R**

_____

On March 3, 2014, the Court denied *pro se* Plaintiff's amended motions to compel because her objections to Defendants' discovery responses were too general and she did not provide adequate information for the Court to evaluate the merits of the motions. (Doc. no. 54.) Plaintiff has now filed a motion she styled as one for reconsideration, in which she provides additional information not included in her prior motions and again requests that the Court compel discovery. (Doc. no. 55.) The Court construes Plaintiff's motion as a new motion to compel discovery, not as a motion for reconsideration, that requires a substantive response from Defendants. Because a substantial portion of Defendants' time to respond has elapsed, Defendants shall have through April 7, 2014 to file such response.

SO ORDERED this 20th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

Plaintiff's Appendix Document No - 61

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 25  AM 10: 44

CLERK C. Adams
SO. DIST. OF GA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle**<br>*Plaintiff,* | ) ) ) ) |
| | ) **Case No. 3:13-CV-00033** |
| **vs** | ) ) |
| **MIDLAND CREDIT**<br>**MANAGEMENT INC.**<br>**MIDLAND FUNDING, LLC.**<br>**ENCORE CAPITAL GROUP INC.**<br>*Defendants.* | ) ) ) ) ) ) |

## PLAINTIFF TERI LYNN HINKLE'S NOTICE OF RECEIPT OF CERTAIN REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Teri Lynn Hinkle, gives Notice of Receipt of Certain Requests for Production.

1. On March 13, 2014 Plaintiff, Teri Lynn Hinkle filed a Motion to Reconsider Decision and Order of the Court on Plaintiff's Motions to Compel. *See* Doc. 55

2. On March 19, 2014 Plaintiff received via email numerous documents from Defendants in a pdf file with no indication as to what specific Requests for Production or which of the three Defendants they pertained to.

3. On March 20, 2014 the Plaintiff received via UPS delivery, hard copies of the above mentioned documents with a cover letter which simply stated, "Please find enclosed the Midland Defendant's document production numbered MIDLAND-HINKLE-000001-000106." (*See* Exhibit 11 attached.)

4. Defendants failed to delineate or specify what documents provided were in response to which specific Requests for Production for each individual Defendant.

5. Although it is clear that the documents sent are at least partial responses to Requests for Production there is a complete failure by the Defendants to identify which of the substantial documents provided are responses to which specific Request for Production and for which Defendant(s) they apply to.

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

# EXHIBIT 11

**EXHIBIT 11**

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

K.Ann Broussard
Direct Dial: +1 404 215 5725
Direct Fax: +1 404 572 5100
abroussard@kslaw.com

March 19, 2014

**VIA OVERNIGHT DELIVERY**

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

     **Re:**   **Hinkle v. Midland Funding LLC, Midland Credit Management Inc.**

Dear Ms. Hinkle:

Please find enclosed the Midland Defendants' document production numbered MIDLAND-HINKLE-000001-000106.

               Sincerely,

               K. Ann Broussard

KB:pdw
Enclosures

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S NOTICE OF RECEIPT OF CERTAIN REQUESTS FOR PRODUCTION** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on March 21, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Hinkle
332 Bethel St.
Eastman, Georgia
31023

Clerk of U.S District Court
P.O. Box 1130
Augusta, Georgia
30903



Plaintiff's Appendix Document No - 63

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR EXTENSION OF DEADLINES**

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), file their Response in Opposition to Plaintiff's First Motion For Extension of Deadlines ("Response") as follows.  For the reasons set forth below, Plaintiff's Motion should be denied.

## INTRODUCTION

Plaintiff, proceeding pro se, filed this lawsuit against the Midland Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") in relation to an account that Midland purchased.  Most of Plaintiff's claims are barred by the applicable statutes of limitations under the FCRA and FDCPA.  The Midland Defendants intend to file a motion for summary judgment following the close of discovery.

The parties have exchanged written discovery and the Midland Defendants have taken Plaintiff's deposition.  The Court has granted the parties one extension of the deadlines in this

1

case for good cause due to the last minute cancellation of Plaintiff's deposition arising from inclement weather conditions. However, Plaintiff now seeks another extension of the deadlines without good cause for this additional delay. Accordingly, Plaintiff's Motion should be denied.

## RELEVANT FACTUAL BACKGROUND

Plaintiff asserts claims against the Midland Defendants under the FDCPA and FCRA. On November 12, 2013, the Court entered a scheduling order setting discovery and dispositive motions deadlines of February 18, 2014 and March 20, 2014, respectively. (Doc. 31.) The Midland Defendants noticed Plaintiff's deposition for February 14, 2014. (Doc. 49.) However, due to inclement weather conditions, the Midland Defendants were forced to cancel Plaintiff's deposition due to inclement weather conditions. (*See id.*) The Midland Defendants sought alternate dates for Plaintiff's deposition, however, she stated that she was not available on any dates prior to the discovery deadline. (*See id.*) As a result, given the last-minute cancellation and Plaintiff's purported unavailability, the Midland Defendants moved for a 30-day extension of the discovery and dispositive motions deadlines, which was granted on February 18, 2014. (Docs. 49, 51.) The parties have exchanged written discovery and the Midland Defendants took Plaintiff's deposition on March 11, 2014. Further, on March 19, 2014, the Midland Defendants produced 106 pages of documents comprised of bills of sale concerning Plaintiff's accounts, letters from Plaintiff to the Midland Defendants, letters from MCM to Plaintiff, and account notes/records pertaining to Plaintiff's accounts.

## ARGUMENT AND CITATION OF AUTHORITY

Fact discovery closed on March 20, 2014 after the Court extended the discovery and dispositive motions deadlines for good cause. *See* Doc. 51. Plaintiff now seeks to reopen discovery. The scheduling order, however, may be modified only for good cause. *See* Fed. R.

Civ. P. 16(b)(4); *Turner v. Neptune Towing & Recovery, Inc.*, 2010 WL 3154082, * 1 (M.D. Fla. Aug. 9, 2010). Further, Fed. R. Civ. P. 16(b) permits a court to modify a schedule on a showing of good cause only if it cannot reasonably be met despite the diligence of the party seeking the extension. *Midland National Life Ins. Co. v. Fredricksen*, 2010 WL 1138819, * 2 (N.D. Fla. Mar. 22, 2010) (quoting *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998)). "The moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Midland National Life Ins. Co.,* 2010 WL 1138819, * 2 (citing *S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241-42 n. 3 (11th Cir. 2009)). A motion to reopen discovery is properly denied when the movant has not shown a reason for the delay. *See Loeffler v. Staten Island University Hosp.*, 2010 WL 1010737, *2 (E.D.N.Y. Mar. 16, 2010); *Reed v. Michael Realty Assoc., Inc.*, 1994 WL 559225, * 12 (N.D. Ill. Oct. 7, 1994).

Plaintiff has not made a showing of due diligence or a reason for delay and thus good cause has not been demonstrated to justify reopening the time for discovery in this case. Plaintiff's sole reason for requesting the extension is that her Motion For Reconsideration of the Court's order denying her motion to compel (Doc. 55) is pending before the Court. Even if the motion is granted, however, Plaintiff has not explained why there is a need for additional discovery beyond the discovery taken by each party. Further, Plaintiff has not explained how her pending motion leads to the need to generally extend discovery again.

In any case, Plaintiff has had ample time to complete discovery, but took no advantage of the prior extension. Plaintiff has not identified the specific discovery that must be completed, the new discovery that needs to be undertaken, and, more importantly, why that discovery was not completed before the March 20, 2014 deadline. Accordingly, Plaintiff's Motion to extend the

discovery period should be denied.

## CONCLUSION

Equifax respectfully requests that Plaintiff's motion be denied as Plaintiff has not shown good cause for yet another delay in discovery.

Respectfully submitted this 31st day of March, 2014.

KING & SPALDING LLP

*/s/ K. Ann Broussard*
K. Ann Broussard (*Pro Hac Vice*)
Georgia Bar No. 100142

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I presented the foregoing **DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR EXTENSION OF DEADLINES** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023


Dated:     March 31, 2014.


/s/  <u>K. Ann Broussard</u>
K. Ann Broussard

Plaintiff's Appendix Document No - 64

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, the "Midland Defendants"), file their Response in Opposition to Plaintiff's Motion to Reconsider Decision and Order of the Court on Plaintiff's Motion to Compel ("Plaintiff's Motion"). For the reasons set forth below, Plaintiff's Motion should be denied.

## INTRODUCTION

Plaintiff, proceeding pro se, filed this lawsuit against the Midland Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") in relation to her accounts that Midland Funding purchased. During the course of discovery, the parties exchanged written discovery and the Midland Defendants deposed Plaintiff. Plaintiff also filed a motion to compel, which the Court correctly denied. The Midland Defendants intend to move forward with their motion for summary judgment. Plaintiff, meanwhile, seeks to revisit discovery issues through her Motion. For the reasons set forth

below, the Court should deny Plaintiff's Motion so that the case can proceed through the summary judgment stage and final resolution.

## RELEVANT FACTUAL BACKGROUND

On November 14, 2013, Plaintiff served the Midland Defendants with a set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("discovery requests"). (Declaration of K. Ann Broussard ("Broussard Decl."), ¶ 3, attached as Exhibit A.) Due to an oversight, the Midland Defendants did not respond to the discovery requests within 33 days of service. (*Id.*, ¶ 3.) On or around December 19, 2013, Plaintiff sent the Midland Defendants a letter requesting the responses by December 23, 2013 at 12:00 p.m. (*Id.*, ¶ 4.) The Midland Defendants promptly complied with Plaintiff's request and, on Plaintiff's imposed deadline day of December 23, 2013, served responses and objections on her by email at approximately 6:15 p.m. and sent a copy to her by overnight delivery. (Broussard Decl., ¶ 5.)

The Midland Defendants' service of the discovery requests on Plaintiff, on her imposed deadline and only two business days of their due date, should have ended any discovery-related discussion and eliminated any potential motion practice. But, consistent with her litigious nature in this Court, Plaintiff felt the need to initiate motion practice anyway, and on December 27, 2013, despite the fact that she had received responses to her discovery requests from the Midland Defendants, Plaintiff filed motions to compel against the Midland Defendants. (Docs. 32, 34, 36.) On January 2, 2014, Plaintiff filed a Motion for Extension of Time to Amend the Motions to Compel. (Doc. 37.) On January 3, 2014, Plaintiff and counsel for the Midland Defendants met and conferred by telephone regarding the Midland Defendants' discovery responses for approximately two hours. (Broussard Decl., ¶ 6.) The Midland Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014. (*Id.*, ¶ 7.) On January

2

7, 2014, the Midland Defendants served the amended responses and non-confidential documents by email and mail. (*Id.*, ¶ 8; *see also* Doc. 55 at 62-98.)  The Midland Defendants enclosed verifications in support of their amended responses to the discovery requests in the service copies mailed to Plaintiff on January 7, 2014. (*Id.*, ¶ 9.)

On March 3, 2014, the Court denied Plaintiff's amended motions to compel on the basis that, among other things, Plaintiff failed to comply with local and federal rules. (Doc. 54.)  On March 13, 2014, Plaintiff filed the present Motion. (Doc. 55.)  On March 20, 2014, the Court entered an order construing Plaintiff's Motion as another motion to compel.  (Doc. 59.)  Notwithstanding Plaintiff's voluminous filing, Plaintiff's Motion is limited to the Midland Defendants' responses to the following seven Requests for Production of Documents ("Requests"): 1, 5, 6, 7, 8, 16, and 19.  (Doc. 55.)

## ARGUMENT AND CITATION OF AUTHORITY

As discussed below, the Midland Defendants have sufficiently responded to Plaintiff's Requests, produced relevant, responsive documents to Plaintiff, and Plaintiff cannot demonstrate how she has been prejudiced by the Midland Defendants' responses.  The Court should, therefore, deny Plaintiff's motion to compel further responses.

**I.    PLAINTIFF'S MOTIONS TO COMPEL SHOULD BE DENIED.**

**A.    Plaintiff's Motion Failed To Comply With S.D. Ga. L.R. 26.5 and Federal Rule of Civil Procedure 37(a)(1) And Should Be Denied On That Basis Alone.**

Although Plaintiff describes what she believes are the deficiencies in the Midland Defendants' discovery responses, Plaintiff utterly failed to comply with the local and federal rules in her attempt to compel further responses from the Midland Defendants. *See Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 914 (11th Cir.2010) ("[Plaintiff's] motion to compel did not contain a certification that [plaintiff] had attempted, in good faith, to resolve the

dispute with [defendant]. Fed. R. Civ. P. 37(a)(1) requires motions to compel to contain such a certification, and [plaintiff's] pro se status does not excuse noncompliance with procedural rules.") Plaintiff's Motions should be denied on this noncompliance alone.

The Court's Local Rules provide that "[the parties] are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." S.D. Ga. L.R. 26.5. Further Rule 37(a)(1) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's only certification in her motion states that "she has conferred with the Defendants who state by email that they will oppose this motion and that this motion is made in good faith and not intended for purposes of delay, harassment, or to unnecessarily increase the costs of litigation." Doc. 55 at 24. The Midland Defendants, through their counsel, did advise Plaintiff that they would oppose her Motion as it was framed to Court (as a Motion to Reconsider the Court's Order). Broussard Decl. ¶ 10. Plaintiff has not, however, certified that she conferred in good faith with the Midland Defendants to resolve any discovery disputes prior to filing her Motion. In addition, her previous amended motions to compel also failed to include such a required certification under Rule 37. Accordingly, Plaintiff's Motion should be denied on the basis of this deficiency alone. *See, e.g.*, *Samadi v. Bank of America, N.A.*, 476 F. App'x 819, 821 (11th Cir. 2012) ("The district court was not required to grant [plaintiff's] motion to compel when he failed to certify that he had conferred in good faith with counsel for [defendant] ... .").

**B.  Plaintiff's Motions Should Be Denied Because The Defendants Either Do Not Possess The Requested Documents Or Have Produced Them To Plaintiff.**

**1.  Defendants Encore And Midland Funding Are Not In Possession Of**

**Documents Responsive To Most Of Plaintiff's Requests.**

As set forth in their responses to Plaintiff's Requests 1, 5, 7, 16, and 19, Defendants Encore and Midland Funding are not in possession of documents responsive to these Requests. Doc. 55 at 9-11, 13-14, 16-19. Whether or not Plaintiff believes that response is her choice, but she cannot compel Encore and Midland Funding to create and/or produce documents they do not possess. Therefore, Plaintiff's Motion should be denied as to these Requests directed toward Encore and Midland Funding.

> **2.    The Midland Defendants Produced Relevant, Responsive Documents In Response To Plaintiff's Requests And She Cannot Demonstrate That She Has Been Prejudiced.**

After multiple failed attempts to obtain Plaintiff's approval of a protective order, on March 19, 2014, the Midland Defendants produced 106 pages of relevant and responsive documents to Plaintiff. Broussard Decl. ¶ 11. These documents were comprised of letters from MCM to Plaintiff, letters from Plaintiff to the Midland Defendants, MCM's internal records of Plaintiff's MCM accounts, and bills of sale for Plaintiff's accounts (Broussard Decl., ¶ 12) and are responsive to the purported deficient responses Plaintiff has raised in her Motion as set forth below.

Request No. 1:  Please produce the documents you allege constitute validation of the alleged account(s).

MCM produced its internal account records bates numbered MIDLAND-HINKLE-000031-000054 documenting the action taken on her accounts and the communications with Plaintiff, including letters sent and received and phone calls placed to Plaintiff.


Request No. 5:  Please provide any and all documented proof in your possession that shows you complied with the requirements of the FCRA.

MCM produced its internal account records bates numbered MIDLAND-HINKLE-000025, 000031-000054, 000078, and 000105 documenting the action taken on her accounts and communications with Plaintiff, including letters sent and received and phone calls placed to

Plaintiff.  MCM also produced copies of the actual letters sent to Plaintiff in response to her credit reporting disputes.

**Request No. 6**:  Produce the contract obligating the Plaintiff to pay any alleged debt to you or any other entity for which you claim you are authorized to collect.

Midland Funding and MCM produced the Assignment and Bill of Sale concerning Plaintiff account, bates numbered MIDLAND-HINKLE-000055.

**Request No. 7**:  Produce the account and general ledger statement signed and dated by the person responsible for maintaining the original account(s) you have or continue to report to the Credit Reporting Agencies relating to the Plaintiff.

MCM produced its internal account records bates numbered MIDLAND-HINKLE-000031-000054 documenting the status of Plaintiff's accounts, including balance, payment history, interest rate, and other fees.

**Request No. 8**:  Produce the sale agreement containing Plaintiff's personal identifiers connected with any alleged accounts purported to belong to the Plaintiff which you claim you have the legal right to collect.

Midland Funding and MCM produced the Assignment and Bill of Sale concerning Plaintiff account, bates numbered MIDLAND-HINKLE-000055.

**Request No. 16**:  Produce the consumer reports concerning Teri Lynn Hinkle in MIDLAND's possession, custody or control, including any historical, electronic, or archived copies.

The Defendants responded that they are not in possession of documents responsive to this Request.

**Request No. 19**:  Produce a copy of the "notice of debt" sent to the Plaintiff within five (5) days of the first reporting to the Credit Reporting Agencies with proof of mailing and receipt as required by 15 U.S.C. § 1692g and its subsections.

MCM produced its internal account records bates numbered MIDLAND-HINKLE-000025, 000031-000054, 000078, and 000105 documenting the action taken on her accounts and communications with Plaintiff, including letters sent and received and phone calls placed to Plaintiff.  MCM also produced copies of the actual letters sent to Plaintiff in response to her credit reporting disputes.

Since the Midland Defendants produced documents that were responsive to Plaintiff's requests, Plaintiff's Motion is moot and should be denied. *See Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1247-48 (S.D. Fla. 2012) (finding that plaintiff's motion to compel responses to request for production was moot based on defendant's representation that it had produced the responsive documents); *Alexander v. AirTran Airways, Inc.*, 2006 WL 3709614, *4 (N.D. Ga. Nov. 2, 2006) (finding that plaintiff's motion to compel was moot based on plaintiff's representation that it had produced all documents in its possession and defendant could point to no evidence to the contrary); *Gutescu v. Carey Intern., Inc.*, 2003 WL 25586750, *3 (S.D. Fla. June 23, 2003) (denying motion to compel as moot where defendant produced responsive documents in its possession).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions should be denied.

Respectfully submitted this 7th day of April, 2014.

KING & SPALDING LLP


/s/ _K. Ann Broussard_
K. Ann Broussard (*Pro Hac Vice*)
Georgia Bar No. 100142

1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  ABroussard@kslaw.com

**Attorneys for the Midland Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL** by United States Mail to the following parties:

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023


April 7, 2014.


/s/  *K. Ann Broussard*
K. Ann Broussard

Plaintiff's Appendix Document No - 65

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

|  |  |  |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., MIDLAND FUNDING LLC, | ) | |
| And ENCORE CAPITAL GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF K. ANN BROUSSARD IN SUPPORT OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC. RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

I, K. Ann Broussard, hereby declare as follows:

1.      I am an attorney for Defendants Midland Credit Management, Inc., Midland Funding LLC and Encore Capital Group, Inc. (the "Midland Defendants") in this case. I am over the age of 21, have personal knowledge of the matters set forth herein, and am otherwise competent to provide this declaration.

2.      I submit this declaration in support of the Midland Defendants' Response in Opposition to Plaintiff's Motion to Reconsider Decision and Order of the Court on Plaintiff's Motion to Compel.

3.      On November 14, 2013, Plaintiff served the Midland Defendants with a set of Interrogatories, Requests for Production of Documents, and Requests for Admissions ("discovery requests"). Due to an oversight, the Midland Defendants did not respond to the discovery requests within 33 days of service.

4.      On or around December 19, 2013, Plaintiff sent the Midland Defendants a letter requesting the responses by  December 23, 2013 at 12:00 p.m.

5.      The Midland Defendants promptly complied with Plaintiff's request and, on Plaintiff's imposed deadline day of December 23, 2013, served responses and objections on her by email at approximately 6:15 p.m. and sent a copy to her by overnight delivery.

6.      On January 3, 2014, Plaintiff and counsel for the Midland Defendants met and conferred by telephone regarding the Midland Defendants' discovery responses for approximately two hours.

7.      The Midland Defendants agreed to serve amended responses to Plaintiff's discovery requests by January 7, 2014.

8.      On January 7, 2014, the Midland Defendants served the amended responses and non-confidential documents by email and mail.

9.      The Midland Defendants enclosed verifications in support of their amended responses to the discovery requests in the service copies mailed to Plaintiff on January 7, 2014.

10.     The Midland Defendants, through their counsel, did advise Plaintiff that they would oppose her Motion as it was framed to Court (as a Motion to Reconsider the Court's Order).

11.     After multiple failed attempts to obtain Plaintiff's approval of a protective order, on March 19, 2014, the Midland Defendants produced 106 pages of relevant and responsive documents to Plaintiff.

12.     These documents were comprised of letters from MCM to Plaintiff, letters from Plaintiff to the Midland Defendants, MCM's internal records of Plaintiff's MCM accounts, and bills of sales for Plaintiff's accounts and are responsive to the purported deficient responses

Plaintiff has raised in her Motion as set forth below.

Pursuant to 28 U.S.C. § 1746, I further declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of April, 2014, at Atlanta, Georgia.


By:  /s/  K. Ann Broussard                            
     K. Ann Broussard

Plaintiff's Appendix Document No - 69

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 APR 15  AM 9: 41

CLERK _____
SO. DIST. OF GA.

Teri Lynn Hinkle )
    *Plaintiff,* )
 )
 ) Case No. 3:13-CV-00033
 )
vs )
 )
MIDLAND CREDIT )
MANAGEMENT INC. )
MIDLAND FUNDING, LLC. )
ENCORE CAPITAL GROUP INC. )
    *Defendants.* )
 )

## PLAINTIFF, TERI LYNN HINKLE'S REPLY TO MIDLAND DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Teri Lynn Hinkle (Plaintiff) hereby replies in response to Defendants, Midland

Credit Management Inc., Midland Funding LLC, and Encore Capital Group Inc.'s, (MCM,

Midland, Encore, collectively, Defendants), Response in Opposition To Plaintiff's Motion To

Reconsider Decision And Order Of The Court On Plaintiff's Motion To Compel. For the reasons

set forth below the Plaintiff's Motion To Compel should be granted.

## CLARIFICATION

1. Plaintiff is not revisiting discovery, rather Plaintiff is attempting to resolve outstanding discovery issues which the Defendants have cleverly continued to avoid throughout the discovery period. The Defendants' current motion in opposition is again filed after the deadline of April 7, 2014 imposed by this Court.

2. Plaintiff's current motion to compel with accompanying documentation and exhibits was filed as a motion to reconsider a prior motion. The motion contained specific issues outstanding and details in an effort to cure deficiencies pointed out by this Honorable Court. The motion to reconsider was converted to a wholly new and separate motion to compel by this Court's Order (Doc 59).

3. Plaintiff supplied an abundance of evidence that she did indeed attempt in good faith on multiple occasions to resolve discovery disputes with the Defendants. The Defendants do not deny this fact. However, in order to strictly comply with FRCP 37(a)(1), and S.D. Ga. L.R. 26.5 and in acknowledgment that she did not use the word "certify" in her motion to reconsider, Plaintiff hereby states:

    a. Plaintiff certifies that she did confer in good faith with the Defendants' counsel in an effort to resolve the discovery disputes without the need for court action. (*See* attached Certification)

4. There were exactly two attempts made by the Defendants to obtain the Plaintiff's approval of a protective order. Plaintiff did not approve the document submitted to her and hereby certifies that she clearly and concisely explained to counsel why it was not acceptable. No real effort was made to cure the overbroad and all inclusive language contained in the document and no protective order was ever submitted to this Court by the Defendants. The issue however, is moot as the Plaintiff has requested nothing which

could be considered privileged, proprietary or qualify as protected by the Defendants or that does not pertain directly to the Plaintiff.

5. Defendants did produce 106 pages of documents to Plaintiff however the statements made by Defendants as to the content of those documents is misleading and inaccurate.

6. Of the 106 pages provided, 70 are duplicate copies of letters Plaintiff sent to the Defendants in an effort to resolve disputes prior to litigation and three copies of Plaintiff's 16 page original complaint. Until the Defendants filed their motion to oppose Plaintiff's current motion to compel they had failed to indicate what outstanding requests for production any of the documents applied to or for which Defendant. The Plaintiff inquired by email requesting clarification on this issue but never received an answer.

7. Of the remaining 36 pages of documents provided to the Plaintiff, 9 were also duplicates of correspondence dated after this dispute first began in 2011 either from the Plaintiff to the Defendants or vice versa. The Plaintiff requested no such documents.

8. In the Defendants' Response in Opposition To Plaintiff's Motion To Reconsider Decision And Order Of The Court On Plaintiff's Motion To Compel, (*See* Doc 64) they cite the specific Requests For Production the 106 pages were in response to:

    a. The Defendants state they produced BATES records MIDLAND-HINKLE, documenting actions taken on alleged accounts and alleged communications with the Plaintiff, letters sent and received and phone calls placed to the Plaintiff. The file called MIDLAND-HINKLE containing numbers on the bottom of the pages appears to be one created for the purpose of this litigation only. The original page numbers at the top on the documents contained in the file are out of sequence and

omit pages of the record. For instance some of the internal records pertaining to

the alleged accounts contain the following omissions:

    i. Page 1 of 3 (pages 2 and 3 omitted)

    ii. Page 1 of 3 (again pages 2 and 3 omitted)

    iii. Page 1 of 3 (again pages 2 and 3 omitted)

    iv. Page 1 of 3 (again pages 2 and 3 omitted)


b. The numbering sequence of these documents would indicate that there are pages

contained in the original file which were deliberately omitted. If the files

supposedly pertain to the Plaintiff as indicated by their original headers then all

the documents contained therein should be discoverable and provided to the

Plaintiff. The missing pages could well explain the many inconsistencies (dates,

amounts and status entries), contained in the information the Defendants provided

to the credit reporting agencies.

c. The Defendants claim that the documents provided satisfy the specific requests

for Production that the Plaintiff has moved this Court to compel. However, none

of the documents provided in regard to Requests No.'s 6 and 8, (Bills of Sale),

show any connection to the Plaintiff whatsoever. The documents provided in

response to Request No. 7 include a page which appears to have been totally

fabricated. It contains entries which appear to show transactions between the

Plaintiff and the Defendants which never took place, could not have taken place

and does not fully comply with the request. The documents in response to Request

number 1 have nothing to do with the specific information requested. The documents from the original file are out of sequence and missing information.

d.  The documents the Defendants claim are responsive to Request No. 19 in regard to the "notice of debt" sent to the Plaintiff within 5 days of the first reporting to the CRA's pursuant to 15 U.S.C. § 1692g have nothing at all to do with the request. There are no letters included prior to the Plaintiff's first correspondence with the Defendants in 2011 yet the Credit Reporting Agencies show a much earlier date for the first reporting of the alleged account the Plaintiff's first dispute pertained to. There are no original letters provided which were supposedly sent to the Plaintiff in regard to this request for either alleged account. Nothing in the 106 pages of paper which the Defendants have provided in any way addresses this request.

e.  None of the letters ever sent to the Plaintiff addressed the first alleged account which the Plaintiff disputed in 2011. To the contrary, the documents provided in response to Requests for Production show the account was paid in full four months BEFORE the Defendants ever reported it to the CRA's in February of 2009.

f.  In regard to Plaintiff's Request for Production No. 16, Defendants state they are not in possession, custody or control, including any historical, electronic, or archived copies. Yet in responses to interrogatories propounded upon them by the Plaintiff they state they did access Plaintiff's credit files, that they are in possession of all records pertaining to the Plaintiff which they ever had and also that they never destroyed any documents. This would appear to be highly

contradictory. Either they accessed Plaintiff's credit files and they still have them or they accessed Plaintiff's credit files and destroyed or discarded them in some way. This question is highly relevant to this case and Plaintiff's allegations of violations. It is also a matter of dire concern to the Plaintiff as to just exactly what they did with her personal information and where it ended up. The Defendants cannot have it both ways.

g. The missing pages in the sequence sent to the Plaintiff would suggest that the Defendants are seeking to avoid disclosure of information relevant to this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions should be granted.

Respectfully submitted this 11th day of April, 2014.

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia
31023

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>*Plaintiff*, | )<br>)<br>) |
| | )<br>) Case No 3:13-cv-00033 |
| vs | )<br>) |
| MIDLAND CREDIT<br>MANAGEMENT INC.<br>MIDLAND FUNDING LLC.<br>ENCORE CAPITAL GROUP INC.<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF CONFERENCE

I, Teri Lynn Hinkle, Plaintiff in this case, hereby certify that at all relevant times and in regard to all Motions to Compel submitted by me to this Honorable Court, that I did confer in good faith with the Defendants prior to filing the motions pursuant to FRCP 37(a)(1), and S.D. Ga. L.R. 26.5.

Respectfully submitted this 11th day of April, 2014.

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Case 3:13-cv-00033-DHB-BKE Date Filed 07/20/2015 Page 166 of 196

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No 3:13-cv-00033 |
| vs | ) | |
| | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT INC. | ) | |
| MIDLAND FUNDING LLC. | ) | |
| ENCORE CAPITAL GROUP INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF, TERI LYNN HINKLE'S REPLY TO MIDLAND DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL** for each Defendant to **Tully T. Blalock, King & Spalding,** Counsel for Defendants, **MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC., AND ENCORE CAPITAL GROUP, INC.** via USPS on April 11, 2014.

Sent to:

Tully T. Blalock
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

U.S. POSTAGE
PAID
EASTMAN, GA
AMOUNT
$1.19
30903

1000
30903

Clerk of U.S. Dist. Court
P.O. Box 1130
Augusta, Georgia
30903

322 Bethel St.
Eastman, GA
31023

Plaintiff's Appendix Document No - 70

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI LYNN HINKLE, )
)
      Plaintiff, )
)
v. )    CV 313-033
)
MIDLAND CREDIT MANAGEMENT, )
INC., et al., )
)
      Defendants. )

---

**O R D E R**

---

Before the Court is Defendants' motion to withdraw admissions and Plaintiff's motion to compel discovery. (Doc. nos. 55, 57.) For the reasons set forth below, the Court **GRANTS** Defendants' motion to withdraw admissions (doc. no. 57) and reserves ruling on Plaintiff's motion to compel.

## I.    DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS

On March 3, 2014, the Court granted Plaintiff's motions to deem matters admitted pursuant to Federal Rule 36(a)(3) because Defendants served their responses to Plaintiff's requests six hours later than the agreed deadline extension, which expired at noon on December 23, 2013. (Doc. no. 54.) Defendants seek withdrawal of these admissions, and the Court hereby **GRANTS** the request because it will facilitate a trial on the merits.

"Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*. That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly." Perez v. Miami–Dade Cnty., 297 F.3d 1255, 1268 (11th Cir. 2002)

(emphasis in original) (internal quotation marks omitted).   In considering whether to grant a motion to withdraw an admission, the Court must consider whether withdrawal will (1) serve the presentation of the merits, and (2) prejudice the party who is relying upon the admission in the presentation of its case.   See id. at 1264 (citing Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

The first prong "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. at 1266 (internal quotation marks and citations omitted).   The second prong focuses on "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Id.   "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the *importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to [its] prejudice.'" Id. at 1265 (emphasis in original) (quoting Smith, 837 F.2d at 1577-78).

Here, the first prong is satisfied because Defendants seek to withdraw admissions that represent the very crux of this case, and to deem such legal conclusions and contested facts admitted would effectively decide the case without any presentation of the merits.   Indeed, the admissions at issue include that (1) Plaintiff has no legal obligation to pay them money, (2) Defendants have no legal basis to collect any money from her, (3) Defendants obtained her credit report under false pretenses, and (4) no evidence exists to prove Defendants' defenses.   (Doc. no. 33, pp. 9-10.)   The withdrawal of these critical

2

admissions would aid in the "ascertainment of the truth and the development of the merits." Smith, 837 F.2d at 1577.

The second prong is also satisfied because Plaintiff would not be prejudiced by withdrawal.  Defendants submitted their responses to Plaintiff's requests for admission merely six hours after the stipulated deadline (doc. no. 39, pp. 2-3; doc. no. 44, p. 2), and although the matters were therefore deemed admitted by operation of Federal Rule 36(a)(3), Plaintiff cannot show prejudice due to six hours of reliance on such admissions. Plaintiff does not explain any difficulty she will have proving her case, and in fact she states her belief that Defendants have now produced documentary evidence supporting the very matters she sought to have admitted.  (Id. at 4.)

Plaintiff's concern that she will be prejudiced by not having time to conduct adequate discovery is negated by the fact that the Court has stayed all deadlines, and will address the need for any additional discovery as set forth herein.  Although Plaintiff claims she has not pursued certain avenues of discovery in reliance on the admissions, she has known since six hours after the missed deadline that Defendants contested the admissions and the allegations in her complaint.  Thus, any difficulty Plaintiff may have in proving her case due to a "sudden need to obtain evidence with respect to questions previously answered by the admissions," is of her own making.  Perez, 297 F.3d at 1266.

Because withdrawal of the admissions will enable this case to be decided on the merits and will not result in prejudice to Plaintiff, the Court **GRANTS** Defendants' motion to withdraw admissions (doc. no. 57).  Id. at 1264-1265; see also U.S. v. $28,000 in U.S. Funds, No. 3:11-CV-130, 2014 WL 118645, at *3 (M.D. Ga. Jan. 10, 2014) (both prongs of the test were met and withdrawal of any admissions was permitted); Iguana

3

LLC v. Patriot Performance Materials, Inc., No. 7:08-CV-141, 2010 WL 3732305, at *4 (M.D. Ga. Sept. 15, 2010) (same).  Therefore, as to those matters deemed admitted by Defendants pursuant to Federal Rule 36(a)(3) and the Court's March 3rd Order, such admissions are withdrawn.

## II.     PLAINTIFF'S MOTION TO COMPEL

In its March 3rd Order, the Court also denied three motions to compel filed by Plaintiff because her objections to Defendants' discovery responses were too general and she did not provide adequate information for the Court to evaluate the merits of the motions.  (Doc. no. 54.)  Plaintiff thereafter filed the instant motion to compel, seeking documents in response to seven of her requests for production.   (Doc. no. 55.) Defendants state, and Plaintiff affirms, that they responded to Plaintiff's motion by producing documents responsive to these seven requests for production.  (Doc. nos. 64, 69.)   Defendants assert that they have now fully complied with the requests for production, and possess no other responsive documents. (See doc. no. 64, pp. 4-7.)

In her reply brief, Plaintiff alleges several inadequacies in Defendants' supplemental production, raises questions concerning the relevance and import of such productions, and speculates that Defendants have withheld discoverable information. (Id. at 4.)  However, most of Plaintiff's concerns would be better resolved during depositions of Defendants, and her allegations are again too generalized and discuss documents in the abstract without providing copies for review by the Court.  Furthermore, it is apparent that Plaintiff has not conferred with Defendants regarding these concerns.

Therefore, the Court **DIRECTS** the parties to confer within seven days of the date of this Order to attempt to discuss the concerns raised in Plaintiff's reply brief regarding

the documents produced by Defendants in response to the seven requests for production at issue.  Following the parties' conference, this case will proceed in one of the two following ways, depending on whether all the discovery issues are resolved.

(1) If the discovery issues are resolved, the parties shall so notify the Court and attend a telephone hearing at 11:00 a.m. on Wednesday, April 30, 2014 to determine if additional discovery is needed, after which the Court will set forth the remaining deadlines in this case.  The Court will initiate the hearing by calling the parties at the appointed time using the numbers listed on the docket.  The parties should notify the Court prior to the April 29th hearing if unresolved issues remain, so that the Court can terminate that hearing.  Such notice should be provided by email to the Courtroom Deputy Clerk, Mrs. Rebecca Cirillo, at Rebecca_Cirillo@gas.uscourts.gov.

(2) If the discovery issues are *not* resolved, Defendants shall have seven days to file a surreply addressing the unresolved discovery issues, and the parties shall attend a telephone hearing at 3:00 p.m. on Wednesday, May 7, 2014 to discuss these issues and the need, if any, for additional discovery.  After considering Defendants' surreply and the parties' comments during the hearing, the Court will rule on Plaintiff's motion to compel and set forth the remaining deadlines in this case.

Because the Court stayed all deadlines (doc. no. 67) and will reset any necessary deadlines as set forth herein, Plaintiff's motion for an extension of discovery is **MOOT**. (Doc. no. 56.)  In conducting the conference with Defendants, Plaintiff should consider that unsupported suspicions that Defendants have failed to produce all documents in their possession are insufficient on their own to overcome Defendants' representation that they have produced all responsive documents.  See, e.g., Guest v. Carnival Corp., 917 F. Supp.

5

2d 1242, 1247-48 (S.D. Fla. 2012) (defendant's representation that it had produced the responsive documents rendered plaintiff's motion to compel moot as to such matters); Alexander v. AirTran Airways, Inc., No. CIVA 1:05CV1179, 2006 WL 3709614, at *4 (N.D. Ga. Nov. 2, 2006) (motion to compel moot as to matters regarding which defendant represented it had produced all responsive documents and plaintiff provided no evidence to the contrary); Gutescu v. Carey Intern., Inc., No. 01-4026-CIV, 2003 WL 25586750, at *3 (S.D. Fla. June 23, 2003) (motion to compel moot because defendant produced all responsive documents in its possession).  Instead, it is her burden to demonstrate that the motion to compel should be granted by providing specific information to enable the Court to rule on the merits.  Dehaan v. Urology Ctr. of Columbus, LLC, No. 4:12-cv-6, 2013 WL 656061, at *3 (M.D. Ga. Feb. 21, 2013) ("A party who is dissatisfied with an opponent's discovery responses must spell out specifically the discovery that [she] seeks to have compelled and the legal basis supporting such relief.").

SO ORDERED this 22nd day of April, 2014, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Plaintiff's Appendix Document No - 73

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERI LYNN HINKLE,                     )
                                      )
        PLAINTIFF,                    )
                                      )
V.                                    )        Civil Action File No.
                                      )        3:13-cv-00033-DHB-BKE
MIDLAND CREDIT MANAGEMENT, )
INC. MIDLAND FUNDING, LLC, and )
ENCORE CAPITAL GROUP, INC.,    )
                                      )
        DEFENDANTS.            )

## DEFENDANTS' MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC AND ENCORE CAPITAL GROUP, INC.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

Defendants Midland Credit Management, Inc. ("Midland Credit"), Midland Funding, LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") file this Surreply in Opposition to Plaintiff's Motion to Reconsider Decision and Order of the Court on Plaintiff's Motion to Compel and show this Court the following:

The Court's April 22, 2014 Order [Doc. 70] directed the parties to confer to attempt to resolve the concerns raised by Plaintiff with respect to seven (7) document requests. The Court advised Plaintiff to consider that "unsupported suspicions that Defendants have failed to produce all documents in their possession

195987.2

are insufficient on their own to overcome Defendants' representation that they have produced all responsive documents." [Doc. 70-5].

On April 29, 2014, Plaintiff and Defendants' former counsel attempted to resolve these issues.  Although Defendants were able to convince Plaintiff that they had already satisfied most of the requests, Plaintiff remains insistent that two unresolved issues remain.   As shown below, Plaintiff is incorrect.  These, too, are non-issues.  Despite Plaintiff's refusal to accept this is as true, Defendants have indeed produced the account-specific, non-privileged documents within their possession, custody or control.   The specific issues are as follows:

**A.**  **Defendants Have Not Withheld or Improperly Redacted Portions of Documents**

Plaintiff alleges Defendant withheld or improperly redacted portions of four documents.   Motion to Compel at pp. 3-4. However, an inspection of these documents reveals that Defendants have done no such thing.

i.   Prior to April 8, 2014, Defendants produced the documents in Attachment A-1 (bates labeled Midland-Hinkle-37).   Although the footer of this document suggests there are additional pages of information, the second and third pages are blank.   On April 29, 2014, Defendants produced the documents in Attachment A-2 (bates labeled Midland-Hinkle-112-114) showing this.  The documents in Attachment A-1 and Attachment A-2 are identical in all material respects—except that Attachment A-2 includes two

195987.2

blank pages.[1]   Nothing has been omitted, withheld or redacted by Defendants.

ii.   Prior to April 8, 2014, Defendants produced the documents in Attachment B-1 (bates labeled Midland-Hinkle-38).   Although the footer of this document suggests there are additional pages of information, the second and third pages are blank.   On April 29, 2014, Defendants produced the documents in Attachment B-2 (bates labeled Midland-Hinkle-115-117) showing this.  The documents in Attachment B-1 and Attachment B-2 are identical in all material respects—except that Attachment B-2 includes two blank pages.  Nothing has been omitted, withheld or redacted by Defendants.

iii.   Prior to April 8, 2014, Defendants produced the documents in Attachment C-1 (bates labeled Midland-Hinkle-48).   Although the footer of this document suggests there are additional pages of information, the second and third pages are blank.   On April 29, 2014, Defendants produced the documents in Attachment C-2 (bates labeled Midland-Hinkle-118-120) showing this.  The documents in Attachment C-1 and Attachment C-2 are identical in all material respects—except that Attachment C-2 includes two blank pages.  Nothing has been omitted, withheld or redacted by Defendants.

---

[1] The first page of Attachment A-2 contains more information than the first page of Attachment A-1 because it reflects account activity subsequent to 3/20/13.

iv.   Prior to April 8, 2014, Defendants produced the documents in Attachment

D-1 (bates labeled Midland-Hinkle-50).   Although the footer of this

document suggests there are additional pages of information, the second and

third pages are blank.   On April 29, 2014, Defendants produced the

documents in Attachment D-2 (bates labeled Midland-Hinkle-121-123)

showing this.  The documents in Attachment D-1 and Attachment D-2 are

identical in all material respects—except that Attachment D-2 includes two

blank pages.  Nothing has been omitted, withheld or redacted by Defendants.

### B.   Defendants Produced Proof that they Acquired Plaintiff's Debt

Plaintiff contends that Defendants have not produced documents responsive

to Request for Production Nos. 6 and 8.  These requests seek information regarding

Defendants' right to pursue Plaintiff's Debts. On May 6, 2014, Defendants

provided Plaintiff with the Affidavit of Patrick Minford, attached hereto as

Attachment E.   This affidavit incorporates previously-produced documents to

identify the entities from which Defendants acquired the Plaintiff's Debts.

Specifically, Defendants acquired the first of the Plaintiff's two delinquent credit

accounts pursuant to a Bill of Sale from AIS Services, LLC.   Affidavit ¶ 3.

Defendants acquired the second of the Defendant's two delinquent credit accounts

pursuant to a Bill of Sale from Debt Recovery Solutions, LLC.  Affidavit ¶ 6. For

each of Plaintiff's Debts, there is a printout of an account-specific electronic

document that cross-references the corresponding Bill of Sale.  Affidavit ¶¶ 5, 8.

Thus, Defendants have provided responsive information in their possession,

custody or control regarding its acquisition of Plaintiff's Debt.

Respectfully submitted this 6th day of May, 2014.


/s/ Matthew B. Ames
MATHEW B. AMES
Georgia Bar No. 015898

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has this day served all parties with copies of by causing copies of same to be deposited in the United States mail with adequate postage affixed thereon to ensure delivery, addressed as follows:

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Respectfully, submitted this the 6th day of May, 2014.

/s/ Matthew B. Ames
MATHEW B. AMES
Georgia Bar No. 015898

Plaintiff's Appendix Document No - 74

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 3:13-cv-00033-DHB-BKE |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC. MIDLAND FUNDING, LLC, and | ) | |
| ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANTS' MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC AND ENCORE CAPITAL GROUP, INC.'S SUPPLEMENT TO SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DECISION AND ORDER OF THE COURT ON PLAINTIFF'S MOTION TO COMPEL

Defendants Midland Credit Management, Inc. ("Midland Credit"), Midland Funding, LLC ("Midland Funding"), and Encore Capital Group, Inc. ("Encore") (collectively, "Defendants") file this Supplement to Surreply in Opposition to Plaintiff's Motion to Reconsider Decision and Order of the Court on Plaintiff's Motion to Compel and show this Court the following:

Attached hereto as **Exhibit A** is an email from Defendants' counsel reflecting further effort to resolve these issues by agreement. Plaintiff's Response is attached hereto as **Exhibit B**.

Respectfully submitted this 7th day of May, 2014.

                                  s/Matthew B. Ames
                                  Matthew B. Ames
                                  Georgia Bar No. 015898

                                  **BALCH & BINGHAM LLP**
                                  30 Ivan Allen Jr. Blvd. N.W., Suite 700
                                  Atlanta, GA 30308
                                  Telephone: (404) 261-6020
                                  Facsimile: (404) 261-3656

195987.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served all parties with copies of by causing copies of same to be deposited in the United States mail with adequate postage affixed thereon to ensure delivery, addressed as follows:

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Respectfully, submitted this 7th day of May, 2014.

s/ Matthew B. Ames
Matthew B. Ames
Georgia Bar No. 015898

# EXHIBIT A

## Ames, Matt

| | |
|---|---|
| **From:** | Ames, Matt |
| **Sent:** | Monday, May 05, 2014 5:04 PM |
| **To:** | 'queensongbird@gmail.com' |
| **Cc:** | 'Broussard, Ann' (ABroussard@KSLAW.com); Moore, Joshua M. |
| **Subject:** | Hinkle v. Midland, et al. |

Dear Ms. Hinkle,

As you may have already seen, I am substitute counsel for Encore and the Midland entities in the lawsuit you filed in the Southern District of Georgia. I am writing in regards to the discovery hearing that is set for May 7th. In speaking with Ms. Broussard, I understand that the disputed discovery issues have been narrowed down to the following:

1) The so called "missing page" issue referenced at pp. 3-4 in your reply brief in support of your motion to reconsider on the motion to compel [doc. 69]; and

2) Document requests 6-8 – basically you are seeking proof that MCM had the right to collect on your account.

On (1):  it is my understanding that Ms. Broussard produced the "missing" pages (which were blank).

On (2):  we will be producing an affidavit that connects the dots.

Since I am new to this case and still getting up to speed, I would greatly appreciate you letting me know tonight if I am mistaken in my view that the two issues I outline above are the only two that remain.  I am sure the Judge would appreciate us resolving discovery issues by agreement where we can.

I will be out of the office in a mediation all day tomorrow, so please cc: Josh Moore, another lawyer at our firm, on any further correspondence regarding this matter.   He is copied on this email.  Many thanks,

Matt



Matthew B. Ames, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3531  f: (866) 226-2477  e: mames@balch.com
www.balch.com

---

IRS CIRCULAR 230:  Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY:  This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

1

# EXHIBIT B

**Ames, Matt**

| | |
|---|---|
| **From:** | Teri Hinkle <queensongbird@gmail.com> |
| **Sent:** | Monday, May 05, 2014 10:37 PM |
| **To:** | Ames, Matt |
| **Cc:** | Moore, Joshua M. |
| **Subject:** | Re: Hinkle v. Midland, et al. |

Mr. Ames,

I'm sorry I couldn't get back to you earlier as I was out for the evening.

Indeed you are mistaken about what the two remaining issues are.

1. The documents with the "missing pages" were an incomplete record and initially that is what I objected to. However when the second set of the "same" documents were sent with two blank pages attached to each of the original docs that had been missing them they had been greatly altered. In fact the changes are not consistent with Ms. Broussard's statement that the records are a live data file which changes. The first set of documents sent to me had been printed over a year ago but even that fact does not account for the entries now found in them.

2. As for requests 6 and 8 you are completely mistaken. I am not seeking any such information. This case is not about any alleged accounts no matter who they belonged to or how the Midland defendants acquired them. The purpose of requesting the Account Purchase Agreements (or Forward Flow Agreement) on both the alleged accounts pertains solely to 15 U.S.C 1681s-2(b). That section of the statute relates to the Defendants' process of investigation after dispute only.

An affidavit from another buyer who was not even the first buyer does not address that issue at all. Simply parroting the information the defendants already have is useless to me and establishes nothing. Additionally documents created for the purpose of litigation which are supposed to be original records are equally useless and are not at all responsive to my requests made in discovery. Obviously Ms. Broussard was not that forthcoming with you as to the situation.

I believe these issues will have to be resolved by the Court.

Thank you for your communication.

Regards,

Teri Hinkle

On Mon, May 5, 2014 at 5:03 PM, Ames, Matt <mames@balch.com> wrote:

Dear Ms. Hinkle,

As you may have already seen, I am substitute counsel for Encore and the Midland entities in the lawsuit you filed in the Southern District of Georgia.  I am writing in regards to the discovery hearing that is set for May 7th.  In speaking with Ms. Broussard, I understand that the disputed discovery issues have been narrowed down to the following:

1)  The so called "missing page" issue referenced at pp. 3-4 in your reply brief in support of your motion to reconsider on the motion to compel [doc. 69]; and

2)  Document requests 6-8 – basically you are seeking proof that MCM had the right to collect on your account.

On (1):  it is my understanding that Ms. Broussard produced the "missing" pages (which were blank).

On (2):  we will be producing an affidavit that connects the dots.

Since I am new to this case and still getting up to speed, I would greatly appreciate you letting me know tonight if I am mistaken in my view that the two issues I outline above are the only two that remain.  I am sure the Judge would appreciate us resolving discovery issues by agreement where we can.

I will be out of the office in a mediation all day tomorrow, so please cc: Josh Moore, another lawyer at our firm, on any further correspondence regarding this matter.   He is copied on this email.  Many thanks,

Matt


BALCH
& BINGHAM LLP

Matthew B. Ames, Partner, Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W. • Suite 700 • Atlanta, GA 30308-3036
t: (404) 962-3531  f: (866) 226-2477  e: mames@balch.com
www.balch.com

IRS CIRCULAR 230:  Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY:  This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

Plaintiff's Appendix Document No - 75

# UNITED STATES DISTRICT COURT

Case 1:14-cv-10949   Date Filed 05/25/16   Page 192 of 196

## SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

## CLERK'S MINUTES  - GENERAL

CASE NO.  **3:13cv33**                                        DATE  **5/7/2014**

TITLE  **Teri Lynn Hinkle v. Midland Credit Management, Inc.**

TIMES  **3:03 - 3:48**                                        TOTAL  **45 minutes**

---

Honorable : **Brian K. Epps, United States Magistrate Judge**        Courtroom Deputy : **Rebecca Cirillo**

Court Reporter : **FTR**                                      Interpreter :  **N/A**

---

| Attorney for    Plaintiff | Attorney for Defendant(s) | Attorney for |
|---|---|---|
| Pro Se | Matthew B. Ames<br>K. Ann Broussard (terminated, but<br>participating in teleconference) | |

---

PROCEEDINGS :  **Teleconference**                              ☑ In Court
                                                              ☐ In Chambers

 Teleconference held.

 Defense will present draft protective order to Plaintiff by Friday, May 9, 2014.
 Any supplemental briefing from Defendant due by Friday, May 9, 2014.
 Order to be entered by the Court. 45 days for Plaintiff to complete discovery.

Plaintiff's Appendix Document No - 76



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-033 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., et al., | ) | |
| Defendants. | ) | |

---

**O R D E R**

---

*Pro se* Plaintiff alleges that Defendants committed violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") while attempting to report and collect on allegedly delinquent accounts of Plaintiff that Defendants purchased from other entities.  Plaintiff filed the instant motion to compel on March 13, 2014 (doc. no. 55), and Defendants responded by producing additional documents (see doc. no. 64, pp. 4-7).  On April 22, 2014, the Court directed the parties to confer regarding Defendants' supplemental production and attempt to resolve any remaining discovery issues.  (Doc. no. 70.)  Because the parties were unable to resolve two of the discovery disputes, the Court held a teleconference on May 7, 2014.  (See doc. no. 75.)  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.  (Doc. no. 55.)

**I.   MOTION TO COMPEL**

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to

lead to the discovery of admissible evidence." Relevancy is broadly construed and is determined by consideration of the facts and circumstances of each case. Republic Envtl. Sys., Inc. v. Reichhold Chems., Inc., 157 F.R.D. 351, 352 (E.D. Pa. 1994). The Federal Rules of Civil Procedure strongly favor full discovery, Farnsworth v. Proctor & Gamble, 758 F.2d 1545, 1547 (11th Cir. 1985), and "[w]hen there is doubt about relevance, a court should tend toward permitting discovery," Republic Envtl. Sys., Inc., 157 F.R.D. at 353.

Because the parties agree that only two discovery issues remain in dispute, the Court **DENIES AS MOOT** Plaintiff's motion to compel as to all but those two issues. The first unresolved issue, as described by Plaintiff, is purported inconsistencies, mistakes, or irregularities in some of the documents produced by Defendants. However, Plaintiff concedes that Defendants have now produced all documents responsive to her requests for production. To the extent Plaintiff believes the documents suggest inconsistencies, mistakes, or other irregularities, she should inquire further by interrogatories or deposition. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to this first issue.

The second discovery dispute concerns whether Plaintiff is entitled to production of agreements evidencing Defendants' purported purchase of delinquent accounts allegedly owed by Plaintiff. Although Defendants have produced bills of sale from the transactions in which they claim to have acquired these accounts, the general terms and conditions of the transactions are contained in purchase agreements that Defendants have not produced. Plaintiff disputes the validity of the accounts on which Defendants attempted to collect and claims Defendants violated FCRA and FDCPA by failing to adequately investigate the validity of the accounts once she disputed them. Plaintiff argues that the general terms and conditions contained in the purchase agreements may contain information concerning

2

Defendants' expectations about the the validity of the purchased accounts, as well as procedures and other information for post-sale investigation of accounts that customers dispute. Counsel for Defendants was not familiar enough with the agreements to comment with specificity as to whether such information is contained in them, but objected to producing them because they contain sensitive information.

Because the purchase agreements may contain provisions related to the validity of the purchased accounts and validation of disputed accounts, they are relevant to Plaintiff's claims or, at the very least, may lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1); Republic Envtl. Sys., Inc., 157 F.R.D. at 352. Accordingly, the Court **GRANTS** Plaintiff's motion to compel production of the purchase agreements pursuant to which the disputed accounts were acquired, and **ORDERS** Defendants to produce them by email to Plaintiff within twenty-four hours of the Court's entry of a protective order. Defense counsel is reminded of his obligation to submit a draft protective order tomorrow.

## II.     EXTENSION OF DISCOVERY

Defense counsel stated during the teleconference that Defendants do not need to conduct further discovery, but Plaintiff requested additional time to take a deposition. The Court hereby lifts the stay on all deadlines (doc. no. 67), and **ORDERS** the parties to complete discovery on or before June 27, 2014 and to file summary judgment motions on or before July 28, 2014.

SO ORDERED this 13th day of May, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3