No. 15-10398

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

◆

**TERI LYNN HINKLE,**

Appellant,

v.

**MIDLAND CREDIT MANAGEMENT, INC., et al.,**

Appellees.

◆

On Appeal from the United States District Court
for the Southern District of Georgia
Dublin Division
3:13-CV-00033-DHB-BKE

## UNOPPOSED MOTION OF APPELLEES TO CORRECT/AMEND APPELLEES' BRIEF

**Attorneys for Appellees:**

| | |
|---|---|
| Matthew B. Ames | Jason B. Tompkins |
| Balch & Bingham LLP | Chase T. Espy |
| 30 Ivan Allen, Jr. Blvd., N.W. | Balch & Bingham LLP |
| Suite 700 | 1901 Sixth Avenue North |
| Atlanta, GA 30308 | Suite 1500 |
| Telephone: (404) 261-6020 | Birmingham, Alabama 35203 |
| Facsimile: (404) 261-3656 | Telephone: (205) 251-8100 |
| | Facsimile: (205) 226-8798 |

October 8, 2015

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, 11th Cir. R. 26.1-1, and 11th Cir. R. 27-1(a)(9), counsel for Appellees certify to the best of the undersigned's knowledge that, in addition to the list of persons and entities disclosed by counsel for Plaintiff-Appellant, the following entities have an interest in the outcome of this case:

**I.     Trial Judges:**

1) **Epps, Brian K.** (U.S. Magistrate Judge).

**II.    Attorneys/Law Firms:**

1) **Balch & Bingham LLP** (Attorneys for Appellees);

2) **Espy, Chase T.** (Attorney for Appellees).

**III.   Related Entities:**

1) **Midland Portfolio Services, Inc.** owns 100% of the interests in Defendant-Appellee Midland Funding, LLC;

2) **Midland Credit Management, Inc.** owns 100% of the interests in Midland Portfolio Services, Inc.

3) **Encore Capital Group, Inc.** (a publicly held corporation which trades under NASDAQ symbol ECPG) owns 100% of the interests in Midland Credit Management, Inc.

Dated this 8th day of October, 2015.

*/s/ Jason B. Tompkins*
One of the Attorneys for Appellees

## **UNOPPOSED MOTION TO CORRECT/AMEND APPELLEES' BRIEF**

Pursuant to Fed. R. App. P. 27 and 11th Cir. R. 27-1(c)(3), Appellees Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Midland") respectfully request leave to make corrections to the Appellees' Brief previously filed on August 24, 2015. As explained below, good cause exists for this motion, and a copy of Midland's proposed corrected brief is attached hereto as an exhibit. Prior to filing this motion, counsel for Midland consulted counsel for Appellant Teri Lynn Hinkle, who indicated that she has no objection to the relief sought herein. *See* 11th Cir. R. 27-1(a)(5).

1. Hinkle argued that the district court erred in granting summary judgment on her claim under the Fair Credit Reporting Act (FCRA), because she insists that it was unreasonable for Midland to rely on its own records to verify the information it was reporting to the credit reporting agencies (CRAs) in light of her dispute that an account assigned to Midland and originally owed to T-Mobile (the "T-Mobile Account") "[was] false and did not belong to her." (Appellant's Br., at 21).

2. In response, Midland pointed out that "contrary to [Hinkle's] assertions on appeal as to what constitutes a reasonable investigation whenever a debt is disputed, ***a furnisher of information need investigate only what is***

*contained in the CRA's dispute notice* as to the nature of the dispute." *Edeh v. Midland Credit Mgmt., Inc.*, 413 F. App'x 925, 926 (8th Cir. 2011) (emphasis added); *see also* (Appellees' Br., at 40). And according to the undisputed evidence before the trial court, the CRAs indicated to Midland only that Hinkle claimed that the T-Mobile Account was "Not hers/his."[1]

3.   In addition, Midland also noted that the information that Hinkle actually provided the CRAs was equally vague, and included as an example a screenshot of one of her dispute letters, which merely listed the account number of the disputed account.[2] It has come to the attention of the undersigned counsel that Midland's brief erroneously refers to Hinkle's August 28, 2011 dispute of a separate account (the "GE/Meijer Account"), not one of her July 13, 2012 disputes of the T-Mobile Account. Accordingly, Midland proposes to submit a corrected Appellees' Brief, which includes a screenshot of (and citation) to Hinkle's July 13, 2012 dispute of the T-Mobile Account, as well as an explanation (including authority) that the correct letter has no bearing on Midland's argument or the district court's conclusion. *See* Exhibit 1, at 37–39 & nn.34 & 36.

4.   Hinkle will not be prejudiced by allowing Midland to make this correction, because, again, the information Hinkle provided *to the CRAs* is

---

[1] (Doc. 97-2, at PlainApp. 00023, and 27–28).

[2] *See* (Appellee's Br., at 37–38 & n.34) (citing Doc. 97-2, at PlainApp. 000046).

2

irrelevant to her claim against Midland. Rather, "[t]he [FCRA] is clear that the investigation is directed to the information ***provided by the CRA***." *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 37, 38 (1st Cir. 2010) (emphases added).[3] Here, the notice of dispute that Midland received ***from the CRAs*** indicated only that Hinkle claimed that the T-Mobile Account was "Not hers/his."[4] Without more, the district court correctly concluded that Hinkle failed to raise a triable issue of fact as to the reasonableness of Midland's investigation, regardless of what information she provided in her dispute ***to the CRAs***.[5]

5. Thus, although Midland's citation to the wrong dispute letter ultimately is irrelevant to the propriety of the district court's summary judgment on Hinkle's FCRA claims, as explained in Midland's proposed amended brief, its

---

[3] *See also* 15 U.S.C. § 1681s–2(b)(1)(B) (requiring a furnisher to review "all relevant information" provided to it by a CRA); *Chiang*, 595 F.3d at 38 ("Accordingly, the central inquiry when assessing a consumer's claim under § 1681s-2(b) is 'whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute.'") (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009)).

[4] (Doc. 97-2, at PlainApp. 00023, and 27–28).

[5] *See Stroud*, 886 F. Supp. 2d at 1316 ("Instead, the rule is that if a credit reporting agency relays an insufficient dispute description to an information furnisher, then an individual may instead simply have a cause of action against the credit reporting agency.") (citation omitted); *see also Chiang*, 595 F.3d at 38) ("If a CRA fails to provide 'all relevant information' to a furnisher, then the consumer has a private cause of action against the CRA, 15 U.S.C. §§ 1681i(a)(2)(A), 1681n-o, but not against the furnisher."); *Arianas v. LVNV Funding LLC*, No. 8:14-CV-01531, 2015 WL 5038269, at *7 n.3 (M.D. Fla. Aug. 25, 2015) ("To the extent Arianas's claim is based on the insufficiency of the dispute description, that claim is properly directed at the credit reporting agency, not the furnisher.").

argument remains the same.[6] Appellant has not yet filed her reply brief, and may still address that argument. Accordingly, Midland respectfully requests leave to submit the attached corrected brief.

Respectfully submitted,

/s/ Jason B. Tompkins
One of the Attorneys for Appellees

**Of Counsel:**

Matthew B. Ames
(mames@balch.com)
Balch & Bingham LLP
30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA 30308
Telephone:  (404) 261-6020
Facsimile:   (404) 261-3656

Jason B. Tompkins
(jtompkins@balch.com)
Chase T. Espy
(cespy@balch.com)
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

---

[6] *See Ware v. Bank of Am. Corp.*, 9 F. Supp. 3d 1329, 1339 (N.D. Ga. 2014) (granting summary judgment to furnisher on plaintiff's FCRA claims where the defendant "provided evidence showing that the Bank investigated Plaintiff's 'not his' disputes by comparing the personal identifiers in each dispute with the personal identifiers associated with the Account," which "revealed that the person who submitted the disputes and the person who owned the Account had the same name . . ., the same date of birth, the same Social Security number, and the same home address"); *Howard v. Pinnacle Credit Servs., LLC*, No. 09-CV-0085, 2010 WL 2600753, at *4 (M.D. Ga. June 24, 2010) (granting furnisher's motion for summary judgment where it was "undisputed that the only information provided to Defendant about Plaintiff's dispute was: 'Consumer states inaccurate information. Provide or confirm complete ID and account information'" and that the information provided by the CRAs "did not explain that the debt did not belong to Plaintiff, that Plaintiff was the victim of her own daughter's unauthorized use of her name and credit, or that the account belonged to Plaintiff's daughter and not to Plaintiff").

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing via the Court's ECF System, which will deliver a copy to all counsel who have entered appearances in this appeal.

*/s/ Jason B. Tompkins*
Of Counsel