CASE NO. 15-10398

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

TERI LYNN HINKLE,

Appellant

v.

MIDLAND CREDIT MANAGEMENT, INC.; et. al.

Appellees,

On Appeal From the United States District Court for the Southern District of
Georgia, Dublin Division
3:13-cv-00033-DHB-BKE

REPLY TO OPPOSITION TO RESPONSE IN OPPOSITION TO
APPELLANT'S MOTION FOR LEAVE TO TAKE JUDICIAL NOTICE OR
TO SUPPLEMENT THE RECORD AND OPPOSITION TO APPELLEE'S
MOTION TO STRIKE REPLY BRIEF

Craig K. Perry
Attorney at Law
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
*Attorney for Appellant Teri Hinkle*

November 2, 2015

# CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26-1-1, counsel for Appellant certifies to the best of the undersigned's knowledge that, in addition to the list of persons and entities disclosed by counsel for Defendant-Appellee, the following entities have an interest in the outcome of this case:

**I. Trial Judges:**

   (1) **Epps, Brian K.,** (U.S. Magistrate Judge).

**II. Attorneys/Law Firms:**

   (1) **Craig K. Perry, Esq**. (Attorney for Appellant);

   (2) **Craig K. Perry & Associates** (Attorney for Appellant);

**III. Related Entities:**

   None

Dated this 2d day of November, 2015.

/s/ Craig K. Perry
Attorney for Appellant

i

# I.

## PRELIMINARY STATEMENT

Hinkle is not attempting to enforce the Consent Order and Stipulation ("CO") because she is a non-party to the CO. Further, the CO was not meant to bar future or existing claims against Appellee ("Midland") such as Hinkle's claims, but rather was meant to shield Midland from CFPB enforcement liability for the claims addressed in the CO's findings.

The CO is a comprehensive and complex "judicial decree" and public record, arising from a CFPB fully adversarial investigation and adjudication against Midland, that is subject to the law applicable to judgments and other decrees, including Fed.R.Evid. 201. See *Rufo v. Inmates Of Suffolk County Jail,* 502 U.S. 367, 378, 112 S.Ct. 748, 757, 116 L.Ed.2d 867 (1992). The CFPB is a non-Article III-Federal entity, that through a broad statutory scheme under the new Dodd-Frank Wall Street Reform and Consumer Protection Act ("CFPA") had the jurisdiction over the investigation and adjudication of Midland's massive violations of Federal law, including the taking of evidence and findings of fact for judicial and Federal Court review. See *Elgin v. Department of Treasury,* __U.S.__, 132 S.Ct. 2126, 2138, 183 L.Ed.2d 1 (2014); *Morgan Drexen, Inc. v. Consumer Financial Protection Bureau,* 785 F.3d 684, 686 (D.C. Cir. 2015); 12 U.S.C. § 5481 et.seq.

1

Contrary to Midland's position, the CO is NOT a contract, because Midland "consented" in the CO, that it "(d)oes not form and may not be construed to form a **contract** binding on the Bureau or the United States." (Consent Order, at p. 62, ¶ 189, emphasis added). Midland further consented that the CO was to be a "final order…fully enforceable by the Bureau" (Stipulation, at ¶ 3,) and that it waives "(A)ny other right to challenge or contest the validity of the Consent Order" (Stipulation, at ¶ 9(f).

The CO and Stipulation, however does not expressly prohibit its use in any other action against Midland, which Midland waived by not including it in the CO. In fact, the CO was intended to apply to this appeal without immunity: "(Midland entities) acknowledge that no promise or representation has been made by the Bureau…, about any liability outside of this action that may have arisen or may arise from the facts underlying this action or immunity from any such liability." (Stipulation, at p. 2, ¶ 5, emphasis added).

Hinkle's request for Judicial Notice of the CO was filed at the earliest possible time after its entry (September 9, 2015) and is nothing more than a straight forward request for judicial notice of adjudicated and legislative facts that are also public record. Midland has neither moved to strike the CO nor objected to its authenticity. Midland's arguments merely go to the

2

weight of the CO and indeed tries to ignore its impact in this case. Midland's position that the CO is "utterly and wholly immaterial, completely irrelevant or unfair prejudicial material into the appellate record," defies logic and common sense. Midland, by consenting to and signing the CO and waiving its rights of appeal and "(A)ny other right to challenge or contest the validity of the Consent Order," knew that the CO would become public record and could become considered in this appeal and in numerous future civil litigations. (Stipulation, at ¶ 9(f), emphasis added).

There is nothing unfair or prejudicial in taking judicial notice of the CO in this appeal. There is a well-developed body of Federal law, wherein Federal courts involving CO's, are called upon to enforce, modify, interpret and apply CO's to new actions, including the taking of judicial notice of the CO's for various reasons. By its own plain meaning and Midland's intent, that it is estopped to deny, the CO is in the context of this case, an intervening public record and a (non-contractual) judicial decree of the CFPB, subject to the rules applicable to other judgments and decrees, including Fed.R.Evid. 201 and Fed.R.Evid. 801(8).

Midland should not get a second bite at the apple. This Court therefore should, take judicial notice and bestow deference of the CO in its comprehensive interpretation of applicable consumer law and potential

3

<u>violations</u> thereof and consider it for the reasons asserted herein. Fed.R.Evid. 201(c)(2). Conversely, if the CO may be considered under judicial notice, as a public record or adjudicated or legislative fact, then no grounds exist to strike Hinkle's entire Reply Brief. Hinkle will address Midland's Motion To Strike Reply Brief, in Section III of this Brief.

## II.

## ARGUMENT

### A. OTHER COURTS HAVE TAKEN JUDICIAL NOTICE OF CONSENT DECREES AND ORDERS

The Court may take judicial notice of the CFPB CO herein, for what ever purpose it chooses under applicable Federal law, because it is a judicial act and decree, a public record of the CFPB and a CFPB interpretation of Federal law and general potential violations of the CFPA. The CFPB was established under Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5481 et. seq., to "regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws." Id. § 5491(a)." See *Morgan Drexen, Inc. v. Consumer Financial Protection Bureau*, 785 F.3d 684, 686 (D.C. Cir. 2015); *CFPB v. Frederick J. Hanna & Assoc.*, __F.Supp.3d__, 2015 WL 4282252 (July 14, 2015). The CFPB, is also to "implement and … enforce consumer laws." Id. § 5511(a), including eighteen pre-existing statutes and Title X

4

itself, see § 5481(12), (14). See *Morgan Drexen,supra.* at 686-687. The *Morgan Drexen* Court, further held, that "(T)o carry out these duties, the Bureau has rulemaking, supervisory, investigatory, **adjudicatory** and enforcement authority. id. §§ 5512(b), 5514-5516, 5562-5564, including the **authority to file civil enforcement actions** against regulated parties. id. § 5564; see also 15 U.S.C. § 6105(d)." Id. at 687, emphasis added. The CFPB is also "(t)he first agency ever to have rulemaking authority under the FDCPA." See CFPB Amicus Brief at p. 3, ¶ 2, in *Vien-Phuong Thi Ho v. Recontrust Company*, Ninth Circuit Court of Appeals, No. 10-56884, DkEntry 70 (August 7, 2015). In the Ho action, the Ninth Circuit requested an amicus brief from the CFPB, which Hinkle would now request from this Court to resolve any question, that Encore did not intend to prohibit the use of the CO in this appeal.

The CFPB is a new Federal agency, with broad adjudicative powers and the CO is only a few weeks old (entered on September 9, 2015). What is important here, is that the CO is a public record and public records of administrative agencies, have been given judicial notice by the Federal Courts. See *Roosevelt Irrigation Dist. v. Salt River Project Agriculture Improvement and Power District,* 39 F.Supp.3d 1051, 1057-1959 (D. Ariz. 2014 (Non-party Plaintiff to a prior consent decree, was granted judicial

5

notice of the Consent Decree between defendant and State and State agency concerning toxic waste clean-up related claim, holding that there was no res judicata and that "(P)arallel legal interests alone, identical or otherwise, are not sufficient to establish privity, or to bind a plaintiff to a decision reached in another case involving another plaintiff." Id. at 1059); *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 123 (2d Cir. 2010)(Court of Appeals held that it was empowered to take judicial notice of Consent Order executed by owner of contaminated properties and State agency, including because it was a public record).

Accordingly, the Court must take judicial notice of the entire CO's existence and subject matter under Rule 201. The CO is directly related to Hinkle's claims and issues on appeal and the Court may take judicial notice of the CO's parts, to the extent that it contains facts that are generally known, will not change from case to case, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, namely ¶¶ 1-72. Fed.R.Evid. 201(b); 201(c)(2). The Court may also admit parts of the CO, as a newly discovered public record and supplement the record. Fed.R.Evid. 801(8). There are also parts of the CO, that are legislative facts, including the CFPB's interpretation of consumer law that are applicable to the issues on appeal. Fed.R.Evid. 201(a).

Finally, the CO clearly states, as a matter of law, the obligations of Midland and other debt buyers, in relation to how to adjudicate 15 U.S.C. 1681s2-(b) claims when the debt buyer lacks any account-level documentation.

## III.

## OPPOSITION TO MOTION TO STRIKE REPLY BRIEF

### A. THERE ARE NUMEROUS PARTS OF THE CONSENT ORDER THAT THE COURT MAY TAKE JUDICIAL NOTICE OF UNDER RULE 201

Hinkle's Reply Brief, is not based solely upon the CFPB CO and Stipulation. For example, the Reply Brief responds to the issue of permissible purpose under 15 U.S.C. § 1681b(a)(3) at Section III, pp. 23-24. This issue is not even addressed in the CO. Therefore, even assuming this Court agreed with Midland and did not grant judicial notice as requested in Hinkle's motion, in whole or in part, Hinkle's Reply Brief would remain valid as to the other arguments it addresses.

Of course, if the Court grants Hinkle's request for Judicial Notice, then no grounds exist for striking Hinkle's entire Reply Brief and to do so would unfairly tip the level playing field to Midland. The Reply, contains sufficient arguments to the issues, especially that triable issues of fact exist

to preclude summary judgment, even if the Court does not grant judicial notice of the CO.

Midland in its motion to strike, does not dispute any specific adjudicated or legislative fact in the CO, except for its shot-gun request to strike the entire Reply Brief. Nor does Encore move to strike the CO or any part thereof, and does not dispute its authenticity. Midland in its motion to strike, does however admit that the CO can indeed be considered upon a request for judicial notice for "<u>only the fact that the consent order was agreed and entered in an administrative enforcement action brought by the CFPB</u>." (Opp. at p.12, ¶ 1, emphasis added).

This judicial admission contradicts Midland's request to strike the entire Reply. Thus, there is no argument that the CO should be admitted for at least these limited purposes, but this does not compute to the drastic striking Hinkle's entire Reply Brief. A review of the Reply Brief reveals that Hinkle substantially referred to ¶¶ 1-72, the parts that are general facts that relate to all consumers and will not change from case to case and are therefore indisputable: See Consent Order: Section I, Overview p. 1-2; Section II, Jurisdiction, p. 2, ¶ 1; Section III, Stipulation, p.2, ¶ 2; Section IV, Definitions, pp. 2-5, ¶¶ 3-18; Section V, Bureau Findings and Conclusions, pp. 5-6, ¶¶ 19-21; Encore Debt Buying Practices, pp. 6-7, ¶¶

8

22-23; Sellers Disclaim the Accuracy and Enforceability of Debt They Sold To Encore, pp. 7-9, ¶¶ 24-31; Sellers Disclaim the Availability of Documents To Evidence the Debt they Sold to Encore, pp. 9-10, ¶¶ 32-35; Encore's Practices Relating To Consumer Disputes, pp. 10-12, ¶¶ 36-44; Encore Collects Debt Without A Reasonable Basis, pp. 12-13, ¶¶ 45-47; Encore Litigation Practices-Scattershot Litigation, pp. 49-53; Misleading Affidavits, pp. 14-17, ¶¶ 54-64; Encore's Collection of Time-Barred Debt, pp. 17-18, ¶¶ 65-69; Asset's Harassing Telephone Calls To Consumers, p. 18, ¶¶ 70-72.

    Based upon the sheer existence of the CO and its subject matter directly touching and concerning some of the issues discussed in Hinkle's appeal, the CO provides legal authority in applying the law to similar, if not identical facts to some of those addressed in the CO. These points of law, if they had been available before, the District Court would have precluded the granting of summary judgment.

    As illustrated in this Brief above in Hinkle's Reply to Midland's Opposition to Hinkles' Motion For Leave to Take Judicial Notice, several reasons exist why the Court may take judicial notice of the CO in whole or in part. The relevancy, indeed the requirement to apply the holdings of the CFPB to this case, are all indisputable. It is indisputable that the CFPB has

9

statutory power to investigate, adjudicate and settle violations of applicable consumer laws. It is indisputable, that the CFPB made interpretations of consumer laws in the CO, that are directly on point with the issues raised in this appeal and are legislative facts outside Rule 201. These holdings contradict the Findings of Fact and Conclusions of Law in the District Court's Order below.

For example, the CO made interpretations of law: "Original Account-Level Documentation" at p.4, ¶ 12; at p. 24, ¶ 100, the CFPB defines violations of the Fair Debt Collections Practices Act (FDCPA); and at p. 30, ¶ 124; defines violations of the Fair Credit Reporting Act (FCRA). These interpretations of law, are general and non-specific to Midland, will not change from case to case and are entitled to deference by this Court. In fact, the entire Definitions Section in the CO are legislative facts outside Rule 201. (Consent Order, Section IV, pp. 2-5, ¶¶ 3-18).

The historical general findings concerning the Midland entities general policies and practices with all consumers, debts buyers, banks, its attorneys, litigation practices and the Courts, are not in dispute and will not change in the future from case to case and are therefore indisputable. See ¶¶ 1-72.

Hinkle, did not ask the Court to enforce the CFPB Order or to take judicial notice of the findings that Midland was found to have violated

consumer law for the truth of those findings.  Hinkle is requesting judicial notice of all CFPB's clear interpretations of the law and for the Court to give deference to these interpretations as a legislative fact.  In addition, Hinkle is requesting judicial notice of the general policies and procedures of Midland contained throughout the CO, which are generally known and were determined from sources whose accuracy cannot be reasonably questioned.

In other words, it would not be an abuse of discretion for this Court to consider parts of the CO under judicial notice, especially the parts that are legislative facts.  Other Courts have taken judicial notice of consent decrees and orders for limited purposes.  The CO does not prohibit its use in this appeal and Encore waived all rights in the CO to dispute its validity.  The CO was only meant to bar future liability for the violations of law in the CO's findings.  Hinkle is therefore entitled to judicial notice of parts of the CO for the limited purposes submitted in her briefings and allowed under Rule 201 or are outside Rule 201.

WHEREFORE, Appellant requests that this Court grant her Motion For Leave To Take Judicial Notice Or To Supplement The Record and deny Appelle's Motion To Strike Appellant's Reply Brief.

Respectfully submitted this 2d day of November, 2015.

                                         _/s/Craig K. Perry, Esq.
                                         Craig K. Perry, Esq.

12

                    Nevada Bar No. 3786
                    8010 W. Sahara Ave. Ste 260
                    Las Vegas, Nevada 89117
                    (702) 228-4777
                    *Counsel for Appellant*
                    Terri Hinkle

## CERTIFICATE OF SERVICE

I hereby certify that on the 2d day of November, 2015, a true and correct copy of Reply to Response In Opposition To Appellant's Motion For Leave To Take Judicial Notice Of To Supplement The Record And Opposition to Motion To Strike Appellant's Reply Brief, was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Craig K. Perry, Esq.
Craig K. Perry, Esq., Nevada Bar No. 3786

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. 27(d)

1.  This Reply and Opposition, complies with the page volume limitation of Fed. R. App. P. 27(d)(2), because the Reply does not exceed 10 pages and the Opposition does not exceed 20 pages.

2.  This Reply and Opposition, complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Time New Roman.

/s/ Craig K. Perry, Esq.
Craig K. Perry, Esq.
Nevada Bar No. 3786
8010 W. Sahara Ave. # 260
Las Vegas, Nevada 89117
Tel: (702) 228-4777
Fax: (702) 943-7520

*Attorney for Appellant*
Terri Hinkle